UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEN GYADU | : | CIVIL ACTION NO. 302cv01271(AWT) |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| MAURA O'CONNELL | : | October 14, 2003 |
| DEFENDANT | : | |

## ANSWER PRESENTING DEFENSES UNDER RULE 12 (b) FEDERAL RULES OF CIVIL PROCEDURE

This is an answer to the amended complaint, dated April 2, 2003. The original complaint, filed July 23, 2002, is no longer viable, having been dismissed by the Court on August 30, 2002, with judgment of dismissal entered on September 9, 2003.

In addition, the Court has only granted leave to file an amended complaint. If notwithstanding this, however, there is any claim that the original complaint is still operative, which is not conceded, this answer shall be deemed to apply to the original complaint also.

FIRST DEFENSE: INCLUDING DEFENSES PURSUANT TO RULE 12 (b),
FEDERAL RULES OF CIVIL PROCEDURE

It is respectfully submitted that the amended complaint should be dismissed on the following grounds:

1. The amended complaint fails to state a claim against defendant upon which relief can be granted.

2. There is lack of jurisdiction over the subject matter.

3. The amended complaint was filed beyond the time permitted by the Order of the Court granting leave to file it, even as extended by subsequent Order of the Court.

## SECOND DEFENSE: DEFENSES PURSUANT TO RULE 8 (b), FEDERAL RULES OF CIVIL PROCEDURE

1. Defendant admits **only** that:

    a. she was Assistant Clerk, Superior Court for the Judicial District of Waterbury, State of Connecticut at the time the execution complained of was issued, and still is an Assistant Clerk in that court;

    b. according to the State Superior Court records, a mortgage foreclosure proceeding was brought by Bella Vista Condominium Association, Inc. against Benjamin Gyado, apparently the plaintiff in the present Federal case, referred to hereafter as Mr. Gyadu, and other defendants;

    c. at the time the execution of ejectment complained of was issued, the plaintiff in that Superior Court case was represented by attorney Eugene S. Melchionne;

    d. according to the records of the State Superior Court, by the time the execution of ejectment complained of was issued, judgment of strict foreclosure had entered against Mr. Gyadu, the law days had run, he had not exercised his equity of redemption, no stay of execution was in effect, and no appeal was then pending;

    e. as a result of the judgment of strict foreclosure, Mr. Gyadu's failure to exercise his equity of redemption, and the failure of any of the other defendants to redeem the property, the title to this property became absolutely vested in the plaintiff, Bella Vista Condominium Association, as provided by State law, including Conn. Practice Book § 23-17, prior to the issuance of the Memorandum of Decision of November 1, 2001, and prior to the execution of ejectment issued November 2, 2001.

f. according to the State Superior Court's Memorandum of Decision of November 1, 2001, filed November 1, 2001, at 4:09 p.m., an appeal of the original judgment of strict foreclosure had been dismissed and all appellate procures including a writ of certiorari to the U. S. Supreme Court had been exhausted and no stay of execution was in effect;

g. if there was a pending pleading such as a motion to open or set aside judgment or an appeal that had not been disposed of by the Court adversely to the defendant in the State Superior Court, case, Mr. Gyadu, that she would not have issued the execution for ejectment;

h. she was in the Clerk's office of the Superior Court for the Judicial District of Waterbury pursuant to her work schedule at the time the execution of ejectment of November 2, 2001, was issued;

i. after review of the Superior Court record in the mortgage foreclosure proceedings against Mr. Gyadu, she signed the execution of ejectment for mortgage foreclosure on November 2, 2001 in the Superior Court case brought by Bella Vista Condominium Association against Mr. Gyadu;

j. this execution of ejectment form bears a file stamp of Nov. 2, 2001, 4:49 p.m.; however, defendant does not admit that either she or other court personnel received it at that time and date; nor does she admit that she left the Clerk's office at 5 p. m. that date.

k. the instructions on the application for property execution referred to in the amended complaint at pp. 34-36, involving a different State court case, filed with the U. S. District Court by the plaintiff as an exhibit, speak for themselves and are for a different form for execution than used for an execution of ejectment in mortgage foreclosures;

l. according to that execution referred to in the amended complaint at pp. 34-36, filed with the U. S. District Court by plaintiff as an exhibit, again involving a different case, the

execution was applied for on August 5, 1998, and signed by the present defendant, Maura O'Connell, on August 13, 1998;

      m. according to the Superior Court records, the execution for ejectment complained of in the present case was served on Mr. Gyadu on November 20, 2001, and executed November 30, 2001.

      n. according to the Superior Court record, the Court granted Mr. Gyadu's motion for an extension of time to enable him to appeal the court's ruling, the rehearing of which was denied on November 19, 2001, on December 10, 2001, limited to the time permitted by statute or practice book rules;

      o. the Superior Court denied Mr Gyadu's application for fee waiver for a motion to open or modify, that was submitted on or about Dec. 17, 2002, over a year after the execution complained of was issued, on December 17, 2002, for the reason that: "The court does not have jurisdiction to grant the requested relief as the judgment has been executed upon and more than 120 days have elapsed since the entry of judgment."

      2. Defendant alleges that she is without knowledge or information sufficient to form a belief of the truth of the following allegations and leaves the plaintiff to his proof:

      a. any and all allegations regarding the conduct and motivation of Bella Vista Condominium and its attorney or attorneys, including but not limited to why and when Attorney Melchionne wanted to have the execution served before various filing dates;

      b. the claim that plaintiff did not know anything about the execution of ejectment until served by a marshall;

      c. the claim that plaintiff had no notice of the Superior Court Memorandum of Decision of November 1, 2001, at the time the execution of ejectment was issued on November

2, 2001; defendant denies, however, that the issuance of the execution of ejectment prevented the plaintiff from responding to the Memorandum of Decision of November 1, 2001, or from subsequently challenging the execution of ejectment on proper grounds by lawful means;

      d. the claim that the defendant, Maura O'Connell, was not tied up on November 2, 2001 at the office of the Clerk and that she was not doing anything else at that office, for the reason that she cannot recall exactly what she was doing in her office on a given day that long ago;

      e. the claim that plaintiff was not allowed to file certain pleadings in the Superior Court;

      f. the claim as to what would have happened if plaintiff, Mr. Gyadu, had appealed from the execution of ejectment order complained of;

      g. claims regarding the value of the property foreclosed and the price for which it was offered for sale or resale;

      h. claims regarding the manner of service of the execution of ejectment, any objection Mr. Gyadu may have raised about it, and what the executing party and Mr. Gyadu did or said regarding that execution;

      i. any and all claims regarding the seizure and withholding of Mr. Gyadu's property and his alleged inability to get it back following the eviction complained of;

      j. the alleged effect of the eviction on Mr. Gyadu.

4. Defendant denies each and every other allegation by the plaintiff in the amended complaint and in any other pleading in this case.

5

## THIRD DEFENSE: AFFIRMATIVE DEFENSES PURSUANT TO RULE 8 (c) FEDERAL RULES OF CIVIL PROCEDURE

Without conceding that she has the burden of proof, burden of going forward, or the risk of non-persuasion on all the defenses set forth in this Third Defense unless otherwise required by law, defendant raises the following affirmative defenses pursuant to Rule 8 (c), Federal Rules of Civil Procedure:

1. Defendant at all times mentioned in the amended complaint was an official of the Judicial Department of the State of Connecticut, in her capacity as Assistant Clerk of the State Superior Court. The power of a court to enforce and execute its decrees is essential to its ability to provide complete justice, to ensure that its judgments are satisfied, and to effectuate its jurisdiction. It is also essential to an independent judiciary. In issuing the writ of execution of ejectment complained of she was therefore performing a task judicial in nature which was an integral part of the judicial process and involved a matter integral to resolving disputes between parties. She was also acting under the direction of judicial officers, in implementing a judgment of the State Superior Court in accordance with the Rules of the Superior Court of the State of Connecticut. She is therefore entitled to absolute judicial immunity from suit and liability.

2. Without conceding in any way that defendant lacks absolute immunity, this defendant at all times mentioned in the amended complaint was a public official acting in her role as Assistant Clerk of the Superior Court for the State of Connecticut. As such she also has a qualified, good faith immunity from suit and liability unless and until plaintiff proves that she acted deliberately, in bad faith, and violated clearly established, cognizable Federal rights of which a reasonable person would have known and unless and until plaintiff proves that she had fair warning that her conduct violated those rights.

3. Defendant was justified in issuing the writ of execution of ejectment complained of based on the record of the Superior Court of the State of Connecticut of the mortgage foreclosure proceedings against Mr. Gyadu, referred to previously, the Rules for the Superior Court of the State of Connecticut, the General Statutes of the State of Connecticut and the duties of her office as Assistant Clerk of the Superior Court of the State of Connecticut.

4. The Superior Court of the State of Connecticut ratified the issuance of the writ of execution of ejectment complained of by subsequently denying plaintiff's motion to set aside execution for ejectment and in subsequently denying plaintiff's motion for a temporary restraining order enjoining executing the execution for ejectment complained of.

5. At the time the execution of ejectment complained of was issued, plaintiff lacked lawful title and rightful possession to his former property, referred to in the amended complaint, as a result of the State court mortgage foreclosure judgment entered against him and the related state judicial proceedings, including his failure to exercise his equity of redemption.

6. Plaintiff is collaterally estopped, by virtue of the judgment of strict foreclosure in the State Superior Court entered against him, referred to in the amended complaint, and his failure to exercise his equity of redemption pursuant to the court orders in that case from claiming that he had either title or rightful possession at the time the execution for ejectment complained of was issued and executed, and is precluded from relitigating these issues.

7. Plaintiff is collaterally estopped, by virtue of the rulings and decisions in the State Superior Court mortgage foreclosure proceedings instituted against him, referred to in the amended complaint, from denying that the following rulings and decisions were lawful, proper and valid and from relitigating any of the issues adjudicated in those rulings and decisions:

a) the judgment of strict foreclosure entered against him by the Connecticut Superior Court on or about January 4, 2000;

b) the setting of the law days commencing August 28, 2001, by the Connecticut Superior Court on or about August 6, 2001;

c) the Memorandum of Decision of the Connecticut Superior Court filed November 1, 2001, including but not limited to the determination that plaintiff's petition for Federal removal had not been effectively filed, that there was no stay in effect, and that the Superior Court had jurisdiction in which that decision was issued;

d) all rulings referred to in the Memorandum of Decision of the Connecticut Superior Court, filed November 1, 2001, including denial of:

1) plaintiff's motion for extension of time;

2) plaintiff's motions for stay;

3) plaintiff's motion to set aside;

4) plaintiff's motion for relief from judgment;

5) plaintiff's motion to keep the law days from running;

6) plaintiff's motion to set aside the August 27, 2001 orders;

e) Denial of plaintiff's motion for rehearing dated November 15, 2001, denied or about November 19, 2001;

f) Denial of Plaintiff's Motion to Set Aside Execution for Ejectment dated November 20, 2001, denied on or about November 27, 2001;

g) Denial of Plaintiff's Motion for Stay of Execution, etc., dated November 26, 2001, denied on or about November 27, 2001;

h) Denial of Plaintiff's Motion for Temporary Restraining Order dated November 26, 2001, denied on or about November 27, 2001;

i) Granting of Plaintiff's Motion for Extension of Time dated December 7, 2001, on or about December 10, 2001, subject to the terms in the Court's order of December 10, 2001;

j) Denial of Plaintiff's motion for fee waiver dated December 17, 2002, about a year later, denied on or about December 17, 2002 for lack of jurisdiction.

8. Plaintiff is collaterally estopped by virtue of the other decisions and rulings in the State Superior Court in the mortgage foreclosure proceedings against him referred to in the amended complaint, from relitigating any other applicable issues decided in those decisions and rulings.

9. Plaintiff is also collaterally estopped by virtue of the decisions of the United States Court of Appeals for the Second Circuit, the Supreme Court of the State of Connecticut and the Appellate Court of the State of Connecticut, from a) denying that he was properly sanctioned by those courts and from relitigating those issues and b) from relitigating any other applicable issues decided by those courts in the cases that he was a party in.

10. Defendant reserves the right to maintain, if justified by the law and evidence, that plaintiff by his actions and/or inactions which led to entry of the judgment of strict foreclosure against him and his failure to exercise his equity of redemption waived his right to title or rightful possession of the property from which he was evicted by the execution of ejectment complained of and that by these actions and/or inactions and by remaining in the property (which was the subject of the foreclosure proceedings instituted against him) after exhaustion of all appellate procedures including denial of a petition for a writ of certiorari to the United States

Supreme Court and the denials of his subsequent motions plaintiff also waived his right to object to the issuance of the execution of ejectment complained of in the amended complaint.

11. Defendant reserves the right to maintain, if justified by the law and evidence, that plaintiff, by his actions and/or inactions which led to entry of the judgment of strict foreclosure against him, his failure to exercise his equity of redemption, and his remaining in the property (which was the subject of the foreclosure proceedings instituted against him) after the exhaustion of all appellate procedures including denial of a petition for a writ of certiorari to the United States Supreme Court and the denials of his subsequent motions:

a. failed to exercise for the protection of his own property other interests the proper care and precautions which prudent persons under the same or similar circumstances would have exercised, and thus contributed to the losses complained of in the amended complaint (contributory negligence);

b. knew or should have known that if he defaulted on his obligations that were enforceable by foreclosure proceedings that he would ultimately suffer the losses complained of in the amended complaint and thus assumed the risk of those losses;

c. directly and proximately caused the losses complained of in the amended complaint.

12. Defendant reserves the right to maintain, if justified by the law and evidence, that plaintiff, by the actions and inactions referred to in paragraphs 10 and 11 of this Third Defense, including but not limited to his remaining in the property after the exhaustion of all appellate procedures and denials of his motions, as previously set forth, also failed to mitigate his damages. He is therefore precluded from recovering damages by the doctrine of avoidable consequences.

13. Plaintiff is collaterally estopped by virtue of the following decisions and judgments of the United States District Court for the District of Connecticut from:

a) denying that:

1) his attempts to remove the State Superior Court mortgage foreclosure proceedings instituted against him were inappropriate pursuant to Title 28 United States Code section 1443;

2) alternatively, his purported removal claims were frivolous and baseless; and

3) his motions to stay the state court proceedings were properly, lawfully and validly denied by the U. S. District Court on or about August 20, 2001 (*Bella Vista Condos v. Ben Gyadu*, Civ. Action No. 3:01-mc-123 (WIG), ruling filed May 29, 2001);

b) and also denying that:

1) because he had failed to pay the filing fee for his removal proceedings and because the Federal Magistrate Judge had denied his in forma pauperis motion plaintiff never satisfied the requirements to remove the state foreclosure action to Federal court;

2) therefore the State Superior Court had retained jurisdiction throughout the pendency of that action; and

3) the Federal District Court lacks subject matter jurisdiction to review the State court's actions in the mortgage foreclosure proceedings complained of (*Ben Gyadu v. Bella Vista Condos*, Civ. Action No. 3:01-cv-2282 (JCH), order dismissing complaint as frivolous and for failure to state a cause of action, filed May 16, 2002; judgment filed May 20, 2002). Please see disclosure and explanation in para. 14, *infra*.

Plaintiff is therefore collaterally estopped from relitigating any of these issues.

14. Plaintiff is also collaterally estopped by virtue of the decision filed May 22, 2002 and judgment entered against him on or about May 30, 2002, in the United States District Court for the District of Connecticut in *Gyadu v. Bella Vista Condos* Civ. Action 3:02CV0027 from claiming that the U. S. District Court has jurisdiction to review the State Superior Court foreclosure proceedings against him referred to in the amended complaint, including, but not limited to, the issuance of the execution of ejectment complained of (*Rooker-Feldman* doctrine), and from relitigating this issue. Defendant discloses that this action (*Gyadu v. Bella Vista Condos, supra*) did not involve one for damages, but respectfully submits that this doctrine also applies to actions for damages.

15. Plaintiff is also collaterally estopped by virtue of the various actions to which he was a party in the United States District Court for the District of Connecticut from relitigating any other applicable issues decided in those cases.

16. Defendant reserves the right to maintain, if justified by the law and evidence, that all punitive damages claimed, whether or not labeled as such, violate her rights to due process of law and equal justice under law to the extent that the damages claimed are grossly excessive and arbitrary, serve no legitimate purpose, and constitute an unfair and unreasonable deprivation of property in violation of the Fifth Amendment of the United States Constitution.

17. Defendant reserves the right to maintain, if justified by the law and evidence, including any non-frivolous, good faith arguments for the extension and modification of existing law, that the damages claimed should also be reduced by relevant principles of justice and fairness under the circumstances of this case, including any savings plaintiff may have realized from future liabilities arising out of his occupancy of the property from which he was evicted as a result of the execution of ejectment referred to in the amended complaint.

18. Defendant respectfully submits that the judicial proceedings of the Superior Court of the State of Connecticut, including the issuance of the writ of ejectment complained of, and the judicial proceedings of the Appellate Court and Supreme Court of the State of Connecticut, arising out of the matters referred to in the amended complaint, are entitled to full faith and credit by the United States District Court of the District of Connecticut, pursuant to Title 28, section 1738, United States Code.

DEFENDANT MAURA L. O'CONNELL,
ASSISTANT CLERK, SUPERIOR COURT
OF THE STATE OF CONNECTICUT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Daniel R. Schaefer
Assistant Attorney General
Federal Bar No. ct
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Daniel.Schaefer@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 14th day of October, 2003 to:

Ben Gyadu
PO Box 4314
Waterbury, CT 06704

_____
Daniel R. Schaefer
Assistant Attorney General

2