The U.S DISTRICT COURT,

450 MAIN STR.    ,

HARTFORD, CT 06103

DATE: 26TH DEC, 2003

BEN. GYADU Vs MAURA O' CONNELL

Doc. #: 3:02-CV-01271 (AWT)


MOTION FOR AN ADDITIONAL EXTENSION

OF TIME TO ENABLE THE PLAINTIFF

COMPLETE THE SEARCH FOR COUNSEL


The Court gratefully

granted the plaintiff an Extension Of Time

to look for Counsel to file his much needed

Objection to the defendants: " Answer Presenting

Defenses Under Rule 12 (b) F.R.C.P."

As a result of the Courts

Page 2.

granting of the time extension, the plaintiff has been able to explore the chances of securing an attorney for his action

Even though the plaintiff has not, as of date, been able to secure an attorney due to the 2nd Circuits Sanctions and hefty retainer fees of between $5000 and $10,000 that potential attorneys demand, the plaintiff has been able to contact various attorneys to explore his chances of securing counsel for his action, as a result of the courts action which granted the time extension

The time extension granted to plaintiff is, however, about to be exhausted while the plaintiff is at the middle of his search for counsel and (ii) yet to have counsel for his action

Page 3

The plaintiff therefore humbly requests about thirty days time extension or whatever time extension the Court might deem proper to enable the plaintiff continue his relentless efforts for counsel so that the defendant would, at least, be made to stand trial for the alleged deliberate incomprehensible wrongful and malicious act without having the action dismissed to repeat the on-going cycle of dismissal of plaintiff's actions which make the plaintiff appear a nuisance who should be barred an access to the courts, leaving the plaintiff at the mercy of the perpetrators of wrongful acts to continue their lawless acts against the plaintiff to make it compelling for the indigent plaintiff who does not have anywhere to turn to

Page 4

than the Court.

for some relief against the consequencies of those lawless acts, to institute a legal action, pro se, just to have the action dismissed without trial to repeat the cycle of string of unfavourable rulings and the resultant manifest injustices

COUNSEL HAS PUT FORTH A DECEPTIVE, MIS-LEAD-ING, INVALID CLAIMS FOR A DEFENSE WHICH WOULD REQUIRE THE PLAINTIFF TO HAVE AN ATTOR-NEY WHO WOULD ADDRESS SUCH A FRAUDULENT MANEUVRE EFFECTIVELY BEFORE THE COURT TO MAKE THE DEFENDANT STAND TRIAL FOR THE ALLEGED MALICIOUS, LAWLESS ACTS.

Counsel claims there was no

Page 5

appeal nor filings that prevented the defendant from issuing the Execution Order and thereby conceals the fact that the trial court granted the plaintiff an Extension Of Time to appeal the Memorandum Of Decision

However as a result of the defendant' act, it was futile to appeal the decision as the judgement had then been executed. This was confirmed by Hon. Hollzbergs denial Of the plaintiff's fee-waiver to Open the Judgement

As much as Counsel makes it seem as if the Memorandum Of Decision was nothing, ~~Couns~~ the defendant could never have issued the Execution Order without the Memorandum Of Decision, The trial courts decision was

Page 6

Contrary to the rules of civil procedure

The plaintiff however could not appeal the decision. The Court stated that because plaintiff's fee-waiver that was filed with the Petition was denied, plaintiff's action was not commenced.

This is Contrary to the Rules of Civil Procdure. Please, See EXH(1)

Counsel claims the action was out of time However, this is false The plaintiff mailed the filing on the dead line of the time extension

Please see EXH(2)

CONCLUSION

Based upon all the above, the plaintiff

Page 7

prays the Motion would be granted.

Respectfully Submitted

Sincerely,

Ben Gyadu

P. O. Box 4314

Waterbury, CT 06704

Plaintiff apologizes for all resultant
inconveniences and problems.

# CERTIFICATION

This is to certify that a copy of the fore-going was mailed to Bunsel, the State attorney general, 55 Elm Str., Hartford, CT 06103

Sincerely,

Ben. Gyadu,

P. O. Box 4314,

Waterbury, CT 06704

Case 3:02-cv-01271-AWT    Document 35    Filed 01/05/2004    Page 9 of 9

commenced by the filing of a complaint, even if the filing fees are not paid to the clerk at the time of the filing.[22]

### [7]—Complaint Filed With In Forma Pauperis Petition Constitutes Commencement of Action

A pro se plaintiff who cannot afford to pay court costs and fees may commence an action without paying costs and fees. These actions, called actions *in forma pauperis,* from the Latin "in the character of a pauper," or "poor person," may proceed only by permission of the court. Forma pauperis actions are authorized by statute.[23]

The filing of a complaint along with an in forma pauperis petition constitutes commencement of the action under Rule 3.[24] For example, in *Stephenson v. CNA Fin. Corp.,*[25] the defendant maintained that the action was barred by the statute of limitations because the applicable limitations period had expired prior to the date on which the court granted the plaintiff's in forma pauperis petition. The court rejected the defendant's argument, holding that the action was deemed to

---

[22] **Action commenced without payment of fees.** *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee).

*4th Circuit*   *See* Wells v. Apfel, 103 F. Supp. 2d 893, 895-899 (W.D. Va. 2000) (civil action was commenced when first filed, even though filing fee was not paid until later time; absent local rule or standing order requiring advance payment of filing fees, there was no legal authority for elevating payment of filing fee to jurisdictional requirement).

*7th Circuit*   *See* Johnson v. Brown, 803 F. Supp. 1414, 1418-1419 (N.D. Ind. 1992) (racial discrimination action commenced when complaint filed, even though filing fee not paid until two weeks later).

*11th Circuit*   *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee).

[23] 28 U.S.C. § 1915(a), the statutory authorization for in forma pauperis actions, provides, in pertinent part:

Subject to subsection (b), any court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [*sic*] possesses [*and*] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

[24] *See* 28 U.S.C. § 1915.

[25] Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598-599 (N.D. Ill. 1991).