The U.S. District Court,

450 Main Str.

Hartford, CT 06103

Date: 20th Febr., 2004

BEN. GYASU vs MAURA O'Connel
Doc.#: 3:02-CV-01271(AWT)

REF:
            NOTE TO THE COURT

                        The plaintiff

requests leave to file the accompanied

Objection himself, having been unable to obtain

any counsel on contingency basis within the

time the Court gratefully granted the plaintiff to

file his Objection. Potential attorneys demand $5,000 to $10,000 retainer fee
                In an anticipation that ^^

Page 2

the extension of time might not be granted,

the plaintiff rushed to prepare the objection himself without waiting for counsel so as to have it on file before the court acted

on the motion for extension of time

The beginning of the objection reflects the fear and the plaintiff's effort to file the objection to avoid any resultant problems of denial of the motion for extension of time before the plaintiff had any chance for counsel. The plaintiff hopes the beginning of the objection would not cause any problems or inconveniences after the court has granted the extension of time

Respectfully submitted,
Ben. Ayadu (Box) 8;

The U·S· District Court

450 Main Street

Hartford, CT 06103

DATE: 3RD JAN·, 2004

BEN· GYABU Vs MAURA O'CONNELL
Doc·#: 3:02-CV-01271 (AWT)


OBJECTION TO ANSWER PRESENTING
DEFENSES UNDER RULE 12(b) OF F·R·C·P


In an effort to avoid any possible

repetition of the incident where the District

Court, to the utter shock and surprise of the pro se

plaintiff, dismissed the plaintiff's action: BEN·

GYABU Vs COMM· FRANKL, ET AL, upon the defendants

Motion To Dismiss

Page 2

without (i) affording the pro se plaintiff any

chance to file his much needed

Objection To The Motion To dismiss

(ii) allowing the U.S. Marshalls,

who were then serving the Summons

and Complaint upon a defendant who

was not properly served, a chance

to complete the Service of Summons and

Complaint upon that defendant who was

not properly served and due to that

the U.S. Magistrate Judge. Fitzsimmons

ordered the plaintiff, BEN. Gyadu, to

Page 3

prepare and submit the required papers for the Clerks to present to the U.S. Marshalls for the service of the Summons and Complaint, the pro se plaintiff found it prudent to file an objection himself without waiting for Counsel to assist in that regard so that if the Court, for any reason, decides not to grant the plaintiff any additional Extension of Time to enable the plaintiff to continue his search for Counsel, there would at least, be the pro se plaintiff's objection on file

In that way, if

Page 4

The Court grants the Motion For Extension Of Time, the plaintiff Could still Continue his search for Counsel and if the plaintiff is able to obtain Counsel, then that attorney Could amend the Objection as he or she might deem appropriate

The plaintiff obtained the home and property in question out of a $20,000 down payment from a hard earned savings of working two jobs and even three jobs on some occasions while going to School full-time

As a result of the alleged

Page 5

wrongful actions of the defendant, the
plaintiff was deprived of an appeal of an
alleged VOID judgement of a trial court
and has consequently lost his home and prop-
erty to nobody but a condominium manage-
ment that brought a fraudulent fore-closure
action against the plaintiff to not only
collect fees that the plaintiff was not
supposed to pay but also to collect condominium
fees that had already been paid by the plaintiff
and for that reason the plaintiff refused to
pay and worse yet this was when the duties
and services upon which the condominium fees
were paid, were not properly provided and in
some cases not provided at all while the
management was all the same collecting fees

Page 6

and even late fees against these services
and duties that were not even provided,
causing the plaintiff all kinds of resultant
problems including false police arrest
and sanitary problems

As a result of the alleged incident
in which the District Court dismissed the plaint-
iff's action against the Commissioners of the
Workers' Compensation, in violation of Due
Process and Equal Protection Of Laws as put forth
by the U.S. Supreme Court under Monroe Vs
Pape, 81 S. Ct. 473 (1961) at 478, the
plaintiff has been made a destitute and has
been made to endure all kinds of unimagina-
ble problems and damages

As an example, the

Page 7

Worker's Compensation Commissioners who handle the plaintiff's file have been giving the plaintiff a run-around about a request for a hearing regarding the wrongful termination and with-holding of his benefits and for that reason, to date, three (3) years of written requests for the hearing, have not made any difference to schedule a hearing for plaintiff and there is nothing the plaintiff can do. As another example, the plaintiff was sent to a doctor for an evaluation of problems he has been having as a result of the injury. The doctor

Page 8

requested for the X-ray of the injury. It is over a year now but nothing has been done because they know that any action the plaintiff would institute would be thrown out of Court and plaintiff would be sanctioned as well.

In an effort to avoid repeating a cycle of these kinds of problems and damages, after losing his hard earned savings of $20,000 and the property it was spent on, the plaintiff finds it prudent to submit an objection himself to counsels Answer without waiting for the Courts action on the

Page 9

Motion For Extension Of Time and risk a
denial, which would leave the case
without the much needed Objection to
the DECEPTIVE, INVALID, FALSE
Claims provided for an Answer and hence
a defense, which was just to attempt to MIS-LEAD
the court to achieve the desired outcome
and in the process cause the plaintiff to
suffer, perpetually, yet another devastating
consequential damages and problems as
that of the alleged action: BEN. GYABU Vs
COMMISSIONER FRANKL, ETAL, where the

Page 10

District Court dismissed the action upon a Motion To Dismiss which the pro se plaintiff was not afforded a chance to file his Objection to and worse yet at a time, upon the U.S. Magistrate Judge Fitzsimmons orders, the U.S. Marshalls were serving the Summons and Complaint upon a defendant who was not properly served.

## BASIS OF THE OBJECTION

A

COUNSEL MAKES DECEPTIVE, UNFOUNDED, FALSE, MIS-LEADING CLAIMS FOR A DEFENSE AND HENCE COUNSEL PRESENTS A BAD-FAITH DEFENSE

Page 11

AND MUST THEREFORE BE DENIED THE
RELIEF SOUGHT

A(a)        At 1(d) Counsel makes the ff. Claims

"according to the records

of the State Superior Court, by the time the

execution of ejectment complained of was

issued, judgement of strict foreclosure had

entered against Mr Gyadu, the law days

had run, he had not exercised his equity

of redemption, no stay of execution was in

effect, and no appeal was then pending"

This represents a calculated

Page 12

DECEPTIVE claim intended to MIS-LEAD the Court to DEFRAUD the plaintiff of justice due him

Counsel knows that at the face of his claim that "judgement of strict fore-closure had entered against Mr Ayodu, the Law days had run, he had not exercised his equity of redemption, no stay of execution was in effect, and no appeal was then pending", the defendant did not issue the Execution of Ejectment order until the Memorandum of decision dated the 1st Nov, 2001 was issued because

Page 13

The plaintiff's action that removed the State Court action: Bella Vista Condos Vs BEN. GYAOU to the federal Court, pursuant to 28 USCS Sec 1446(d), upon which the State Court issued the Memorandum Of Decision dated the 1st Nov. '01, stayed all the proceedings

The Courts' Memorandum Of Decision dated the 1st Nov, 2001, that declared that there was jurisdiction was therefore appealable

This was made abundantly clear by the Court's action which granted the Extension Of Time to appeal that decision after denying the Motion For Re-Consideration. The defendants' actions

Page 14

as alleged, by which the defendant abandoned her duties issue

the Ejectment Order in less than 24 hours

of the filing of the Memorandum of Decision at the Clerks

Office that issues notices of decisions and

before the U.S. postal service even had

a chance to place a copy of the notice

in plaintiffs post office mail box for the

plaintiff to receive it, let alone to

respond to it, prove the defendant's CONS-

PIRACY with Attorney Melchionne, who filed

the application for Ejectment, to issue the

Execution For Ejectment Order before the

Page 15

plaintiff even had a chance of receiving

the notice of the Memorandum Of Decision

so that by the time the plaintiff received

the notice of the Memorandum, the abso-

lute title of the property had already been

gained by Attorney Melchionne and hence

Bella Vista Ondos and no amount of papers

the plaintiff would file at that juncture

would enable him to regain the title to his

home and property.

As it would clearly be discovered,

the defendants actions, as alleged, were MALICIOU

Page 16

and subjected the plaintiff to a loss of his home and property by a VOID Execution of Ejectment Order and they violated the plaintiff's right to (i) Due Process Of Notice (ii) Appeal (iii) Equal Protection Of Laws (iv) Due Process Of Laws

B) COUNSEL DOES NOT DISPUTE THE PLAINTIFF'S CLAIM THAT DEFENDANT SUBJECTED PLAIN- TIFF TO DEPRIVATION OF HIS APPEAL RIGHTS WITHOUT WHICH PLAINTIFF WOULD NEVER HAVE LOST HIS PROPERTY AND HOME TO A FRAUD- ULENT FORE-CLOSURE ACTION OF NOBODY BUT A CONDOMINIUM MANAGEMENT WHICH WAS NOT EVEN DOING THE DUTIES REQUIRED OF MANAGEMENT

For Counsel to acknowledge that the

Page 17

defendants action, by which she issued the
ejectment order in less than 24hrs of the
filing of the Memorandum of decision upon
which the ejectment order was issued
by the defendant, did not afford the plaintiff
any time to receive the notice of the Memo—
randum of decision let alone to file its appeal,
to also say that "by the time the execution
of ejectment complained of was issued, no
appeal was then pending" when Counsel
knows that appeal is not filed in a vacuum
and that the plaintiff must, at least, be

Page 18

allowed time to receive the notice of

the Memorandum Of Decision, if even the

plaintiff is not allowed time to prepare the

appeal and file it, Counsel's defense

becomes nothing but a DECEPTIVE

maneuvre intended to MIS-LEAD the

Court to DEFRAUD the plaintiff of justice

due him

As a result of the

defendants' alleged wrongful actions which

deprived the plaintiff of his appeal rights

the plaintiff could not seek review of

the alleged trial courts' violations of the

Page 19

plaintiff's right to a Due Process and Equal Protection Of Laws and as a consequence the plaintiff was made to suffer the loss of his home and property to an alleged VOID judgement

Till to date the plaintiff has not been able to retrieve his possessions that were abruptly left in the apartment as a result of tricks and deception seen in a coup de-tat that was played upon the plaintiff by the ejection team Of the Sheriffs and the attorneys of The Condominium, Bella Vista Condominium, during the time

Page 20

the plaintiff was removing his possessions from the apartment at the day of the ejection, i.e. 30th Nov., 2001.

At the time in question, the plaintiff was at the attick collecting his possessions while the attorney for the plaintiff Bella Vista Condos, looked on.

Before the plaintiff turned around, the attorney, Attorney Eugene Melchionne had disappeared. The next thing was a call from downstairs asking the plaintiff to come down immediately to see something