Page 26

WANTON DIS-REGARD to the plaintiff's
Constitutional rights, as alleged.

The plaintiff therefore does
not want to see the action dismissed
without trial, as in the previous cases,
to repeat the cycle of string of unfavoura-
ble rulings, causing the plaintiff all
the on going MANIFEST INJUSTICES and
SANCTIONS
which NOT ONLY restrict the plaintiffs
right of access to the courts and thereby
deprive the plaintiff's Constitutional
right to the courts, but have been a reason
while subjecting the plaintiff to VOID judgemen

Page 27

by which the U.S. Court
of Appeals, Ninth Circuit states:

"Judgement is not void merely because it is errorneous; it is void only if Court that rendered judgement lacked jurisdiction of subject matter or of parties or if Court acted in a manner inconsistent with due process of Law" IN RE CENTRE WHOLESALE, INC. 759 F. 2d 1440 (1985) at 1448   See 11 C. Wright & A Miller, Federal Practice and Procedure Sec. 2862 at 198 – 200 (1973)

When it became abundantly clear that the plaintiff

Page 28

rights under 28 USCS Sec. 1443(1) were being violated by the State Court, the plaintiff filed his papers in the District Court to remove the action: Bella Vista Condos Vs Ben. Gyadu, from the State Court to the federal Court

The action was therefore removed upon Compliance of 28 USCS Sec. 1446(d). 28 USCS Sec. 1446(d) states:

Promptly after the filing of such petition for the removal of a civil action and bond the defendant or defendants shall

Page 29

give written notice thereof to all adverse parties and shall file a copy of the petition with the Clerk of such State Court, which shall effect the removal and the State Court shall proceed no further unless and until the case is remanded"

The State Court therefore did not have jurisdiction of the action upon Compliance of 28 U.S.C.S. Sec 1446 (d) by the plaintiff who was the defendant in the action: Bella Vista Condos Vs Ben. Gipdu Please, see Hopson Vs North

Page 20

American Ins. Co. 233 P. 2d 799 (1951) at 802.

The case was not remanded until after the 18th Apr, 2002. Please, see EXH (1)

The State Court therefore did not have jurisdiction of the action upon compliance of 28 U.S.C.S. Sec. 1446(d) until after the 18th Apr, 2002 when the case was remanded

The State Courts Orders that opened the case and Set the new law days plus the Courts Memorandum Of Decision

Page 31

whose judgement was entered the following day, the 2ND Nov, 2001, were all therefore NULL and VOID to warrant setting them aside by a review of an appeal.

The defendants alleged CRUEL, MALICIOUS act, however, deprived the plaintiff a right of this appeal and thereby caused the plaintiff to lose his home and property to an alleged VOID judgement, in violation of due Process and Equal Protection Of Laws

Even by the time the trial Court

Page 32

acted on the plaintiff's Motion For Re-Consideration whose decision could reverse the earlier Memorandum Of Decision and thereby STAYED the Memorandum Of Decision without which the defendant could NEVER have issued the eject-ment order, the defendant had already issued the Ejectment Order and thus had deprived the plaintiff the Due Process Of Law and had already conferred absolute title of plaintiff's home and property to Bella Vista Condos without even the <u>BASIC</u> Due Process Of Motion For Review/Re-Consideration let alone an appeal

Page 33

and has thus made it NOT ONLY Futile but

MOOT to file any petition intended to save

the plaintiff's home and property from the VOID

judgement       As it would clearly be discovered,

it was therefore a matter of Course that the

Trial Court denied the plaintiff's Motion for Re-Consi-

deration without any clarification just as

Judge Holzberg denied the plaintiff's fee

waiver application to Open the case, on the

grounds that the judgement had already been

executed

             In the same manner, the

Chief Clerk and the Deputy Chief Clerk Of the Superior Court

Page 34

of Waterbury refused to file plaintiff's motions to open or set Aside the judgement in an effort to save his home and property    Please, see a

copy of one of such motions enclosed here as EXH (2) which the clerks refused to allow its filing because of the defendants MALICIOUS act, as alleged; "Judgement had already been executed" declared Hon. Holzberg

(1e)  FALSE CLAIM

Counsel states : "as a result

of the judgement of strict fore-closure, Mr. Gyadu's failure to exercise his equity of redemption

Page 35

and the failure of any of the other defendants to redeem the property, the title to this property became absolutely vested in the plaintiff, Bella Vista Condominium Association, as provided by State Law, including Conn' Practice Book sec 23-17, prior to the issuance of the Memorandum of Decision of November 1, 2001, and prior to the execution of ejectment issued Nov. 2, 2001"

Counsel's claim, as alleged, is FALSE and DECEPTIVE intended to MISLEAD the Court to achieve the desired outcome and must therefore be DENIED the

Page 36

relief sought.

According to Sec 49-15 of the CT General Statute Annotated, a motion to Open Judgement filed within a 20-day period allowed for an appeal precludes a plaintiff such as Bella Vista from having absolute title in the property

Please, see Farmers and Mechanics Savings Bank Vs Sullivan (1990) 579 A. 2d 1054, 216 Conn. 341

Infact had the plaintiff, Bella Vista Condos, gained an absolute title of the plaintiff's property, "as a result of the

Page 37

judgement of strict fore-closure, Mr. Gyadu's
failure to exercise his equity of redemp-
tion" as stated by Counsel, there would not
have been any appeal and plaintiff would
never have been subjected to the trial
Court's acts of Double Jeopardy and its
resultant Irreparable Damages when the
Trial Court granted Bella Vista's Motion To
Open the Case with the State Appellate Court's
dismissal of plaintiff's actions without
their merits except to punish the plaintiff
                                    Indigent
for not having $8,017 to pay its monetary

Page 38

sanctions to Bella Vista to pay for Bella Vista's previous appeal expenses when plaintiff appealed the denial of his Motion To Dismiss without even a Memorandum Of Decision as demanded by Sec. 64-1 of the CT Practice Book but the State Appellate Court declared that the denial of the Motion To Dismiss was not a final judgement to warrant its appeal.

Additionally, if Bella Vista had any absolute title to plaintiff's home and property prior to the issuance of the Memorandum Of Decision of November 1, 2001, and prior to the execution of ejectment issued November 2, 2001,

Page 38(i)

as Counsel claims, then the Execution of
Ejectment order would not have been waited
and issued by the defendant just when the
Memorandum of Decision was issued by the
trial Court

As it would clearly be discovered
Counsel's defense is nothing but a DECEPTIVE,
MIS-LEADING defense intended to MIS-LEAD
the Court to achieve a desired outcome at
the expense of the plaintiff and must
be DENIED the relief sought accordingly

38(i)a Plaintiff's Amended Complaint Timely Filed Pursuant To
Rule 29 of The Fed. Civil Procedure ; Copy of Rule 29 enclosed

Page 39

C/ COUNSEL'S PATTERN OF ~~DECEPTIVE~~, MIS-LEADING DEFENSE

Counsels' defense that accuses the plaintiff of failure to do this and failure to do that, makes it seem as if the action was dormant but this was not the case in any measure.

It was the defendants' malicious acts intended to confer an absolute title of plaintiff's property to Attorney Melchionne and thus Bella Vista Condos without the plaintiff having any chance to redeem or save his property, that deprived the plaintiff a chance to take the necessary actions to save his home and property Sec. 10-8 of the CT

Case 3:19-cv-01221-SRU    Document 10-2    Filed 01/06/2020    Page 16 of 21

Page 40

Practice Book makes it very clear that one needs time to plead.

However, the defendants acts, as alleged, deprived the plaintiff even the time necessary to receive the notice of the Memorandum Of decision let alone the time necessary to respond to it in the defendant ambition to use her office in any means possible to see to it that the plaintiff was deprived of his home and property and thrown out onto the streets, homeless, in the Cold Winter under the disguise Of the State law.

Sec. 10-8 of the ct Practice Book States:

Commence

Page 41

on the return day of the writ, Summons and
Complaint in civil actions, pleadings, including
motions and requests addressed to the
pleadings, shall first advance within
thirty days from the return day, and any
subsequent pleadings, motions and requests
shall advance at least one step within
each successive period of fifteen days from
the preceding pleading or the filing of the
decision of the judicial authority thereon if
one is required - - - - - "
                    " any subsequent pleadings,
motions, motions and requests shall advance

Page 42

at least one step within each successive period of fifteen days from the filing of the judicial authority thereon if one is required---" EMPHASIS added.

As a result of the defendants prejudices against the plaintiff's race and/or national origin, however, the defendant did not allow even a day to elapse to give the plaintiff a chance to receive a copy of the memorandum of decision before she issued the ejectment order to make it futile for plaintiff to file any papers purported

Page 43

to save his home and property from the alleged VOID judgements.

D) VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE OFFICIAL WOULD HAVE KNOWN

The defendants alleged acts, by which she set up to COLLABO-RATE and CONSPIRE with Attorney Eugene Melchionne without which it would NEVER have been possible for Attorney Melchionne to receive a copy of the Memorandum Of Decision in less than 24 hours of its filing at the Clerks Office at the about closing time and turn

Page 44

around to prepare the application for the
ejectment order, travel down the Clerks Office
with the application and for nobody but
the defendant to receive the application
at 11 minutes, or less to closing time at 5p.m, the
2nd Nov, 2001, and issue the Execution Order
within that 11 minutes, or less,
against a thick file of, at least, 5 separate
large Volumes that required the defendant to
go through each one of them carefully and thorough
to make sure that the conditions that are
supposed to be met before an Execution Order is
issued, are met, CONSTITUTE NOTHING BUT BLUNT,

Page 46

hearing appropriate to the nature of the case"

Mullane Vs Central Hanover Bank and Trust Co. 70 S. Ct. 652 (1950) at 652 and 656

The Court Continued as ff:

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections; and the notice must be of such nature