Page-68

dishonest acts to prevail.

6(2) Under 1(g) counsel claims that the defendant would not have issued the execution for ejectment order if there was " a pending pleading such as a motion to open or set aside judgement or an appeal that had not been disposed of by the court" The defendant, however, did not want to see any of such pleadings on file and so did not allow any time for the plaintiff to receive the Memorandum of Decision to file any that might be needed.

One has to have a cause to file a

Page 69

cause to have before filing a pleading and that is only possible if the person is given a chance to receive a copy of a decision such as the Memorandum Of Decision; Sec. 10-8 of the Ct Practice book makes it very clear       Additionally since the defendant could not possibly go through even just one of those 7 huge separate volumes of file within 11 minutes to make sure that everything was in order, defendant would not know if there was any pleading on file that prevented her from issuing the Execution Order

Counsel's claim underscores the wrong committed against the plaintiff by the defendant

Page 70

G(3) If Counsel claims under 1(j) that the defendant did not receive the application at the time of filing, then it implies that the defendant even issued the ejectment order in less than 11 minutes against a thick file of 7 volumes

Further if Counsel claims the defendant did not close at 5 p.m. and was at the office after 5 p.m. to prepare the Ejectment Order, that would only underscore how she was determined to issue the Order before the plaintiff had any chance to receive a copy of the Memorandum of Decision.

Page 71

§(4) Counsel's Claim at 1(k) represents a deceptive maneuvre intended to make a claim that the specific functions on the 1998 Execution Order form are different from the functions of the Ejectment Order

The functions specified on the 1998 Execution Order form are the same functions the defendant has to undertake before issuing the Execution Order

If the functions are different counsel would have specified the difference instead of making that BALD Claim

Further, counsel's claim render 1(s) is the specified functions on the 1998

Page 72

Execution Order form which the defendant issued

These kinds of pleadings which counsel claims would have prevented the defendant from issuing the Ejectment Order if any of them was pending are the very pleadings specified on the 1998 Execution Order form which would also have prevented the defendant from issuing that Execution Order if any of them was pending.

It follows therefore that the defendant performs the same function in issuing the

Execution Orders,
Counsel's defense is therefore INVALID

## H "THIRD DEFENSE" INVALID AND INAPPLICABLE

### H(1) Defendant Not Shielded By Any Immunity As Explained Above.

The defendant's actions were Deliberate intended to harm the plaintiff as it did occur; the alleged actions were highly subjective. Additionally the defendants specified and specific function does not involve any discretionary judgement

### H(2) COLLATERAL ESTOPPEL INAPPLICABLE

The U.S. Court of Appeals, 2nd Circuit,

holds that:

"Collateral estoppel applies only if issue in question was actually and necessarily decided in prior proceeding, and party against whom doctrine is asserted had full and fair opportunity to litigate issue in first proceeding" Moccio Vs New York State Office Of Court Admin. 95 F. 3d 195 (2ND Cir. 1996)

A VOID judgement was entered against the plaintiff. The plaintiff's appeal was to set aside the alleged VOID judgement

The plaintiff did not have any full and fair opportunity to litigate the issues. The plaintiff

Page 75

requested continuance to enable him to have his witnesses ready for the trial

Additionally the plaintiff needed time to finish-up preparing for the trial including the gathering of evidences for the trial

The plaintiff was told to go to the court room at the date of the trial for the decision on Motion for Continuance

The plaintiff therefore went to the court room without any preparation for the trial

At the court room the

Page 76

Court denied the continuance and forced the pro se plaintiff to start trial without anything, accusing the plaintiff rather of causing delays to trial. The Court entered judgement which was VOID against the plaintiff.

The plaintiff appealed this VOID judgement but the appeal plus all other appeals of defendant in the action Bella Vista Condos Vs Ben Gyadu, were all dismissed by the Appellate Court without their merits except to punish the defendant for not having funds to pay the monetary sanctions of $8,017 to Bella Vista. As it