Page 77

would therefore be discovered the plaintiff did not have full and fair opportunity to litigate the issues

Hence the doctrine is not applicable to plaintiff's situation

H(3)

Under Zizka Vs Water Pollution Control Authority (1985) 195 Conn. 682, 490 A.2d 509 it is held that:

A defendant filing a motion to dismiss may not rely on a prior final determination of the same jurisdictional question inasmuch as the defense of res judicata is not included as a

Page 78

permissible ground for which to dismiss -

H(4) Contrary To Counsel's Claim That The Action: Bella Vista Condos Vs Ben. Gyadu Was Not Removed Upon Compliance Of 28 U.S.C. Sec. 1446(d) By The Defendant, Ben. Gyadu, And Therefore The Superior Court Had Jurisdiction Of The Action Throughout, The State Court did Not, As It Would Be Discovered By The Mandate Of The 2ND Circuit Which Returned Jurisdiction To The District Court.

From a copy of the Mandate which is enclosed for reference- it would be discovered that not until, the 18th Apr., 2003, the earliest, that jurisdiction of the action was returned to the District Court, the State Superior

Page 79

Court did not have jurisdiction of the action

It follows therefore that the Superior Courts Orders that granted the Motion To Open with the dismissal punishment and thereby subjected the plaintiff to acts of Double Jeopardy was VOID and all subsequent Orders including the Memorandum Of Decision were also NULL and VOID. The plaintiff was thus deprived of his home and property by VOID Orders and Judgements.

H(5) Per The Provisions Of The Fed' Civil Practice Whose Copy Is Enclosed The Superior Courts Claim That The

Page- 80

Action Of Removal Was Not Commenced Because The IFP Was Denied And Therefore The Superior Court Had Jurisdiction Was In Grevious Error.

Per a copy of the Fed. Civil Procedure whose copy is enclosed as EXH(7) it would be discovered that the Superior Courts claim that the action of removal was not even commenced because the fee waiver or the IFP was denied was in grevious error

The Superior Court, again, did not have jurisdiction of the action to enter the orders after the case was removed

As it would, again, be discovered

Page 81

the plaintiff was deprived of his home and property by VOID orders and judgements in violation of the plaintiff's rights to a Due Process and Equal Protection Of Laws.
Because of the defendants actions, however, plaintiff could not do anything about the wrongs against him.

H(6) Counsels Defense Of Using The Decisions Of The Action Bella Vista Condos Vs Ben-Gyadu To Dismiss The Action In Question Is Invalid, Deceptive And Must Be Denied The Relief Sought.

In the action in question the defendant, Maura O'Connel collaborated and conspired with Attorney Melchienne to deprive the plaintiff of his home and property while in the previous action Attorney Maura O'Connel and Attorney Melchienne

Page 82

were not part of anything, and unlike the action in question, the previous action was a fore-closure action.

There is therefore no correlation to warrant the dismissal of the action in question with the issues of the fore-closure action that was brought against the plaintiff

Plaintiff therefore prays the relief sought with that kind of deceptive, misleading defense, would be DENIED

## CONCLUSION

Based upon all the above, the plaintiff

Page 83

pro/p Counsels defense would be DENIED forthwith and the defendant would be made to stand trial of the alleged MALICIOUS acts"

Respectfully Submitted

Ben. Gyadu

P.O. Box 4314

Waterbury, CT 06704

## CERTIFICATION

This is to certify that a copy of the fore-going was mailed to Counsel, the State attorney general, 55 Elm Street, Hartford P.O. Box 120, Hartford, CT 06141-0120

Sincerely,

Ben. Gyadu,

P.O. Box 4314,

Waterbury, CT 06704