02CV1271Exh2

# STATE OF CONNECTICUT
## SUPERIOR COURT

MORTGAGE FORECLOSURE
JD-FM-30 Rev. 2-2000
Gen. Stat. 49-22

| INSTRUCTIONS TO APPLICANT | INSTRUCTIONS TO CLERK | INSTRUCTIONS TO SHERIFF |
|---|---|---|
| 1. Prepare original and 3 copies, forward original and 2 copies of this form and any attachments to clerk. | 1. Forward original and copy of this form and any attachments to applicant or attorney. | 1. Complete item 4 at bottom. |
| 2. After return of signed form from clerk, forward original and copy of form and any attachments to proper officer. | 2. Retain copy of signed execution. | 2. Make return within 60 days. |

**NAME OF CASE**

Bella Vista Condo. Assoc. v. Benjamin Gyadu

**NAME AND MAILING ADDRESS OF APPLICANT OR ATTORNEY**

TO:
Eugene S. Melchionne, Esq.
27 First Avenue
Waterbury, CT 06710

**DOCKET NUMBER**
CV-94-0120500-S

**DATE OF JUDGMENT**
08/06/01

**DATE LIS PENDENS RECORDED**
5/5/94

**ADDRESS OF JUDICIAL DISTRICT COURT LOCATION** *(Number, street, town, and zip code)*

300 Grand Street, Waterbury, 06702

| NAME(S) OF PERSON(S) ENTITLED TO POSSESSION | NAME(S) OF PERSON(S) IN POSSESSION |
|---|---|
| Bella Vista Condo. Assoc., Inc. | Benjamin Gyadu |

**ADDRESS OF PREMISES** *(Give complete legal description of land on page 2)*

318 Waterville Street Unit 1 Building V, Waterbury, CT

**To: Any Proper Officer**

By the authority of the State of Connecticut, you are commanded to cause the said person(s) entitled to possession to have the seizin and peaceable possession of the premises described herein, and to put and eject the said person(s) in possession, out of possession thereof, and to put the person(s) entitled to possession into the peaceable and quiet possession thereof, provided that no person shall be ejected who is not a party to the action except a transferee or lienor who is bound by the judgment by virtue of a lis pendens. If said person(s) in possession have not removed all their possessions and personal effects, then you may remove them onto the adjacent sidewalk, street or highway. Prior to removal, you must give the chief executive officer of the town 24 hours notice of the removal, stating the date, time, and address of the removal as well as a general description, if known, of the types and amount of property to be removed from the premises. Prior to giving notice to the chief executive officer you must use reasonable efforts to locate and notify the person(s) in possession of the date and time the removal is to take place and the possibility of a sale of their possessions pursuant to General Statute 49-22.

Make service and due return within 60 days from the date hereof.

**SIGNED** *(Judge, Assistant Clerk)*

X /s/ Maura O'Connell

**DATE SIGNED**
11-2-01

☐ **NOTICE TO PERSONS IN POSSESSION OF PREMISES SUBJECT TO EJECTMENT**

IMPORTANT: If you are in possession of the premises and you were not named as a party in this foreclosure action, you are not subject to this execution unless you are a transferee or lienor who is bound by the judgment by virtue of a lis pendens.

1. The person(s) entitled to possession have been given the right to possession of these premises by a judgment of the Superior Court. This means that **YOU MUST MOVE** out of the premises described on page 2 of this form **BY THE DATE GIVEN AT RIGHT.**

2. If you do not move out by that date, this paper, which does not have to be handed to you personally, gives a proper officer the legal right to move out your possessions and personal effects and place them onto the street.

3. If your possessions and personal effects are placed on the street and you do not claim them from the chief executive officer of the town within 15 days, then they may be sold by the town pursuant to General Statute § 49-22.

4. If you do not move your possessions and personal effects by: *(To be completed by sheriff)*

| DATE: | TIME:(A.M./P.M.) |
|---|---|

I will return to move your possessions and personal effects onto the street.

**(Page 1 of 2)**

11-2-01 notice sent me

EXH(5)

EXH(3)

## Notice of Order

The Superior Court of Wtbry. /

300 Grand Street

Waterbury, CT. 06702

Date; 17th Dec., 2001

ORDER 12/10/01

Granted limited to the time permitted by statute or practice book authority

BY THE COURT
(Wedt, J)

Doc. #; CV94-0120-500-S.
BERHA VISTA CONDOS Vs BEN. G.YSOU

## MOTION FOR EXTENSION OF TIME

Defendant requests leave for an extension of time to enable him appeal the Court's ruling whose Re-hearing was

NAME AND MAILING ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY
*(To be completed by plaintiff)*

⌐ Ben. Gyadu
   P.O. Box 4314
   Waterbury, CT 06704
                              ⌐

                    AUG 5  10 35 AM '98

                    O    OFFICE
                    SUPERIOR COURT
                         J.D.
                    WATERBURY

INTIFF OR PLAINTIFF'S ATTORNEY: Type or print. Complete original and 4 copies of the "Application." If judgment debtor is a natural person, attach copy of form JD-CV-5b. Present original and 3 copies to clerk of court. Enter name and address of person to receive issued execution in the box above.

RK: Check the file to ensure that no stay of enforcement has been entered on the judgment, the time for filing an appeal of the judgment has expired, no appeal has been filed staying enforcement of the judgment and that the information provided on the application is correct. Sign original execution; original and copies to the applicant. Retain a copy for the file.

RIFF: Make execution as directed in the "Execution" section on reverse side. Make return on signed original within four months from the date this execution issued. If judgment debtor is a natural person, attach exemption claim form (JD-CV-5b) to copy(ies) of execution served. Complete Section II on exemption claim form.

SON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS A NATURAL PERSON — Pursuant to Gen. Stat. 52-356a, you are required to mail to the judgment debtor indicated below at his last known address, postage prepaid, a copy of this property execution and the attached property execution exemption claim form. Complete Section III on exemption claim form before mailing it to judgment debtor. Twenty days from the date of the service of this property execution, you must deliver to the sheriff property owned by the judgment debtor in your possession or you must deliver to the sheriff payment of a debt owed by you to the judgment debtor. EXCEPT (1) if an exemption claim has been filed with the court you shall withhold delivery of the property or payment of the debt owed by you subject to determination of the exemption claim by the court and (2) if the debt owed by you to the judgment debtor is not due at the expiration of the twenty days, you shall pay the amount to the sheriff when the debt becomes due if it becomes due within four months after the date of issuance of this execution.

SON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS NOT A NATURAL PERSON — Pursuant to Gen. Stat. 52-356a, you are required to deliver to the sheriff, property in your possession owned by the judgment debtor or pay to the sheriff the amount of a debt owed by you to the judgment debtor, provided, if the debt owed by you is not yet payable, payment shall be made to the sheriff when the debt becomes due if it becomes due within four months after the date of issuance of this execution.

## APPLICATION

| ESS OF COURT     ☐ G.A. ☒ J.D. ☐ Housing Session | DATE OF JUDGMENT | DOCKET NO. |
|---|---|---|
| 00 Grand Street, Waterbury, CT 06704 | March 26, 1998 | CV97-138-541 |

| (S) OF JUDGMENT CREDITOR(S) MAKING APPLICATION | OF *(Street and Town)* |
|---|---|
| n. Gyadu | P.O. Box 4314<br>Waterbury, CT 06702 |

| (S) OF JUDGMENT DEBTOR(S) *(include any information necessary for identification)* | OF *(Street and Town)* |
|---|---|
| L Automotive Consulting, Inc.<br>b/a Discount Auto Sales | 37 Chase Avenue<br>Waterbury, CT 06704 |

| OUNT OF JUDGMENT *(including damages and, where applicable, prejudgment interest and attorney fees)* | 2. AMOUNT OF COSTS IN OBTAINING JUDGMENT |
|---|---|
| 7,589.68 | Did Not Apply For. |
| AL JUDGMENT AND COSTS *(Add 1 and 2 above)* | 4. TOTAL PAID ON ACCOUNT |
| 7,589.68 | Nothing - $0.00 |
| AL UNPAID JUDGMENT *(Subtract 4 from 3 above)* | 6. APPLICATION FOR PROPERTY EXECUTION *(If not waived by the court)* |
| 7,589.68 | $10.00 |

| AL 5 AND 6 ABOVE | IS THIS A CONSUMER JUDGMENT *("Consumer judgment" means a money judgment of less than $5,000 against a natural person resulting from a debt incurred primarily for personal, family or household purposes)* |
|---|---|
| 7,599.68 | ☐ YES    ☒ NO |

S IS A CONSUMER JUDGMENT HAS A STAY OF PROPERTY EXECUTIONS BEEN ENTERED PURSUANT TO AN INSTALMENT PAYMENT ORDER

'ES    ☐ NO

S': STATEMENT OF JUDGMENT CREDITOR OR JUDGMENT CREDITOR'S ATTORNEY OF DEFAULT ON INSTALMENT PAYMENT ORDER

| D *(Plaintiff or attorney for plaintiff)* | DATE SIGNED | ADDRESS OF PERSON SIGNING | TELEPHONE NO. |
|---|---|---|---|
| *[signature]* | 5th Aug, 1998 | P.O. Box 4314, Waterbury, CT 06704 | |

*(over)*

8-13-98 notice sent not

# EXECUTION

**To Any Proper Officer:**

Whereas on said date of judgment the Judgment Creditor(s) recovered judgment against the Judgment Debtor(s) before the court amount stated, as appears of record, whereof execution remains to be done. These are, therefore, BY AUTHORITY OF THE STATE OF CONNECTICUT TO COMMAND YOU: That of the nonexempt goods of said Judgment Debtor(s) within your precincts, you cause to be levied (the same being seized and sold as the law directs), paid and satisfied to said Judgment Creditor(s) the total unpaid amount of said judgment, plus your own fees in the following manner: You shall personally serve a copy of this execution on the judgment debtor, and if the judgment debtor is a natural person, a copy of the exemption claim form (JD-CV-5b), and make demand for payment by the judgment debtor of all sums due under the money judgment. On failure of the judgment debtor to make immediate payment you are commanded to levy on nonexempt personal property of the judgment debtor, other than debts due from a banking institution or earnings, sufficient to satisfy the judgment as follows: If such nonexempt personal property is in the possession of the judgment debtor, you shall take such personal property into your possession as is accessible without breach of peace. If the judgment debtor has left the state prior to service of this execution, or if he cannot be found with reasonable effort at his last known address in this state, you shall proceed with the execution after (1) making demand for payment at such last known address and on any agent or attorney of the judgment debtor of record with the clerk of the Superior Court and (2) making a reasonable effort to ascertain and provide notice of the execution at any forwarding address.

## A. DEMAND ON THIRD PERSON
### (If judgment debtor is a natural person)

On failure of the judgment debtor to make immediate payment of all sums due under the money judgment, and upon your being unable to levy on nonexempt personal property of the judgment debtor in the judgment debtor's possession and, if the judgment debtor has left the state prior to the service of this execution, upon your being unable to obtain payment sufficient to satisfy the judgment by making demand for payment at the judgment debtor's last known address in this state and on any agent or attorney of the judgment debtor of record with the clerk of the Superior Court, you are also commanded to make demand upon any third person having possession of nonexempt personal property of the judgment debtor for payment to you, or to levy on any nonexempt personal property or debt due said judgment debtor sufficient to satisfy the total amount of judgment unpaid pursuant to Gen. Stat. 52-356a (4) (c). After having made such demand you are directed to serve two true and attested copies of this execution, together with the exemption claim form, with your doings endorsed thereon, on the third person upon whom such demand was made.

## B. DEMAND ON THIRD PERSON
### (If judgment debtor is not a natural person)

On failure of the judgment debtor to make immediate payment of all sums due under the money judgment and upon your being unable to levy on nonexempt personal property of the judgment debtor in the judgment debtor's possession and, if the judgment debtor has left the state prior to the service of this execution, upon your being unable to obtain payment sufficient to satisfy the judgment by making demand for payment at the judgment debtor's last known address in this state and on any agent or attorney of the judgment debtor of record with the clerk of the Superior Court, you are also commanded to make demand upon any third person having possession of nonexempt personal property of the judgment debtor for payment to you or to levy on any nonexempt personal property or debt due said judgment debtor(s) sufficient to satisfy the total amount of the judgment unpaid pursuant to Gen. Stat. 52-356a (4) (c).

**HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW, WITHIN FOUR MONTHS HEREOF.**

**NOTICE:** THE JUDGMENT DEBTOR'S NONEXEMPT PERSONAL PROPERTY IS SUBJECT TO LEVY, SEIZURE AND SALE BY THE SHERIFF PURSUANT TO THIS EXECUTION.

SIGNED (Assistant Clerk) _Maura C. Connell_     ON (Date) 8-13-98

## RETURN OF SERVICE

STATE OF CONNECTICUT                    . . . . . . . . . . . . . . . . . . . . . . . ., Connecticut

ss.

. . . . . . . . . . . . . COUNTY                    . . . . . . . . . . . . . . . . . . . . . . . .,19 . . . . .

On the . . . . . . . . . . . . . . . . . . . . . . . day of . . . . . . . . . . . . . . . . . . . . . . 19 . . . . ., then and there I duly served the foregoing

application, order and execution on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . the person(s) named therein, by leaving with or at the

usual place of abode of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ., the within

named, a true and attested copy of the original application, order and execution.

                                        Attest: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                          Proper Officer

                                                . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                          Title

# MANDATE EXH(4)

D.Conn.
01mc-123;01mc-366
Garfinkel, J.

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of April two thousand and two,

Present:

Hon. James L. Oakes,
Hon. Dennis Jacobs,
Hon. Guido Calabresi,
                    *Circuit Judges.*

Bella Vista Condos,

                    Plaintiff-Appellee,

            v.                                          01-7855

Benjamin F. Gyadu,

                    Respondent-Appellant.

---

Appellant has filed, *pro se,* motions seeking appointment of counsel and to consolidate his appeals. Upon due consideration, it is hereby ORDERED that the motion for appointment of counsel is denied because appellant has not made a showing of likely merit, *see* Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989), and it is FURTHER ORDERED that the appeal is dismissed because the appeal lacks an arguable basis in fact or law. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e)(2). It is FURTHER ORDERED that appellant's motion to consolidate appeals is denied as moot because both appeals, from the orders in the district court actions docketed in the court under 01mc-123 and 01mc-366, were docketed in this Court under 01-7855.

On December 10, 1999, this Court issued a leave-to-file sanction order against appellant. *See* Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591-92 (2d Cir. 1999). While such order did not apply to appeals filed by appellant "from a judgment rendered against [appellant] as a defendant," it is ORDERED that such leave-to-file sanction order is hereby amended to apply to any appeal filed, after the date of issuance of this order, in this Court where appellant initiated the federal court action. The leave-to-file sanction order therefore applies, but is not limited to, actions where, as here, appellant has initiated the federal court action by removing to a federal court a state court action in which he is a named defendant. In all other respects, the December 10, 1999 leave-to-file sanction order shall

**A TRUE COPY**
APR 18 2002 Roseann B. MacKechnie, CLER

— ISSUED AS MANDATE: 4/h/ᵒ —

remain unchanged and in full force.

FOR THE COURT:
Roseann B. MacKechnie, Clerk


By: *Lucille Carr*

APR 18 2002

USCA Order 3