CV1271 exh pg3

EXH(2)

The Superior Of Waterbury,
300 Grand Str.,
Waterbury, CT. 06702
Date: 2nd Nov., 2001.

Doc. #: CV94-0120-500-S
BELLA VISTA CONDOS Vs BEN· GYASU·

<u>MOTION TO SET ASIDE NEW LAW DAYS</u>

Pursuant to 28 USCS Sec. 1446(d), the defendant moves to Set Aside the New law days that was set for the 28th Aug., 2001

<u>BASIS FOR ACTION</u>

Per the 2nd Circuits Appeal Scheduling Order dated the 12th Oct., 2001, the Superior Court did not have juris-

## Page 2

diction of the action pursuant to 28 USCS Sec. 1446(d) to enter the New Law says of 28th Aug., 2001 on the 6th Aug., 2001

Consequently the New Law says of 28th Aug., 2001 and the subsequent orders and rulings are VOID and must be set aside accordingly as held under the ff:

(i) All orders, defaults, and proceedings entered in State Court after filing of petition for removal are of no force and effect. Hopson Vs. North American Ins. Co. (1951) 71 Idaho 461, 233 P2d 799, 25 ALR 2d 1040

(ii) Under 28 USCS Sec. 1446, when case is removed, no

<u>Page 3</u>

Valid proceedings can be taken in State Court, and any action so taken prior to remand to State court is of no force or effect. State ex rel. Gremillion Vs NAACP (1956, La App. 1st Cir) 90 So 2d 884.

(iii)   After removal of State Court receivership suit to federal district court, and while the suit remained there and had not been remanded to the State Court, State court is without jurisdiction to appoint receiver in suit. Rutas Aereas Nacionales, S.A Vs Cauley and Martin, Inc. (1964, Fla App. D3) 160 So 2d 168

28 USCS Sec. 1446(d) states:
" Promptly after the filing of such petition for the

<u>Page 4</u>

removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the Clerk of such State Court, which shall effect the removal and the State Court shall proceed no further unless and until the case is remanded."

The Superior Court proceeded further, contrary to 28.U.S.C.S. Sec. 1446(d) to enter its new Law Days on the 6th of Aug., 2001 while it did not have jurisdiction of the action to enter the new Law Days and those subsequent orders and rulings

The new Law Days and the subsequent orders and rulings are therefore

VOID and must be Set Aside accordingly.

## CONCLUSION

Based upon the above, it would clearly be discovered that the new Law says of 28th Aug., 2001 set on the 6th of Aug., 2001 and the Subsequent orders and rulings are VOID and must be Set Aside accordingly.

Respectively Submitted.
Ben. Gyadu. (S.H.C.)

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the Law Office of Eugene Melchionne, 27 First Ave., Waterbury, CT. 06710

Sincerely,

Ben. Gyadu

HOPSON v. NORTH AMERICAN INS. CO.  Idaho  799
Cite as 233 P.2d 799

HOPSON v. NORTH AMERICAN INS. CO.

No. 7719.

Supreme Court of Idaho.

July 5, 1951.

Action by Heloise Fuller Hopson against North American Insurance Company. The Eight Judicial District Court, Kootenai County, E. V. Boughton, J., entered an order vacating and setting aside an order of default and entry of default and plaintiff appealed. The Supreme Court, Thomas, J., held that order of default and default entered in state court after filing of petition for removal of case to federal court and compliance with procedural requirements to effectuate such removal were of no force or effect, though case was subsequent remanded to state court.

Order affirmed.

1. Statutes ⇐147

The amendment of an existing statute indicates that a change was intended.

2. Removal of cases ⇐97

Under 1949 amendment of statute providing for removal of cases, a case is removed from the jurisdiction of state court for all purposes upon compliance with the procedural steps for removal set forth in statute regardless of removability of the case, and no valid proceedings can be taken in state court at any time following such removal unless and until the case is remanded, and any action taken in state court before case is remanded will have no force or effect. 28 U.S.C.A. § 1446.

3. Removal of cases ⇐97

Order of default and default for want of appearance entered in state court after filing of petition for removal and compliance with procedural requirements to effectuate such removal were of no force or effect, though case was subsequently remanded to state court. 28 U.S.C.A. § 1446.

---

Wm. S. Hawkins and E. L. Miller, Coeur d'Alene, for appellant.

Clay Spear, Coeur d'Alene, Keith, Winston, MacGillivray & Repsold, Spokane, Wash., for respondent.

THOMAS, Justice.

The action was commenced on February 7, 1950 in the District Court of Kootenai County, Idaho, by appellant, plaintiff below, who will hereinafter be referred to as plaintiff.

The action was instituted against the respondent, defendant in the lower court. Service was made upon the defendant on February 10, 1950.

The defendant made no appearance in the State District Court but on February 27, 1950 filed its petition for removal to the Federal District Court and in all respects, as conceded by appellant, complied with the procedural requirements to effectuate such removal, if the case be removable.

On March 27, 1950 without notice to the defendant, plaintiff moved the District Court of the State of Idaho for default on the ground that more than twenty days had expired since the service of summons and complaint upon defendant and that defendant had failed to file any appearance therein and that the time for such appearance had expired; on the same day, pursuant to this motion, without notice to defendant the District Judge of said District Court of the State of Idaho made and entered an order authorizing the Clerk of the State District Court to make and enter a default against the defendant. Such default was entered.

Thereafter and on April 6, 1950, the plaintiff made appearance in the United States District Court and moved that court to remand the cause back to the District Court of the State of Idaho; thereafter and on May 1, 1950, while awaiting the decision of the Federal District Judge on the motion to remand, the defendant filed a general demurrer in the District Court of the State of Idaho.

On June 16, 1950 the Federal District Judge of the State of Idaho entered an order granting the motion of the plaintiff remanding the cause from the United States District Court to the District Court of Kootenai County, State of Idaho.

On the following day the defendant filed a motion to vacate the default entered in the District Court of the State of Idaho

and thereafter the District Judge of said District Court of the State of Idaho made and entered an order granting the motion of the defendant and vacating the default entered therein. From such order vacating and setting aside the default the plaintiff has prosecuted her appeal to this court.

From the foregoing statement it is apparent that the primary question for determination in this case, and the one which we deem decisive, concerns what effect, if any, the proceedings pending in the Federal District Court for the removal of the cause from the State District Court, which is not removable, have upon any proceedings taken in the State District Court while such proceedings were pending in the Federal Court and before the cause is remanded to the State District Court.

It is urged by appellant that where the defendant does not make out a case for removal, the jurisdiction of the Federal Court does not attach and the State Court does not surrender its jurisdiction but may proceed with the case as if no application for removal had been made and in the instant case may order the entry of default for failure to answer or otherwise plead to the complaint within the time permitted by the statutes of this state and that defendant takes his chances when he attempts to remove a case not removable. Appellant's contention in this respect under 28 U.S.C.A. 72, prior to amendment is supported by Morbeck v. Bradford-Kennedy Co., 19 Idaho 83, 113 P. 89; State v. American Surety Co., 26 Idaho 652, 145 P. 1097; Finney v. American Bonding Co., 13 Idaho 534, 90 P. 859, 91 P. 318; Mills v. American Bonding Co., 13 Idaho 556, 91 P. 381, and many cases from other jurisdictions. See 45 Am.Jur., Sec. 179, p. 934; Sec. 204, p. 950. Appellant urges that the amendment has resulted in no change in the law as announced in these cases; with this we cannot agree.

All of these decisions were rendered under the "Removal Act", 28 U.S.C.A. § 72, prior to its amendment effective May 24, 1949, 28 U.S.C.A. § 1446.

In order to ascertain whether or not Congress intended to effect a change by the enactment of 28 U.S.C.A. § 1446 which would operate to void any proceedings taken in the State Court, pending the determination of the movability of the cause in the Federal Court even though it was ultimately determined that it was not in fact removable, we must look to the statute as amended, unaided by any decisions construing the amended statute, because counsel on neither side has called our attention to any case construing the statute since amended, nor have we been able to find any such case.

[1] The amendment of an existing act indicates that a change was intended. State ex rel. Wright v. Headrick, 65 Idaho 148, 139 P.2d 761; Stewart v. Common School Dist., 66 Idaho 118, 156 P.2d 194.

It is provided under Sec. 72 in pertinent part as follows: "Whenever any party entitled to remove any suit * * *, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, * * * in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit * * * and shall make and file therewith a bond, * * * for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto * *. It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. * * *"

28 U.S.C.A. § 1446 provides in pertinent part as follows:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

1. § 1446 which
ly proceedings
ding the deter-
of the cause in
gh it was ulti-
as not in fact
the statute as
decisions con-
because coun-
l our attention
statute since
i able to find

n existing act
tended. State
65 Idaho 148,
mmon School
194.

2 in pertinent
iny party en-
* *, may de-
a State court
Inited States,
on, * * *
t at the time,
ndant is re-
e or the rule
such suit is
the declara-
itiff, for the
* and shall
nd, * * *
be awarded
said district
was wrong-
ereto * *.
State court
nd and pro-
* * * "

in pertinent

nts desiring
or criminal
shall file in
States for
which such
etition con-
nent of the
to removal
ses, plead-
m or them

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. * * *

"(c) * * *

"(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Under the earlier Act, fortified by the decisions thereunder, if it was ultimately determined that the cause was not removable, that is, that the defendant was not entitled to remove it, the defendant could not protect his rights awaiting such determination without filing an appropriate appearance in the State court, a usual practice, State v. American Surety Co., supra; and perhaps by proceeding in both courts simultaneously until the question of removability had been determined. Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 717, 85 L.Ed. 1044.

The import of the decisions under 28 U.S.C.A. § 72 is clear to the effect that the defendant when petitioning for removal must assume the consequences if the case is remanded and he does not preserve his rights in the State court, because as the Act has been construed by the courts if the case was remanded for want of jurisdiction, the Federal Court is regarded as never having acquired jurisdiction. Tracy Loan & Trust Co. v. Mutual Life Ins. Co., 79 Utah 33, 7 P.2d 279; the rule that such proceedings in a State court following a petition for removal are valid where the suit is not in fact removable is "the logical corollary of the proposition that such proceedings are void if the cause was removable". Metropolitan Casualty Co. v. Stevens, supra, and the cases therein cited. In that case as well as in the case of Yankaus v. Feltenstein, 244 U.S. 127, 37 S.Ct. 567, 61 L.Ed. 1036, the clear import of each decision is to the effect that proceedings had in a State court, including the entry of default, while the petition for removal is pending in the Federal Court and before it is remanded, are valid if the cause is not in fact removable; in other words, if a party is entitled to remove a suit, (but not otherwise) and the procedural steps are taken, the State court shall proceed no further because jurisdiction has been moved to the Federal Court and should the State court proceed further, its acts in this respect would be void.

In pointing out a better practice to be followed in the State courts under the Act prior to amendment, and at the same time recognizing the existence of the right to enter such default, the court in the Metropolitan case said: "If, in cases like the present one, the state court is assured that the federal court will decide promptly the question of removability, it is better practice to await that decision (Chesapeake & O. R. Co. v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 53 L.Ed. 765; Baltimore & O. R. Co. v. Koontz, [104 U.S. 5, 26 L.Ed. 643] supra), but we cannot say that failure to do so is a denial of a federal right if the cause was not removable."

With this background we will now again consider the old law, 28 U.S.C.A. § 72, and the new law, 28 U.S.C.A. § 1446. Under Section 72, after filing petition and bond in the State court it is provided that the State court shall proceed no further in the suit; however, the courts have con-

233 P.2d—51

strued this as a proscription against the State only if the cause is not removable.

By providing in Section 1446 that taking such procedural steps effects the removal of the cause to the Federal Court, which is not found in the earlier Act, Congress has thereby expressly effected the removal of the cause to the Federal Court irrespective of the ultimate determination of the question as to whether or not it is removable; it is not thereafter in the State court for any purpose until and unless the cause is remanded; for that reason the State court is expressly prohibited from proceeding further until and unless it is so remanded; under Sec. 72 the removal was never accomplished unless it was a cause removable; under the present Act removal is accomplished and jurisdiction attaches in the Federal Court even though it may be subsequently determined that it should be and is thereafter remanded. Removability is no longer a criterion which gives or denies validity to the proceedings in the State court while a petition for removal to the Federal Court is pending; any such proceedings in the State court under the present act are not sanctioned; they are prohibited.

Apparently to overcome the endless and multiple litigation and resulting severe hardships which arose under Section 72 as construed, the amendment was prompted not only for the purpose of removing from the State court the authority in any event to pass upon the question of removability but also for the purpose of effectuating the removal by following all the statutory steps as effectively as if the cause had originally been filed in the Federal Court, thus voiding any further proceedings in the State court until and unless the cause is remanded.

[2, 3] We hold that under 28 U.S.C.A. § 1446, a case is removed from the jurisdiction of the State court upon a compliance with the procedural steps therein set forth for all purposes until and unless it is subsequently remanded to such State court; that until and unless the case is remanded no valid proceedings can be taken in the State court at any time following the filing of such petition and bond and giving notice thereof to all adverse parties and filing a copy of the petition with the Clerk of the State court; furthermore, that any action so taken in the State court thereafter and prior to remanding the cause to such State court, will have no force or effect.

All other contentions urged by appellant have been considered; however, the conclusions reached herein dispose of such contentions, and we deem it unnecessary to discuss them.

The order vacating and setting aside the order of default and the entry of default is affirmed.

Costs to respondent.

GIVENS, C. J., and PORTER, TAYLOR, and KEETON, JJ., concur.



STATE v. SNYDER.
No. 7734.

Supreme Court of Idaho.

July 5, 1951.

Leonard Snyder was convicted in the Second Judicial District Court, Clearwater County, A. H. Featherstone, J., of selling mortgaged personal property, and he appealed. The Supreme Court, Thomas, J., held that evidence was insufficient to support conviction.

Reversed with instructions.

1. Chattel mortgages ⚖=34, 38

Whether a bill of sale, absolute in form, and an oral agreement to retransfer, together constitute a chattel mortgage depends upon intention of parties at time of transaction, which intention may be gathered from instrument and from extrinsic evidence of former and subsequent acts and declarations of the parties which throw light upon intention and real character of transaction, and instrument itself is not conclusive.

2. Chattel mortgages ⚖=34

A bill of sale, absol[ute] may be construed to be a c[...]

3. Chattel mortgages ⚖=34

Controlling test in d[...] bill of sale, absolute on its [...] a chattel mortgage is whet[her] was a subsisting debt after [...] and other elements to be [...] whether transferor retaine[d] whether price was inadeq[uate] to value of property.

4. Chattel mortgages ⚖=34,

Where delinquent mor[tgagor] bill of sale, absolute on its [face cove]ring a harvester, which wa[s subject to] mortgages, to third party [who paid] first mortgage which was [held by] first mortgagee, and third [party's] retransfer harvester to mo[rtgagor upon] payment with interest, and [mortgagor re]tained possession, a debt w[as owing,] transaction created a ch[attel mortgage] with bill of sale delivered [not in convey]ance but as security devic[e, and transac]tion was not a sale of mor[tgaged] property. I.C. §§ 45-901, [...]

5. Chattel mortgages ⚖=233

Evidence was insuffic[ient to support] conviction of selling mor[tgaged] property. I.C. §§ 45-901, [...]

6. Criminal law ⚖=1159(2)

Where evidence is ins[ufficient to sup]port a verdict and the ver[dict is contrary] to law, verdict and judg[ment of convic]tion should be set aside.

Samuel F. Swayne, [...] Orofino, for appellant.

Robert E. Smylie, Atty. [Gen.,] H. Bakes, Asst. Atty. G[en.,...] Gardner, Prosecuting Att[orney,...] respondent.

THOMAS, Justice.

The appellant was con[victed of selling] mortgaged personal prope[rty of the] value of $60 and senten[ced to a] term of not to exceed f[ive years in] the State Penitentiary.

commenced by the filing of a complaint, even if the filing fees are not paid to the clerk at the time of the filing.[22]

### [7]—Complaint Filed With In Forma Pauperis Petition Constitutes Commencement of Action

A pro se plaintiff who cannot afford to pay court costs and fees may commence an action without paying costs and fees. These actions, called actions *in forma pauperis*, from the Latin "in the character of a pauper," or "poor person," may proceed only by permission of the court. Forma pauperis actions are authorized by statute.[23]

The filing of a complaint along with an in forma pauperis petition constitutes commencement of the action under Rule 3.[24] For example, in *Stephenson v. CNA Fin. Corp.*,[25] the defendant maintained that the action was barred by the statute of limitations because the applicable limitations period had expired prior to the date on which the court granted the plaintiff's in forma pauperis petition. The court rejected the defendant's argument, holding that the action was deemed to

---

[22] **Action commenced without payment of fees.** *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee).

| | |
|---|---|
| 4th Circuit | *See* Wells v. Apfel, 103 F. Supp. 2d 893, 895-899 (W.D. Va. 2000) (civil action was commenced when first filed, even though filing fee was not paid until later time; absent local rule or standing order requiring advance payment of filing fees, there was no legal authority for elevating payment of filing fee to jurisdictional requirement). |
| 7th Circuit | *See* Johnson v. Brown, 803 F. Supp. 1414, 1418-1419 (N.D. Ind. 1992) (racial discrimination action commenced when complaint filed, even though filing fee not paid until two weeks later). |
| 11th Circuit | *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee). |

[23] 28 U.S.C. § 1915(a), the statutory authorization for in forma pauperis actions, provides, in pertinent part:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [sic] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

[24] *See* 28 U.S.C. § 1915.

[25] Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598-599 (N.D. Ill. 1991).

(Matthew Bender & Co., Inc.)                                    (Rel.130-6/01 Pub.410)

**Rule 28.   Oral Argument**

1. Oral argument should emphasize and clarify the written arguments in the briefs on the merits. Counsel should assume that all Justices have read the briefs before oral argument. Oral argument read from a prepared text is not favored.

2. The petitioner or appellant shall open and may conclude the argument. A cross-writ of certiorari or cross-appeal will be argued with the initial writ of certiorari or appeal as one case in the time allowed for that one case, and the Court will advise the parties who shall open and close.

3. Unless the Court directs otherwise, each side is allowed one-half hour for argument. Counsel is not required to use all the allotted time. Any request for additional time to argue shall be presented by motion under Rule 21 no more than 15 days after the petitioner's or appellant's brief on the merits is filed, and shall set out specifically and concisely why the case cannot be presented within the half-hour limitation. Additional time is rarely accorded.

4. Only one attorney will be heard for each side, except by leave of the Court on motion filed no more than 15 days after the respondent's or appellee's brief on the merits is filed. Any request for divided argument shall be presented by motion under Rule 21 and shall set out specifically and concisely why more than one attorney should be allowed to argue. Divided argument is not favored.

5. Regardless of the number of counsel participating in oral argument, counsel making the opening argument shall present the case fairly and completely and not reserve points of substance for rebuttal.

6. Oral argument will not be allowed on behalf of any party for whom a brief has not been filed.

7. By leave of the Court, and subject to paragraph 4 of this Rule, counsel for an *amicus curiae* whose brief has been filed as provided in Rule 37 may argue orally on the side of a party, with the consent of that party. In the absence of consent, counsel for an *amicus curiae* may seek leave of the Court to argue orally by a motion setting out specifically and concisely why oral argument would provide assistance to the Court not otherwise available. Such a motion will be granted only in the most extraordinary circumstances.

## PART VII.   PRACTICE AND PROCEDURE

**Rule 29.   Filing and Service of Documents; Special Notifications; Corporate Listing**

1. Any document required or permitted to be presented to the Court or to a Justice shall be filed with the Clerk.

2. A document is timely filed if it is received by the Clerk within the time specified for filing; or if it is sent to the Clerk through the United States Postal Service by first-class mail (including express or priority mail), postage prepaid, and bears a postmark, other than a commercial postage meter label, showing that the document was mailed on or before the last day for filing; or if it is delivered on or before the last day for filing to a third-party commercial carrier for delivery to the Clerk within 3 calendar days. If submitted by an inmate confined in an institution, a document is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing and is accompanied by a notarized statement or declaration in compliance with 28 U.S.C. § 1746 setting out the date of deposit and stating that first-class postage has been prepaid. If the postmark is missing or not legible, or if the third-party commercial carrier does not provide the date the document was received by the carrier, the Clerk will require the person who sent the document to submit a notarized statement or declaration in compliance with 28 U.S.C. § 1746 setting out the details of the filing and stating that the filing took place on a particular date within the permitted time.

3. Any document required by these Rules to be served may be served personally, by mail, or by third-party commercial carrier for delivery within 3 calendar days on each party to the proceeding at or before the time of filing. If the document has been prepared as required by Rule 33.1, three copies shall be served on each other party separately represented in the proceeding. If the document has been prepared as required by Rule 33.2, service of a single copy on each other separately represented party suffices. If personal service is made, it shall consist of delivery at the office of the counsel of record, either to counsel or to an employee therein. If service is by mail or third-party commercial carrier, it shall consist of depositing the document with the United States Postal Service, with no less than first-class postage prepaid, or delivery to the carrier for delivery within 3 calendar days, addressed to counsel of record at the proper address. When a party is not represented by counsel, service shall be made on the party, personally, by mail, or by commercial carrier. Ordinarily, service on a party must be by a manner at least as expeditious as the manner used to file the document with the Court.

4. (a) If the United States or any federal department, office, agency, officer, or employee is a party to be served, service shall be made on the Solicitor General of the United States, Room 5614, Department

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

EXECUTION FOR EJECTMENT
JD-CV-30 Rev. 2-2000
C.G.S. Stat. 49-22

| INSTRUCTIONS TO APPLICANT | INSTRUCTIONS TO CLERK | INSTRUCTIONS TO SHERIFF |
|---|---|---|
| 1. Prepare original and 3 copies, forward original and 2 copies of this form and any attachments to clerk. | 1. Forward original and copy of this form and any attachments to applicant or attorney. | 1. Complete item 4 at bottom. |
| 2. After return of signed form from clerk, forward original and copy of form and any attachments to proper officer. | 2. Retain copy of signed execution. | 2. Make return within 60 days. |

**NAME OF CASE**
Bella Vista Condo. Assoc. v. Benjamin Gyadu

**NAME AND MAILING ADDRESS OF APPLICANT OR ATTORNEY**
TO: Eugene S. Melchionne, Esq.
27 First Avenue
Waterbury, CT 06710

**DOCKET NUMBER:** CV-94-0120500-S
**DATE OF JUDGMENT:** 08/06/01
**DATE LIS PENDENS RECORDED:** 5/5/94

**ADDRESS OF JUDICIAL DISTRICT COURT LOCATION** (Number, street, town, and zip code)
300 Grand Street, Waterbury, 06702

| NAME(S) OF PERSON(S) ENTITLED TO POSSESSION | NAME(S) OF PERSON(S) IN POSSESSION |
|---|---|
| Bella Vista Condo. Assoc., Inc. | Benjamin Gyadu |

**ADDRESS OF PREMISES** (Give complete legal description of land on page 2)
318 Waterville Street Unit 1 Building V, Waterbury, CT

**To: Any Proper Officer**

By the authority of the State of Connecticut, you are commanded to cause the said person(s) entitled to possession to have the seizin and peaceable possession of the premises described herein, and to put and eject the said person(s) in possession, out of possession thereof, and to put the person(s) entitled to possession into the peaceable and quiet possession thereof, provided that no person shall be ejected who is not a party to the action except a transferee or lienor who is bound by the judgment by virtue of a lis pendens. If said person(s) in possession have not removed all their possessions and personal effects, then you may remove them into the nearest sidewalk, street or highway. Prior to removal...

executive officer of the town 24 hours notice of the removal, stating the date, time, and address of the removal as well as a general description, if known, of the types and amount of property to be removed from the premises. Prior to giving notice to the chief executive officer you must use reasonable efforts to locate and notify the person(s) in possession of the date and time the removal is to take place and the possibility of a sale of their possessions pursuant to General Statute 49-22.

Make service and due return within 60 days from the...

SIGNED (Asst. Clerk): X /s/ Maura O'Connell    DATE SIGNED: 11-2-01

**NOTICE TO PERSONS IN POSSESSION OF PREMISES SUBJECT TO EJECTMENT**

IMPORTANT: If you are in possession of the premises...foreclosure...subjected to this execution unless you are a transferee or lienor who is bound by the judgment by virtue of a lis pendens...

1. The person(s) entitled to possession have been given the right to possession of these premises by a judgment of the Superior Court. This means that YOU MUST MOVE out of the premises described on page 2 of this form BY THE DATE GIVEN AT RIGHT.
2. If you do not move out by that date, this paper, which does not have to be handed to you personally, gives a proper officer the legal right to move out your possessions and personal effects and place them onto the street.
3. If your possessions and personal effects are placed on the street and you do not claim them from the chief executive officer of the town within 15 days, then they may be sold by the town pursuant to General Statute § 49-22.

| DATE SIGNED |
|---|
| |

4. If you do not move your possessions and personal effects by: (To be completed by sheriff)

| DATE: | TIME (A.M./P.M.): |
|---|---|

I will return to move your possessions and personal effects onto the street.

(Page 1 of 2)

11-2-01 notice sent m/s

EXH(3)

## Notice of Order

The Superior Court of Wtby.
300 Grand Street
Waterbury, CT. 06702

ORDER 12/10/01
Granted limited to the time permitted by the statute or practice book authority
BY THE COURT (West, J)

Date: 17th Dec., 2001

Doc. #: CV94-0120-500-S.
BUENA VISTA CONDOS Vs BEN. GYSTU

## MOTION FOR EXTENSION OF TIME

Defendant requests leave for an extension of time to enable him appeal the Court's ruling whose Re-hearing was

NAME AND MAILING ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY
(To be completed by plaintiff)

Ben. Gyadu
P.O. Box 4314
Waterbury, CT 06704

AUG 5  10 35 AM '98

OFFICE
SUPERIOR COURT
J.D.
WATERBURY

INTIFF OR PLAINTIFF'S ATTORNEY: Type or print. Complete original and 4 copies of the "Application." If judgment debtor is a natural person, attach copy of form JD-CV-5b. Present original and 3 copies to clerk of court. Enter name and address of person to receive issued execution in the box above.

RK: Check the file to ensure that no stay of enforcement has been entered on the judgment, the time for filing an appeal of the judgment has expired, no appeal has been filed staying enforcement of the judgment and that the information provided on the application is correct. Sign original execution; original and copies to the applicant. Retain a copy for the file.

RIFF: Make execution as directed in the "Execution" section on reverse side. Make return on signed original within four months from the date this execution issued. If judgment debtor is a natural person, attach exemption claim form (JD-CV-5b) to copy(ies) of execution served. Complete Section II on exemption claim form.

SON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS A NATURAL PERSON — Pursuant to Gen. Stat. 52-356a, you are required to mail to the judgment debtor indicated below at his last known address, postage prepaid, a copy of this property execution and the attached property execution exemption claim form. Complete Section III on exemption claim form before mailing it to judgment debtor. Twenty days from the date of the service of this property execution, you must deliver to the sheriff property owned by the judgment debtor in your possession or you must deliver to the sheriff payment of a debt owed by you to the judgment debtor. EXCEPT (1) If an exemption claim has been filed with the court you shall withhold delivery of the property or payment of the debt owed by you subject to the determination of the exemption claim by the court and (2) if the debt owed by you to the judgment debtor is not due at the expiration of the twenty days, you shall pay the amount to the sheriff when the debt becomes due if it becomes due within four months after the date of issuance of this execution.

SON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS NOT A NATURAL PERSON — Pursuant to Gen. Stat. 52-356a, you are required to deliver to the sheriff, property in your possession owned by the judgment debtor or pay to the sheriff the amount of a debt owed by you to the judgment debtor, provided, if the debt owed by you is not yet payable, payment shall be made to the sheriff when the debt becomes due if it becomes due within four months after the date of issuance of this execution.

## APPLICATION

| ESS OF COURT ☐ G.A. ☒ J.D. ☐ Housing Session | | DATE OF JUDGMENT | DOCKET NO. |
|---|---|---|---|
| 00 Grand Street, Waterbury, CT 06704 | | March 26, 1998 | CV97-138-541 |
| (S) OF JUDGMENT CREDITOR(S) MAKING APPLICATION | OF (Street and Town) | | |
| n. Gyadu | P.O. Box 4314 Waterbury, CT 06702 | | |
| (S) OF JUDGMENT DEBTOR(S) (include any information necessary for identification) | OF (Street and Town) | | |
| L Automotive Consulting, Inc. b/a Discount Auto Sales | 37 Chase Avenue Waterbury, CT 06704 | | |

| OUNT OF JUDGMENT (including damages and, where applicable, prejudgment interest and attorney fees) 7,589.68 | 2. AMOUNT OF COSTS IN OBTAINING JUDGMENT Did Not Apply For. |
|---|---|
| AL JUDGMENT AND COSTS (Add 1 and 2 above) 7,589.68 | 4. TOTAL PAID ON ACCOUNT Nothing - $0.00 |
| AL UNPAID JUDGMENT (Subtract 4 from 3 above) 7,589.68 | 6. APPLICATION FOR PROPERTY EXECUTION (if not waived by the court) $10.00 |
| AL OF 5 AND 6 ABOVE 7,599.68 | IS THIS A CONSUMER JUDGMENT ("Consumer judgment" means a money judgment of less than $5,000 against a natural person resulting from a debt incurred primarily for personal, family or household purposes) ☐ YES ☒ NO |

S IS A CONSUMER JUDGMENT HAS A STAY OF PROPERTY EXECUTIONS BEEN ENTERED PURSUANT TO AN INSTALMENT PAYMENT ORDER
ES  ☐ NO

S", STATEMENT OF JUDGMENT CREDITOR OR JUDGMENT CREDITOR'S ATTORNEY OF DEFAULT ON INSTALMENT PAYMENT ORDER

| D (Plaintiff or attorney for plaintiff) | DATE SIGNED 5th Aug. 1998 | ADDRESS OF PERSON SIGNING P.O. Box 4314, Waterbury, CT 06704 | TELEPHONE NO. |
|---|---|---|---|

(over)

8-13-98 notice sent ntc

# EXECUTION

To Any Proper Officer:

Whereas on said date of judgment the Judgment Creditor(s) recovered judgment against the Judgment Debtor(s) before the court in the amount stated, as appears of record, whereof execution remains to be done. These are, therefore, BY AUTHORITY OF THE STATE OF CONNECTICUT TO COMMAND YOU: That of the nonexempt goods of said Judgment Debtor(s) within your precincts, you cause to be levied (the same being seized and sold as the law directs), paid and satisfied to said Judgment Creditor(s) the total unpaid amount of said judgment, plus your own fees in the following manner: You shall personally serve a copy of this execution on the judgment debtor, and if the judgment debtor is a natural person, a copy of the exemption claim form (JD-CV-5b), and make demand for payment by the judgment debtor of all sums due under the money judgment. On failure of the judgment debtor to make immediate payment you are commanded to levy on nonexempt personal property of the judgment debtor, other than debts due from a banking institution or earnings, sufficient to satisfy the judgment as follows: If such nonexempt personal property is in the possession of the judgment debtor, you shall take such personal property into your possession as is accessible without breach of peace. If the judgment debtor has left the state prior to service of this execution, or if he cannot be found with reasonable effort at his last known address in this state, you shall proceed with the levy after (1) making demand for payment at such last known address and on any agent or attorney of the judgment debtor of record with the clerk of the Superior Court and (2) making a reasonable effort to ascertain and provide notice of the execution at any forwarding address.

**A. DEMAND ON THIRD PERSON**
*(If judgment debtor is a natural person)*

On failure of the judgment debtor to make immediate payment of all sums due under the money judgment, and upon your being unable to levy on nonexempt personal property of the judgment debtor in the judgment debtor's possession and, if the judgment debtor has left the state prior to the service of this execution, upon your being unable to obtain payment sufficient to satisfy the judgment by making demand for payment at the judgment debtor's last known address in this state and on any agent or attorney of the judgment debtor of record with the clerk of the Superior Court, you are also commanded to make demand upon any third person having possession of nonexempt personal property of the judgment debtor for payment to you, or to levy on any nonexempt personal property or debt due said judgment debtor sufficient to satisfy the total amount of judgment unpaid pursuant to Gen. Stat. 52-356a (4) (c). After having made such demand you are directed to serve two true and attested copies of this execution, together with the exemption claim form, with your doings endorsed thereon, on the third person upon whom such demand was made.

**B. DEMAND ON THIRD PERSON**
*(If judgment debtor is not a natural person)*

On failure of the judgment debtor to make immediate payment of all sums due under the money judgment and upon your being unable to levy on nonexempt personal property of the judgment debtor in the judgment debtor's possession and, if the judgment debtor has left the state prior to the service of this execution, upon your being unable to obtain payment sufficient to satisfy the judgment by making demand for payment at the judgment debtor's last known address in this state and on any agent or attorney of the judgment debtor of record with the clerk of the Superior Court, you are also commanded to make demand upon any third person having possession of nonexempt personal property of the judgment debtor for payment to you or to levy on any nonexempt personal property or debt due said judgment debtor(s) sufficient to satisfy the total amount of the judgment unpaid pursuant to Gen. Stat. 52-356a (4) (c).

**HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW, WITHIN FOUR MONTHS HEREOF.**

**NOTICE:** THE JUDGMENT DEBTOR'S NONEXEMPT PERSONAL PROPERTY IS SUBJECT TO LEVY, SEIZURE AND SALE BY THE SHERIFF PURSUANT TO THIS EXECUTION.

SIGNED *(Assistant Clerk)* Maura L. O'Connell    ON *(Date)* 8-13-98

## RETURN OF SERVICE

STATE OF CONNECTICUT                               ........................, Connecticut
                    ss.
............ COUNTY                                ........................, 19......

On the ................ day of ................ 19......, then and there I duly served the foregoing application, order and execution on ................................................................

................................................................ the person(s) named therein, by leaving with or at the usual place of abode of ................................................................, the within named, a true and attested copy of the original application, order and execution.

Attest: ................................
                Proper Officer

................................
                Title