FILED

2004 MAR 17 P 2:11

U.S. DISTRICT COURT
HARTFORD, CT.

The U.S. District Court

450 Main Str.

Hartford, CT 06103

Date: 16TH March, 2004

BEN. GYADU Vs MAURA O'CONNELL
Doc. #: 3:02-CV-01271 (AWT)


MOTION FOR CLARIFICATION

Plaintiff moves for clarification of the Court's order by which the plaintiff's papers for his Objection to the defendants "Answer Presenting Defenses Under Rule 12(b) of F.R.C.P." were returned to the plaintiff, unfiled.

The following would

Page 2

clarify the plaintiff's urgent and critical

need for clarification

A.    The Court granted the plaintiff an

Extension Of Time  to file his Objection to

the defendants " Answer Presenting Defenses

under Rule 12(b) Of F. R. C. P." Copy of Endorsem

Order & Motion For Ext., enclosed.

The plaintiff was therefore

shocked and confused when he received the

notice of the order that returned the papers,

unfiled, leaving the false, fraudulent, deceptive

claims presented by Counsel for a defense, just

to MIS-LEAD the Court for a desired outcome,

Page 3

without the plaintiff's Objection to assist the Court to have a fair evaluation of the defendants answer intended to dismiss the action by dishonest acts

~~FOR EXAMPLE~~

(a)   As much as Counsel makes it seem as if the Memorandum Of Decision dated the 1st Nov., 2001, did not have anything to do with issuing the Ejectment Order, the defendant Could NEVER have issued the Execution Order while the Court had not issued that decision and that was why the defendant did not issue any Ejectment Order until the Superior Court's Memorandum Of Decision was issued

Page 4

b) Counsel attempts to use the U.S. Supreme Court's decision on a previous action as a defense to attempt to dismiss the action when that previous action does not have anything whatsoever to do with the action in question

The plaintiff appealed the denial of his Motion To Dismiss without even a Memorandum Of Decision as demanded by Sec. 64-1 of the Ct Practice Book.

The Appellate Court dismissed the action on the grounds that the denial of the Motion To Dismiss was not a final judgement to

Page 5

warrant its appeal

The Appellate Court then

, Bella Vista Condos,

sanctioned the plaintiff to pay the plaintiff, AA

$8,017 to cover the legal expenses for defending

that appeal.

As it would be discovered, this

action does not have anything to do with

the action in question which came about

after a final judgement was entered

Counsel is, however, attempting to

dismiss the action in question with the U.S.

Supreme Court's decision on the appeal of the

denial of Motion To dismiss

(c)    As yet another

Page 6

example of Counsel's BAD-FAITH claims
presented for a defense just to MIS-LEAD
the Court to achieve the . Ruling sought
to deprive the plaintiff of justice due him,
Counsel claims the defendants specified
duties as stated on the application form for
Bank Execution/Property Execution, are not
the same as those for issuing Eject ment
Order just because the required specified
duties are not again stated on the application
form for Ejectment Order and thereby
dis-regards the fact that had the duties been

Page 7

anything different it would be stated on the

application form and that the functions for issuing Execution orders should be the same. Additionally, Counsels

claim under !(9) of Counsels defense, is the

specified or the stated functions of the defendant

on the 1998 Execution Order form which the

defendant issued        This makes it abundantly

clear that the defendant's functions for issuing
the                    in question
Λ Execution Order, are those stated functions

on the form for the Execution Order which

the defendant issued in 1998

                                    As it would

clearly be discovered, by returning the plaintiff's

Page 8

Objection papers, the Court does not have anything on file to assist the Court to evaluate the merit of the alleged BAD-FAITH defense put forth by Counsel and plaintiff is deprived a defense against those bad-faith claims The plaintiff does not want to find himself doing something wrong to have this action also dismissed without any trial on the merits of the action as in the previous cases nor does he want to see the action dismissed upon any BAD-FAITH motion to dismiss or BAD-FAITH claims for a defense without having, at least, his Objection to those BAD-FAITH claims for a defense as it was in the action; BEN.

Page 9

GYASU VS COMMISSIONER JESSE FRANKL, ET AL

at the district Court where the Court dismissed
the action upon a Motion To dismiss which
the Court did not afford the pro se plaintiff
a chance to submit his Objection to the
defendants BAD-FAITH Motion To dismiss
and worse yet this was the time the
U.S. Marshalls, upon Magistrate Fitzsimmons
orders, were serving the Summons and
Complaint upon a defendant who was not
properly served

B) Rule 7(a) of F.R.C.P. Does Not Make It Clear That The
Plaintiff Is Not Supposed To File Objection To

Page 10

Counsel's Answer Intended To Dismiss The Action By BAD-FAITH Claims Especially After The Court Granted the Plaintiff's Motion for Extension of Time To File His Objection

Rule 7(a) of the Fed.

Rule of Civil Procedure upon which the Objection

papers were returned, unfiled, does not help

the plaintiff to understand why he should not

file any objection to Counsel's DIS-HONEST acts

for a defense and in the process subject the

action to a dismissal upon Counsel's BAD-FAITH

Claims for a defense; a copy of Rule 7(a) of F.R.C.P.

which the plaintiff made reference of is enclosed.

Page. 11

## CONCLUSION

Based upon all the above the plaintiff humbly requests clarification of the Courts action so that any mistake the plaintiff might be doing to have the action dismissed upon the alleged BAD-FAITH defense put forth by Counsel, could be prevented.

The pro se plaintiff does not want to find the action dismissed without its merits, as in the previous cases, leaving the defendant unprosecuted to continue the alleged lawless acts against innocent people.

Respectfully Submitted.

Ben. Gyadu, P.O. BOX 4914, Wtby., Ct 06704

CERTIFICATION

This is to Certify that a copy of the fore-going was mailed to Counsel, the State attorney general, 55 Elm Street, P.O. Box 120, Hartford, CT 06141 - 0120

Sincerely,

BEN. GYAJU,

P. O. BOX 4314,

Waterbury, CT 06704.

35/37

The U.S DISTRICT COURT,

450 MAIN STR.,

HARTFORD, CT. 06103

DATE: 26TH DEC 2003

FILED

BEN. GYADU vs MAURA O' CONNELL

DOC #: 3.02-CV-01271 (AWT)

MOTION FOR AN ADDITIONAL EXTENSION
OF TIME TO ENABLE THE PLAINTIFF
COMPLETE THE SEARCH FOR COUNSEL

The Court gratefully
granted the plaintiff an Extension Of Time
to look for Counsel to file his much needed
Objection to the defendants' " Answer Prese
Defenses Under Rule 12(b) F.R.C.P."

As a result of the Courts

No further extensions will be granted, unless filed by counsel who is coming into the case.

EXTENSION GRANTED nunc pro tunc, to and including February 24, 2004. It is so ordered.

Alvin W. Thompson, U.S.D.J.
Hartford, CT 1/9/04

02cv1271ext#35

The U.S DISTRICT COURT,

450 MAIN STR.        ,

HARTFORD, CT 06103

DATE: 26TH DEC., 2003

BEN. GYADU Vs MAURA O'CONNELL

Doc. #: 3:02-CV-01271 (AWT)


MOTION FOR AN ADDITIONAL EXTENSION

OF TIME TO ENABLE THE PLAINTIFF

COMPLETE THE SEARCH FOR COUNSEL


            The Court gratefully

granted the plaintiff an Extension Of Time

to look for Counsel to file his much needed

Objection to the defendants: "Answer Presentin

Defenses Under Rule 12(b) F.R.C.P."

            As a result of the Courts

Page 2.

granting of the time extension, the plaintiff has been able to explore the chances of securing an attorney for his action

Even though the plaintiff has not, as of date, been able to secure an attorney due to the 2nd Circuits sanctions and hefty retainer fees of between $5000 and $10,000 that potential attorneys demand, the plaintiff has been able to contact various attorneys to explore his chances of securing counsel for his action, as a result of the courts action which granted the time extension

The time extension granted to plaintiff is, however, about to be exhausted while the plaintiff is(i) at the middle of his search for counsel and (ii) yet to have counsel for his action

Page 3

The plaintiff therefore humbly requests about thirty days time extension or whatever time extension the Court might deem proper to enable the plaintiff continue his relentless efforts for Counsel so that the defendant would, at least, be made to stand trial for the alleged deliberate incomprehensible wrongful and malicious act without having the action dismissed to repeat the on-going cycle of dismissal of plaintiff's actions which make the plaintiff appear a nuisance who should be barred an access to the Courts, leaving the plaintiff at the mercy of the perpetrators of wrongful acts to continue their lawless acts against the plaintiff to make it compelling for the indigent plaintiff who does not have anywhere to turn to

Page 4

than the Court.

for some relief against the consequencies of

those lawless acts, to institute a legal act

pro se, just to have the action dismissed

without trial to repeat the cycle of string

of unfavourable rulings and the resultan

manifest injustices

COUNSEL HAS PUT FORTH A DECEPTIVE, MIS-L

ING, INVALID CLAIMS FOR A DEFENSE WHIC

WOULD REQUIRE THE PLAINTIFF TO HAVE AN AT

NEY WHO WOULD ADDRESS SUCH A FRAUDULENT

MANEUVRE EFFECTIVELY BEFORE THE COURT

MAKE THE DEFENDANT STAND TRIAL FOR THE

ALLEGED MALICIOUS, LAWLESS ACTS.

Counsel claims there was no

Page 5

appeal nor filings that prevented the defendant

from issuing the Execution Order and thereby

conceals the fact that the trial court

granted the plaintiff an Extension Of Time

to appeal the Memorandum Of Decision

However as a result of

the defendants act, it was futile to

appeal the decision as the judgement had

then been executed. This was confirmed by

Hon. Holtzbergs denial Of the plaintiff's

fee-waiver to Open the Judgement

As much as counsel makes it

seem as if the Memorandum Of Decision was

nothing, ~~Couns~~ the defendant could never have

issued the Execution Order without the Memorandum

Of Decision, The trial courts decision was

Page 6

Contrary to the rules of Civil procedure

The plaintiff however could not appeal the decision. The court stated that because plaintiff's fee-waiver that was filed with the petition was denied, plaintiff's action was not commenced.

This is contrary to the Rules of Civil Procedure. Please, see EXH(1)

The Counsel claims the action was out of time
However, this is false
The plaintiff mailed the filing on the dead line of the time extension

Please see EXH(2)

CONCLUSION

Based upon all the above, the plaintiff

Page 7

prays the Motion would be granted.

Respectfully Submitted
Sincerely,

Ben Gyadu

P. O. Box 4314

Waterbury, CT 06704

PLEADINGS AND MOTIONS          **Rule 7**

**2001 Amendments**

The additional three days provided by Rule 6(e) is extended to the means of service authorized by the new paragraph (D) added to Rule 5(b), including—with the consent of the person served—service by electronic or other means. The three-day addition is provided as well for service on a person with no known address by leaving a copy with the clerk of the court.

**Changes Made After Publication and Comments**

Proposed Rule 6(e) is the same as the "alternative proposal" that was published in August 1999.

**HISTORICAL NOTES**

**Effective and Applicability Provisions**

1946 Amendments. Effective date of amendment to this rule, see rule 86(b).

# III.  PLEADINGS AND MOTIONS

**Rule 7.  Pleadings Allowed; Form of Motions**

(a) **Pleadings.**  There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

(b) **Motions and Other Papers.**

(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(2) The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules.

(3) All motions shall be signed in accordance with Rule 11.

(c) **Demurrers, Pleas, etc., Abolished.**  Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used.
(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Apr. 28, 1983, eff. Aug. 1, 1983.)

**ADVISORY COMMITTEE NOTES**

**1937 Adoption**

1.  A provision designating pleadings and defining a motion is common in the state practice acts.  See Smith-Hurd Ill.Stats. ch. 110, § 156 (Designation and order of pleadings); 2 Minn.Stat. (Mason, 1927) § 9246 (Definition of motion); and N.Y.C.P.A. (1937) § 113 (Definition of motion).  Former Equity Rules 18 (Pleadings—Technical Forms Abrogated), 29 (Defenses—How Presented), and 33 (Testing Sufficiency of Defense) abolished technical forms of pleading, demurrers and pleas, and exceptions for insufficiency of an answer.

2.  Note to Subdivision (a).  This preserves the substance of [former] Equity Rule 31 (Reply—When Required—When Cause at Issue).  Compare the English practice, *English Rules under the Judicature Act* (The Annual Practice, 1937) O. 23, r.r. 1, 2 (Reply to counterclaim; amended, 1933,

to be subject to the rules applicable to defenses, O. 21).  See O. 21, r.r. 1–14;  O. 27, r. 13 (When pleadings deemed denied and put in issue).  Under the codes the pleadings are generally limited.  A reply is sometimes required to an affirmative defense in the answer.  1 Colo.Stat.Ann. (1935) § 66; Ore. Code Ann. (1930) §§ 1–614, 1–616.  In other jurisdictions no reply is necessary to an affirmative defense in the answer, but a reply may be ordered by the court.  N.C.Code Ann. (1935) § 525; 1 S.D.Comp.Laws (1929) § 2357.  A reply to a counterclaim is usually required.  Ark.Civ.Code (Crawford, 1934) §§ 123 to 125;  Wis.Stat. (1935) §§ 263.20, 263.21.  U.S.C. Title 28, [former] § 45 (District courts; practice and procedure in certain cases) is modified insofar as it may dispense with a reply to a counterclaim.

For amendment of pleadings, see Rule 15 dealing with amended and supplemental pleadings.

3.  All statutes which use the words "petition", "bill of complaint", "plea", "demurrer", and other such terminology are modified in form by this rule.

**1946 Amendment**

Note.  This amendment eliminates any question as to whether the compulsory reply, where a counterclaim is pleaded, is a reply only to the counterclaim or is a general reply to the answer containing the counterclaim.  The Commentary, *Scope of Reply where Defendant Has Pleaded Counterclaim*, 1939, 1 Fed.Rules Serv. 672; *Fort Chartres and Ivy Landing Drainage and Levee District No. Five v. Thompson*, Ill.1945, 8 Fed.Rules Serv. 13.32, Case 1.

**1963 Amendment**

Certain redundant words are eliminated and the subdivision is modified to reflect the amendment of Rule 14(a) which in certain cases eliminates the requirement of obtaining leave to bring in a third-party defendant.

**1983 Amendment**

One of the reasons sanctions against improper motion practice have been employed infrequently is the lack of clarity of Rule 7.  That rule has stated only generally that the pleading requirements relating to captions, signing, and other matters of form also apply to motions and other papers.  The addition of Rule 7(b)(3) makes explicit the applicability of the signing requirement and the sanctions of Rule 11, which have been amplified.

**FILED**

2004 MAR -9 A 8: 15

U. DISTRICT COURT
CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------x
                                 :
BEN GYADU,                       :
                                 :
         Plaintiff,              :
                                 :
v.                               :    Civil No. 3:02CV01271(AWT)
                                 :
MAURA O'CONNELL,                 :
                                 :
         Defendant.              :
                                 :
--------------------------------x
```

### ENDORSEMENT ORDER

The plaintiff's "Note to the Court" (Doc. No. 15) requesting leave to file an "Objection to Answer Presenting Defenses Under Rule 12(b) of F.R.C.P." is hereby DENIED. The plaintiff seeks to file a response to the defendant's affirmative defenses. However, pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, the plaintiff is not required to file a response. The Clerk shall return the objection to the plaintiff.

It is so ordered.

Dated this 8th day of March, 2004, at Hartford, Connecticut.

_____
Alvin W. Thompson
United States District Judge