UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEN GYADU | : | CIVIL ACTION NO. 302cv01271(AWT) |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| MAURA O'CONNELL | : | March 25, 2004 |
| DEFENDANT | : | |

## OBJECTION AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ''CLARIFICATION''

Defendant respectfully objects to plaintiff's motion for "clarification" filed March 19, 2004, on the following grounds:

1. Although entitled a motion for clarification, it is instead an attempt to rehash his "Note to the Court" and request for leave to file an objection to defendant's answer which the Court denied on March 8, 2004.

2. The Court's order of March 8, 2004, *supra*, was correct. Rule 7 (a) Federal Rules of Civil Procedure lists the pleadings allowed by that rule. Plaintiff's documents that are the subject of his motion for clarification are not among them. Rule 7 (a) further states: "No other pleading shall be allowed," unless the Court orders a reply to various answers, which it has not done. "If an unauthorized reply is filed, the court will treat the pleading as a nullity." 2 James Wm. Moore et al., *Moore's Federal Practice* § 7.02[7][c], at 7-13 (3d ed.2003). The unauthorized reply, however, may be considered as an admission against the party making it. *Id*., at 7-13--7-14. As this Court has ruled, an unauthorized reply by a plaintiff "cannot be considered" except as it constitutes an admission against interest. *Middle West Construction, Inc.. v. Metropolitan*

1

*District of Hartford.*, 2 F. R. D. 117 (D. Conn. 1941) (Clark, Circuit Judge); *aff'd on other grounds*, 133 F. 2d 468 (2d Cir. 1943), *cert. denied*, 320 U. S. 737 (1943).

     3. The fact that defendant does not respond to plaintiff's assertions either in plaintiff's "Note to the Court," his request for leave to file an objection to the answer, his motion for clarification, or any of his other documents filed with this Court, is not intended as admission except as specifically indicated in the answer. No reply is made to them because his purported responses to the answer are unauthorized.

     4. Defendant notes for the record that it is possible that the reference in the Court's endorsement order of March 8, 2004 to plaintiff's "'Note to the Court'" as Doc. No. 15 might have been intended to refer to Doc. No. 39 instead.

DEFENDANT MAURA L. O'CONNELL,
ASSISTANT CLERK, SUPERIOR COURT
OF THE STATE OF CONNECTICUT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Daniel R. Schaefer
Assistant Attorney General
Federal Bar No. ct
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Daniel.Schaefer@po.state.ct.us

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 25th day of March, 2004, to:

Ben Gyadu
PO Box 4314
Waterbury, CT  06704

 

_____
Daniel R. Schaefer
Assistant Attorney General