02cv1271ord

FILED

2005 JAN 19 P 12

U.S. DISTRICT CO
HARTFORD, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BEN GYADU,

    Plaintiff,

v.                                    CASE NO. 3:02CV1271 (AWT)

MAURA O'CONNELL,

    Defendant.

CASE MANAGEMENT ORDER AND NOTICE TO
PRO SE LITIGANT REGARDING MOTION FOR SUMMARY JUDGMENT

The court held a telephonic status conference on January 10, 2005 during which the plaintiff represented himself and Attorney Robert Deichert appeared on behalf of the defendant. Discovery has concluded. The defendant wishes to file a motion for summary judgment. Accordingly, it is hereby ORDERED that the defendant shall file her proposed motion for summary judgment no later than February 25, 2005.

The court is required to give the plaintiff Gyadu certain information regarding summary judgment. Summary judgment may not be granted against a pro se litigant unless the pro se litigant has received adequate notice of the nature and consequences of a summary judgment motion. See Vital v. Interfaith Med. Center, 168 F.3d 615, 621 (2d Cir. 1999). In accordance with this rule, the pro se plaintiff is hereby notified as follows:

**Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Rule 56 of the Local Rules of Civil Procedure, summary judgment**

may be granted to the defendant and the plaintiff Gyadu's case may be dismissed without a trial if there is no issue of fact requiring a trial and the defendant is entitled to judgment under the applicable law.

The defendant has expressed an intention to move for summary judgment in accordance with these rules.  If the defendant's motion is granted, judgment will enter in favor of the defendant and the plaintiff Gyadu's case will be dismissed without a trial.  TO AVOID SUMMARY JUDGMENT THE PLAINTIFF GYADU MUST FILE AND SERVE PAPERS IN ACCORDANCE WITH THIS NOTICE AND ORDER, DEMONSTRATING THAT THERE IS AN ISSUE OF FACT REQUIRING A TRIAL.  IF THE PLAINTIFF GYADU FAILS TO DO SO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MAY BE GRANTED AND THE PLAINTIFF GYADU'S CASE MAY BE DISMISSED.

To demonstrate that this case presents an issue of fact requiring a trial, the plaintiff Gyadu must file and serve one or more affidavits that deny the factual assertions contained in the papers submitted by the defendant.  An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief.  To be considered by the court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths.  In addition to affidavits, the plaintiff Gyadu may also file deposition transcripts, responses to discovery

requests, and other evidence that supports the plaintiff's claims. <u>Any facts asserted in an affidavit submitted by the defendant will be accepted as true for purposes of this case unless the plaintiff Gyadu controverts those facts by filing one or more counter-affidavits.</u> Any counter-affidavit must be signed and sworn to under penalty of perjury and must be based on personal knowledge of the matters asserted in the counter-affidavit.

In addition, the plaintiff Gyadu must also file and serve a document entitled "Local Rule 56(a)2 Statement," which states -- in separately numbered paragraphs corresponding to the paragraphs contained in the defendant's Local Rule 56(a)1 Statement -- whether each of the facts asserted by the defendant are admitted or denied. <u>Any fact asserted by the defendant in her Local Rule 56(a)1 Statement will be deemed to be true for purposes of this case unless it is denied in the plaintiff Gyadu's Local Rule 56(a)2 Statement.</u> The plaintiff's Local Rule 56(a)2 Statement must also include in a separate section a list of each issue of fact that the plaintiff believes requires a trial.

Finally, the plaintiff Gyadu must file and serve a memorandum of law explaining why the plaintiff believes that the law does not entitle the defendant to judgment in her favor. Local Rule 56 provides that if the plaintiff fails to submit such a memorandum, the defendant's motion may be granted for good cause shown.

IT IS HEREBY ORDERED THAT THE PLAINTIFF GYADU FILE AND SERVE

3

THE DOCUMENTS CALLED FOR BY THIS NOTICE AND ORDER NO LATER THAN TWENTY-ONE (21) DAYS AFTER THE DEFENDANT FILES HER MOTION FOR SUMMARY JUDGMENT. FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL OF THE COMPLAINT.

**Due Date for Filing of Joint Trial Memorandum**: If a motion for summary judgment is filed by the defendant and the case survives after a ruling on the motion, a joint trial memorandum shall be filed within thirty (30) days after the court issues a decision on the motion. **Counsel and/or pro se parties signing the memorandum must certify that it is the product of consultation between the lawyers and/or pro se parties who will be trying the case.** The memorandum will be in the form prescribed by the District Court's Standing Order Regarding Trial Memoranda in Civil Cases (see Local Rules of Civil Procedure), and must be certified that it is a joint product of consultation between the lawyers and/or pro se parties trying the case. If no motion for summary judgment is filed by the defendant, the Joint Trial Memorandum shall be filed no later than **March 10, 2005.**

**Further requests for extensions of time shall be viewed with disfavor.**

4

SO ORDERED at Hartford, Connecticut this 19th day of January, 2005.

Donna F. Martinez
United States Magistrate Judge

5