The U.S. District Court,
450 Main Street,
Hartford, CT 06103

Date: 16th Febr., 2005

Doc.#: 3:02-CV-01271 (AWT)
BEN. GYASU Vs MAURA O'CONNEL

## MOTION FOR SUMMARY JUDGEMENT

The plaintiff claims that based upon (i) the defendants answer to the complaint upon which the court returned, unfiled, the plaintiff's EMPHATIC objection to the outrageous BAD-FAITH answer declaring that the defendant had

Page 2

filed an affirmative defense and therefore, in effect, there is no dispute to the allegations against the defendant to warrant the filing of an objection to the answer that was intended to conceal the alleged MALICIOUS and lawless acts of the defendant to MISLEAD the Court to achieve the desired outcome by FRAUD

(ii) the alleged wrongful actions of the defendant, e.g. the defendants' collaboration and conspiracy with the attorney of the Condominium Association's fore-closure action, without which the defendant

Page 3

could NEVER have ABANDONED her specified duties to issue the ejection order against a huge file of seven (7) separate individual large volumes in just eleven (11) minutes or less after filing the application at 4:49 p.m., 11 minutes to closing time at 5 p.m. on the 2nd Nov., 2001, while the same defendant, however, takes eight (8) consecutive days to issue an Execution order for plaintiff against even a thin file of only one (1) volume and worse yet at the middle of the litigation of the alleged fraudulent fore-closure action against the plaintiff, there is no genuine issue as to any material fact in

the Complaint and therefore moves for a Summary Judgement

The plaintiff submits herewith the following affidavit and other documentary proof

The plaintiff further moves for (a) an order for an immediate hearing before a jury to determine the amount of the damages (b) an order that would, at least, discourage the defendants WANTON DIS-REGARD to laws, as alleged, so that the defendant would not, in the near future, take or repeat such a MALICIOUS AND CALLEOUS ACT against innocent

Page 5

people to achieve her ambitious goal for her personal gain.

Respectfully Submitted

BEN. GYASU (*sgd.*)

P.O. BOX 4314

Waterbury, CT 06704

AFFIDAVIT

The U.S. District Court,
450 Main Street,
Hartford, CT 06103

Date: 16th Febr., 2005

Doc.#: 3:02-CV-01271 (AWT)
BEN. GYASU Vs MAURA O'CONNEL

## AFFIDAVIT

This is to certify that I, BEN. GYASU, do hereby depose and state the ff:

A. I am the plaintiff of the above entitled action

B. On the 1st of Nov., 2001, the Superior Court of Waterbury filed its Memorandum of Decision at the Clerks Office after 4p.m. when it was

✓

Page 2

getting to closing time at 5 p.m., declaring that it had jurisdiction of the fore-closure action: Bella Vista Condos Vs Ben. Gyadu, to issue the order that opened the case and set new law days after the action was removed to the fed court upon compliance of 28 USCS Sec. 1446 (d)

b) Because, the defendant's ambition to use her office to assist the attorney of the fore-closure action against the plaintiff to eject the plaintiff out of his home and property, regardless of the law, the defendant <u>abandoned</u> her specified duties, so as to enable her to issue an ejection

Page 3

Order <u>before</u> the plaintiff had any chance of receiving the notice of the Memorandum of Decision let alone¹¹ had a chance to file any objection, e.g. a motion for re-consideration or even an appeal which might reverse the decision, and issued an Ejection Order within just twenty four (24) hours of filing the decision at the Clerks' Office and within eleven (11) minutes of filing the application while the plaintiff was yet to receive the notice of the Memorandum Of decision, knowing very well that once the Ejection Order was issued conferring an absolute title of the plaintiff's home and property upon Bella Vista Condos., the

Page 4

plaintiff could not do anything whatsoever to save his home and property against the alleged fraudulent fore-closure action

c/ In order that the defendant could issue the ILL CONCEIVED ejection order, conferring an absolute title of the plaintiff's home and property upon Bella Vista Condos., before the plaintiff had any chance of receiving the notice of the Memorandum Of Decision and filed papers such as a Motion for Review or an appeal that would reverse the decision and torpedoe the defendants MALICIOUS plans, as alleged, the defendant

Page 5

COLLABORATED and CONSPIRED with the attorney of the Bella Vista Condos to issue the Ejection Order in eleven (11) minutes of filing the application while the same defendant, however, took eight (8) consecutive days or 11,520 minutes to issue an execution order for plaintiff against even a thin one volume file instead of a huge seven (7) separate volume file as the file in question

3. The defendant DELIBERATELY set out to deprive the plaintiff of his appeal rights so that the plaintiff would lose his home and

Page 6

property to Bella Vista Condos and to achieve that goal CONSPIRED with the attorney of the fore-closure action against the plaintiff to use her office to issue the Ejection Order for the attorney <u>before</u> the plaintiff had any chance to exercise his Constitutionally protected appeal rights to disrupt their ILL-CONCEIVED, DIABOLICAL plan

E  As a result of the defendant's MALICIOUS act by which the defendant COLLABORATES and CONSPIRED with the attorney of Bella Vista Condos. to issue the Ejection Order <u>before</u> the

Page 7

plaintiff had any chance of receiving the notice of the Memorandum of Decision let alone had a chance to exercise his appeal rights against the decision, the plaintiff's Motion For Re-consideration intended to make the State Court review the decision and set it aside accordingly was FUTILE and it was therefore a matter of course that the Court denied it

F| Without the defendant's MALICIOUS and DIABO-LICAL ACT by which the plaintiff was deprived (i) Due Process Of Law (ii) Equal Protection

Page 8

of laws   (iii) Due Process of Notice as put forth by the U.S. Supreme Court under Mullane vs Central Hanover Bank and Trust Co. 70 S. Ct 652 (1950) at 652 and 656-657, the plaintiff would not have lost his home and property to a VOID judgement entered by a State Superior Court against a fraudulent fore-closure action without, at least, an appeal of the decision.

6.  As a result of the defendants' ambition to use her office to deprive the plaintiff of his home and property and put him out of his home onto the streets, homeless, in the cold winter, without any

Page 9

regard to the demands of any law, State or Federal, that prevented her from doing so, the defendant issued the Execution Order while (a) the plaintiff's Complaint for Injunctive Relief at the federal court (b) the plaintiff's appeal at the federal court (c) the plaintiff's Complaint for a Stay at the 2nd Circuit, prevented the defendant from issuing the Execution Order, depriving the plaintiff of his appeal rights by a VOID Ejection Order without which the plaintiff would never have lost his home and property to the State Superior Court's VOID

Page 10

judgement without, at least, an appeal

H  Defendant DOES NOT DISPUTE any of the allegations upon which the plaintiff instituted the action in question

SIGNED: *(signature)* (BEN-DYADU)

Subscribed and sworn to before me this 11th day of march, 2005
*(signature)*

**VIRGINIA ALICEA**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2005

CERTIFICATION

This is to certify that a copy of the foregoing was mailed to counsel, the State attorney general, 55 Elm Street, Hartford, CT 06103

Attn: Atty. Daniel Schaefer

Thank you.

Sincerely,

BEN. GYASU

P.O. BOX 4314

Waterbury, CT 06704