The U.S. District Court,

450 Main Street ,

Hartford, CT 06103

Date: 7th March, 2005

Doc. #: 3:02 - CV - 01271 (AWT)
BEN. GYADU Vs MAURA O'CONNEL

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

The management of the

plaintiff's Condominium, without any notice

to unit owners as demanded by the "Right of

Notice" clause of the By-Laws of the

Condominium Association, replaced the

legal management Co., Samary Associates,

with an Illegal management Co., G & W Management

Page 2

While this Illegal management Co. was not doing the duties required of management, causing the plaintiff all kinds of resultant problems, such as sanitary problems and false arrest by the Waterbury police, it all the same demanded payment of condominium fees and even took a step further to demand from plaintiff not only payment of late fees against the duties and services it did not provide or do let alone providing or doing them late but also payment of common fees the plaintiff had already paid under Samary Associates

When plaintiff did not pay the

Page 3

fraudulent fees, G&W management instituted
a fore-closure action against the plaintiff

In the middle of the litigation,
the State Superior Court issued a Memorandum
Of Decision dated the 1st Nov., 2001 against
the plaintiff's Motion To Set Aside the Court
Order that opened the case and 2t New
Law days after the case was removed to the
federal court pursuant to 28 USCS
Section 1446 (d) and therefore the Court
did not have jurisdiction to enter those orders

The Clerks Office which issues
notices of Courts decisions did not receive

Page 4

the Memorandum Of Decision until after
4 p.m. when it was getting to closing time
at 5 p.m.

However, as a consequen-
ce of the defendants COLLABORATION
and CONSPIRACY with the attorney for
the fore-closure action against the
plaintiff to confer absolute title of the
plaintiff's home and property upon Bella
Vista Condos before there was any chance
for plaintiff to receive the notice of the
Memorandum Of Decision, so that any
pleading or motion the plaintiff would

Page 5

attempt to file to reverse the decision
after he received the notice of the
Memorandum of Decision would be FUTILE,
it was not even twenty four (24) hours
after the notice of the decision was
filed at the Clerks Office before the
attorney of the fore-closure action against
the plaintiff, Attorney Eugene Melchionne, recei -
ved a copy of the decision and turned around
and prepared the application for Ejection Order,
travelled down to the Clerks Office and filed
the application at 4:49 p.m., 11 minutes to closing
time at 5 p.m., and for nobody but the very

Page 6

defendant, Attorney Maura O'Connel, to receive the application and issue the Ejection Order within that 11 minutes against a huge file of seven separate large volumes while the same defendant took eight (8) days to issue an Execution Order for the plaintiff against even a thin file of only one volume

As a direct result of the defendant's MALICIOUS, CALLOUS, LAWLESS ACT by which the defendant DELIBERATELY chose to ABANDON her specified duties for the issuance of Execution Orders so that she

Page 7

could issue the Ejection Order and thereby

confer absolute title of the plaintiff's home and

property upon Bella Vista Condos before the

plaintiff received the notice of the decision

and attempted to file any pleadings or motions

to reverse the decision and in the process

torpedoe their DIABOLICAL plans to throw the

plaintiff out of his home onto the streets in the

cold winter, regardless of the law, knowing

that once an absolute title had been

conferred upon Bella Vista Condos the plaintiff

could not do anything, whatsoever, to retain the

title of his home and property, the U.S. postal

Page 8

Service did not have a chance to put a copy of the notice of the decision in the plaintiff's mail box for plaintiff to receive it before the defendant issued the Ejection Order, conferring an absolute title of plaintiff's home and property upon Bella Vista Condos and so by the time the plaintiff received the notice of the decision and file a Motion For Re-Consideration, it was FUTILE to do so; it was therefore a matter of course that the Court denied the Motion For Re-Consideration and Judge Holzberg denied the plaintiff's fee-waiver application to Open the Case, stating that

Page 9

judgement had been executed and therefore it is FUTILE to open the case.

The plaintiff instituted the action in question for a redress of the alleged MALICIous act of the defendant without which the plaintiff would never have lost his home and property to a VOID judgement without, at least, a chance for an appeal.

The defendant presented a BAD-FAITH answer to the complaint making it compelling for plaintiff to file an Objection to the Answer

The court however returned the Objection,

Page 10

unfiled, upon a reason that the defendant had filed an affirmative defense and therefore the plaintiff, in effect, does not have a legal right to file an objection to those BAD-FAITH claims made just to MIS-LEAD and PREJUDICE the Court to achieve the desired outcome.

After the defendant had filed the affirmative defense which deprived the plaintiff's right to dispute those BAD-FAITH claims made just to MIS-LEAD and PREJUDICE the Court to achieve the desired outcome by FRAUD, requiring, however, that a third party

Page 11

such as the jury, hears the complaint at

a trial, the same defendant now moves for

a Summary Judgement to attempt to prevent

a trial of the action         This is an attempt to

achieve the desired outcome by FRAUD.

Hence the Motion for Summary Judgement

is legally insufficient and must be STRIKEN

accordingly



DEFENDANT DELIBERATELY DEPRIVED THE PLAINT-
IFF THE DUE PROCESS OF NOTICE SO AS TO ENABLE
HER TO ISSUE THE EJECTION ORDER AND CONFER
ABSOLUTE TITLE OF PLAINTIFF'S HOME AND PROPERTY
UPON BELLA VISTA CONDOS BEFORE THE PLAINTIFF
HAD ANY CHANCE OF RECEIVING A COPY OF THE