Page 12

NOTICE AND TURNED AROUND TO FILE ANY PLEADING TO ATTEMPT TO REVERSE THE DECISION AND THEREBY TORPEDOE THEIR ILL-CONCEIVED, DIABO- LICAL PLANS TO THROW THE PLAINTIFF OUT OF HIS HOME ONTO THE STREETS IN THE COLD WINTER UNDER THE DISGUISE OF STATE LAW

The U.S. Supreme Court set forth the due process requirements for notice in Mullane Vs Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S. Ct 652, 94 L. Ed. 865 (1950) as ff:

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances,

Page 13

to apprise interested parties of the pendency of the action and to afford them an opportunity to present their Objections. The notice must be of such nature as reasonably to convey the required information _ _ _ _ _ _ and it must afford a reasonable time for those interested to make their appearance.

Id at 314, 70 S. ct at 657

    As it would clearly be discovered as a result of the defendants DIABOLICAL act, as alleged, the plaintiff was deprived an opportunity to present his Objection to the Memorandum of decision in violation of the demands of due Process of Notice

Page 14

without which the plaintiff would NEVER have lost his home and property to an alleged VOID judgement without, at least, an appeal.

The defendant's arbitrary Execution Order was therefore VOID

Consequently the defendant's Motion for Summary Judgement against an action brought for a redress of such violation of plaintiff's right to a due process, constitutes an attempt to achieve the desired outcome by FRAUD.

Hence the Motion for Summary Judgement is legally insufficient and must be

Page 15

STRIKEN accordingly.

70 S. Ct 652 (1950) Please, see Id at 652 and 656.

DEPRIVATION OF EQUAL PROTECTION OF LAWS

The defendants acts as alleged deprives the plaintiff, the Equal Protection of Laws as well

the U.S. Supreme Court holds:

If the State legislature pass a law discriminating against any portion of its citizens, or it fails to enact provisions equally applicable to every class for the protection of their person and property, it will

Page 16

be admitted that the State does not afford the equal protection. But if the Statutes show no discrimination, yet in its judicial tribunals one class is unable to secure that enforcement of their rights and punishment for their infraction which is accorded to another, _ _ _ _ _ _ _ _ _ _ _ the State has not afforded to all its Citizens the equal protection of the Laws." Monroe Vs Pape, 81 S. Ct. 473 (1961) at 478

The defendant's actions, as alleged, where the defendant ABANDONED her specified duties for the issuance of Execution

Page 17

Orders and COLLABORATED and CONSPIRED with the attorney of the fore-closure action against the plaintiff to WANTONLY disregard the provisions of laws so as to make it possible to issue the Ejection Order, constitute not only a GROSS, DELIBERATE violation of Equal Protection Of laws but they also constitute MALICIOUS, CALLEOUS, DIABOLICAL ACTS without which the plaintiff would NEVER have lost his home and property to a VOID judgement without, at least, a chance for its appeal.

For the defendant to commit such

Page 18

lawless, atrocious acts so that she could achieve her DIABOLICAL goal, the defendant is NOT qualified to be shielded by any Immunity, Qualified or Judicial or otherwise.

The U.S. Supreme Court holds:

"Functional approach" to judicial immunity from damages liabilities did not require that absolute immunity be extended to court reporters as being part of judicial function; court reporters did not exercise discretionary judgement

To determine whether doctrine

Page 19

of judicial immunity applies to officials other than judges, Court determines whether performance of function requires exercise of discretionary judgement." Antoine vs Byers and Anderson, Inc. 113 S. Ct. 2167 (1993) at 2171.

The function of the defendant for the issuance of Execution Orders is specified. Please, see EXH (A), the function of Clerk as marked. The defendant's function is therefore Not discretionary Hence the defendant Is Not Shielded by Judicial Immunity.

Additionally, if a Court

Page 20

reporter's function does not qualify a court reporter to be shielded by Judicial Immunity because a court reporters function is not discretionary, then the defendants function, definately, does not qualify the defendant to be shielded by Judicial Immunity.

Hence, again, the defendants Motion for Summary Judgement against the MALICIOUS, LAWLESS, DIABOLICAL acts committed against the plaintiff is LEGALLY INSUFFICIENT and must be STRIKEN accordingly.

Page 21

CONCLUSION

Based upon all the above, plaintiff prays the defendants Motion For Summary Judgement would be STRIKEN accordingly; the defendants affirmative defense requires a trial of the action and therefore the Motion For Summary Judgement is legally Insufficient; the defendants COLLABORATION and CONSPIRACY with the attorney for the fore-closure action against the plaintiff to WILLFULLY, WANTONLY flout the provisions of any law that was in her way to issue the Execution Order and then issue the Ejection

Page 22.

Order within eleven (11) minutes of filing the application, in the defendants ambition to make sure that before the plaintiff had any chance to receive the notice of the Memorandum of Decision and turned around after receipt of the decision to file any papers to attempt to reverse the decision and thereby torpedoe their ILL- CONCEIVED plans, absolute title had already been conferred upon Bella Vista Condos and at that juncture plaintiff could not do anything, whatsoever, to retain the title of his home and property, constitute

Page 23

a MALICIOUS, DIABOLICAL act which must be heard by jury at trial and therefore the defendants' Motion for Summary Judgement intended to avoid a trial of the action is legally insufficient and must be STRIKEN accordingly; the defendant is not shielded by any Immunity, whatsoever, to warrant any attempt to file a Motion for Summary Judgement let alone to file one, as the defendant has done, in the defendants' efforts to avoid a trial of the alleged MALICIOUS acts committed against the plaintiff by the

defendant to achieve her DIABOLICAL goal and therefore the defendants Motion for Summary Judgement is legally Insufficient and must be STRIKEN accordingly:

Respectfully Submitted.

BEN. GYADU,
P.O. BOX 4314,
WATERBURY, CT 06704

ORAL ARGUMENT REQUESTED.

SUPERIOR COURT

EXH(A)

**NAME AND MAILING ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY**
*(To be completed by plaintiff)*

Ben. Gyadu
P.O. Box 4314
Waterbury, CT 06704

AUG 5 10 35 AM '98

OFFICE
SUPERIOR COURT
J.D.
WATERBURY

**INTIFF OR PLAINTIFF'S ATTORNEY:** Type or print. Complete original and 4 copies of the "Application." If judgment debtor is a natural person, attach copy of form JD-CV-5b. Present original and 3 copies to clerk of court. Enter name and address of person to receive issued execution in the box above.

**RK:** Check the file to ensure that no stay of enforcement has been entered on the judgment, the time for filing an appeal of the judgment has expired, no appeal has been filed staying enforcement of the judgment and that the information provided on the application is correct. Sign original execution; original and copies to the applicant. Retain a copy for the file.

**RIFF:** Make execution as directed in the "Execution" section on reverse side. Make return on signed original within four months from the date this execution issued. If judgment debtor is a natural person, attach exemption claim form (JD-CV-5b) to copy(ies) of execution served. Complete Section II on exemption claim form.

**SON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS A NATURAL PERSON —** Pursuant to Gen. Stat. 52-356a, you are required to mail to the judgment debtor indicated below at his last known address, postage prepaid, a copy of this property execution and the attached property execution exemption claim form. Complete Section III on exemption claim form before mailing it to judgment debtor. Twenty days from the date of the service of this property execution, you must deliver to the sheriff property owned by the judgment debtor in your possession or you must deliver to the sheriff payment of a debt owed by you to the judgment debtor. EXCEPT (1) If an exemption claim has been filed with the court you shall withhold delivery of the property or payment of the debt owed by you subject to the determination of the exemption claim by the court and (2) if the debt owed by you to the judgment debtor is not due at the expiration of the twenty days, you shall pay the amount to the sheriff when the debt becomes due if it becomes due within four months after the date of issuance of this execution.

**SON IN POSSESSION OF PROPERTY OF JUDGMENT DEBTOR WHO IS NOT A NATURAL PERSON —** Pursuant to Gen. Stat. 52-356a, you are required to deliver to the sheriff, property in your possession owned by the judgment debtor or pay to the sheriff the amount of a debt owed by you to the judgment debtor, provided, if the debt owed by you is not yet payable, payment shall be made to the sheriff when the debt becomes due if it becomes due within four months after the date of issuance of this execution.

## APPLICATION

| ESS OF COURT  ☐ G.A.  ☒ J.D.  ☐ Housing Session | DATE OF JUDGMENT | DOCKET NO. |
|---|---|---|
| 00 Grand Street, Waterbury, CT 06704 | March 26, 1998 | CV97-138-541 |

| (S) OF JUDGMENT CREDITOR(S) MAKING APPLICATION | OF (Street and Town) |
|---|---|
| n. Gyadu | P.O. Box 4314<br>Waterbury, CT 06702 |

| (S) OF JUDGMENT DEBTOR(S) (Include any information necessary for identification) | OF (Street and Town) |
|---|---|
| L Automotive Consulting, Inc.<br>b/a Discount Auto Sales | 37 Chase Avenue<br>Waterbury, CT 06704 |

| OUNT OF JUDGMENT *(Including damages and, where applicable, prejudgment interest and attorney fees)* | 2. AMOUNT OF COSTS IN OBTAINING JUDGMENT |
|---|---|
| 7,589.68 | Did Not Apply For. |
| **AL JUDGMENT AND COSTS** *(Add 1 and 2 above)* | 4. TOTAL PAID ON ACCOUNT |
| 7,589.68 | Nothing - $0.00 |
| **AL UNPAID JUDGMENT** *(Subtract 4 from 3 above)* | 6. APPLICATION FOR PROPERTY EXECUTION *(if not waived by the court)* |
| 7,589.68 | $10.00 |

| AL OF 5 AND 6 ABOVE | IS THIS A CONSUMER JUDGMENT ("Consumer judgment" means a money judgment of less than $5,000 against a natural person resulting from a debt incurred primarily for personal, family or household purposes) |
|---|---|
| 7,599.68 | ☐ YES    ☒ NO |

**S IS A CONSUMER JUDGMENT HAS A STAY OF PROPERTY EXECUTIONS BEEN ENTERED PURSUANT TO AN INSTALMENT PAYMENT ORDER**
ES    ☐ NO

**S", STATEMENT OF JUDGMENT CREDITOR OR JUDGMENT CREDITOR'S ATTORNEY OF DEFAULT ON INSTALMENT PAYMENT ORDER**

| D. (Plaintiff or attorney for plaintiff) | DATE SIGNED | ADDRESS OF PERSON SIGNING | TELEPHONE NO. |
|---|---|---|---|
| [signature] | 5th Aug. 1998 | P.O. Box 4314, Waterbury, CT 06704 | |

*(over)*

8-13-98 notice sent

CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the State attorney general, attention Attny. Daniel Schaefer, 55 Elm Street, Hartford, CT 06106

Sincerely,

Ben. Gyadu (pro se),

P.O. Box 4314,

Waterbury, CT 06704