**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BEN GYADU | : | CIVIL NO. 3:02-CV-01271 (AWT) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| MAURA O'CONNELL | : | |
| *Defendant* | : | MARCH 16, 2005 |

<u>**DEFENDANT'S OBJECTION TO MOTION FOR EXTENSION OF TIME**</u>

In his Motion for Extension of Time dated February 7, 2005[1] (the "Motion"), the

<u>pro se</u> Plaintiff, Ben Gyadu, requests "about" sixty (60) additional days to respond to the

Defendant's Motion for Summary Judgment.  The Defendant respectfully objects to the

Plaintiff's Motion because the Plaintiff has completely failed to comply with the Local

Rules.

I.    <u>**BACKGROUND**</u>

After the Court dismissed the Plaintiff's initial complaint, the Plaintiff filed an

Amended Complaint in April 2003.  In November 2004, the district court issued an order

referring this case to Magistrate Judge Martinez for entry of a scheduling order allowing

for no further extensions of time.  (Docket No. 50).  Pursuant to that order, Magistrate

Judge Martinez held a telephonic status conference and set February 25, 2005 as the

deadline for dispositive motions and March 17, 2005 as the deadline for responses to

dispositive motions.

The Defendant filed a Motion for Summary Judgment and the supporting

documentation on February 25, 2005.  In the instant Motion, the Plaintiff seeks "about"

an additional sixty (60) days to respond to the Defendant's Motion for Summary

---

[1] Undersigned counsel received the Motion on March 15, 2005.

Judgment and to apply for appointment of counsel.  The Plaintiff did not inquire of undersigned counsel as to his position on the Motion.

## II.    BASIS FOR OBJECTION

District of Connecticut Local Rule 7(b) requires a party seeking an extension of time to make "a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension" and requires that party to inquire of opposing counsel as to their position on the request. The Plaintiff makes no such showing of good cause and made no effort to contact undersigned counsel before filing the Motion.

Had undersigned counsel been contacted, he would not have objected to a reasonable extension of time if good cause existed and the Magistrate Judge deemed such an extension possible given the district court's order that no further extensions of time be granted.  The Plaintiff's Motion, however, makes absolutely no showing of good cause for the lengthy requested extension of time—it simply makes repetitive claims that the Defendant's Motion for Summary Judgment was in "bad faith" and claims that the Plaintiff needs additional time to apply for counsel.  Those claims are plainly insufficient to establish good cause, particularly given that the district court granted the Plaintiff additional time to seek counsel over a year ago and, in so doing, indicated that no further extensions of time would be granted.  (See Docket Nos. 35 & 37).

Moreover, the pro se Plaintiff—who has significant experience appearing before this Court and has previously filed several motions for extension of time in this case alone—made no effort to contact counsel for his position on the Motion, as required by the Local Rules.  Such deliberate flouting of this Court's rules should not be condoned.

Gibson v. Wise, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004) (dismissing pro se motion for

reconsideration for failure to comply with Local Rule, noting that "[p]laintiff's pro se

status does not insulate him from complying with the relevant procedural rules").

Consequently, the Defendant respectfully objects to the Plaintiff's Motion for Extension

of Time.

DEFENDANT

MAURA O'CONNELL

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:    _____
       Robert J. Deichert
       Assistant Attorney General
       Federal Bar No. ct24956
       55 Elm Street
       P.O. Box 120
       Hartford, CT  06141-0120
       Tel: (860) 808-5020
       Fax: (860) 808-5347
       Robert.Deichert@po.state.ct.us

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing Defendant's

Objection to Motion for Extension of Time was served in accordance with Rule 5(b) of

the Federal Rules of Civil Procedure by first-class mail, postage prepaid, on this 16th

day of March, 2005 to:

      Ben Gyadu
      P.O. Box 4314
      Waterbury, CT 06704

                                          _____
                                          Robert J. Deichert
                                        Assistant Attorney General