FILED

2005 MAR 24 P 4: 23

DISTRICT COURT
HARTFORD CT

The U.S. District Court,

450 Main Street

Hartford, CT 06106

Date: 22nd March, 2005

Doc.#: 3:02-CV-01271(AWT)
BEN. GYABU Vs MAURA O'CONNELL

MOTION TO SUPPLEMENT PLANTIFF'S
MOTION TO STRIKE

Plaintiff moves to supplement the Motion

To Strike with a Copy of the definition

of Affirmative Defense as put forth by

the most current Black's Law Dictionary

to prove that after filing the Affirma-

tive Defense, the defendant DOES NOT

Page 2

have a legal right to file the Summary Judgement motion, claiming there is no genuine issue as to any material fact in the Complaint when, infact, there is and for that reason the Law Dictionary declares that :

"The defendant bears the burden of proving an affirmative defense."

The defendant's Motion For Summary Judgement in an attempt to prevent her burden of proving her affirmative defense before a jury during the

Page 3

trial of the action, is therefore Legally
Insufficient and must be STRIKEN
accordingly

The plaintiff prays the Court
would not allow these kinds of BAD-FAITH
defense intended to MIS-LEAD and PREJUD-
ICE the Court to achieve the desired
outcome at the expense of the plaintiff,
to persist.

Respectfully Submitted.

BEN. GYADU (Sg/C:)

P.O. BOX 4314
Waterbury, CT 06704

Case 3:02-cv-01027 Document 61 Filed 08/24/2005 Page 4 of 7

the donee against any attempted encumbrance not specifically authorized by the defendant was a warranty, it became part of the warranty clause "shall and will warrant and forever defend."

**defender. 1.** One who defends, such as the defendant in a lawsuit, a person using self-defense, or defense counsel. **2.** PUBLIC DEFENDER.

**defendere** (di-**fen**-də-ree), *vb.* [Law Latin] To deny; to defend.

**defendere se per corpus suum** (di-fen-də-ree see pər kor-pəs s[y]oo-əm), *vb.* [Law Latin "to defend himself by his own body"] *Hist.* To agree to a trial by judicial combat; to agree to a duel.

**defendere unica manu** (di-fen-də-ree yoo-nə-kə man-yoo), *n.* [Law Latin "to defend with one hand"] *Hist.* A denial of an accusation under oath.

**Defender of the Faith.** See DEFENSOR FIDEI.

**defendour** (day-fon-**duur**), *n.* [Law French] *Hist.* A defendant; the party accused in an appeal.

**defeneration** (dee-fen-ə-**ray**-shən), *n.* [fr. Latin *de* "of" + *fornero* "to lend upon usury"] *Hist.* The act of lending money at a usurious interest rate.

**defenestration** (dee-fen-ə-**stray**-shən). The act of throwing someone or something out a window. — **defenestrate**, *vb.*

**defense** (di-**fen[t]s**). **1.** A defendant's stated reason why the plaintiff or prosecutor has no valid case; *esp.*, a defendant's answer, denial, or plea <her defense was that she was 25 miles from the building at the time of the robbery>. [Cases: Criminal Law ☞31. C.J.S. *Criminal Law* §§ 15, 46–49, 88, 93–94.]

"Defence is defined to be that which is alleged by a party proceeded against in an action or suit, as a reason why the plaintiff should not recover or establish that which he seeks by his complaint or petition." Edwin E. Bryant, *The Law of Pleading Under the Codes of Civil Procedure* 240 (2d ed. 1899).

**affirmative defense.** A defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true. ● The defendant bears the burden of proving an affirmative defense. Examples of affirmative defenses are duress (in a civil case) and insanity and self-defense (in a criminal case). — Also termed *plea in avoidance*; *plea in justification*. Cf. *negative defense*. Criminal Law ☞31; Federal Civil Procedure ☞751; Pleading ☞78. C.J.S. *Criminal Law* §§ 15, 46–49, 88, 93–94; *Pleading* §§ 160–161.]

**capacity defense.** A defense based on the defendant's inability to be held accountable for an illegal act or the plaintiff's inability to prosecute a lawsuit (as when the plaintiff was a corporation, but has lost its corporate charter). See CAPACITY.

**defense of habitation.** The defense that conduct constituting a crime is justifiable if an aggressor unjustifiably threatens the defendant's place of abode or premises and the defendant engages in conduct that is (1) harmful to the aggressor, (2) sufficient to protect that place of abode or premises, and (3) reasonable in relation to the harm threatened. — Also termed *defense of premises.* See CASTLE DOCTRINE.

**defense of inequitable conduct.** *Patents.* A defense to an action for patent infringement, made by charging the plaintiff with breaching the duty of candor and good faith. ● To succeed, the defendant must show that, in the patent prosecution, the plaintiff intentionally withheld material information from or misled the examiner. Inequitable conduct is a combination of two former defenses: unclean hands and fraud on the Patent Office. [Cases: Patents ☞97. C.J.S. *Patents* §§ 135–138, 145, 178.]

**derivative defense.** A defense that rebuts the criminal elements that a prosecutor must establish to justify the submission of a criminal case to a jury.

**designer defense.** A novel defense based on diminished capacity attributed to stress or impairment. ● The phrase derives from the fact that the defense is tailored to the defendant and the circumstances of the crime. Examples include extraordinary reactions to snack food (the Twinkie defense), unconsciousness or sleepwalking, and postpartum psychosis. See AUTOMATISM.

**dilatory defense** (**dil**-ə-tor-ee). A defense that temporarily obstructs or delays a lawsuit but does not address the merits. ● Examples of dilatory defenses include misjoinder, nonjoinder, res judicata, misnomer, lack of capacity to sue, another action pending, statute of limitations, prematurity, unripeness, release, and settlement.

**dwelling defense.** See CASTLE DOCTRINE.

**eleemosynary defense.** See *charitable immunity* under IMMUNITY (2).

**equitable defense.** A defense formerly available only in a court of equity but now maintainable in a court of law. ● Examples include mistake, fraud, illegality, failure of consideration, forum non conveniens, laches, estoppel, and unclean hands.

**frivolous defense.** A defense that has no basis in fact or law.

**full defense.** A technical common-law defensive plea, stated at length and without abbreviation. ● The plea is obsolete because of the pleading requirements in federal and state rules of civil procedure.

**general-justification defense.** See *lesser-evils defense.*

---

…ry to be held accountable for an illegal …ntiff's inability to prosecute a lawsuit …plaintiff was a corporation, but has …rate charter). See CAPACITY.

The plea is obsolete because of the pleading requirements in federal and state rules of civil procedure.

**general-justification defense.** See *lesser-evils defense.*

# CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State attorney general, 55 Elm Street, Hartford, CT 06106; attn: Attorney Daniel Schaeffer.

Sincerely,

BEN. GYASU (B.G:)

P. O. BOX 4314

Waterbury, CT 06704