UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEN GYADU | : | CIVIL NO. 3:02-CV-01271 (AWT) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| MAURA O'CONNELL | : | |
| *Defendant* | : | MARCH 28, 2005 |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Seventeen days after this Court's deadline for dispositive motions passed, the pro se Plaintiff, Ben Gyadu, filed with the Court a Motion for Summary Judgment and a supporting affidavit. As of the date of this Memorandum, the Defendant, Connecticut Superior Court Assistant Clerk Maura O'Connell, has not received a copy of that motion from the Plaintiff. She did, however, become aware of the Plaintiff's Motion for Summary Judgment via the ECF system and therefore files this response in opposition to that motion.[1]

In addition to being untimely and apparently improperly served, the Plaintiff's Motion for Summary Judgment lacks proper supporting materials, including a Local Rule 56(a)(1) Statement and a memorandum of law. More fundamentally, the Plaintiff's Motion for Summary Judgment utterly lacks merit and should be denied. The Motion and supporting affidavit consist of yet another repetition of the Plaintiff's frivolous claims he has already repeated several times in his amended complaint and his Motion to Strike and supporting memorandum. Therefore, the Motion should fail for the reasons

---

[1] In so doing, the Defendant does not intend to waive any arguments based on the Plaintiff's failure to properly serve the motion.

set forth below as well as those set forth in the Defendant's Memorandum of Law in Support of her Motion for Summary Judgment and her Memorandum in Opposition to the Plaintiff's Motion to Strike, incorporated herein by reference.

**I.     BACKGROUND**

On January 10, 2005, Magistrate Judge Martinez held a telephonic status conference with the pro se Plaintiff and counsel for the Defendant and set deadlines for, inter alia, dispositive motions. Following that status conference, the Court issued a Case Management Order and Notice to Pro Se Litigant Regarding Motion for Summary Judgment that gave the pro se Plaintiff detailed information regarding the summary judgment process. (Docket No. 55).

On February 25, 2005, the deadline set by this Court for dispositive motions, the Defendant filed a Motion for Summary Judgment with the required supporting materials, including a thirty-two page Memorandum in Support, two affidavits with supporting documentary materials, a Local Rule 56(a)(1) statement and another notice to the pro se Plaintiff detailing the summary judgment. The Plaintiff did not file a Motion for Summary Judgment on or before that date.

On March 14, 2005—seventeen days after the deadline for dispositive motions—the Plaintiff filed the instant Motion for Summary Judgment, with a supporting affidavit. The Plaintiff did not file a Local Rule 56(a)(1) statement or a response to the Local Rule 56(a)(1) statement the Defendant filed with her Motion for Summary Judgment. The Plaintiff also failed to file a memorandum of law in support of his Motion for Summary Judgment.

## II.   ARGUMENT

The Plaintiff's Motion for Summary Judgment suffers from myriad fatal defects, some procedural and others substantive. Consequently, this Court should deny the Plaintiff's motion.

### A.   The Plaintiff Has Failed to Comply With the Applicable Rules and His Motion Should be Dismissed

Even assuming the Plaintiff properly sent the Defendant a copy of his motion and supporting affidavit (which the Defendant has not received as of the date of this Memorandum), his failure to make any significant effort to comply with this Court's rules—of which he was expressly informed in notices from the Court and from the Defendant—warrants denial of this Motion for Summary Judgment. This Motion was untimely, lacks a Local Rule 56(a)(1) statement and lacks a supporting memorandum. Each of those failures are grounds for denial of the motion. See, e.g., Dist. Conn. Local R. 7(a) ("Any motion involving disputed issues of law shall be accompanied by a written memorandum of law . . . Failure to submit a memorandum may be deemed sufficient cause to deny the motion."); Dist. Conn. Local R. 56(a)(3) (requiring Local Rule statements with specific citations to the record and providing that "[c]ounsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record . . . may result in sanctions, including, when the movant fails to comply, and order denying the motion for summary judgment").

### B.   The Bulk of the Defendant's Affidavit is Improper and Should Be Stricken

Federal Rule of Civil Procedure 56(e) requires that affidavits in support of a motion for summary judgment "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is

3

competent to testify to the matters stated therein." The bulk of the Plaintiff's affidavit does not satisfy that requirement and therefore should be stricken by the court and not considered. Specifically, several paragraphs of the affidavit consist largely of claims the Plaintiff made in his amended complaint but of which he does not have personal knowledge and would not be competent to testify. See Page 2, ¶ B (indicating that the Defendant issued ejectment in 11 minutes, acted because of ambition and to assist counsel for the foreclosure plaintiff, with the knowledge that doing so would preclude the Plaintiff from taking any action to "save his property"); ¶ C (indicating that the Defendant took 11 minutes to issue ejectment order and collaborated and conspired with counsel for Bella Vista); ¶ D (indicating that the Defendant deliberately conspired with counsel for Bella Vista to deprive the Plaintiff of his right to appeal); ¶ E (the Defendant maliciously collaborated with counsel for Bella Vista to render futile the Plaintiff's subsequent motion for reconsideration); ¶ G (indicating that the Defendant disregarded the law).

Other parts of the affidavit consist of conclusions of law, which are not admissible facts. See ¶ F (alleging that the Defendant's actions violated due process and equal protection and citing case law, also alleging that the state court judgment was void); ¶ G (alleging that other court actions precluded the Defendant from acting and alleging that the state court judgment was void). Lastly, the Plaintiff alleges that the Defendant does not dispute his allegations. See ¶ H. Of course, that is inaccurate to the extent the Plaintiff alleges the Defendant violated the law. It is accurate, however, to the extent it acknowledges that there is no genuine issue of material fact, as the Defendant makes clear in her Motion for Summary Judgment and supporting materials.

4

Once the improper portions of the Plaintiff's affidavit are stricken, all that is left is a series of statements regarding the court proceedings that provide absolutely no support for granting summary judgment in the Plaintiff's favor.

### C. **The Plaintiff's Motion for Summary Judgment Has No Merit**

The Defendant's memorandum in support of her Motion for Summary Judgment (incorporated herein by reference) sets forth in detail why the Plaintiff's claims must fail as a matter of law.

### III. **CONCLUSION**

For all of the foregoing reasons, the Defendant requests that the Court deny the Plaintiff's Motion for Summary Judgment.

DEFENDANT

MAURA O'CONNELL

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert J. Deichert
Assistant Attorney General
Federal Bar No. ct24956
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Robert.Deichert@po.state.ct.us

5

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing Memorandum in Opposition to the Plaintiff's Motion for Summary Judgment was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure by first-class mail, postage prepaid, on this 28th day of March, 2005 to:

Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704

_____
Robert J. Deichert
Assistant Attorney General