UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEN GYADU | : | CIVIL NO. 3:02-CV-01271 (AWT) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| MAURA O'CONNELL | : | |
| *Defendant* | : | MARCH 28, 2005 |

## MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In response to the properly supported Motion for Summary Judgment timely filed by the Defendant, State of Connecticut Superior Court Assistant Clerk Maura O'Connell, ("the Defendant's Motion") the pro se Plaintiff, Ben Gyadu, has filed a "Motion to Strike" consisting of little more than a rehash of the ramblings in his amended complaint. The Plaintiff's motion is plainly improper and should be denied on that basis alone. Moreover, there is absolutely no reason for this Court to strike the Defendant's Motion for Summary Judgment, as the Plaintiff has requested. Therefore, the Defendant respectfully submits that the Plaintiff's Motion to Strike should be denied.

Even if the pro se Plaintiff's Motion to Strike could somehow be construed as an opposition to the Defendant's Motion for Summary Judgment, it must still fail. It meets none of the requirements for such a motion and does nothing to address any of the many fatal flaws in the Plaintiff's case, discussed in detail in the Memorandum of Law in Support of the Defendant's Motion for Summary Judgment. (Docket No. 58). Consequently, the Defendant requests that the Court grant summary judgment in her favor.

**I.      BACKGROUND**

On January 10, 2005, Magistrate Judge Martinez held a telephonic status conference with the pro se Plaintiff and counsel for the Defendant and set deadlines for, inter alia, dispositive motions.  Following that status conference, the Court issued a Case Management Order and Notice to Pro Se Litigant Regarding Motion for Summary Judgment that gave the pro se Plaintiff detailed information regarding the Summary Judgment Motion the Defendant had indicated she would file and expressly informed the Plaintiff that he would have to submit a Local Rule 56(a)(2) statement for his claim to survive summary judgment.  (Docket No. 55).

On February 25, 2005, the deadline set by this Court for dispositive motions, the Defendant filed a Motion for Summary Judgment with the required supporting materials, including a thirty-two page Memorandum in Support, two affidavits with supporting documentary materials, a Local Rule 56(a)(1) statement and another notice to the pro se Plaintiff detailing the summary judgment process and explicitly informing him of what he needed to do to oppose the motion.

On March 15, 2005—two days before the deadline for the Plaintiff to respond to the Defendant's Motion for Summary Judgment—the Plaintiff filed the instant Motion to Strike, with a supporting memorandum.  The Plaintiff did not file, and has not filed, any other papers opposing the Defendant's Motion (the deadline for filing an opposition was March 17, 2005), nor has he filed the required Local Rule 56(a)(2) statement.

## II. ARGUMENT

The Plaintiff's Motion to Strike and his supporting memorandum of law give no indication of the authority on which his Motion is based. There are two primary sources of authority for motions to strike, Federal Rule of Civil Procedure 12(f)—which allows a party to move for the court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"—and Federal Rule of Evidence 103, which allows a party to object to the introduction of evidence. The Plaintiff's Motion to Strike does not meet the requirements for either.

### A. The Plaintiff's Motion to Strike Does Not Meet Rule 12(f)'s Requirements

Because motions to strike are often sought by movants to harass other parties or delay the proceedings, they "are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." Corr. Officers Benevolent Ass'n v. Kralik, 226 F.R.D. 175, 175 (S.D.N.Y. 2005); see 5C Wright & Miller, Federal Practice and Procedure § 1380, p. 394 (3d ed. 2004) ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor . . . and are infrequently granted."). To the extent the Plaintiff's Motion to Strike can be understood, it appears that it seeks to strike the Defendant's answer and her Motion for Summary Judgment because the Plaintiff believes they are somehow fraudulent. That is not a proper ground for a Motion to Strike. See Fed. R. Civ. P. 12(f) (allowing Motion to Strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"); cf. Boyd v. United States, 861 F.2d 106, 109 (5th Cir. 1988) ("The district court correctly

3

noted that falsity is not a grounds for striking an answer under Rule 12."). The Plaintiff does not argue—nor could he credibly—that the Defendant's answer and Motion for Summary Judgment are unrelated to the underlying dispute. Consequently, his Motion must fail.

The Plaintiff's Motion must also fail to the extent it seeks to challenge the Defendant's answer because the Motion is untimely and makes no effort to identify the portions of the answer it seeks to have stricken. Rule 12(f) expressly provides that a Motion to Strike must be filed within twenty days of the day an answer (or other pleading to which a responsive pleading is not required) is filed. The Defendant filed her answer on October 15, 2003. The Plaintiff did not file the instant Motion to Strike until March 15, 2005—well over a year later. Therefore, it should be dismissed as untimely. See, e.g., Harley-Davidson, Inc. v. Estate of O'Connell, 13 F. Supp. 2d 271, 278 (N.D.N.Y. 1998).[1] In addition, the Plaintiff's Motion is defective in that it fails to inform the Court of what portions of the answer it seeks to have stricken. It simply makes broad attacks on the answer as a whole. The Court should not be forced to try to conjure up arguments for the Plaintiff.

Moreover, to the extent the Plaintiff's Motion to Strike seeks to strike the Defendant's Motion for Summary Judgment it is plainly invalid. Rule 12(f) allows matter to be stricken from pleadings, not motions. See, e.g., Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999) (denying motion to strike and holding that "[t]he terms of the rule make clear that 'only material included in a 'pleading' may be subject of a motion to

---

[1] The Plaintiff did seek leave to file an objection to the Defendant's answer, but the Court denied such leave because a response was not required under the federal rules. See Docket No. 40.

4

strike. ... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'" (quoting 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999)); Hrubec v. National R.R. Passenger Corp., 829 F. Supp. 1502, 1506 (N.D. Ill. 1993) (holding that motion and supporting memorandum were not pleadings for purposes of Rule 12(f)). Therefore, the Plaintiff's Motion to Strike should be dismissed in its entirety.

  **B.** **The Plaintiff's Motion to Strike Does Not Satisfy the Requirements of Federal Rule of Evidence 103**

  A motion to strike can be a proper mechanism to challenge material submitted in support of a summary judgment motion. See Fed. R. of Evid. 103(a)(1) (providing that a party may object to the admission of evidence via a timely motion to strike "stating the specific ground of objection, if the specific ground was not apparent from the context"). However, the Plaintiff's Motion does not meet the requirements of a proper motion to strike the evidence the Defendant submitted in support of her Motion for Summary Judgment. Consequently, this Court should deny the Plaintiff's Motion to Strike.

  "In order for the court to consider a motion to strike, the moving party must be specific in its request, directing the court to the particular submission the party wants stricken and setting forth the reasons for the court to take such action." 11-56 Moore's Federal Practice § 56.14[4][a]. Here, the Plaintiff does not make a single reference to, let alone challenge, any of the materials the Defendant submitted in support of her Motion for Summary Judgment—his Motion to Strike simply parrots, sometimes verbatim, the unsupported allegations made in his amended complaint and demands that the Court strike the Defendant's Motion for Summary Judgment. That clearly does not constitute a specific request that certain material be stricken. The only material to

which the Plaintiff refers is the Motion for Summary Judgment itself, which is not evidence and not a proper subject of a motion to strike.  See Fed. R. Evid. 103 (allowing objection to the introduction of evidence); Marcoux v. Farm Serv. & Supplies, Inc., 290 F. Supp. 2d 457, 481 (S.D.N.Y. 2003) ("It is axiomatic that the arguments of counsel are not evidence."); cf. Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999) (holding that Rule 12(f) did not allow a motion to be stricken).  Therefore, the Plaintiff's Motion to Strike should be denied.

Even if the Plaintiff had sought to strike the materials the Defendant submitted in support of her Motion for Summary Judgment, it would have been to no avail.  Both of the supporting affidavits are themselves admissible and are supported by admissible evidence.  The Plaintiff does not—and could not credibly—make any claim to the contrary.  Therefore, his Motion to Strike is without merit and should be denied.

### C. The Plaintiff Provides No Reason Why this Court Should Not Grant Summary Judgment in Favor of the Defendant

The Plaintiff's Motion to Strike and supporting memorandum are not proper papers opposing a motion for summary judgment and the Court should not construe them as such.  See District of Conn. Local R. 56(a)(2) (setting forth requirements for papers in opposition to a summary judgment motion).  Although the Court's scheduling order required any opposition to the Plaintiff's Summary Judgment Motion to be filed by March 17, 2005, the Plaintiff has filed nothing even resembling a Local Rule 56(a)(2) statement and that alone is grounds for "sanctions, including . . . an order granting the motion." District of Conn. Local R. 56(a)(3).  The Plaintiff's pro se status should not excuse his willful failure to comply with the rule's requirements, particularly given his extensive litigation experience and the fact that he has been given explicit notice of the

6

rule's requirements both by the Court and by the Defendant.  See Victoria v. O'Neill, 688 F. Supp. 84, 89 (D. Conn. 1988) (Cabranes, J.) (noting that the Plaintiff's failure to file local rule statement of disputed facts "leaves defendants' factual assertions uncontroverted and by itself might be ground to accept defendants' statement of facts as admitted and to grant summary judgment to defendants if, on those facts, they are entitled to it as a matter of law"); cf. Anoto AB v. Sekendur, 2004 U.S. Dist. LEXIS 21715, at *12 (N.D. Ill. Oct. 28, 2004) (Exh. 1) (noting that pro se Plaintiff was "less deserving of the 'solicitousness' afforded pro se parties because Sekendur is neither unsophisticated nor inexperienced in litigation" (citation omitted)).  Therefore, this Court should treat the Defendant's Motion for Summary Judgment as unopposed and grant it.  The plaintiff, "like all parties to a litigation, cannot rely upon his pro se status as a shield from all mistakes but must at some point bear the consequences of his procedural errors"  Michelson v. Merrill Lynch Pierce, Fenner & Smith, 619 F. Supp. 727, 742 (S.D.N.Y.1985).

Even if the Court were to construe the Plaintiff's Motion to Strike as a proper opposition to the Defendant's Motion for Summary Judgment it would not save the Plaintiff's claims.  As the Defendant's memorandum in support of her Motion explains in detail, the Plaintiff's claims are utterly without merit and should be dismissed as a matter of law.  The Plaintiff's Motion to Strike and supporting memorandum do nothing to change that.  The gravamen of his motion seems to be that by answering the amended complaint, the Defendant waived her right to seek to dismiss the complaint via summary judgment and instead agreed to proceed to trial.  That is absurd.  See Beary v. West Pub. Co., 763 F.2d 66, 68 (2d Cir. 1985) ("Beary's initial contention, that West by filing

7

an answer waived its right to move to dismiss the complaint or, in the alternative, for summary judgment must be rejected out of hand as frivolous.").

The rest of the Plaintiff's motion and supporting memorandum is no better. He simply repeats the allegations in his amended complaint, some of which are completely irrelevant to any claim against the Defendant, and makes no effort to present any facts to counteract the affidavits submitted in support of the Defendant's Motion for Summary Judgment. Indeed, he indicates there is no factual dispute. See Plaintiff's Motion to Strike, p. 4.

Nor is there any serious question that the Defendant is entitled to judgment as a matter of law, as the Defendant's memorandum in support of her motion for Summary Judgment explains in detail. As this Court correctly held in dismissing the Plaintiff's initial complaint—which was functionally equivalent to the amended complaint at issue here—the Defendant "was at all relevant times performing administrative tasks that were an integral part of the judicial process" pursuant to judicial orders. See Order of Dismissal (Docket No. 7). Therefore, the Court should grant summary judgment in the Defendant's favor.

### III.   CONCLUSION

For all of the foregoing reasons, the Defendant requests that the Court deny the Plaintiff's Motion to Strike and grant summary judgment in her favor.

DEFENDANT

MAURA O'CONNELL

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Robert J. Deichert
Assistant Attorney General
Federal Bar No. ct24956
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Robert.Deichert@po.state.ct.us


## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing Memorandum in Opposition to the Plaintiff's Motion to Strike was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure by first-class mail, postage prepaid, on this 28th day of March, 2005 to:

Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704


_____
Robert J. Deichert
Assistant Attorney General

9