The U. S. District Court,

450 Main Street,

Hartford, CT 06103

Date: 1st April, 2005

Doc. # : 3:02-CV-01271 (AWT)
BEN. SYADU Vs MAURA O'CONNELL

## PLAINTIFF'S RESPONSE TO DEFENDANTS OPPOSTION TO MOTION FOR SUMMARY JUDGEMENT

## A   MOTION WAS TIMELY CONTRARY TO COUNSEL'S CLAIM

Civil Rule Sec. 56.10(1) states the ff:

Although Defendants

may move for Summary Judgement at any

time, plaintiff may not seek Summary

Judgement until 20 days after action begins or

Page 2

until served with defendants Summary Judgement motion; a copy of the text is enclosed for any reference that might be needed.

As it would therefore be discovered, counsel's defense represents nothing but yet another repeatition of those kinds of BAD-FAITH filings which have been used constantly by counsel in counsel's ambition to embark upon FRAUDULENT claims to MIS-LEAD and PREJUDICE the court to achieve the desired outcome

The plaintiff prays the court

Page 3

would not allow these kinds DISHONEST

acts for a defense to continue perpetually

to deprive the plaintiff of justice due

him by FRAUDULENT acts.

B    COPY OF MOTION FOR SUMMARY JUDGEMENT
WAS MAILED TO COUNSEL, THE STATE ATTORNEY
GENERAL, 55 ELM ST, HARTFORD, CT 06106 .

Contrary to Counsels assertions,

the plaintiff mailed a copy of the Motion

for Summary Judgement to Counsel at the

address stated above

If for any reason, Counsel did not

receive the Copy as expected, it does not

Page 4

establish any proof that the plaintiff

did not mail a copy to counsel, especi-

ally in the situation where the post

office did not return the copy to

plaintiff

The plaintiff does not

gain anything by not mailing a copy to

counsel except destructive complaints

as put forth by counsel

Further, it is not only counsel, who filed

the alleged BAD-FAITH defense, who handles

the case to warrant him to file that kind

of complaint which dis-regards the fact that

the copy could be at another place

Page 5

DEFENSE IS A HEAR-SAY AND MUST THEREFORE BE STRIKEN

Counsel submits a defense about a status Conference which he was not part of

Due to that Counsel Concocts anything that suits the defense which he wants the Court to see

The Court DID NOT set any dead-line for plaintiff to respond to Counsel's Motion For Summary Judgement because the Court asked the plaintiff to wait until he received the Motion For Summary Judgement before he

Page 6

asks for time extension to respond to the Motion For Summary Judgement

Counsel at the Status Conference asked for over fourty (40) days to prepare a Motion For Summary Judgement and so the plaintiff wanted the same amount of time to respond to the Motion For Summary Judgement    The Court, however, stated that the plaintiff should wait until he receives the Motion For Summary Judge — ment before he asks for any time extension he might need

As it would



Page 7

clearly be discovered, Counsel's defense is not only based upon a HEARSAY but the defense is also a CONCOCTED story and must be STRIKEN accordingly.

Respectfully Submitted

BEN. GYADU

P.O. BOX 4314

Waterbury CT 06704

56–3                                SUMMARY JUDGMENT

FILED

### *SYNOPSIS*

**A.  *PURPOSE AND AVAILABILITY OF SUMMARY JUDGMENT***

2005 APR 11 P 5: 03

DISTRICT COURT
HARTFORD CT

**§ 56.01**    **Text of Civil Rule 56**

**§ 56.02**    **Summary Judgment Motions Seek to Avoid Trial or Extensive Discovery if Facts Are Settled and Dispute Turns on Issue of Law**

**§ 56.03**    **Supreme Court's 1986 "Trilogy" of Summary Judgment Decisions Increased Availability of Summary Judgment**

       [1]  1986 Supreme Court Opinions of *Matsushita, Liberty Lobby,* and *Celotex* Placed Supreme Court in Favor of Greater Receptiveness to Summary Judgment

       [2]  *Matsushita* Suggested Summary Judgment Available in Large, Complex Disputes or if Plaintiff's Theory of Case Implausible

           [a]  In *Matsushita,* Supreme Court Reversed Denial of Summary Judgment in Major Antitrust Litigation

           [b]  In *Eastman Kodak,* Supreme Court Retreated From Implications in *Matsushita* Regarding Antitrust Claims

           [c]  *Matsushita* Abrogated "Big Case" and "Defendant State of Mind" Exceptions to Summary Judgment, Development Unchanged by *Eastman Kodak*

       [3]  *Liberty Lobby* Made Summary Judgment More Available by Heightening Standard for Defeating Summary Judgment

       [4]  *Liberty Lobby* Held That Court Must Consider Movant's Burden at Trial

       [5]  *Celotex Corp. v. Catrett* Held That Summary Judgment Movants Need Not Submit Affidavits Negating Claim, But Could Discharge Burden by Demonstrating Absence of Support for Essential Element of Claim

**§§ 56.04–56.09 Reserved**

**B.  *REQUIREMENTS FOR OBTAINING SUMMARY JUDGMENT***

**§ 56.10**    **Summary Judgment Motions Are Controlled by Several Important Technical Regulations Regarding Timing and Format**

       [1]  Although Defendants May Move for Summary Judgment at Any Time, Plaintiffs May Not Seek Summary Judgment Until

(Matthew Bender & Co., Inc.)

(Rel.116–12/97  Pub.410)

MOORE'S FEDERAL PRACTICE                    56–4

20 Days After Action Begins or Until Served With Defendant's Summary Judgment Motion

[2]  Summary Judgment Motions Should Be Served at Least 10 Days Before Date Fixed for Hearing

    [a]  Written Summary Judgment Motions Require at Least 10 Days Notice, But Some District Courts Require More Notice

    [b]  Court May Enter Summary Judgment Sua Sponte, But Must Provide Adequate Notice to Parties

    [c]  Court May Reconsider Denial of Summary Judgment, But Must Provide Adequate Notice to Parties

[3]  Papers Opposing Summary Judgment Must Be Filed Before Hearing, as Provided by Rule 56 and Modified by Local Rules

    [a]  Local Rules May Provide Different Rules for Filing

    [b]  Opposing Papers Are Useful, But Not Required

    [c]  Courts Usually Require All Parties to Appear Before Summary Judgment Will Be Granted

[4]  Summary Judgment Motions Ordinarily Must Be Made in Writing and Ordinarily Are Accompanied by Motion Materials, Including Notice of Motion, Motion, Form Order, Affidavits or Other Supporting Papers, and Memorandum of Law Supporting Motion

    [a]  Summary Judgment Motions Ordinarily Must Be Made in Writing, But Sua Sponte and Oral Motions Are Occasional Exceptions

        [i]  Court May Make Sua Sponte Summary Judgment Motions if Court Provides Parties With Adequate Notice and Opportunity to Respond

        [ii]  Oral Summary Judgment Motions Are Disfavored, But Occasionally Allowed

        [iii]  Summary Judgment Is Occasionally Available Despite Lack of Separate Formal Motion

    [b]  Movant Should Submit Package of Moving Papers That Provide Notice of Motion, Inform of Nature of Claim, and Demonstrate Legal and Factual Entitlement to Summary Judgment

    [c]  Affidavits or Other Supporting Materials Ordinarily Are Necessary to Demonstrate Entitlement to Summary Judgment

(Matthew Bender & Co., Inc.)

(Rel.116–12/97  Pub.410)



CERTIFICATION

This is to certify that a copy of the fore-
going was mailed to the State Attorney
General, 55 Elm Street, Hartford, CT
06106


Thank you.

Sincerely,

BEN. GYASU

P. O. BOX 4314

Waterbury, CT 06704