The U.S. District Court,

450 Main Street

Hartford, CT 06103

Date: 20th APR, 2005

Doc.#: 3:02-CV-01271 (AWT)

BEN. GYASU Vs MAURA O'CONNELL

## MOTION FOR REVIEW/RE-CONSIDERATION

The plaintiff finds it CRITICAL and IMPERATIVE to move for a Review/Re-consideration of the Court's Order which denied the plaintiff's Motion For Extension Of Time to apply for Appointment of Counsel; the Order dated the 11th Apr, 2005, was mailed the 15th instant; a copy of the back of the envelope showing the date stamp of 15th Apr., 2005 is enclosed.

Page 3

places him at a dis-advantage with the attorneys who have been doing anything to conceal the facts and MIS-LEAD and PRE-JUDICE the courts to achieve the desired out come at the expense of the plaintiff

BRIEF HISTORY TO AMPLIFY THE NEED FOR COUNSEL WHETHER BY APPOINTMENT OR BY PLAINTIFF'S OWN EFFORTS

The action was initially dismissed without allowing even a chance for service of the Summons and Complaint upon the defendant, declaring that the Complaint against the defendant for COLLABORATING and CONSPIRING against the plaintiff to issue an Ejection Order

clear to plaintiff that for as long as he does not have Counsel to file his papers, he can hardly have a fair evaluation of the case and the case would eventually be dismissed as in the previous cases just to keep the status quo and he would equally continue to suffer the consequencies of deprivation of Equal Protection of the laws for as long as there exist those kinds of string of unfavourable rulings and thus a bad history about the plaintiff, making him appear a nuisance before the Courts

The plaintiff therefore realized that he must have counsel on an urgent

Page 7

and critical basis or he would only be spinning his wheels. The Court explained that the

Page 8

finish preparing the form for the applica-
tion for appointment of counsel, he received
the Court's Order that denied the Motion
for Extension Of Time on the grounds that
the action was, this time, frivoleous and
does not therefore rise to the level where
a Court would appoint counsel for plaintiff
to pursue it

The plaintiff was shocked beyond
description at the Court's action and it
became more and more clearer that
without Counsel the case would eventually
be dismissed to add yet another bad history
to the string of unsuccessful actions to
keep the status quo which make the plaintiff

Page 9

appear a nuisance, causing him all kinds of problems of INJUSTICES in plaintiffs quest for justice

The Court made reference of two case laws to explain its action

However, based upon the fact that the Court did not allow the plaintiff to apply for the appointment of counsel and the application form shows that it is not only the nature of the complaint that is considered or evaluated for the appointment of counsel, the courts action deprived the pro se plaintiff an appointment of counsel upon only one factor without any consideration, whatsoever, of the other host of

Page 10

factors which form part of the questions which are supposed to be answered by the plaintiff for the evaluation of the application for an appointment of counsel

It follows therefore that it is not only that the courts action ~~va~~ , deprived the pro se plaintiff an appointment of counsel without a due process but the courts action was based upon case laws whose circumstances were different from those of the plaintiff and therefore the referenced case laws do not apply in the plaintiff's situation

The pro se plaintiff

Page 11

wanted to have counsel on the case so that he could have a legal assistance to present an action that would rise to the level where it would not be dismissed, at the face of all the MALICIOUS and DIABOLICAL acts committed against the plaintiff, as in the previous actions just to keep the status quo while leaving the perpetrators of the alleged wrongs unprosecuted to continue their wrongful actions against the pro se plaintiff who does not have any where to turn to but the Courts for some relief of the wrongs against him to institute a legal action just to have the action dismissed to repeat the cycle whose effect

Page 12

make the plaintiff appear a nuisance who should be kept out of the Courts, causing him all kinds of manifest injustices, as a result, and leaving him without the rights which otherwise would have been afforded the plaintiff

The plaintiff therefore prays this Motion For Review would receive a favourable consideration so that the Court would not deprive the plaintiff the chance by which he could have an attorney who would assist him to have an action which would rise to the legal level the Court would recognise while at the same time the Court declares that the plaintiff does not have an

Page 13

action that warrants appointment of counsel when the plaintiff, in deed, have such an action but needs counsel to present the case in a way the Court would recognise

LEGAL ARGUMENT

The Second Circuit has stated that reconsideration is appropriate under the ff: "an intervening change in controlling law, new evidence or the need to correct a clear error of law or to prevent manifest injustice" Please, see United States Vs Sanchez, 35 F 3d 673, 677 (2nd Cir. 1994)

The Court action by which the Court deprived the pro se

Page 14

plaintiff a chance to have an attorney to assist him declaring that the action is frivolous without allowing the plaintiff to file his application to consider all the factors that are supposed to be answered for an evaluation of appointment of Counsel deprives the plaintiff an appointment of counsel upon only one factor out of the host of other factors that are supposed to be evaluated before a decision is made on the appointment of Counsel

The Courts action therefore deprives the plaintiff an appointment of Counsel without a due Process and it equally deprives the plaintiff an appointment of

Page 15

Counsel upon case laws whose conditions are different from those of the plaintiff and therefore not applicable to plaintiff's situation

And while the Court declares that the plaintiff does not have a case that warrants appointment of Counsel, the plaintiff needs Counsel which he is being deprived of, in order to have a case which warrants appointment of Counsel.

The case was initially dismissed as frivolous. It was re-instated only after the plaintiff amended the Complaint

It follows therefore that the

Page 16

Court's action which deprives the plaintiff an appointment of counsel upon a reason that the action is now frivolous subjects the pro se plaintiff to orders which are difficult, depriving the plaintiff a Due Process

This is not to mention the fact the court granted the plaintiff an Extension of Time to file an Objection to the defendants Answer and when the plaintiff attempted to file the Objection the court returned the papers, leaving the fraudulent answer uncontested, upon a reason that the defendant had filed an affirmative defense and when the plaintiff was expecting the defendant to prove this affirmative defense at trial, the

Page 17

defendant is allowed to file a Summary Judgement in an effort to prevent the trial of the action and secure a judgement in her favour without a trial.

As it would clearly be discovered there exist a need to correct a clear error of law and to prevent MANIFEST INJUSTICE.

Hence the motion is one that needs a favourable consideration

CONCLUSION

The Court has denied every motion the plaintiff filed including the Motion for Extension of Time to apply for an appointment of counsel.

The Court, however, gratefully

Page 18

allowed the plaintiff some time to file an
Objection to the defendants Motion for Summary
Judgement

Based upon the guide-
lines the court provided in order to survive
the Motion for Summary Judgement which needs *in itself*
legal expertise plus all the argument
presented above especially the courts reason
that the plaintiff does not have a case
that warrants appointment of counsel, to
file an Objection to the Summary Judgement by
~~plaintiff himself,~~
without counsel, IS FUTILE

The plaintiff therefore prays
based upon all the above, this motion
would be granted to, at least, allow the
                    to have time.
plaintiff to file his papers for the appointment

Page 19

of Counsel.

In the alternative the plaintiff prays the Court would allow the plaintiff some time extension to seek for counsel by himself. It is CRITICAL that plaintiff gets counsel. The plaintiff cannot afford taking any chances to lose the action without at least a trial

Respectfully Submitted

BEN. GYABU

P. O. BOX 4314

WTBY, CT 06704

# CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State attorney general, attn: Attny Schaeffer, 55 Elm Street, Hartford, CT 06106

Sincerely,

BEN. GYASU,

P.O. BOX 4314,

WTBY., CT 06704

**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
**450 MAIN STREET**
**HARTFORD, CT 06103**

OFFICIAL BUSINESS

Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704

