The U.S. District Court,
450 Main Street,
Hartford, CT 06103

Date: 16TH May, 2005

Doc.#: 3:02-CV-01271(AWT)
BEN. GYASU vs MAURA O'CONNELL

MOTION FOR REVIEW/RECONSIDERATION FOR COURT TO CONSIDER WHAT IT OVERLOOKED

In the Courts Endorsement Order dated the 5TH instant whose notice was not put in the mail until six (6) days later on the 11th of May, 2005, the court denied the Motion for Review upon a reason that the plaintiff has not set forth any "Controlling decisions or data that the Court

Page 2

over looked" that "might reasonably be expected to alter the Conclusion reached by the Court"

From the plaintiff's Motion For Re-consideration dated the 20th Apr., 2005, however, it would be discovered at page 2 and page 19, ie the last page, that the Court over looked the plaintiff's alternative request. Hence this motion is warranted.

A. The plaintiff requested that in the alternative he be given time extension to look for Counsel himself

The Court, however, over looked this request for time extension to look for Counsel by plaintiff himself.

B. Additionally, for the Court to deny the Motion for Extension Of Time on the grounds

Page 3

that the plaintiff does not have a case that warrants appointment of counsel to justify granting the plaintiff's Motion For Extension Of Time to apply for an appointment of counsel when, in fact, the case was initially dismissed as frivolous and re-instated only after the plaintiff amended the complaint and cured what, according to the Court, made the complaint frivolous, the Court over-looked a controlling decision that accepted the action as non-frivolous and so re-instated it and <u>(ii)</u> for the fact that the Court did not give the pro se plaintiff a chance to file the application for an appointment of counsel and therefore

Page 4

the Court did not have all the other factors or data on the application form that had to be answered by the plaintiff for the Court to evaluate them along with the Complaint before making a decision on the application for appointment of Counsel, the Court over-looked all the other factors or data on the application form that the Court had to evaluate along with the complaint before making a decision on an application for an appointment of Counsel and thus based its decision upon only one factor, the type of Complaint, when in fact, an evaluation of all the factors that have to be evaluated by the Court, would have

Page 5

changed the Court's decision that the plaintiff's action does not rise to the level that warrants appointment of Counsel, especially in the situation where the action was initially dismissed and re-instated only after the plaintiff amended the Complaint and cured what, according to the Court, made the action frivolous.

As it would clearly be discovered, the Court not only over-looked controlling decisions but the Court over-looked also controlling factors or data without which the Court would not have denied the Motion For Extension Of Time to apply for an

Page 6

appointment of Counsel on the grounds that the plaintiff does not have a case that warrants appointment of Counsel when, in fact, apart from everything, the legal standard of the action could be improved with Counsel, to meet the Court's demands.

The plaintiff therefore hopes this motion for review sets forth: Controlling decisions and data that the Court overlooked that "might reasonably be expected to alter the conclusion reached by the court" to warrant granting the plaintiff some time extension to, at least, look or search for counsel by himself if after reviewing this motion

Page 7

the Court still decides not to give the plaintiff a chance to file the application for an appointment of Counsel to evaluate everything before making a decision on the plaintiff's request for an appointment of Counsel

The defendant has wronged the plaintiff beyond Comprehension and must be made to stand trial of her MALICIOUS acts against the plaintiff to justify those alleged wrongs against the plaintiff for her own gain

The plaintiff has been searching for Counsel by himself but has not been successful mainly because of lack of funds to pay the

Page 8

retainer fees that potential attorneys are looking for

However, the plaintiff is still looking or searching for Counsel with the hope that he would come upon somebody whose demands he could meet

He therefore needs a little bit time to enable him to continue his search for Counsel by himself if the Court decides the plaintiff should not be given the time needed to file his application for an appointment of Counsel for the Court's evaluation to, at least, give the pro se plaintiff a chance for an appointment of Counsel

The plaintiff DOES NOT want to take

any chances and have the action dismissed just because he does not have counsel.

The plaintiff therefore pray the Court would give him a chance to have counsel so that he would not find himself repeating yet another cycle of the string of dismissal of the plaintiff's actions without trial and thereby keep the status quo while building up the bad history whose effect has already made the plaintiff appear a nuisance before the Courts, causing the pro se plaintiff all kinds of problems of injustices in his quest for justice and in effect, with all the sanctions against him to keep him out of the Courts, leaving him without the protection of laws which he would otherwise have before the Courts

Page - 10

The defendant, having no defense against the alleged MALICIOUS, DIABOLICAL ACT in WANTON DIS-REGARD to laws, without which the plaintiff would NEVER have lost his home and property to a fraudulent fore-closure action brought by a Condominium Association to collect <u>not only</u> condo. fees the plaintiff had already paid under the legal management Co., Sunary Associates, which was ILLEGALLY replaced by an ILLEGAL management Co., S & W Management, <u>but also</u> to collect late fees against the duties it did not even do let alone doing them late, causing the plaintiff all kinds of resultant problems including false police arrest and sanitary problems, has chosen a path of filing nothing but BAD-FAITH

Page 11

pleadings in an attempt to MIS-LEAD and PRE-JUDICE the Court to achieve the desired outcome.

The defendants Motion for Summary Judgement is an example of such BAD-FAITH filings in the defendants relentless efforts to conceal the facts and cover-up the alleged wrongs with LIES, DECEPTION, CONCOCTED STORIES and CLAIMS just to attempt to MIS-LEAD and PREJUDICE the Court to get a judgement in her favour without any trial of the action after filing the same kind of BAD-FAITH answer whose EMPHATIC Objection was returned to plaintiff, unfiled, upon a reason that the defendant had filed an

Page 12

affirmative defense..

In the defendant's sworn Affidavit dated the 23rd Febr., 2005, for example, it would be discovered that from the last paragraph of page 6 to the beginning of page 8 the defendant attempts to conceal the fact that the purpose of a filing date stamp is to provide a record of when a document was filed and therefore the filing date stamp of 4:49 p.m. on the 2nd Nov., 2001, on the Ejection Order Application form provides a record that the Ejection Order application form was, indeed, filed at 4:49 p.m. on the 2nd Nov., 2001

And as much as the defendant

Page 13

attempts to cover up the alleged CONSPIRACY, providing Irrelevant, confusing, concocted stories and claims about forms, the defendant fails to recognize that she could not issue the Ejection Order until <u>after</u> the Memorandum of Decision was issued and this was not even filed until after 4 p.m., getting to closing time at 5 p.m. on the 1st Nov., 2001 and therefore without the alleged CONSPIRACY and COLLABORATION with the Attorney for Bella Vista Condos, Attorney Melchionne, it would not have been possible within 24 hrs, for Attorney Melchionne to receive the notice, prepare the application and travel down to the Clerks Office to file it let alone to have the Ejection Order issued

In the defendants

Page 14

ambition to use anything for a defense, having no defense against the alleged wrongs she committed, the defendant states at page 6 of her affidavit as ff:

"I also want to point out that judgement would not have entered on that Memorandum of decision"

From page 3, the last sentence of the defendant's EXHIBIT 5, however, it would be discovered that judgement was entered on the 2nd Nov., 2001. Hence her claim was wrong.

The defendant deceptively makes the following claim at page 5 of the affidavit:

"Mr Gyadu unsuccessfully appealed and sought certiorari on the original fore-closure judgement."

Defendant deceptively

Page 15

makes it seem as if there were two judgements on the same action, the Original and the Current or later judgement

As it would be discovered, this cannot be the case.

The plaintiff appealed the denial of the Motion To Dismiss. This appeal was dismissed by the State Appellate Court that it was not a final judgement to warrant its appeal.

Upon Attorney Melchienne's Motion For Sanctions, the plaintiff was sanctioned to pay $8,017 to cover legal expenses of that appeal

The plaintiff's Certiorari was with regard to the Appellate Courts action. It did not

Page 16

have anything to do with the action in question

The plaintiff has not sought any certiorari on the action in question

These are the kinds of BAD-FAITH filings which without counsel to file an objection that the Court would recognise, would cause the action to be dismissed and leave the defendant unprosecuted to continue the MALICIOUS, LAWLESS acts as she chooses.

CONCLUSION

Based upon all the above the plaintiff prays this Motion would receive a favourable consideration to, at least, give plaintiff a chance by which he could have counsel for the action.

Respectfully Submitted.

BEN. STATU (pro se)
P.O. BOX 4314,
Waterbury, CT 06704

CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the State attorney general, attn: Attorney Daniel Schaeffer, 55 Elm Street, Hartford, CT 06106

Sincerely,

BEN GYAMU,

P.O. BOX 4314,

Waterbury, CT 06704

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
450 MAIN STREET
HARTFORD, CT 06103

OFFICIAL BUSINESS



Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704