UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BEN GYADU<br>*Plaintiff* | CIVIL NO. 3:02-CV-01271 (AWT) |
| v. | |
| MAURA O'CONNELL<br>*Defendant* | June 13, 2005 |

## MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR REVIEW/RECONSIDERATION

Less than three weeks after this Court denied the pro se Plaintiff's first "Motion for Review/Reconsideration," (docket # 74) correctly holding that Plaintiff had not set forth any controlling decisions or data the Court overlooked that could reasonably alter the Court's conclusion, the Plaintiff filed a second "Motion for Review/Reconsideration for Court to Reconsider What it Overlooked." (Docket # 81). This Court should deny the duplicative second motion as well and prevent the Plaintiff from further delaying these proceedings.

The gravamen of Plaintiff's claim in this second motion is that this Court overlooked his request for additional time to seek counsel. His claim that reconsideration is justified is patently without merit. Almost the Plaintiff's entire initial "Motion for Review/Reconsideration" is devoted to his claim that he needs additional time to seek counsel (either through appointment or on his own), despite the fact that this Court granted the Plaintiff additional time to seek counsel over a year ago and, in so doing, indicated that no further extensions of time on that basis would be granted. (See Docket Nos. 35 & 37). There simply is no indication that this Court overlooked Plaintiff's request in denying his first "Motion for Review/Reconsideration." Moreover, even if it

had, this request is not likely to alter the decision given this Court's prior express ruling that no further extensions would be given to allow the Plaintiff to yet again search for counsel. See, e.g., Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (noting that reconsideration is proper based on information that, inter alia, can "reasonably be expected to alter the conclusion reached by the court").

The remainder of the Plaintiff's motion re-hashes the meritless arguments he makes in his complaint. Of course, a Motion for Reconsideration is not a proper vehicle to make those arguments. More fundamentally, each of those arguments should fail for the reasons set forth in detail in the Defendant's Motion for Summary Judgment and the supporting memorandum of law – to which the Plaintiff has not filed an opposition even though almost three months have passed since the initial deadline for such a filing and well over a month has passed since the extended deadline this Court granted the Plaintiff in light of his pro se status and after which the Court indicated he would be precluded from filing one. (Docket ## 57-58, 72). Therefore, the Defendant respectfully requests that this Court grant summary judgment in her favor.

**CONCLUSION**

For all of the foregoing reasons, the Defendant requests that the Court deny the Plaintiff's Motion for Review/Reconsideration for Court to Reconsider What it Overlooked and grant summary judgment in her favor.

DEFENDANT

MAURA O'CONNELL

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert J. Deichert
Assistant Attorney General
Federal Bar No. ct24956
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Robert.Deichert@po.state.ct.us

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing Memorandum in Opposition to the Plaintiff's Motion to Strike was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure by first-class mail, postage prepaid, on this 13th day of June, 2005 to:

    Ben Gyadu
    P.O. Box 4314
    Waterbury, CT 06704

_____
Robert J. Deichert
Assistant Attorney General