Page 23

appeal the Court's ruling granting Bella Vista's motion to re-open" This represents a DECEPTIVE, MIS-LEADING claim

The Superior Court's Memorandum Of Decision was in response to the plaintiff's Motion To Set Aside that very order, on the grounds that pursuant to 28 U·S·C·S· Section 1446 (d), the Superior Court DID NOT have juris-diction to grant the Motion To Re-Open and Set New Law Days.

The Memorandum Of Decision was issued on the 1st Nov., 2001, and filed at the Clerks' Office after 4 P.M., getting to closing time at 5 P.M., and as the District Court's Ruling in action; BEN.

Page 24

GYASU VS BELLA VISTA CONDOS, 3:01-CV-02282, declares the case "went to judgement on November 2, 2001"

The Ruling states: "The court takes judicial notice of the fact that the under-lying action in this case, Bella Vista Condos VS Gyadu, CV-94-0120-500-S (Conn. Super. Ct.), went to judgement on November 2, 2001..."

Defendant enclosed a copy of that Order as EXHIBIT 5

The defendant issued the Ejection Order on the 2nd Nov., 2001, in less than 24 hours after the Memorandum Of Decision was filed at the Clerks' Office and in less than eleven (11) minutes after the Execution Order application was filed

Page 25

and on the very day that the case went
judgement

It follows therefore
that the case DID NOT even go to judgement
before the defendant issued the Ejection
Order, in her ambition to make the plaintiff
a VAGABOND and HOMELESS

As it would clearly be discovered
the defendants MALICIOUS, LAWLESS act
which made it FUTILE for plaintiff to
exercise his appeal rights  to retain the
title of his home and property precluded and
deprived the plaintiff from pursuing the
needed appeals to retain the title of his home
and property.

Page 26

2(c)  ABSOLUTE TITLE NOT VESTED IN BELLA VISTA
ON SEPTEMBER 4, 2001, CONTRARY TO DEFENDANTS
CLAIM

Defendants claim that absolute title was vested in Bella Vista Condos on the 4th September, 2001, is FALSE, DECEPTIVE and MIS-LEADING

Based upon the fact that the conditions that were supposed to be met or satisfied before an Ejection Order could be issued, were not met or satisfied the file was not riped for an Execution Order to be issued against it and therefore absolute title could not be vested in Bella Vista Condos on the 4th Sept., 2001

Defendant provided the

Page 27

Conditions under paragraph 8 of her Affidavit.

Absolute title could not be vested in Bella Vista Condos while there were (a) appeals that were yet to be pursued, (b) pending appeals as the one at the 2nd circuit whose Mandate was issued on the 18th Apr., 2002 (c) pending complaint for Injunctive relief (d) pending challenge to courts jurisdiction to open case

As plaintiff explained under 2(b) above, the case DID NOT go to judgement until the 2nd Nov, 2001.

And since the judgement was the 2nd Nov, 2001, the defendants claim that the condition under 8(h) was met, was not true; judgement was not "08/06/01" as provided

Page 28

on the application form

Addditinally, even though the defendant

states at page 4 of her Affidavit that : "In fact,

the notice of judgement of strict fore-closure

in the Court file, states : " ORDER OF POSSESSION;

shall enter upon vesting of title." See Notices of

Judgement of Strict Fore-closure ( Exh. A)" there is

nothing under ( Exh. A) of notice of judgement

which states : " ORDER OF POSSESSION : shall

enter upon vesting of title " and hence the

Condition under 8(f) was as well not met

And if even for any reason, there was

such an Order, that order would not be valid

until the title is vested in Bella Vista Condos and

Page 29

Since title was not vested in Bella Vista
Condos as explained above, Condition 8(f)
Could not still be met, if even such an
order would exist.


2(d)  Attorney Melchionne Could Not File Any Document
Validly In The Court Room Hearing, Without
Showing The Document To Plaintiff


        Attorney Melchionne claims in his
Affidavit that he filed the Execution Of Ejectment
application form on or about September 24, 2001,
when he "appeared before the Court for argument
on several motions in that case"

        Attorney Melchionne Could not
appear before a Court for an argument in that

Page-30

case without the plaintiff nor could he file
nor could he file any document without
showing it to the plaintiff or giving the plaintiff
a copy especially in a situation where he claims
there was no "date stamping devices"

      Additionally there are occasions
where clerks do have filing stamps and where
they do not have them they ask the party filing
the document to go to the Clerks Office to have
it stamped and leave it with the Clerks who would
then give it to the court room clerk to put it in the
file

      In the situation where a document
is taken at the court room without stamping it,
the Clerks do stamp the document later
                     Attorney Melchionne,

Page 31

as it would be discovered, is concocting stories
for defense purposes and swearing Affidavit
over concocted stories ; he does not even
mention the type of motions nor does he
identify who the Court room Clerk was.


2(e)  Contrary To Defendants claim that :
                              " [W]ithout a
filing fee, or permission to proceed in forma
pauperis, the petition was not effectively filed", the
petition was and the action was removed
pursuant to 28 U.S.C.S. Sec. 1446(d).


                The plaintiff filed his Complaint
along with the In Forma Pauperis Petition and

Page 32

therefore the petition for removal was effectively filed.

As stated under the federal rules of civil procedure: The filing of a complaint along with an in forma pauperis petition constitutes commencement of the action under Rule 3; a copy of the section enclosed, EXH (7).

2(f)    Defendant Did Not Review The File To Determine If Conditions That Are Supposed To Be Met Before An Ejection Order Could Be Issued, Were Met Else She Would Never Have Issued The Order, At Least, Not Under 24 hours Of Filing Of The Memorandum Let Alone Under Eleven (11) Minutes Of Filing

Page 33

Of The Application For The Ejectment Order .

As explained above under example 2, ie 2(a) - 2(e), the defendant DID NOT check anything . She just issued the Ejection Order so that absolute title of the property could be conferred upon Bella Vista Condos to deprive plaintiff a chance for an appeal so that the plaintiff could be thrown out of the apartment as she and Attorney Melchionne planned it .

Counsel states :

" At some point after Ms. O'Connel signed the Execution For Ejectment, it was executed upon. "

As it would be discovered, had the

Page 34

defendant not COLLABORATED and CONSPIRED
with Attorney Melchionne to issue the
ILL-CONCEIVED, MALICIOUS Ejection Order,
the plaintiff would NEVER have lost home
and property and thrown out onto the streets,
homeless, in the Cold Winter, without the
needed appeal, at least.


3  Procedural History And Other Actions MISLEADING

As plaintiff declared above under 2(e)
the filing of his Complaint along with the In Forma
Pauperis petition constituted commencement of the
action for removal

Hence the action was
removed pursuant to 28 U.S.C.S. Section 1446(d) and

Page 35

therefore the State Court DID NOT have jurisdiction
of the action until the case was remanded

The case was not mandated
until 18th Apr., 2002. Please, see a copy of
the Mandate.

The Superior Court DID
NOT have jurisdiction to grant the Motion To
Open and Set New Law Days and therefore
that Order was VOID.

The plaintiff's action is not
seeking any review of a State Court judgement
to warrant any mention of Rocker-Feldman
doctrine.

The defendant COLLABORATED
and CONSPIRED with Attorney Melchionne to make

Page 36

it possible to issue the ILL-CONCEIVED, MALICIOUS Ejection Order against the plaintiff

4   Argument Presented Under "Summary Judgement Standard" Deceptive, Mis-leading

Defendant claims: "there is no genuine issue as to any material fact" and therefore the defendant "is entitled to judgement as a matter of law."

As, again, the plaintiff explained above, for as long as the defendant ABANDONED her specified duties and COLLABORATED and CONSPIRED with Attorney Melchionne without which the Execution Order could NEVER have been issued MALICIOUSLY and FRAUDULENTLY, in WANTON

Page 37

DIS-REGARD to laws, causing plaintiff loss of his home and all the consequential damages, in their over ambition to see to it that the plaintiff loses his home and thrown out onto the streets, homeless, to satisfy their personal gain, there exist a genuine issue of material fact to warrant the trial of the action

The defendants' MALICIOUS and CALLEOUS act of making sure that before the plaintiff received a copy of the Memorandum Of Decision and turned around to file pleadings to attempt to retain the title of his property, an Ejection Order is already on file, conferring absolute title of the property upon