Page 38

Bella Vista Condos and making it FUTILE for plaintiff to exercise his appeal rights, upon receiving a copy of the Memorandum Of Decision, to attempt to retain the title of his home and property so that at that juncture Attorney Melchionne would use that Ejection Order, no matter how bad and VOID the Ejection Order would be, as it was in the case in question, make it abundantly clear that there exist a material fact, i.e: a fact which will make a difference in the result of the case, to warrant denying the Motion For Summary Judgement and allow a trial of the Action.

5) Contrary To Defendants Argument, The Plaintiff Was Deprived The Due Process Of Notice

Under

Page 39

The 5TH Amendment And The 14th Amend., Sec. 1

The U.S. Supreme Court holds:

Under provision of the 14th Amend. that no state shall deprive any person of life, liberty or property without "due process of Law" quoted words require that deprivation of life, liberty or property by adjudication be preceeded by notice and opportunity for hearing appropriate to the nature of the case"

Please, see Mullane Vs Central Hanover Bank and Trust Co., 70 S. Ct. 652 (1950) at 652 and 656 and 657.

The defendants' Malicious acts, as alleged, by which she did not allow any time for plaintiff to receive the notice of the Memorandum

Page 40

Of decision before issuing the Ejection Order
in their ambition to achieve their MALICIOUS
goal     without which even she and Attorney Melchienne
could not also have received the notice let
alone issue the Ejection Order, constitute
deprivation of plaintiff's constitutional rights
as alleged

6    Contrary To Defendants Claim, The Plaintiff's
Constitutional Claim Against Double Jeopardy
Was Also Violated As A Consequence Of The
Defendants Action Which Made It Futile For
Plaintiff To Exercise His Appeal Rights Against
The Alleged VOID Judgement

" The double jeopardy clause is
applicable only to criminal proceedings. An
exception to this traditional rule is the case

Page 41

where civil sanctions are tantamount to a
deterent or retribution, and not just remedial."

Please, see Federal Procedure
Lawyers Edition, Vol 8 Sec. 22:336

Defendants argument is therefore
Invalid.


7   Contrary To Defendants Claim, Complaint
    Alleges A Valid Equal Protection Claim.


        The U.S. Supreme Court holds:


    If the State Statutes show no discrimi-
nation, yet in its judicial tribunals one class
is unable to secure that enforcement
of their rights and punishment for their infraction

Page 42

which is accorded to another, — — — —

— — — — — — — — — The State has
not afforded to all its Citizens the equal
protection of the Laws."

Monroe Vs Pape, 81 S. Ct 473 (1961) at 478

The defendants Malicious, Fraud-
ulent act, as alleged Constitute a violation of
the Equal Protection of Laws.

8

DEFENDANT NOT SHIELDED BY QUALIFIED
NOR JUDICIAL IMMUNITY

Qualified Immunity Inapplicable

The defendants alleged acts of
Collaboration and Conspiracy with Attorney

Page 43

Melchionne to flout any law that was in her
way of issuing a FRAUDULENT Ejection Order
against the plaintiff so that they could
Eject the plaintiff out of his home and property
to achieve their MALICIOUS, personal
gain, regardless of the law, do not shield
the defendant with Qualified Immunity

The defendants acts, as alleged, were
WILLFUL, WANTON, MALICIOUS and DELIBERATE
and therefore the defendant is not protected
by Qualified Immunity    Please, see
Hope Vs Pelzer, 122 S. Ct 2508 (2002)

Page 44

Defendant Not Protected By Judicial Immunity

The U.S. Supreme Court holds:

" "Functional approach" to judicial immunity from damages liabilities did not require that absolute immunity be extended to court reporters as being part of judicial function; Court reporters did not exercise discretionary judgement

To determine whether doctrine of judicial immunity applies to officials other than judges, Court determines whether performance of function requires exercise of discretionary judgement. "

Antoine vs Byers and Andersen, Inc. 113 S. Ct. 2167 (1993) at 2171

Page 45

The defendants specified function, as it would be discovered, does not require any exercise of discretionary judgement

Additionally, if court reporters function does not qualify court reporters for judicial immunity, then the defendants function does not qualify the defendant for judicial immunity.

Hence defendant is not shielded by judicial immunity.

CONCLUSION

Based upon all the above, the plaintiff prays the court would deny the motion for summary judgement so that the cause could

Page. 46

go to trial for the defendant to justify
her actions to, at least, discourage
such DELIBERATE MIS-CONDUCT whose
effect cause innocent people MANIFEST
INJUSTICES and IRREPARABLE damages.


Respectfully Submitted

BEN. GYAMU,
P.O. BOX 4314,
Waterbury, CT 06704

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State Attorney General, 55 Elm Street, Hartford, CT 06106 .

Attn:

Attny Daniel Schaeffer

Sincerely,

BEN. GYASU,

P. O. Box 4314,

Waterbury, CT 06704

APPENDIX

TABLE OF APPENDIX

EXHIBIT

1  Copy Of Mandate Indicating Superior
Court Did Not Have Jurisdiction To Open Case

a

2  Copy Of F.R.C.P. Showing Action For Removal
Of The Case Was Commenced Effectively

b

(3) "Notice Of Judgement And Taxation Of Costs" Enclosed
To Prove That It Does Not Contain Anything That
States: "ORDER OF POSSESSION" Shall Enter Upon
Vesting Of Title, Contrary To Defendants Claim

b(i)

(4) State Of Ct Supreme Court Order Showing
Plaintiff Did Not Seek Certiorari In Action In Question

c

(5) U.S. Supreme Court Order Dated 20th Jan., 2001

d

(6) Copy Of Execution Order Form Showing A
Filing Date Of 4:49 p.m.

e

(7) Copy Of a 1998 Execution Order Form Showing
Defendant Took 8 days To Issue The Order
Against Even A Thin File Of 1 Volume

f

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

9

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of April two thousand and two,

Present:

Hon. James L. Oakes,
Hon. Dennis Jacobs,
Hon. Guido Calabresi,

*Circuit Judges.*

Bella Vista Condos,

Plaintiff-Appellee,

v.                                                        01-7855

Benjamin F. Gyadu,

Respondent-Appellant.

Appellant has filed, *pro se*, motions seeking appointment of counsel and to consolidate his appeals. Upon due consideration, it is hereby ORDERED that the motion for appointment of counsel is denied because appellant has not made a showing of likely merit, *see* Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989), and it is FURTHER ORDERED that the appeal is dismissed because the appeal lacks an arguable basis in fact or law. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e)(2). It is FURTHER ORDERED that appellant's motion to consolidate appeals is denied as moot because both appeals, from the orders in the district court actions docketed in the court under 01mc-123 and 01mc-366, were docketed in this Court under 01-7855.

On December 10, 1999, this Court issued a leave-to-file sanction order against appellant. *See* Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591-92 (2d Cir. 1999). While such order did not apply to appeals filed by appellant "from a judgment rendered against [appellant] as a defendant," it is ORDERED that such leave-to-file sanction order is hereby amended to apply to any appeal filed, after the date of issuance of this order, in this Court where appellant initiated the federal court action. The leave-to-file sanction order therefore applies, but is not limited, to actions where, as here, appellant has initiated the federal court action by removing to a federal court a state court action in which he is a named defendant. In all other respects, the December 10, 1999 leave-to-file sanction order shall

A TRUE COPY

APR 18 2002  Roseann B. MacKechnie, CLERK

by _____

— ISSUED AS MANDATE: 4/18/02 —

Case 3:02-cv-01271-AWT    Document 88-3     Filed 07/05/2005    Page 14 of 19

commenced by the filing of a complaint, even if the filing fees are not paid to the clerk at the time of the filing.[22]

*EXH(7)/6*

## [7]—Complaint Filed With In Forma Pauperis Petition Constitutes Commencement of Action

A pro se plaintiff who cannot afford to pay court costs and fees may commence an action without paying costs and fees. These actions, called actions *in forma pauperis*, from the Latin "in the character of a pauper," or "poor person," may proceed only by permission of the court. Forma pauperis actions are authorized by statute.[23]

The filing of a complaint along with an in forma pauperis petition constitutes commencement of the action under Rule 3.[24] For example, in *Stephenson v. CNA Fin. Corp.*,[25] the defendant maintained that the action was barred by the statute of limitations because the applicable limitations period had expired prior to the date on which the court granted the plaintiff's in forma pauperis petition. The court rejected the defendant's argument, holding that the action was deemed to

---

[22] **Action commenced without payment of fees.** *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee).

| | |
|---|---|
| 4th Circuit | *See* Wells v. Apfel, 103 F. Supp. 2d 893, 895-899 (W.D. Va. 2000) (civil action was commenced when first filed, even though filing fee was not paid until later time; absent local rule or standing order requiring advance payment of filing fees, there was no legal authority for elevating payment of filing fee to jurisdictional requirement). |
| 7th Circuit | *See* Johnson v. Brown, 803 F. Supp. 1414, 1418-1419 (N.D. Ind. 1992) (racial discrimination action commenced when complaint filed, even though filing fee not paid until two weeks later). |
| 11th Circuit | *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee). |

[23] 28 U.S.C. § 1915(a), the statutory authorization for in forma pauperis actions, provides, in pertinent part:

Subject to subsection (b), any court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [*sic*] possesses [*and*] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

[24] *See* 28 U.S.C. § 1915.

[25] Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598-599 (N.D. Ill. 1991).

(Matthew Bender & Co., Inc.)

(Rel.130—6/01   Pub.410)

No. CV 94-0120500 S            :     Superior Court

Bella Vista Condominium Association, Inc.     :     Judicial District of Waterbury

v.                             :     at Waterbury

Benjamin F. Gyadu, et al             :     January 10, 2000

STATE OF CONNECTICUT
SUPERIOR COURT
JUDICIAL DISTRICT OF
WATERBURY

FEB 16 2005

CERTIFIED COPY
SEAL AFFIXED
BY _____
CLERK

## NOTICE OF JUDGMENT AND TAXATION OF COSTS

Pursuant to Section 17-22 of the Practice Book, notice is hereby given to Benjamin Gyadu, People's Bank, Empire Mortgage Limited Partnership and Greenwood Trust d/b/a Discover Card Services, that on January 4, 2000, the Court entered a Judgment of Strict Foreclosure. The Court found the debt to be $14,142.48, with Plaintiff awarded attorney's fees of $18,000.00, an appraisal fee of $450.00, and a title search fee of $150.00. The fair market value of the premises was found to be $19,000.00. Law Days Commence March 28, 2000.

Pursuant to Section 18-5 of the Practice Book, notice is hereby given to all parties that the Clerk of the Court will tax costs in the above captioned matter in accordance with the Bill of Costs attached hereto on Monday, February 14, 2000, at 10:00 a.m. You may be present at such taxation if you so desire. Counsel for the Plaintiff will not be present at such taxation unless we are made aware of any meaningful objection.

Dated at Waterbury, Connecticut this 10th day of January, 2000.

THE PLAINTIFF

By _____
Joseph J. Popolizio, Esq.
Law Office of Eugene S. Melchionne
Juris #101610
27 First Avenue
Waterbury, CT 06710
(203) 757-3437

SUPERIOR COURT
WATERBURY, JD
JAN 12  I 31 AM '00

227

*C*

# STATE OF CONNECTICUT

## SUPREME COURT

NO. AC 19693

**BELLA VISTA CONDOMINIUM
ASSOCIATION, INC.**

    **v.**

**BENJAMIN GYADU ET AL.**            **: APRIL 11, 2001**

### O R D E R

THE SUPREME COURT, SUA SPONTE, ORDERED THAT THE
DEFENDANT IS HEREBY PROHIBITED FROM FILING IN THIS COURT ANY
PLEADINGS, INCLUDING A MOTION FOR RECONSIDERATION OF THIS
ORDER, RELATED TO DOCKET NUMBER CV94-0120500S (AC 19693).

THE CLERK IS INSTRUCTED TO RETURN ANY FUTURE FILINGS IN THIS
MATTER.

SULLIVAN, C.J., AND VERTEFEUILLE AND ZARELLA, JS., DID NOT
PARTICIPATE IN THE CONSIDERATION OR DECISION OF THE MOTION.

                      BY THE COURT,

                      *[signature]*

                      CHIEF CLERK

NOTICE SENT: APRIL 11, 2001
OUELLETTE, DEGANIS & GALLAGHER
LAW OFFICE OF EUGENE MELCHIONNE
LAW OFFICES OF MATHEW N. PERLSTEIN
WALL, MCCORMACK & ROBINSON, P.C.
CLERK, WATERBURY J.D. (CV94-0120500)

BENJAMIN GYADU, PRO SE
J. MICHAEL SHERB

RECEIVED APR 1 2 2001

*Exhibit "B"*

EXECUTION FOR EJECTMENT
MORTGAGE FORECLOSURE
CV-30 Rev. 2-2000
Gen. Stat. 49-22

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

| INSTRUCTIONS TO APPLICANT | INSTRUCTIONS TO CLERK | INSTRUCTIONS TO SHERIFF |
|---|---|---|
| 1. Prepare original and 3 copies, forward original and 2 copies of this form and any attachments to clerk. | 1. Forward original and copy of this form and any attachments to applicant or attorney. | 1. Complete item 4 at bottom. |
| 2. After return of signed form from clerk, forward original and copy of form and any attachments to proper officer. | 2. Retain copy of signed execution. | 2. Make return within 60 days. |

**NAME OF CASE**

Bella Vista Condo. Assoc. v. Benjamin Gyadu

**NAME AND MAILING ADDRESS OF APPLICANT OR ATTORNEY**

TO:
Eugene S. Melchionne, Esq.
27 First Avenue
Waterbury, CT 06710

| | |
|---|---|
| **DOCKET NUMBER** | CV-94-0120500-S |
| **DATE OF JUDGMENT** | 08/06/01 |
| **DATE LIS PENDENS RECORDED** | 5/5/94 |

**ADDRESS OF JUDICIAL DISTRICT COURT LOCATION** *(Number, street, town, and zip code)*

300 Grand Street, Waterbury, 06702

| **NAME(S) OF PERSON(S) ENTITLED TO POSSESSION** | **NAME(S) OF PERSON(S) IN POSSESSION** |
|---|---|
| Bella Vista Condo. Assoc., Inc. | Benjamin Gyadu |

**ADDRESS OF PREMISES** *(Give complete legal description of land on page 2)*

318 Waterville Street Unit 1 Building V, Waterbury, CT

**To: Any Proper Officer**

By the authority of the State of Connecticut, you are commanded to cause the said person(s) entitled to possession to have the seizin and peaceable possession of the premises described herein, and to put and eject the said person(s) in possession, out of possession thereof, and to put the person(s) entitled to possession into the peaceable and quiet possession thereof, provided that no person shall be ejected who is not a party to the action except a transferee or lienor who is bound by the judgment by virtue of a lis pendens. If said person(s) in possession have not removed all their possessions and personal effects, then you may remove them onto the adjacent sidewalk, street or highway. Prior to removal, you must give the chief them and there, by virtue of the foregoing execution.

executive officer of the town 24 hours notice of the removal, stating the date, time, and address of the removal as well as a general description, if known, of the types and amount of property to be removed from the premises. Prior to giving notice to the chief executive officer you must use reasonable efforts to locate and notify the person(s) in possession of the date and time the removal is to take place and the possibility of a sale of their possessions pursuant to General Statute 49-22.

Make service and due return within 60 days from the date hereof and I further advised said chief executive officer of the said property to the ____

**SIGNED** *(Judge, Assistant Clerk)*

X [s] maura o Connell

**DATE SIGNED**

11-2-01 ___ 2-01 ___ 6?

☐ **NOTICE TO PERSONS IN POSSESSION OF PREMISES SUBJECT TO EJECTMENT**

**IMPORTANT:** If you are in possession of the premises and you were not named as a party to this foreclosure action, you are not subject to this execution unless you are a transferee or lienor who is bound by the judgment by virtue of a lis pendens.

Thereafter I notified the chief executive officer of the ____ had been removed.

1. The person(s) entitled to possession have been given the right to possession of these premises by a judgment of the Superior Court. This means that **YOU MUST MOVE out of the premises described on page 2 of this form BY THE DATE GIVEN AT RIGHT.**

2. If you do not move out by that date, this paper, which does not have to be handed to you personally, gives a proper officer the legal right to move out your possessions and personal effects and place them onto the street.

3. If your possessions and personal effects are placed on the street and you do not claim them from the chief executive officer of the town within 15 days, then they may be sold by the town pursuant to General Statute § 49-22.

| | **DATE SIGNED** |
|---|---|

4. If you do not move your possessions and personal effects by: *(To be completed by sheriff)*

| **DATE** | **TIME:(A.M./P.M.)** |
|---|---|

I will return to move your possessions and personal effects onto the street.

*(Page 1 of 2)*

11-2-01 notice sent mac

**EXECUTION**

Any Proper Officer:

Whereas on said date of judgment the Judgment Creditor(s) recovered judgment against the Judgment Debtor(s) before the court in amount stated, as appears of record, whereof execution remains to be done. These are, therefore, BY AUTHORITY OF THE STATE OF CONNECTICUT TO COMMAND YOU: That of the nonexempt goods of said Judgment Debtor(s) within your precincts, you cause to be levied (the same being seized and sold as the law directs), paid and satisfied to said Judgment Creditor(s) the total unpaid amount of said judgment, plus your own fees in the following manner: You shall personally serve a copy of this execution on the judgment debtor, and if the judgment debtor is a natural person, a copy of the exemption claim form (JD-CV-5b), and make demand for payment by the judgment debtor of all sums due under the money judgment. On failure of the judgment debtor to make immediate payment you are commanded to levy on nonexempt personal property of the judgment debtor, other than debts due from a banking institution or earnings, sufficient to satisfy the judgment as follows: If such nonexempt personal property is in the possession of the judgment debtor, you shall take such personal property into your possession as is accessible without breach of peace. If the judgment debtor has left the state prior to service of this execution, or if he cannot be found with reasonable effort at his last known address in this state, you shall proceed with the levy after (1) making demand for payment at such last known address and on any agent or attorney of the judgment debtor of record with the clerk of the Superior Court and (2) making a reasonable effort to ascertain and provide notice of the execution at any forwarding address.

**A. DEMAND ON THIRD PERSON**
*(If judgment debtor is a natural person)*

On failure of the judgment debtor to make immediate payment of all sums due under the money judgment, and upon your being unable to levy on nonexempt personal property of the judgment debtor in the judgment debtor's possession and, if the judgment debtor has left the state prior to the service of this execution, upon your being unable to obtain payment sufficient to satisfy the judgment by making demand for payment at the judgment debtor's last known address in this state and on any agent or attorney of the judgment debtor of record with the clerk of the Superior Court, you are also commanded to make demand upon any third person having possession of nonexempt personal property of the judgment debtor for payment to you, or to levy on any nonexempt personal property or debt due said judgment debtor sufficient to satisfy the total amount of judgment unpaid pursuant to Gen. Stat. 52-356a (4) (c). After having made such demand you are directed to serve two true and attested copies of this execution, together with the exemption claim form, with your doings endorsed thereon, on the third person upon whom such demand was made.

**B. DEMAND ON THIRD PERSON**
*(If judgment debtor is not a natural person)*

On failure of the judgment debtor to make immediate payment of all sums due under the money judgment and upon your being unable to levy on nonexempt personal property of the judgment debtor in the judgment debtor's possession and, if the judgment debtor has left the state prior to the service of this execution, upon your being unable to obtain payment sufficient to satisfy the judgment by making demand for payment at the judgment debtor's last known address in this state and on any agent or attorney of the judgment debtor of record with the clerk of the Superior Court, you are also commanded to make demand upon any third person having possession of nonexempt personal property of the judgment debtor for payment to you or to levy on any nonexempt personal property or debt due said judgment debtor(s) sufficient to satisfy the total amount of the judgment unpaid pursuant to Gen. Stat. 52-356a (4) (c).

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW, WITHIN FOUR MONTHS HEREOF.

**NOTICE:** THE JUDGMENT DEBTOR'S NONEXEMPT PERSONAL PROPERTY IS SUBJECT TO LEVY, SEIZURE AND SALE BY THE SHERIFF PURSUANT TO THIS EXECUTION.

SIGNED (Assistant Clerk) _Maura L. O'Connell_    ON (Date) 8-13-98

## RETURN OF SERVICE

STATE OF CONNECTICUT

ss.

. . . . . . . . . . . . . . . . . . . . . . . . . . . , Connecticut

. . . . . . . . . . . COUNTY

. . . . . . . . . . . . . . . . . . . . . . . . . . . . , 19 . . . . .

On the . . . . . . . . . . . . . . . . . . . . . . day of . . . . . . . . . . . . . . . . . 19 . . . . . , then and there I duly served the foregoing

application, order and execution on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . the person(s) named therein, by leaving with or at the

usual place of abode of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . , the within

named, a true and attested copy of the original application, order and execution.

Attest: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Proper Officer

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Title