The U.S. District Court
450 Main Street
Hartford, CT 06103
Date: 29th Apr., 2005

Doc. #: 3:02-CV-01271 (AWT)
BEN. GYASU Vs MAURA O'CONNELL

LOCAL RULE 56(a) 2 STATEMENT

The plaintiff provides the following in separately numbered paragraphs corresponding to the paragraphs contained in the defendants Local Rule 56(a) 1 statement to either admit or deny each of the alleged facts asserted by the defendant in the defendants Local Rule 56(a) 1 statement

1. Admitted

Page 2

2. Do not have sufficient information and knowledge to either admit or deny.

3. Do not have sufficient information and knowledge to either admit or deny

4. Do not have sufficient information and knowledge to admit or deny

5. Do not have sufficient information and knowledge to either admit or deny, but do admit part of the statement

6. Admit defendant handles executions but do not have sufficient information and knowledge to either admit or deny the remaining part of the statement

7.
a - b    Do not have sufficient information or knowledge

to admit or deny.

c) Do not have sufficient information or knowledge to admit or deny.

d) Admit

e) Admit

f) Do not have sufficient information or knowledge to admit or deny

g) Do not have sufficient information or knowledge to admit or deny

h) Admit in part but do not have sufficient information or knowledge to admit or deny the remaining part.

Page 4

8. Admit in part

9. Denied; she ABANDONED her duties to enable her to issue the order within that 11 minutes

10. Denied

11. Admit

12. Denied in part but do admit appeal was dismissed with other appeals without their merits but as sanction or punishment against the Indigent, pro se defendant, BEN GYADU, for inability to come up with $8,017 to pay the State Appellate Court Monetary Sanctions to the plaintiff, Bella Vista Condos., to cover its appeal costs when the defendant, Ben. Gyadu, appealed the denial decision of the defendants Motion To Dismiss, considered as

Page 5

a non-final judgement and therefore not appeallable – Please, see Exh(1)

13. Denied – Gyadu NEVER exhausted his appeal rights

14. Admit part of it and deny part of it

(15) Denied

16. Do not have sufficient information or knowledge to admit or deny as motions were not identified

17. Denied – Property could not be redeemed at the middle of the litigation

18. Denied – Property could not be redeemed at the middle of the litigation where appeals were pending or were to be exercised.

Page 6

19  Denied — Absolute Title CANNOT be vested in Bella Vista when there are pending appeals and those that are supposed to be exercised and further the Superior Court DID NOT have jurisdiction to open the case and set new hau days. Please, see EXH(2)

20  Denied — CONCOCTED claim put forth to attempt to cover-up the truth to MIS-LEAD and PREJUDICE the Court to achieve the desired outcome at the expense of the plaintiff.

First, the time the form for Execution Order was prepared DOES NOT have any effect on anything until it is filed and the Execution Order is issued.

The application

Page 7

form was filed at 4:49 p.m. on the 2nd Nov., 2001 and by 5 p.m. that the office closes, the defendant had issued the Execution Order against a huge file of seven (7) volumes within that eleven (11) minutes just because the defendant did not want the plaintiff to receive any notice of the Memorandum of decision before the Ejection Order is issued and have a chance to file any pleading upon receiving the notice to attempt to retain the title of the property and in the process torpedoe their

ILL-CONCEIVED, DIABOLICAL, MALICIOUS act.
Please, see EXH(3)

21/ DENIED — form filed at 4:49 p.m. on the 2nd Nov., 2001 as the date stamp proves

The defendant herself states the following at

Page 8

page 7 of her Affidavit: "The conformed copy (Exhibit D), bears a file stamp of November 2, 4:49 p.m."

The purpose of a date stamp is to show the date and time the document was filed, be it a conformed form or otherwise. The defendant is attempting to conceal this fact and cover-up the alleged CONSPIRACY between her and Attorney Melchionne without which the Execution Order could NEVER have been issued in less than 24 hours of filing the Memorandum Of Decision and within eleven (11) minutes of filing the application form for the Execution Order.

22. DENIED — Plaintiff have had documents which have been file stamped in the court rooms prior to the opening session.

Page 9

23. DENIED

24. DENIED — Date stamp shown on a document as stated would be ARBITRARY and would defeat its purpose.

25. DENIED — The filing and signing of the Ejection Order came about only after the Court issued the Memorandum Office Decision dated the 1st Nov., 2001.

26. Admitted In Part

27. Admitted

28. DENIED

29. DENIED — Nothing Of Such Exists.

Page 10

30. DENIED — Defendant cannot initiate any procedure for issuance of Ejectment Order until an application for Ejectment Order is filed.

Defendant must have special interest to initiate issuance of Execution Order when it is not even applied for.

31. DENIED — Could not do that in 11 minutes against a huge file of seven (7) separate volumes. Additionally, file was not ripe for the order; there pending appeals & those that were yet to be taken; judgement date on application form was WRONG; judgement date - 2nd Nov., 2001

32. Do not have any information or knowledge to admit or deny

33. Admitted

34. Denied — The application form could not have

Page 11

filed at 4:49 p.m., 11 minutes to closing time at 5 p.m., and then have the Execution Order issued by the defendant within that 11 minutes against that huge file of seven separate volumes.

35. Do not have any information or knowledge to deny or accept.

36. Denied — She did

37. Admitted but her actions have caused the plaintiff to lose his appeal rights

38. Admitted but does not remember the specifics.

39. DENIED — Paragraph 31 does not do that

40. DENIED — It was futile to appeal to attempt

Page 12

to retain the title after the defendant's alleged MALICIOUS act

41 DENIED — The two CONSPIRED to make it possible to issue the alleged ILL-CONCEIVED Ejection Order

42 DENIED — There was a CONSPIRACY between Attny Melchionne and defendant

43 DENIED

44 DENIED — While she took 8 days to issue an Execution Order against a thin file of only 1 volume, she took 11 minutes to issue the Execution Order against even a huge file of 7 volumes.

45 DENIED — She CONSPIRED else the Execution order Could NEVER have been issued in eleven (11) minutes

46 DENIED — Defendant's alleged action was motivated by malice.

47 DENIED — Defendant's actions were UNLAWFUL

## LIST OF ISSUES OF FACT THAT REQUIRE THAT THE ACTION BE TRIED

A. The defendant knowing that (a) she could not conceal any UNLAWFUL and MALICIOUS act which she and Attorney Melchionne would undertake to issue an Execution Order while

Page 14

there are blatant appeal processes in progress (b) Once an absolute title of the plaintiff's property and home has been conferred upon Bella Vista Condos, the plaintiff could not do anything, whatsoever, to retain the title, decided to COLLABORATE and CONSPIRE with Attorney Melchionne of Bella Vista Condos to issue an Execution Order BEFORE the plaintiff even had a chance of receiving the notice of Memorandum of Decision let alone responded to it and filed papers to attempt to retain the title and in the process establish appeal processes that would ruin their ILL-CONCEIVED, MALICIOUS act

As a result of the defendants

Page 15

ambition to use her Office to assist Attorney Melchionne to deprive the plaintiff of his home and property and throw him out onto the streets, homeless, regardless of the law, the two CONSPIRED to make the following occur and with that achieved their MALICIOUS goals.

Attorney Melchionne was able to receive a copy of the Memorandum of Decision within twenty four (24) hours of filing it at the Clerks Office, and within that same 24 hours was able to turn around to prepare an application for Ejection Order and worse yet was able to have time to travel down to the Clerks Office within that same 24 hours to file it and for nobody but the defendant, Attorney Maura O'Conrel, to

Page 16

receive the application at that 4:49 p.m that it was filed and then within that eleven (11) minutes to closing time at 5 p.m that the application was filed, issue the Ejection Order against even a huge file of seven (7) separate large volumes to achieve their MALICIOUS goal, in wanton dis-regard to laws, while the U.S postal service had not even had a chance to put a copy of the notice of Memorandum of Decision into the plaintiff's mail box at the post office to enable the plaintiff to receive it

B.     The defendant attempts to cover-up this MALICIOUS, LAWLESS act with lengthy, confusing stories about the application form which only help to reveal