The U.S. District Court,
450 Main Street,
Hartford, CT 06103
Date: 29th APR., 2005

Doc. #: 3:02-cv-01271 (AWT)
BEN. GYASU vs MAURA O'CONNELL

## PLAINTIFF'S COUNTER-AFFIDAVIT

This is to certify that I, BEN. GYASU, do hereby depose and state the ff:

(1) I am the pro se plaintiff of the above entitled action

(2) The Counter-Affidavit represents the plaintiff's EMPHATIC Objection And/Or Denial Of the defendants

Page 2

Affidavit dated the 23rd Febr., 2005

3. At page 2, under paragraph 8, defendant falsely claims she followed the procedure required before issuing the Ejection Order

However, the application form was filed at 4:49 p.m. or 11 minutes to closing time on the 2nd Nov., 2001. The Ejection Order was issued on the same day of 2nd Nov., 2001, implying the Ejection Order was issued within 11 minutes against a huge file of seven (7) separate large volumes

As it would be discovered, had the defendant checked all the 7 volumes of file against all the requirements that were supposed to be met before an Ejection Order is issued, she could NEVER have issued the Ejection Order in 11 minutes

Page 3

This was where there were pending appeals and those that were yet to be exercised and there were also pending Complaint for Injunctive Relief and therefore the <u>file was not riped</u> for an Ejection Order and so under normal circumstances the application form would have been returned.

Bella Vista <u>could not</u> have absolute title of the property while there were pending appeals and those that were yet to be exercised as these appeals stayed the judgement

And therefore while the Court did not have jurisdiction to open the case and set New Law Days or while there were pending

Page 4

actions, such as the Complaint for Injunctive Relief, whose ruling could make the defendant, BEN. GYASU, retain the title of his property, Bella Vista could not claim any absolute title to the property.

If the plaintiff had absolute title of the property upon the judgement of Strict fore-closure, then there would not have been any need for the appeal and the Ejection Order would not have waited until after the Court's Memorandum of Decision dated the 1st Nov., 2001, was issued.

As it would be discovered, the argument presented by defendant is GROSSLY wrong and does not warrant a summary

Page 5

Judgement in favour of the defendant.
The case went to judgement on the 2nd Nov., '01
Please, see Exh(5) - Defendant's Appendix - page 3
Ejection was therefore issued before Judgement

At page 4 of the defendant's Affidavit the defendant states: "In fact, the notice of Judgement of strict foreclosure in the Court file states: "ORDER OF POSSESSION" shall enter upon vesting of title." See Notices of Judgement of Strict foreclosure (Exh. A).

As it would be discovered from (Exh. A) there is no such capitalized Court Order

Additionally, if even there is such an Order, all what that implies is that, it is only after an absolute title is vested upon

Bella Vista Condos that "Order Of Possession" could be issued.

Defendant states at page . 6 the ff:

    I also want to point out that judgement would not have entered on that Memorandum Of Decision. Judgement was, however, entered Under the district court's ruling of the case: BEN. GYASU Vs Bella Vista Condos, however, the Court declared that a judgement on the Memorandum Of Decision was entered on the 2nd Nov, 2001.
    Please, see EXH.5, last sentence at page 3 of Defendants Appendix

The Superior Court DID NOT have jurisdiction to Open the case and set New law days.
    Please, see a copy of the MANDATE

Page 7

Contrary to the defendant's assertions, the defendant and Attorney Melchionne COLLABORATED and CONSPIRED to issue the Ejection Order before the plaintiff received a copy of the Memorandum of Decision so that absolute title of the property would be vested upon Bella Vista before the plaintiff had any chance to file any papers to retain the title of the property upon receiving a copy of the Memorandum of Decision and in the process ruin their MALICIOUS plans, knowing that, per sec. 49-15 of C.g.s.A., once an absolute title is vested upon Bella Vista Condos., the plaintiff could not do anything whatsoever, to retain the title of the property.

The defendants MALICIOUS act

made it futile for plaintiff to exercise his appeal rights and thus deprived the plaintiff a chance by which he could exercise his appeal rights

The Chief Clerks would not accept the plaintiff's papers to open the case as absolute title had already been vested upon Bella Vista Condos by the defendants acts

It was therefore a matter of course that the Court denied every pleading that had anything to do with retaining the title of the property.

As Hon. Holzberg declared:
"The Court does not have jurisdiction" to grant the plaintiff's fee-waiver to open the case "as

the judgement has been executed ___ "

When the plaintiff attempted to file the Motion To Open through the Deputy Chief Clerk but the Deputy Chief refused to accept the papers for filing, the plaintiff was shocked as he did not know that the defendant had already issued an Ejection Order, conferring an absolute title of the property upon Bella Vista Condos.

The plaintiff went to the Chief Clerk himself to attempt to file the papers

The Chief collected the papers from plaintiff and said he was going to see the Deputy Chief and come back.

The two chiefs came to plaintiff

Page 10

at the counter and told the plaintiff that they could not accept the papers for filing.

The plaintiff did not know what was behind all that until later

After conspiring with Attorney Melchienne to have an Ejection Order on file and thereby confer an absolute title of the property upon Bella Vista Condos so that the plaintiff could not do anything whatsoever to retain the title of his property upon receiving the notice of the Memorandum Of decision and at that juncture the property would belong to Bella Vista Condos as a result of that MALICIOUS, DIABOLICAL, LAWLESS act, the

Page 11

same defendant is attempting to use yet another DISHONEST act to avoid having to stand trial of the action brought against her dishonest acts.

The plaintiff prays the court would not allow the defendant to continue to employ dishonest acts for her gain and that the Motion for Summary Judgement would be denied.

While defendant admits that the "Execution Order" bears a file stamp of "November 2, 4:49 p.m" as put forth at page 7, because the date stamp reveals that she issued the Execution Order within 11 minutes of filing it, when the file was not even riped for an Execution Order, the defendant devotes pages 6 to 8 with concocted stories that attempt to conceal

Page 12

The fact that a date stamp on a document indicates the date and the time that the document was filed and so in the case in question the Execution Order application form was filed at 4:49 p.m. on the 2nd Nov., 2001 and therefore the Ejection Order was issued in 11 minutes. Defendant continues the DECEPTIVE maneuvres as follows at page 6
" I also want to point out that judgement would not have entered on that Memorandum Of Decision"

Under the action BEN. GYAMU Vs BELLA VISTA Condos, 3:01-CV-02282 (JCH), however, the Court declared'. " The Court takes judicial notice of the fact that the underlying action in this case, Bella

Page 13

Vista Condos Vs Gyadu, CV-94-0120-500-S (Conn. Super Ct), went to judgement on November 2, 2001."

It follows therefore that contrary to defendants assertions "judgement was entered on that Memorandum Of Decision."

Defendant continued as ff: at page 6

"As the Superior Court's decision indicated, there was no period of time or waiting period required by law following issuance of the Memorandum Of Decision Of Nov: 1, 2001, referred to previously, before the execution could issue and no legal bar to issuing it"

There is no where in the decision that this claim could be found and while defendant makes this claim, she could not issue the Execution Order until the Memorandum Of Decision was issued.

Page 14                                         A for fiction

At page 11 of defendants Affidavit, defendant states under paragraph 21 that she did not CONSPIRE with Bella Vista's attorney, Attorney Melchionne.

However, it was Attorney Melchionne who prepared the application form and the one who filed it. He was also the one who had an interest in having the Order

Had there not been any CONSPIRACY between the two to issue the order <u>before</u> the plaintiff received the notice of the Memorandum of Decision and filed papers in an attempt to retain the title, and thereby torpedoe their ILL-CONCEIVED plans, it would NEVER have been possible to issue the Ejection

Order within 11 minutes of filing it, not even against a thin file of only one volume. Could the defendant, in all honesty, have been able to issue the order in 11 minutes; the two planned to deprive plaintiff's appeal rights.

This was where there were pending appeals and those that were supposed to be exercised and therefore the file was not ready to issue an Ejection Order against it.

The two had a mutual interest to confer absolute title of the property upon Bella Vista before the plaintiff had any chance to stop that upon receiving the notice.

SIGNED:

BEN. GYASU (sgd.)
2ND MAY, 2005

X [signature]
My Commission Expires
Feb. 28, 2009

CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the State attorney general, attention Attorney Schaeffer, 55 Elm Street, Hartford, CT 06106

Sincerely,

BEN GYAGU

P.O. BOX 4314

WATERBURY, CT 06704

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of April two thousand and two,

Present:

    Hon. James L. Oakes,
    Hon. Dennis Jacobs,
    Hon. Guido Calabresi,
                       *Circuit Judges.*

Bella Vista Condos,

        Plaintiff-Appellee,

v.                                                                01-7855

Benjamin F. Gyadu,

        Respondent-Appellant.

Appellant has filed, *pro se,* motions seeking appointment of counsel and to consolidate his appeals. Upon due consideration, it is hereby ORDERED that the motion for appointment of counsel is denied because appellant has not made a showing of likely merit, *see* Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989), and it is FURTHER ORDERED that the appeal is dismissed because the appeal lacks an arguable basis in fact or law. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e)(2). It is FURTHER ORDERED that appellant's motion to consolidate appeals is denied as moot because both appeals, from the orders in the district court actions docketed in the court under 01mc-123 and 01mc-366, were docketed in this Court under 01-7855.

On December 10, 1999, this Court issued a leave-to-file sanction order against appellant. *See* Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591-92 (2d Cir. 1999). While such order did not apply to appeals filed by appellant "from a judgment rendered against [appellant] as a defendant," it is ORDERED that such leave-to-file sanction order is hereby amended to apply to any appeal filed, after the date of issuance of this order, in this Court where appellant initiated the federal court action. The leave-to-file sanction order therefore applies, but is not limited, to actions where, as here, appellant has initiated the federal court action by removing to a federal court a state court action in which he is a named defendant. In all other respects, the December 10, 1999 leave-to-file sanction order shall

A TRUE COPY
APR 18 2002  Roseann B. MacKechnie, CLERK
by _____

— ISSUED AS MANDATE: 4/18/02 —

commenced by the filing of a complaint, even if the filing fees are not paid to the clerk at the time of the filing.[22]

### [7]—Complaint Filed With In Forma Pauperis Petition Constitutes Commencement of Action

A pro se plaintiff who cannot afford to pay court costs and fees may commence an action without paying costs and fees. These actions, called actions *in forma pauperis,* from the Latin "in the character of a pauper," or "poor person," may proceed only by permission of the court. Forma pauperis actions are authorized by statute.[23]

The filing of a complaint along with an in forma pauperis petition constitutes commencement of the action under Rule 3.[24] For example, in *Stephenson v. CNA Fin. Corp.,*[25] the defendant maintained that the action was barred by the statute of limitations because the applicable limitations period had expired prior to the date on which the court granted the plaintiff's in forma pauperis petition. The court rejected the defendant's argument, holding that the action was deemed to

---

[22] **Action commenced without payment of fees.** *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee).

| 4th Circuit | *See* Wells v. Apfel, 103 F. Supp. 2d 893, 895-899 (W.D. Va. 2000) (civil action was commenced when first filed, even though filing fee was not paid until later time; absent local rule or standing order requiring advance payment of filing fees, there was no legal authority for elevating payment of filing fee to jurisdictional requirement). |
| 7th Circuit | *See* Johnson v. Brown, 803 F. Supp. 1414, 1418-1419 (N.D. Ind. 1992) (racial discrimination action commenced when complaint filed, even though filing fee not paid until two weeks later). |
| 11th Circuit | *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee). |

[23] 28 U.S.C. § 1915(a), the statutory authorization for in forma pauperis actions, provides, in pertinent part:

Subject to subsection (b), any court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [sic] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

[24] *See* 28 U.S.C. § 1915.

[25] Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598-599 (N.D. Ill. 1991).

(Matthew Bender & Co., Inc.)                                        (Rel.130–6/01 Pub.410)

have commenced on the date when the complaint and petition were filed with the court, not on the date when the petition was granted.[26]

Filing an application to proceed in forma pauperis, by itself, does not constitute commencement of the action.[27] However, a pending petition before the court to proceed in forma pauperis, filed with a complaint, temporarily tolls a statute of limitations period, and suspends the running of time under the statute,[28] even if the filing fee is not paid at the time of the filing.[29] If the petition subsequently

(Text continued on page 3–15)

---

[26] **Commencement of in forma pauperis action.** Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598-599 (N.D. Ill. 1991) (action in forma pauperis commenced on date complaint and petition to proceed in forma pauperis filed with court, not on date court granted motion to proceed).

    3d Circuit    *See also* Move Org. v. Philadelphia, 530 F. Supp. 764, 766 (E.D. Pa. 1982) (civil rights action commenced when in forma pauperis petition filed with accompanying complaint).

    7th Circuit    Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598–599 (N.D. Ill. 1991) (action in forma pauperis commenced on date complaint and petition to proceed in forma pauperis filed with court, not on date court granted motion to proceed).

[27] **Filing in forma pauperis application alone insufficient.** *See* Janneh v. Regency Hotel, 870 F. Supp. 37, 39 (N.D.N.Y. 1994), *corrected in part, summary judgment denied, adhered to in part on reconsideration*, 879 F. Supp. 5, 6–7 (S.D.N.Y. 1995) (racial discrimination in employment action commenced when application and complaint filed, not when application to proceed in forma pauperis received).

[28] **Pending in forma pauperis petition tolls statutory period.** *See* McCrum v. Elkhart County Dep't of Pub. Welfare, 806 F. Supp. 203, 207 (N.D. Ind. 1992) (statute of limitations tolled during pendency of petition to proceed in forma pauperis filed with complaint in civil rights action).

    3d Circuit    *See* Jones v. Hinton, 847 F. Supp. 41, 42-43 (E.D. Pa. 1994) (limitations period in defamation action tolled when plaintiff filed motion to proceed in forma pauperis); *see also* Richardson v. Diagnostic Rehabilitation Ctr., 836 F. Supp. 252, 254–255 (E.D. Pa. 1993) (filing in forma pauperis petition tolled limitations period in civil rights action); Jones v. Waters, 563 F. Supp. 817, 818 (E.D. Pa. 1983) (motion to proceed in forma pauperis filed with civil rights complaint tolled statute of limitations period); Krajci v. Provident Consumer Discount Co., 525 F. Supp. 145, 149-150 (E.D. Pa. 1981), *aff'd without published opinion*, 688 F.2d 822 (3d Cir. 1982) (statute of limitations period tolled by lodging of Truth in Lending Act complaint attached to motion to proceed in forma pauperis).

    6th Circuit    *See* Downton v. Vandemark, 571 F. Supp. 40, 44-45 (N.D. Ohio 1983) (petition to appear in forma pauperis lodged with civil rights complaint tolled statute of limitations period).

    7th Circuit    *See* McCrum v. Elkhart County Dep't of Pub. Welfare, 806 F. Supp. 203, 207 (N.D. Ind. 1992) (statute of limitations tolled during pendency of petition to proceed in forma pauperis filed with complaint in civil rights action).

[29] **Filing fee not paid.** *See* Mohler v. Miller, 235 F.2d 153, 154–155 (6th Cir. 1956) (false arrest action against police officers filed in forma pauperis timely commenced in case in which petition was filed with clerk within limitation period even though filing fee not paid at time of filing).