The U.S. District Court,
450 Main Street,
Hartford, CT 06103
Date: 28th Apr., 2005

Doc.#: 3:02-CV-01271 (AWT)
BEN. GYASU Vs MAURA O'CONNELL

MEMORANDUM OF LAW IN SUPPORT OF A CLAIM THAT THE LAW DOES NOT ENTITLE THE DEFENDANT TO JUDGEMENT IN HER FAVOUR.

After COLLABORATING and CONSPIRING with the attorney of plaintiff's Condominium association, Attorney Melchiorre to make it possible to issue an ILL-CONCEIVED,

Page 2

MALICIOUS Ejection Order to Eject the plaintiff out of his home and property at the middle of the litigation of an alleged fore-closure action that the Condominium association brought against the plaintiff to demand payment of fees that had already been paid under previous management plus payment of late fees against duties it did not even do let alone doing them late, the defendant, Maura O'Connel, is moving for a Summary Judgement to attempt to avoid any prosecution of the alleged MALICIOUS acts

The defendants MALICIOUS acts, done with MALICIOUS intent under color of state

Page 3

law, as alleged, do not entitle the defendant to a judgement in her favour

Plaintiff provides the following in support of a violation of his Constitutional rights without which he would never have lost his home and property to a VOID judgement without its appeal, at least

A Deprivation Of due Process Of Notice Of The due Process Clause Of The 5th Amendment

The U.S. Supreme Court set forth the due Process requirements for notice in Mullane vs Central Hanover Bank and Trust Co., 339 U.S 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)

The Court declared:
An elementary and fundamental

Page 4

requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections and it must afford a reasonable time for those interested to make their appearance." Id at 314, 70 S.ct 657

"The notice must afford them an opportunity to present their objections and it must afford a reasonable time for those interested to make their appearance" EMPHASIS added.

As it would be clearly discovered, the defendants MALICIOUS, DIABOLICAL act as alleged caused the plaintiff a gross deprivation of due process of notice and as a result deprived the plaintiff

Page 5

an opportunity to present his objections and attempt to retain the title of his property.

Because the defendant did not want to see that happen and in the process torpedo their ILL-CONCEIVED plans, so the defendant CONSPIRED with Attorney Melchiorre to have an Execution Order on file before the plaintiff even had a chance to receive the notice of the Memorandum Of Decision let alone to respond to it.

This kind of MALICIOUS, DISHONEST act by which the plaintiff could not exercise his appeal rights to save his home and property and therefore requires that the case be tried for the defendant to justify the

Page 7

demands a trial of the action

## DEPRIVATION OF PLAINTIFF'S HOME AND PROPERTY IN VIOLATION OF U.S. CONST. AMEND. XIV, SEC. 2

"The U.S. Supreme Court holds:

Under provisions of the Fourteenth Amendment that no state shall deprive any person of life, liberty or property without "due process of law", quoted words require that deprivation of life, liberty or property by adjudication be preceeded by notice and opportunity for hearing appropriate to the nature of the case."   Mullane vs Central Hanover Bank and Trust Co 70 S. Ct 652 (1950) at 652 and 656.

Page 8

DEPRIVATION OF DUE PROCESS

The defendants Malicious act, as alleged, deprives the plaintiff the Due Process without which the plaintiff would NEVER have lost his home and property to a VOID judgement

Please, See Cleveland Board Of Educ. vs Loudermill, 470 U.S. 532 (1982) at 541


DEFENDANT NOT SHIELDED BY ANY IMMUNITY

The defendants' MALICIOUS, DIABOLICAL, DISHONEST act, in wanton disregard to any law that was in her way DOES NOT qualify the defendant for any shield be it qualify, judicial or otherwise

The U.S. Supreme Court

Page 9

holds: "For a Constitutional right to be clearly established, its contours" must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hope Vs Petzer, 122 S. Ct 2508 (2002) at 2515

The defendants WILLFUL, MALICIOUS, WANTON, DISHONEST act for a personal gain DOES NOT protect the defendant by a QUALIFIED IMMUNITY.

DEFENDANT NOT SHIELDED BY JUDICIAL IMMUNITY

The U.S. Supreme Court holds; Functional approach to judicial immunity from damages liabilities did not require that absolute

Page 10

immunity be extended to Court reporters as being part of judicial function; court reporters did not exercise discretionary judgement

To determine whether doctrine of judicial immunity applies to officials other than judges, Court determines whether performance of function requires exercise of discretionary judgement" Antoine vs Byers and Anderson, Inc. 113 S. Ct 2167 (1993) at 2171

The defendants function as elaborated above does not require any exercise of discretionary judgement

Hence the defendant is not shielded by Judicial Immunity and must be made

Page 11

to stand trial to justify her actions whose effect has caused an Immense Irreparable damages to plaintiff's life

If Court reporters function does not qualify them to be shielded by Judicial Immunity, then the defendant's function DOES NOT also qualify her to be shielded by Judicial Immunity

## CONCLUSION

Based upon all the above, it would be discovered that the law does not entitle the defendant to judgement even by a trial let alone by a Summary Judgement

Plaintiff therefore prays the defendants

Page 12

Motion for Summary Judgement would be DENIED

Respectfully Submitted
BEN GYASU
P.O. BOX 4314
WTBY., CT 06704

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State Attorney general, attn: Attny. Schaeffer, 55 Elm Street, Hartford, CT 06106

Sincerely,

BEN GYASU,

P. O. Box 4314,

Waterbury, CT 06704