The U.S. District Court,
450 Main Street,
Hartford, CT 06103

Date: 25th Apr., 2005

Doc.#: 3:02-CV-01271 (AWT)

BEN. GYADU Vs MAURA O'CONNELL

## PLAINTIFF'S COUNTER-AFFIDAVIT OF ATTORNEY MELCHIONNE'S AFFIDAVIT

This is to certify that, I Ben. GYADU, do hereby depose and state the ff:

(1) I am the pro se plaintiff of the above entitled action

(2) The Counter Affidavit represents the

Page 2

plaintiff's EMPHATIC Objection And/Or Denial of the Affidavit submitted by Atty. Melchionne

3

Attorney Melchionnes claim that he filed the Ejection Order on or about September 24, 2001, as stated at paragraph 6, represents a BALD claim as there is nothing to support that claim and such a BALD claim could be made just for defense purposes especially in the situation where the plaintiff was not in the court room to examine the document before the alleged filing occured, if even there was such a filing.

That claim is therefore INVALID and must be STRIKEN and DENIED the relief sought

Page 3

accordingly; he does not even identify the Clerk nor any of the alleged motions

4) Paragraph 7 of the Affidavit represents yet another BALD claim as explained above and must be STRIKEN and denied the relief sought

5) Paragraph 8 represents yet another BALD claim which could be put forth just for defense purposes especially in the situation where Attorney Melchionne does not identify the Clerk he spoke to so that one can check the truth of his claim.

The claim must therefore be STRIKEN

6) Paragraph 9 represents yet another BALD claim and must

Page 4

be STRIKEN accordingly

Attorney Melchionne states: "According to available information _ _ _ _ _ " without declaring what that available information was

He claims the application form for Ejectment was already on file without providing anything that supports that claim

Additionally documents are not just thrown into a file without going through the required procedures

If documents are just thrown into a file, as Attorney Melchionne declares, then documents could equally be taken out of the file as one pleases

The claim is just for defense purposes

Page 5

and must be stricken

Additionally, if for any reason the form was on file waiting to be issued upon the filing of the Memorandum Of Decision, it would then support the plaintiff's claim that the two COLLABORATED and CONSPIRED to issue the Ejection Order <u>before</u> the plaintiff had any chance of receiving the notice of the Memorandum Of Decision, in their ambition to make it futile for plaintiff to exercise his appeal rights to retain the title of his property upon receiving the notice of the Memorandum Of Decision

Further, if for any reason the Ejection Order form was already on file on the

Page 6

24th Sept., 2001, filled-up, waiting to be acted upon just when the Court issues the Memorandum of Decision, Attorney Melchionne would have to come to the Clerks' Office and take it out of the file and give it to the defendant

He, however, states that he "did not deliver the Execution to the Court on or after November 1, 2001 because it had already been filed with the Court."

The defendant, Maura O'Connell, however, got the application form on the 2nd November, 2001, in less than 24hrs, just after the Court filed the decision at the Clerks' Office.

These kinds of inconsistencies indicate

Page 7

that the Affidavit is DEFECTIVE

Plaintiff prays the DEFECTIVE Affidavit would be DENIED the relief sought.

7. Paragraph 10 DOES NOT change anything about swearing an Affidavit over false information as described above nor does it tell that he showed the plaintiff the form that he claims at paragraph 6 that he filed nor does it tell what motions he appeared before the Court for their argument and if the plaintiff was part of that hearing

8. Paragraphs 11 and 12 DO NOT as well change anything as stated above under paragraph 10

Respectfully Submitted
BEN. AYASU

SWORN AFFIDAVIT ATTACHED

SIGNED:

BEN GYASU (*signature*)

Signed before me on the 29th of June 2005
Drivers License taken as Identification
Elizabeth Maia
Notary Public

ELIZABETH S. MAIA
Notary Public
State of Connecticut
My commission expires June 30, ~~2007~~ 2009

CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the State Attorney General, 55 Elm Str., Hartford, CT 06106.

Attn: Attorney Daniel Schaeffer

Sincerely,

BEN GYADU,
P.O. Box 4314,
Waterbury, CT 06704