02CV1271/mtn recon)

The U.S. District Court,
450 Main Street,
Hartford, CT 06103

Date: 29th Apr., 2005

Doc. #: 3:02-CV-01271 (AWT)

BEN. GYASU Vs MAURA O'CONNELL

MOTION FOR RE-CONSIDERATION TO PREVENT EMINEN MANIFEST INJUSTICE

The U.S. Court of Appeals, 2nd Circuit, has declared that re-consideration is warranted under the ff: an intervening change in controlling law, new evidence, or the need to correct a clear error of law or to prevent

Page 2

manifest injustice." Please, see United States Vs Sanchez, 35 F. 3d 673, 677 (2d Cir., 1994)

When the plaintiff discovered that he was being taken advantage of by the defendants' BAD-FAITH Affidavit which made it extremely difficult for plaintiff to understand the Affidavit put forth in support of the Motion for Summary Judgement and be in a position to file an effective Objection To Motion For Summary Judgement, the plaintiff moved for "More Definite Statement" pursuant to Rule 12 of the F.R.C.P. so that he can understand the Affidavit to respond appropriately to the Motion For Summary Judgement

The Court,

n/a

Page 3

however, denied the motion without any memorandum that would enable the plaintiff to understand the reasons behind the Court's denial of the "Motion For More Definite Statement", leaving the pro se plaintiff to file an Objection to the BAD-FAITH Motion For Summary Judgement supported by a VAGUE, AMBIGUOUS, DECEPTIVE, MIS-LEADING, CONTRADICTORY Affidavit that is making it extremely difficult for the plaintiff to understand properly the Motion For Summary Judgement to file an effective Objection himself so that the Court would not grant the BAD-FAITH Motion For Summary Judgement to dismiss the action

Page 4

as a consequence of the defendants DELIBERATE MISCONDUCT and the fact that the plaintiff does not have Counsel to prevent and stop the defendants unending BAD-FAITH filings while assisting the plaintiff to prosecute the action effectively

In order that the Court would re-consider the order that denied the Motion For More Definite Statement and make the defendant submit a good-faith affidavit, the plaintiff finds it imperative to submit a Motion For Re-Consideration

<u>Plaintiff Submits The Following In Support Of The Motion</u>

Because the filing date stamp on

Page 5

the Ejection order Application Form shows a filing date of 4:49 p.m. on the 2nd Nov., 2001, which cannot be concealed the defendant admits it at page 7 of the affidavit.

However, because the date on which the defendant issued the Ejection Order shows a date of 2nd Nov., 2001, implying that for the fact that the closing time was 5 p.m. and the application for Ejectment Order was filed at 4:49 p.m. on the same day, the 2nd Nov., 2001, the Ejection Order was issued within eleven (11) minutes of the filing of the application and that amplifies the alleged DELIBERATE

Page 6

MIS-CONDUCT of the defendant for her personal gain without which the Execution Order <u>could NEVER</u> have been issued in eleven (11) minutes, if even the file was (i) riped to issue an Ejection Order against it and (ii) a thin file but not a huge file of seven (7) separate volumes at a time the same defendant takes eight (8) days before she could issue an Execution Order against even a thin file of only one (1) volume, <u>the defendant has put forth an AMBIGUOUS, VAGUE, CONFUSING affidavit</u>, in the defendants efforts to conceal her MALICIOUS act by which she issued the Ejection Order in just 11 minutes of filing the application, in her rush to FRAUDULENTLY

Page 7

confer absolute title of plaintiff's home and property upon Bella Vista Condos <u>before</u> the plaintiff had any chance of receiving the notice of the Memorandum Of Decision so that the plaintiff could not exercise his appeal rights to retain the title upon receiving the notice of the Memorandum Of Decision and in the process torpedo her ILL-CONCEIVED, DIABOLICAL plans with Attorney Melchionne for Bella Vista Condos to have an Ejection Order on file and thereby FRAUDULENTLY confer absolute title of the plaintiff's home and property upon Bella Vista Condos before there was any chance of plaintiff receiving the notice of the Memorandum Of Decision

Page 8

From page 6, paragraph 10 to page 8 at: "Moreover, sometimes documents provided the Clerks' Office may inadvertently not be file stamped" of the defendants affidavit, it would clearly be discovered that the defendant has put forth a VAGUE, AMBIGUOUS, DECEPTIVE, CONFUSING discussion about the Execution form which is IMMATERIAL to the fact that the Ejection Order was issued within eleven (11) minutes of the filing of the application for Ejectment

The defendant states:

To the best of my knowledge, the form that was used for the Execution of Ejectment - - - - - - - was issued by the Judicial department of

Page 9

the State of Connecticut . . . . . ."

To the best of my knowledge, the form used was the one currently in effect at the time . . . . . . .

I confirmed the copy for our files to the originals, and marked "/s/ Maura O'Connell" on the signature portion of our file copy, and dated the form November 2, 2001, to conform to the originals.

And while the defendant justifies her MALICIOUS act upon the Memorandum Of Decision, making it compelling for plaintiff to exercise his appeal rights against the Memorandum of Decision, she deprives the plaintiff that chance by issuing the Execution Order

Page 10

FRAUDULENTLY and STATES FALSELY and DECEPTIVELY at page 6 of the affidavit that: " the Superior Court's decision indicated, there was no period of time or waiting period required by law following issuance of the Memorandum of decision Of November 1, 2001, referred to previously, before the execution could issue and no legal bar to issuing it, to the best of my knowledge."

And worse yet this is where the defendant submits EXHIBIT 5 of the Memorandum in Support of the Motion for Summary Judgement which states that: the action, Bella Vista Condo V. Gyadu, CV-94-0120-500-S

Page 11

( Conn. Super. Ct.), went to judgement on November 2, 2001.", implying the defendant DID NOT even allow the case to go to judgement before she issued the Ejection Order in her ambition to use her office to see to it that the plaintiff is thrown out of his home onto the streets in the cold Winter, homeless, regardless of the law

## CONCLUSION

Based upon all the above, the plaintiff prays the Motion for Re-Consideration would receive a favourable Consideration so that the defendant would submit a more definate statement of her affidavit to enable the

Page 12

plaintiff to understand the affidavit to submit an effective Objection To Motion for Summary Judgement.

The Court's notice dated the 13th June was mailed three days later on the 16th June, 05; a copy of date stamp enclosed.

Respectfully Submitted

BEN GYAMU,

P.O. BOX 4314,

WATERBURY, CT 06704

The plaintiff's Objection To the Motion For Summary Judgement was returned by the U.S. postal service upon a reason that the plaintiff should mail it at the Counter through the Clerks; a copy of the back of the envelope is enclosed. Plaintiff had to remail it upon receiving it.

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
450 MAIN STREET
HARTFORD, CT 06103

OFFICIAL BUSINESS

Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704

BEN. SHADY
P.O. BOX 4314,
WATERBURY, CT 06704

To

The U.S. District Court,
450 Main Street,
The Clerk's Office.

SURFACE TRANSPORTATION ONLY

Label 127
October 2000

02-0358

**Important Customer Information**

We regret that your mail is being returned to you because of heightened security measures. All domestic mail, weighing 16 ounces or over, that bears stamps and all international and military APO/FPO mail weighing 16 ounces or over, MUST be presented to a retail clerk at a post office. Postage that is affixed to the returned mail may be used for re-mailing the item.

AUG 98 DDD2









CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State attorney general, attn: Attorney Daniel Schaeffer, 55 Elm Str., Hartford, CT 06106.

Thank you.

Sincerely,

BEN. GYASU (BHC.)

P.O. BOX 4314

Waterbury, CT 06704