The U.S. District Court,
450 Main Street,
Hartford, CT 06103

Date: 28th June, 2005

Doc.#: 3:02-CV-01271 (AWT)

BEN. GYASU Vs MAURA O'CONNELL

## MOTION FOR SANCTIONS

The plaintiff moves for sanctions against the defendant, Maura O'Connell, and Attorney Melchionne for Bella Vista Condos for swearing an oath to a BAD-FAITH affidavit in their efforts to conceal their MALICIOUS and DIABOLICAL acts after she two COLLABORATED and CONSPIRED to make it possible to issue

Page 2

the ILL-CONCEIVED Execution Order against the plaintiff to cause him to lose his home and property hawlessly.

## PROOF OF BAD-FAITH AFFIDAVIT

(1) The defendant, Maura O'Connell, claims under paragraph 9 of her sworn affidavit that she issued the Ejectment Order only after she "determined that the requirements in paragraph 8, above, had been satisfied" when she knows that she DID NOT and COULD NOT since she issued the Ejectment Order just after the Court filed the Memorandum of Decision at the Clerks' Office, without allowing even twenty four (24) hours to elapse

Page 3

and therefore DID NOT allow any time and as well DID NOT allow any chance, whatsoever, for plaintiff to receive a copy of the Memorandum Of Decision to know whether or not the decision was in plaintiff's favour or against the plaintiff and be in a position to decide on what rational course of action to take.

Therefore, while the defendant knows that in her ambition to prevent the plaintiff from exercising his appeal rights upon receiving the notice of the Memorandum Of Decision, without which she could NEVER have issued the FRAUDULENT and MALICIOUS Ejection Order, and in the process torpedoe the ILL-CONCEIVED

Page 4

plans of her and Attorney Melchionne intended to lawlessly eject the plaintiff out of his home and property, she <u>ABANDONED</u> her specified duties to make it possible to issue the Ejectment order and thus FRAUDULENTLY confer absolute title of plaintiff's home and property upon Bella Vista Condos <u>before</u> the plaintiff had any chance of receiving the notice of the Memorandum of Decision let alone had any chance of responding to it and therefore she DID NOT allow any chance by which the plaintiff would know whether or not (i) he needed an appeal and therefore Condition 8(c) was not satisfied (ii) he should move to open the case and therefore Condition 8(d) was not satisfied

Page 5

(iii) he should move to stay execution of the judgement and therefore condition 8(e) was not satisfied (iv) an "order of possession" has been entered by the court" and therefore condition 8(f) was not satisfied (v) he should exercise the equity of redemption and therefore condition 8(g) was not satisfied, the defendant all the same swore an affidavit that "the requirements in paragraph 8, above, had been satisfied" just to attempt to MIS-LEAD and PREJUDICE the court to achieve the desired outcome and DEFRAUD the plaintiff of justice due him

As it would clearly be discovered the defendant has sworn an Oath to LIES in

Page 6

an effort to CONCEAL the truth to cover-up her DELIBERATE MIS-CONDUCT to avoid any possible punishment of her GROSS MIS-CONDUCT and must be SANCTIONED accordingly.

This is not to mention the fact that, for the case to go to judgement on the 2nd Nov., 2001, as declared under EXHIBIT 5 of the defendant, but not on 08/06/01 as it is stated on the application form for Execution Order at EXHIBIT D of the defendant's Memorandum In Support Of The Motion for Summary Judgement, <u>it is not only that</u> conditions 8(a) and 8(h) were not satisfied but also the defendant issued the Ejectment Order

<u>before</u> the case even went to judgement, depriving the plaintiff's right to a Due Process and Equal Protection of laws

2. The defendant states that the Notice of Judgement of Strict Fore-closure referenced under EXH.A states: "ORDER OF POSSESSION: Shall enter upon vesting of title" in an effort to make it seem as if there is some Court Order to that effect when there is none of such except a form of line items such as the "ORDER OF POSSESSION" which are supposed to be endorsed according to occurences but because there was no such occurence of: "ORDER OF POSSESSION" there was no endorsement to it and therefore the

Page 8

defendants reference to that represents nothing but the defendants deceptive maneuvres that have been used to attempt to MIS-LEAD and PRE-JUDICE the Court to achieve the desired outcome and DEFRAUD the plaintiff of justice due him.

5) Defendant makes yet another Deceptive and Mis-leading claim that per the State Superior Courts Order which granted the Motion To Re-Open and Set New Law Days, absolute title of the plaintiff's home and property was vested upon Bella Vista Condos on September 4, 2001, when defendant knows that, that is ABSOLUTELY wrong because the plaintiff

Page 9

moved to Set Aside as VOID, for Lack of Jurisdiction pursuant to 28 U.S.C.S. Section 1446(d), the Superior Courts Order which granted the Motion To Re-Open and Set New Laws Days and the Superior Courts Memorandum Of Decision dated the 1st Nov., 2001 without which She Could NEVER have issued the FRAUDULENT, MALICIOUS Ejectment Order, was all about the plaintiff's Motion To Set Aside for Lack Of Jurisdiction, the Superior Courts Order which granted the Motion To Re-Open and Set New Law Days and due to that Memorandum Of Decision the case went to judgement on the 2nd Nov., 2001, as declared under the very defendants' Exh(5)

Page 11

Bella Vista Condos, the defendant all the same provides Exhibit "B" in support of her Motion for Summary Judgement which shows that contrary to the defendant's claim, the Writ of Certiorari whose order was issued on the 20th February, 2001, could not be in the action: BELLA VISTA CONDOS Vs BEN. GYADU whose CT Supreme Court Order was dated the 11th Apr., 2001, since any Writ of Certiorari that would be sought in that action: BELLA VISTA CONDOS VS BEN GYADU could not be sought earlier than the 11th Apr., 2001

    The defendant made that DECEPTIVE claim for a defense just to, again, MISLEAD and PREJUDICE the Court to achieve

Page 13

5(ii) Defendant claims that the plaintiff's action was not removed because the petition for fee waiver was denied

The Federal Rules Of Civil Procedure whose copy is enclosed as EXH(2) provides, however, that "Complaint Filed With In Forma Pauperis Petition Constitutes Commencement Of Action"

As it would be discovered, it would be DISCRIMINATORY against Indigent litigants and it would also be UNFAIR if the same complaint filed by paying the filing fee would be considered commenced but the one filed along with an in forma pauperis petition would not be considered commenced until the fee waiver

Page 14

petition is granted especially in the situation where a litigant who applies for a fee-waiver does not have any control over how the fee-waiver is granted.

6/ Defendant Attempts To Conceal The Alleged MALICIOUS, CALLEOUS, LAWLESS Act Without Which She Could Never Have Received The Application For Ejectment Order Within 24 Hours Of Filing The Memorandum Of Decision Let Alone Issuing The Order Within The 24 Hours Of Filing The Memorandum Of Decision And Worse Yet Within 11 Minutes Or About 1/5 Hr Of Filing The Application

The defendant states under paragraph 8 of her affidavit that before she issues an Execution Order she has to check the file to ascertain that the 8 conditions she

Page 16

the property would belong to Bella Vista Condos and Attorney Melchionne would then use the FRAUDULENT Ejectment Order to Eject the plaintiff as the two planned it and it did occur, it would NEVER be possible to issue the Execution Order within 24 hrs of filing the Memorandum Of Decision let alone 11 minutes of filing the application for the Ejectment Order, the defendant has put forth a VAGUE, AMBIGUOUS, DECEPTIVE, IMMATERIAL defense about the filing date stamp of 4:49 p.m., the 2nd Nov., 2001 which shows that the application for the Ejectment Order was filed at 4:49 p.m. on the 2nd Nov., 2001

While the defendant swears an affidavit to her claim that "she is entitled to judgement as a matter