The U.S. District Court,
450 Main Street,
Hartford, CT 06103

Date: 14TH JULY, 2005

Doc. #: 3:02-CV-01271 (AWT)
BEN. GYAAU Vs MAURA O'CONNELL

PLAINTIFF'S RESPONSE TO DEFENDANTS OPPOSITION TO OBJECTION TO MOTION FOR SUMMARY JUDGEMENT

Counsel claims that the Objection is without merit but fails to provide any reason for such a claim and yet demanding a Summary Judgement on such a BALD claim

Plaintiff prays the court would not allow those kinds of BALD assertions for

Page-2

a defense and certainly not for a Summary Judgement as the one in question where an Oath is sworn over BLUNT LIES and DECEPTION to attempt to conceal and cover-up the alleged MALICIOUS, MALUM IN SE acts just to make the defense appear ligitimate to MIS-LEAD and PRE-JUDICE the Court to achieve the desired outcome and thereby DEFRAUD the plaintiff of justice due him.

Plaintiff submits the following to Amplify the Fact That Contrary to Defendants Claims Which Are Even Made Without Anything In Support, Plaintiff's Objection Could Be Anything But Meritless.

A/ While defendant claims that she is entitled to

Page 3

Summary Judgement "based upon the material facts not in dispute." She puts forth an argument which is CONTRARY to her claim, requiring that the action be tried

For example defendant states in her sworn Affidavit the ff: "I don't remember whether or not in this case the execution form had been stamped before I received it, or whether I had file stamped it after I had signed it."

This is not to mention the fact that the ct Practice Book states; "Pbs 7 MM states that when a document is <u>filed</u> in Court, the clerk will enter the time and date on the document, No document is

Page 4

officially filed without this endorsement, also called a Court stamp."

"No document is Officially filed without this endorsement, also called a Court stamp." EMPHASIS added.

This makes it abundantly clear that if the application form for the Ejectment Order came to her without any filing date stamp the application for Ejectment Order was therefore not Officially filed and for that reason the defendant should have returned it to Attorney Melchionne, as she returned the plaintiff's application form in 1998, and if she did not but issued the Ejection Order while the application is legally defective, the Ejection Order

Page 5

would be VOID and plaintiff would have been ejected from his home and property by a VOID Ejectment Order.

It follows therefore that it would be ILLEGAL to issue the Ejection Order against an application form which reaches the defendant without a filing date stamp or "a Court stamp", as the Practice Book describes it.

B. The defendants act of ABANDONING her duty and COLLABORATE and CONSPIRE with Attorney Melchionne so that it would be possible to issue the Ejection Order within the eleven (11) minutes of filing the application and in the

Page 6

process confer absolute title of the property upon Bella Vista Condos <u>before</u> the plaintiff had any chance of receiving the notice of the Memorandum of decision so that it would be futile for plaintiff to attempt to exercise his appeal rights to retain the title of the property upon receiving the notice of the decision and at that juncture Bella Vista would have the title of the property and Attorney Melchionne would then use the FRAUDULENT Ejection Order to Eject the plaintiff out of his home and property, as it did occur, constitutes the other hand of the defendants act which is not only ILLEGAL but MALICIOUS, FRAUDULENT and DIABOLICAL.

Page 7

As it would clearly be discovered, the defendant commits an offense against the plaintiff to cause him to lose his house and suffer all the consequential damages, any way that one considers her defense.

Besides, if an Execution Order could be issued against an application form which does not have any "Court stamp" as the Practice Book calls it, then anybody, such as the defendant, who issues an Execution Order, can pick-up a form whenever she or he pleases and issue an Execution Order for anybody he or she favours, defeating the very purpose of the justice system

8

c/ The case went to judgement on the 2nd Nov., 2001. Defendant issued the ejection order on the 2nd of Nov., 2001

Consequently the case did not even go to judgement before defendant issued the alleged ILL-CONCEIVED Execution Order, in her rush to have an Ejectment Order on file and thereby transfer absolute title of the plaintiff's property to Bella Vista Condos before the plaintiff received a copy of the Memorandum Of Decision so that any pleading the plaintiff would attempt to file to retain the title of his property upon receiving the Decision, would be futile and the FRAUDULENT Ejectment Order could then be used to eject the plaintiff

Page 9

as the defendant and Attorney Melchionne planned, it and it did occur, as a result of the alleged DIS-HONEST, MALUM-IN-SE acts, depriving the plaintiff's right to a due process of Notice under the Due Process Clause of the Fifth Amendment as put forth by the U.S. Supreme Court under Mullane vs Central Hanover Bank and Trust Co.

C(1) Title therefore <u>DID NOT</u> become absolute in Bella Vista Condos in early September, 2001, as defendant declares fraudulently at page 18 of the Memorandum for the Summary Judgement. and therefore contrary to the defendants claims, the plaintiff had a property interest in the Condominium

in November, 2001.

(iii)     While defendant claims at page 3 of her Memorandum that the plaintiff "did not appeal the Courts ruling granting Bella Vista's motion to re-open", the plaintiff moved to set aside as VOID for lack of Jurisdiction the very order that granted the Motion To Re-Open and Set New law days.

The Court's Memorandum Of Decision dated the 1st Nov., 2001 regarding the plaintiff's Motion To set Aside was filed at the Clerks' Office after 4 p.m. on that day, the 1st Nov., 2001.

As plaintiff declared above, the case DID NOT even go to judgement before the defendant, in her ambition to collaborate and

Page 11

CONSPIRE with Attorney Melchionne to hatch the alleged ILL-CONCEIVED, DIABOLICAL plans against the plaintiff to deprive him of his home and property, regardless of the demands of the law, ABANDONED her duties and COLLABORATED and CONSPIRED with Attorney Melchionne to make it possible to issue the alleged FRAUDULENT Ejectment Order, as she did.

It follows therefore that while the defendant knows that she DELIBERATELY DID NOT allow any chance for plaintiff to receive the notice of the Memorandum of decision to know whether or not the decision was in his favour and decide on what appropriate course of action