Page 12

he should take, let alone allow the case to go to judgement, defendant all the same declares that the plaintiff " did not appeal the court's ruling granting Bella Vista's motion to re-open" so as to attempt to MIS-LEAD and PRE-JUDICE the Court to achieve the desired outcome.

Plaintiff prays the Court would not allow these kinds of BAD-FAITH filings which take undue advantage of the pro se status of the plaintiff to continue and as a result deprive the plaintiff of justice due him

## D CONFLICTING CLAIMS PUT FORTH FOR A SUMMARY JUDGEMENT

While the defendant declares that : "she is

Page 13

Page 15

middle of the litigation of a fraudulent fore-closure action that was instituted to not only collect Condominium fees that had already been paid under a previous, legal management Co., Samary Associates, but also to collect Condo; fees and late fees against duties it did not even provide or do let alone doing them late.

## PAPERS TIMELY FILED

Contrary to the defendants claim, the objection papers were timely mailed to the Court but the package was returned to the plaintiff on the grounds that it was heavy and so it must be presented to a postal clerk at the counter

When plaintiff unexpectedly received

Page 16

the package he immediately went to the Clerks' Counter and mailed it back to the Court

Plaintiff did not want to waste anytime in mailing it back to the Court and so the plaintiff did not open the package to enclose a copy of the back of the envelope or package to tell the Court that the package had to be mailed twice; enclosed is a copy of the endorsement at the envelope by the U.S. postal service

Further, the plaintiff's Counter-Affidavit of the defendants affidavit which was notarized on the 2nd May, 2005, would testify that the Objection was not out of time.

For fear of having

Page 17

his action, brought against the alleged MALICI-
OUS, CALLEOUS, LAWLESS act of the defendant,
dismissed without trial and thereby repeat
yet another cycle of unfavourable ruling
which keep the status quo and leave the
plaintiff with a BAD HISTORY whose effect
make the plaintiff appear a nuisance
who should be sanctioned to keep him out
of the courts, regardless of the offense against
him, causing the plaintiff all the on-going
MANIFEST Injustices in his quest for justice
pro se, without legal expertise nor funds
to hire Counsel, the plaintiff decided to apply
for an appointment of Counsel on an urgent
and critical basis, knowing the Court would

Page 18

hardly grant it but did not know what else he could do to get legal counsel and avoid the eminent repeatition of dismissal of his actions without trial

When the Court denied the plaintiff's Motion For Extension Of Time to complete the application for appointment of counsel and therefore did not allow the plaintiff a chance to apply for the appointment of counsel and every pleading that was intended for the appointment of counsel failed and plaintiff was faced with filing the Objection himself, without counsel, and so moved for more definate statement to understand

Page 19

the defendants affidavit to enable the
plaintiff an effective Objection to the
                to file
Motion For Summary Judgement but the
Court denied this as well, the plaintiff
did not have a choice but to submit
an Objection himself, without counsel, as
best as he understood the VASUE, AMBI-
guous, DECEPTIVE affidavit to avoid losing
his action by granting the defendants
FRAUDULENT, DECEPTIVE, BAD-FAITH
Motion For Summary Judgement without
any Objection from the plaintiff -
            The Objection was not out of time
by any measure.
                        Infact pending at

Page 20

the court is the plaintiff's Motion To Re-consider the denial of the Motion For More Definate Statement

## CONCLUSION

Plaintiff's Objection Is Not Meritless Nor Out Of Time Due to the fact that Material Facts Of the plaintiff's complaint are not in dispute, as it would clearly be discovered from the above, the plaintiff also demands that a Summary Judgement be entered in his favour as a counter-claim and the defendant's Motion For Summary Judgement filed just to MIS-LEAD and PREJUDICE the court to achieve the desired outcome be denied forthwith

It is ILLEGAL for the defendant to issue the Ejectment Order before the

Page 21

case even went to judgement

(2) It is ILLEGAL for the defendant to issue an Ejectment Order on an application form which was received without a Court Stamp

(3) It is ILLEGAL, MALICIOUS FRAUDULENT, LAWLESS act for the defendant to ABANDON her specified duties and COLLABORATE and CONSPIRE with Attorney Melchienne to make it possible to issue the Ejectment Order in less than twenty four (24) hours of the filing of the Memorandum Of Decision and within eleven (11) minutes of the filing of the application for Ejectment, in her ambition to FRAUDULENTLY confer absolute title of the plaintiff's

Page 22

property upon Bella Vista Condos and thereby make it FUTILE for plaintiff to exercise his appeal rights to retain the title of his property upon receiving the notice of the Memorandum Of Decision, precisely as it occured

(4) While the defendant claims in her sworn affidavit that she issued the Ejectment on the 2nd Nov., 2001, Attorney Melchionne claims in his sworn affidavit that the defendant issued the Ejectment Order before the Superior Court even issued the Memorandum Of Decision on the 1st Nov., 2001

Respectfully Submitted:
BEN. GYASU (PRO;)
P.O. BOX 4314, Waterbury, Ct 06704

**5.** the officer's signature.

Caution: It is extremely important that Plaintiffs review the Return of Service before filing the documents in court. Sheriffs and constables are human, just like everybody else. If there is an error in the Return itself, or in the way service was made, it's best to correct the error as soon as possible. Otherwise, the case may be subject to a Motion to Dismiss.

### H. Fees for Service

Consult C.G.S. sec. 52-70, 52-261 and 52-261a for allowable fees and expenses officers may charge to make service. In addition, C.G.S. sec. 52-259b addresses obtaining a waiver of fees and costs for indigent clients.

## III. FILING A LAWSUIT IN COURT

### A. Deadline to File Lawsuits in Court: Six Days Before the Return Date

Pursuant to C.G.S. sec. 52-46a, the original Summons, Complaint, Return of Service and **entry fee** must be filed in court, at least *six days* before the return date. This means the documents should be filed in the proper court no later than 4:59 p.m., on the Wednesday before the Tuesday return date. (See Appendix B and C and C.G.S. sec. 51-347 for JD court locations and C.G.S. sec. 51-350 for GA court locations.)

### B. The Clerk's Office

According to Pbs 7SSS, the clerk's office in each courthouse is open to file documents from 9:00 a.m. to 5:00 p.m., Monday through Friday, except for legal holidays. If the clerk's office is not open on the last day a document must be filed, that document may be filed on the next day the clerk's office is open for business. See also C.G.S. sec. 51-59 and 51-347c.

Note that many clerk's offices throughout the state are closed to the public from 1:00 p.m. until 2:30 p.m. and then again from 4:00 p.m. to 5:00 p.m. for most services other than filing documents.

Pbs 7MM states that when a document is **filed** in court, the clerk will enter the time and date on the document. No document is officially filed without this endorsement, also called a court stamp.

### C. Filing Documents

Anyone may file documents in court. Many law offices that have established relationships with sheriffs and constables have no difficulty entrusting those officers with this task. In that situation, the law firm will give the officer a check for the **entry fee** when he or she receives the Summons and Complaint to be served. Pursuant to a new bill, this fee is $185 for cases seeking more than $2,500 in damages. (This new bill amends the

# CHAPTER 4
## PLEADINGS

Sec.
4-1.   Form of Pleading
4-2.   Signing of Pleading
4-3.   Filing and Endorsing Pleadings

Sec.
4-4.   Electronic Filing
4-5.   Notice Required for Ex Parte Temporary Injunctions
4-6.   Page Limitations for Briefs

*For previous Histories and Commentaries see the editions of the Practice Book corresponding to the years of the previous amendments.*

---

## Sec. 4-1.   Form of Pleading

(a) All papers shall be typed or printed on size 8-1/2" x 11" paper and shall have no back or cover sheet. Those subsequent to the complaint shall be headed with the title and number of the case, the name of the court, and the date and designation of the particular pleading, in conformity with the applicable form in the rules of practice which is set forth in the Appendix of Forms in this volume.

(b) At the bottom of the first page of each paper, a blank space of approximately two inches shall be reserved for notations of receipt or time of filing by the clerk and for statements by counsel pursuant to Section 11-18 (a) (2), and at the top of each page a blank space of two inches shall be reserved. Papers shall be punched with two holes two and twelve-sixteenths inches apart, each centered seven-sixteenths of an inch from the upper edge, one being two and fourteen-sixteenths inches from the left-hand edge and the other being the same distance from the right-hand edge, and each four-sixteenths of an inch in diameter.

(c) The clerk may require a party to correct any filed paper which is not in compliance with this section by substituting a paper in proper form.

(d) This section shall not apply to forms supplied by the judicial branch.

(P.B. 1978-1997, Sec. 118.) (Amended Aug. 24, 2001, to take effect Jan. 1, 2002.)

## Sec. 4-2.   Signing of Pleading

(a) Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign his or her pleadings and other papers. The name of the attorney or party who signs such document shall be legibly typed or printed beneath the signature.

(b) The signing of any pleading, motion, objection or request shall constitute a certificate that the signer has read such document, that to the best of the signer's knowledge, information and belief there is good ground to support it, and that it is not interposed for delay. Each pleading and every other court-filed document signed by an attorney or party shall set forth the signer's telephone number and mailing address.

(P.B. 1978-1997, Sec. 119.)

## Sec. 4-3.   Filing and Endorsing Pleadings

All pleadings, written motions, and papers in pending cases shall be filed with and kept by the clerk of the court, who shall endorse upon each the time when it is filed, and make a like entry upon the clerk's docket and the file.

(P.B. 1978-1997, Sec. 127.)

## Sec. 4-4.   Electronic Filing

Papers may be filed, signed, or verified by electronic means that comply with procedures and technical standards established by the office of the chief court administrator. A paper filed by electronic means in compliance with such procedures and standards constitutes a written paper for the purpose of applying these rules.

(Adopted June 29, 1998, to take effect Jan. 1, 1999.)

## Sec. 4-5.   Notice Required for Ex Parte Temporary Injunctions

(a) No temporary injunction shall be granted without notice to each opposing party unless the applicant certifies one of the following to the court in writing:

(1) facts showing that within a reasonable time prior to presenting the application the applicant gave notice to each opposing party of the time when and the place where the application would be presented and provided a copy of the application; or

(2) the applicant in good faith attempted but was unable to give notice to an opposing party or parties, specifying the efforts made to contact such party or parties; or

(3) facts establishing good cause why the applicant should not be required to give notice to each opposing party.

108

BEN. STARR,
P.O. box 4314,
WATERBURY, Ct 06704

To
The U.S. District Court,

450 Main Street,

The Clerks Office.

SURFACE TRANSPORTATION
ONLY

Label 127
October 2000

02-0538

**Important Customer Information**

We regret that your mail is being returned to you because of
heightened security measures. All domestic mail, weighing 16
ounces or over, that bears stamps and all international and
military APO/FPO mail weighing 16 ounces or over, MUST be
presented to a retail clerk at a post office. Postage that is
affixed to the returned mail may be used for re-mailing the item.

AUG 96 0D02

CERTIFICATION

This is to certify that a copy of the fore-
going was mailed to the State attorney
general, attn: Attny. Daniel Schaeffer,
55 Elm Street, Hartford, CT 06106

Sincerely,
BEN. GYASU,
P. O. BOX 4314,
Waterbury, CT 06704