UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BEN GYADU<br>*Plaintiff* : | CIVIL NO. 3:02-CV-01271 (AWT) |
| v. : | |
| MAURA O'CONNELL<br>*Defendant* : | August 5, 2005 |

### RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

On July 15, 2005, the plaintiff filed a Motion for Sanctions against the defendant, State of Connecticut Deputy Clerk Maura O'Connell, and attorney Eugene Melchionne. The motion is frivolous and should be denied. Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure expressly requires that such motions for sanctions must be served on the allegedly offending individual before being filed with the court. Fed. R. Civ. P. 11(c)(1)(A) (providing that a "motion for sanctions under this rule . . . shall be served . . . but *shall not be filed with or presented to the court* unless, within 21 days after service of the motion . . . the challenged paper . . . is not withdrawn . . ."). Rather than following the Rule's clear dictate, the plaintiff filed his motion directly with the court. That failure requires that the motion be dismissed. *See, e.g., Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002) (concluding that because, *inter alia*, the movants "did not serve their motion on Perpetual prior to filing it with the court . . . [t]he district court's awarding of sanctions against Perpetual in contravention of the explicit procedural requirements of Rule 11 was . . . an abuse of discretion"); *Hennessy v. City of Long Beach*, 258 F. Supp. 200, 208 (E.D.N.Y. 2003) (concluding that sanctions could not be awarded where motion was not properly served with party before being presented to the court).

1

More fundamentally, the plaintiff's motion provides no "factual or legal basis to impose sanctions." *Hennessy*, 258 F. Supp.2d at 208. It essentially claims that Ms. O'Connell and attorney Melchionne should be sanctioned because the plaintiff disagrees with their version of events. Beyond those alleged disputes being immaterial for the reasons set forth in the defendant's summary judgment materials, that is not a proper basis for sanctions. *See, e.g., Curto v. Smith*, 248 F. Supp. 2d 132, 142-43 (N.D.N.Y. 2003) (noting that factual disputes do not rise to level of "extreme misconduct" justifying Rule 11 sanctions). Indeed, it is the plaintiff's conduct—involving, among other things, the repeated filing of motions for reconsideration functionally indistinguishable from motions previously denied by this Court—that comes within the ambit of Rule 11. *See, e.g., Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255-55 (2d Cir. 1992) (affirming district court award of sanctions based on filing of second motion to dismiss after first had been denied); *Verbjar v. City of Rochester*, 359 F. Supp. 2d 303, 306 (W.D.N.Y. 2005) ("[E]ven pro se litigants cannot continue to pursue baseless litigation without running the risk of court-imposed sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure."); *Vasile v. Dean Witter Reynolds*, 20 F. Supp. 2d 465, 504-07 (E.D.N.Y. 1998) (sanctioning *pro se* party for filing successive motions).

## **CONCLUSION**

For all of the foregoing reasons, the Defendant requests that the Court deny the Plaintiff's Motion for Sanctions and grant summary judgment in her favor.

DEFENDANT

MAURA O'CONNELL

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *[signature]*
Robert J. Deichert
Assistant Attorney General
Federal Bar No. ct24956
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Robert.Deichert@po.state.ct.us

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing Memorandum in Opposition to the Plaintiff's Motion to Strike was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure by first-class mail, postage prepaid, on this 5th day of August, 2005 to:

Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704

*[signature]*
Robert J. Deichert
Assistant Attorney General