The U.S. District Court
450 Main Street
Hartford, CT 06103
Date: 28th July, 2005

Doc.#: 3:02-CV-01271 (AWT)

SUPPLEMENTAL OBJECTION TO MOTION FOR SUMMARY JUDGEMENT WITH COUNTER DEMAND FOR SUMMARY JUDGEMENT IN FAVOUR OF PLAINTIFF

The plaintiff instituted the action in question against the defendant for ABANDONING her duties for issuing Ejectment Orders so that she could

COLLABORATE and CONSPIRE with Attorney Melchionne of the action; Bella Vista Condos

Vs BEN. GYASU to make it possible to issue an ILL-CONCEIVED, MALICIOUS, FRAUDULENT Ejectment Order for Attorney Melchienne, as it did occur, within just (a) twenty four (24) hours of the filing of the Memorandum Of Decision without which the defendant could NEVER have issued the Ejectment Order (b) eleven (11) minutes of the filing of the application for Ejectment Order, causing the plaintiff to lose his home and property, in WANTON DIS-REGARD to any law that would otherwise have prevented the defendant from issuing the Ejectment Order which Attorney Melchienne used to eject the plaintiff from his home and property,

Page 3

LAWLESSLY and MALICIOUSLY.

In the complaint the plaintiff stated that the defendant, Maura O'Connell, and Attorney Melchionne rushed to have the Ejectment Order on file and thereby FRAUDULENTLY confer an absolute title of the plaintiff's home and property upon Bella Vista Condos <u>BEFORE</u> there was any chance at all for plaintiff to receive the notice of the Memorandum Of Decision let alone to respond to it so that the plaintiff could not torpedoe their ILL-CONCEIVED, DIABOLICAL plans by exercising his appeal rights to attempt to retain the title of his

Page 4

property upon receiving the notice of the Memorandum Of Decision, knowing that pursuant to Sec. 49-15 of the CT Gen. Statute Annotated once an absolute title had been conferred upon Bella Vista Condos, the plaintiff could not exercise his appeal rights by filing such motions as a Motion To Re-Open to attempt to retain the title of the property and at that juncture the property would belong to Bella Vista Condos and Attorney Melchionne would then use that FRAUDU- LENT Ejectment Order, regardless of how legally bad it was, to eject the plaintiff, precisely as it occured.

In an effort to prevent

any trial of the alleged MALICIOUS, DIABOLICAL, MALUM IN SE act and avoid any possible punishment of the DELIBERATE MIS-CONDUCT, the defendant has moved for a Summary Judgement claiming: "She is entitled to judgement as matter of law based upon the material facts not in dispute."

And so while the defendant claims that there is no need for any trial of the action because the material facts are not in dispute she, however, states under oath the following at page 7 of her affidavit: "I don't remember whether or not in this case the execution form had been stamped

Page 6

before I received it, or whether I had file stamped it after I had signed it" making it abundantly clear that there exist a need to trial the action to determine whether or not the execution form had been stamped before the defendant received it, or whether she had file stamped it after she had signed it and therefore the Motion for Summary Judgement must be DENIED

Additionally, the defendant commits a MALICIOUS, DIABOLICAL, MALUM IN SE act, as alleged, whether or not the execution form had been stamped before the defendant received it, or whether she had file stamped it after she had signed it

Therefore whether or not

Page 7

the execution form had been stamped before the defendant received it, or whether she had file stamped it after she had signed it, is IMMATERIAL.

Defendant states at page 6 of her sworn affidavit the ff:

"Before I signed the execution, however, I went to the Deputy Chief Clerk and checked with him. It appeared to be lawful to issue the execution, and there was absolutely nothing unlawful about issuing it ---"

Contrary to the defendant's claim, however, the CT Practice Book states:

"Pbs 7mm states that when a document is filed in court, the clerk

Page 8

will enter the time and date on the document

No document is officially filed without this endorsement, also called a Court stamp."

"No document is officially filed without this endorsement, also called a Court stamp" EMPHASIS added.

As it would clearly be discovered, the defendants claim that there was absolutely nothing unlawful about issuing the Ejectment Order on a document which was not Officially filed, as the defendant claims that was precisely what she might have done when she states

"I dont remember

Page 9

whether or not in this case the execution form had been stamped before I received it, or whether I had file-stamped it after I had signed it" represents nothing but a DECEPTIVE, FRAUDULENT claim that tends to MIS-LEAD and PREJUDICE the Court for a desired outcome DISHONESTLY

Hence the Motion For Summary Judgement is nothing but a BAD-FAITH defense and must be DENIED accordingly

While the same defendant returned the plaintiff's application for Execution Order on the grounds that it was legally defective requiring the plaintiff to re-apply, the defendant,

Page 10

out of malicious intent to flout the laws to make it possible to lawlessly eject the plaintiff out of his home and property onto the streets, homeless, in the Cold Winter, did not only fail to return the application, as legally defective as it was, but according to her, she might have even taken a step further to issue the Ejectment Order against that legally defective application

And this is not to mention the fact that the defendant, in her ambition to cause harm to plaintiff, did not even allow the case to go to judgement before issuing the Ejectment Order against the plaintiff in less than twenty four (24) hours

Page 11

of the filing of the Memorandum Of Decision without which the defendant ould never have issued the Ejectment Order and for that reason, without the defendants COLLABORATION and CONSPIRACY with Attorney Melchionne to cause harm to plaintiff, regardless of the demands of the laws prohibiting such MALICIOUS, DIABOLICAL acts, as alleged, <u>it would never</u> have been possible for Attorney Melchionne to receive the notice of the Memorandum Of Decision within the twenty four (24) hours of the filing of the Memorandum Of Decision let alone to turn around to prepare the application for ejectment Order and run

Page 12

down the Clerks' Office to file the application for nobody but the defendant to receive the application within that same twenty four (24) hours of the filing of the Memorandum of Decision and issue the Ejectment Order within eleven (11) minutes of the filing of the application when the same defendant takes eight (8) days not hours let alone minutes to issue an Execution Order for plaintiff against even a thin file of only one volume let alone a huge file of seven separate volumes, as the one in question.

    As a result of the defendants prejudices against the plaintiff's race and/or

national origin, the defendant flouted every law which otherwise would never have been possible to issue the Ejectment Order to throw the plaintiff out of his home and property at the middle of a litigation of a fraudulent fore-closure action, without even allowing the case to go to judgement let alone allowing an appeal of the alleged fraudulent fore-closure action which the plaintiff's Condominium Association brought against the plaintiff to collect not only fees which had already been paid under a previous management co. but also to collect late fees against the duties it did not even do let alone doing them late, causing the

Page 14

plaintiff resultant problems such as a false police arrest and sanitary problems.

The U.S. Supreme Court put forth the following in its discussion of the legislative history of 42 U.S.C.S. Section 1983

" It is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, priviledges, and immunities guaranteed by the Fourteenth Amendment might be denied by the State agencies." Monroe Vs Pape 365 U.S. 167 (1961)