Page 15

at 180. As a result of the defendant's prejudices against the plaintiff's race and/or national origin, intolerance or otherwise, the defendant issued the Ejectment Order against the demands of every law that would otherwise have prevented her from issuing the Ejectment Order

The plaintiff prays the Motion for Summary Judgement would be denied forthwith to make the defendant stand trial to show cause why she should not be punished for such a lawless act whose effect has caused the plaintiff to lose his home and property lawlessly to suffer all the consequential

Page 16

Irreparable damages.

As much as the CT Practice Book makes it very explicit that no document is officially filed without a court stamp and therefore an Ejectment Order that would be issued against an application that was not officially filed is ILLEGAL, the defendant claims that was what she might have done and therefore the plaintiff was deprived of his home and property and thrown out onto the streets, homeless, in the cold Winter by an Ejectment Order which, according to the defendant, might have been ILLEGAL.

And this is not to mention the

Page 17

fact that every prevailing fact, such as the following, makes it abundantly clear that the Ejectment Order was ILLEGAL

A. The Ejectment Order was issued within twenty-four (24) hours of the filing of the Memorandum Of Decision and in less than eleven (11) minutes of the filing of the application for the Ejectment Order when, under normal circumstances, it would not have been possible for Attorney Melchionne to receive the notice of the Memorandum Of Decision within 24 hours of its filing let alone to turn around upon receiving the notice to prepare an application for the

Page 18

Ejectment Order and within that same 24 hours run down the Clerks' Office to file it and within eleven (11) minutes of filing have nobody but the defendant to receive the application to issue the Ejectment Order within eleven (11) minutes of the filing of the application when the same defendant took eight (8) days, not hours let alone minutes, to issue an Execution Order for plaintiff against even a thin file of only 1 volume let alone a huge file of 7 volumes, proving that without a COLLABORATION and CONSPIRACY between the defendant, Maura O'Connell, and Attorney Melchionne, to rush and have an Ejectment Order on file before there was any

Page 19

chance for plaintiff to receive the notice of the Memorandum Of Decision, it would NEVER have been possible to issue the Ejectment Order within 24 hours of the filing of the Memorandum Of Decision without which the Ejectment Order could NEVER have been issued and worse yet in less than 11 minutes of the filing of the Application for Ejectment Order

9. In the defendants ambition to rush and issue the Ejectment Order before there was any chance for plaintiff to receive the notice of the Memorandum Of Decision so that absolute title of plaintiff's home and property

Page 20

would FRAUDULENTLY be conferred upon Bella Vista Condos to make it FUTILE for plaintiff to exercise his appeal rights to attempt to retain the title of his home and property upon receiving the notice of the Memorandum Of Decision, the defendant issued the Ejectment Order <u>before</u> the case even went to judgement and therefore the defendant issued the Ejectment Order in WANTON DISREGARD to due Process and Equal Protection Of Laws.

c/ While the defendant claims in her sworn affidavit that she issued the Ejectment Order on the 2nd Nov., 2001, Attorney Melchionne

Page 21

who CONSPIRED with the defendant to make it possible to issue the Ejectment Order FRAUDULENTLY, as alleged, claims in his sworn affidavit that the defendant issued the Ejectment Order before the State Superior Court even issued the Memorandum Of Decision on the 1st Nov., 2001.

At the face of all the alleged facts which make it abundantly clear that material facts of the case are in dispute, requiring that the action be tried the defendant has moved for a Summary Judgement to attempt to prevent any trial of the action so that her MALICIOUS,

Page 22

FRAUDULENT, LAWLESS act, as alleged, would go unpunished.

The plaintiff prays the Court would deny the Motion for Summary Judgement forthright to allow the case to go to trial for the defendant to show cause why she should not be punished for the alleged DELIBERATE Misconduct to, at least, discourage those kinds of DISHONEST acts.

In the alternative the plaintiff requests that Summary Judgement be entered in his favour since the material facts of his Complaint are, rather than not DISPUTE, as the above facts prove beyond any doubt.

Respectfully Submitted
BEN. GYABU
P. O. BOX 4314, WATERBURY, CT 06704

        5. the officer's signature.

Caution: It is extremely important that Plaintiffs review the Return of Service before filing the documents in court. Sheriffs and constables are human, just like everybody else. If there is an error in the Return itself, or in the way service was made, it's best to correct the error as soon as possible. Otherwise, the case may be subject to a Motion to Dismiss.

### H. Fees for Service

Consult C.G.S. sec. 52-70, 52-261 and 52-261a for allowable fees and expenses officers may charge to make service. In addition, C.G.S. sec. 52-259b addresses obtaining a waiver of fees and costs for indigent clients.

## III. FILING A LAWSUIT IN COURT

### A. Deadline to File Lawsuits in Court: Six Days Before the Return Date

Pursuant to C.G.S. sec. 52-46a, the original Summons, Complaint, Return of Service and **entry fee** must be filed in court, at least *six days* before the return date. This means the documents should be filed in the proper court no later than 4:59 p.m., on the Wednesday before the Tuesday return date. (See Appendix B and C and C.G.S. sec. 51-347 for JD court locations and C.G.S. sec. 51-350 for GA court locations.)

### B. The Clerk's Office

According to Pbs 7SSS, the clerk's office in each courthouse is open to file documents from 9:00 a.m. to 5:00 p.m., Monday through Friday, except for legal holidays. If the clerk's office is not open on the last day a document must be filed, that document may be filed on the next day the clerk's office is open for business. See also C.G.S. sec. 51-59 and 51-347c.

Note that many clerk's offices throughout the state are closed to the public from 1:00 p.m. until 2:30 p.m. and then again from 4:00 p.m. to 5:00 p.m. for most services other than filing documents.

Pbs 7MM states that when a document is **filed** in court, the clerk will enter the time and date on the document. No document is officially filed without this endorsement, also called a court stamp.

### C. Filing Documents

Anyone may file documents in court. Many law offices that have established relationships with sheriffs and constables have no difficulty entrusting those officers with this task. In that situation, the law firm will give the officer a check for the **entry fee** when he or she receives the Summons and Complaint to be served. Pursuant to a new bill, this fee is $185 for cases seeking more than $2,500 in damages. (This new bill amends the

# CHAPTER 4
# PLEADINGS

Sec.
4-1. Form of Pleading
4-2. Signing of Pleading
4-3. Filing and Endorsing Pleadings

Sec.
4-4. Electronic Filing
4-5. Notice Required for Ex Parte Temporary Injunctions
4-6. Page Limitations for Briefs

*For previous Histories and Commentaries see the editions of the Practice Book corresponding to the years of the previous amendments.*

## Sec. 4-1. Form of Pleading

(a) All papers shall be typed or printed on size 8-1/2" x 11" paper and shall have no back or cover sheet. Those subsequent to the complaint shall be headed with the title and number of the case, the name of the court, and the date and designation of the particular pleading, in conformity with the applicable form in the rules of practice which is set forth in the Appendix of Forms in this volume.

(b) At the bottom of the first page of each paper, a blank space of approximately two inches shall be reserved for notations of receipt or time of filing by the clerk and for statements by counsel pursuant to Section 11-18 (a) (2), and at the top of each page a blank space of two inches shall be reserved. Papers shall be punched with two holes two and twelve-sixteenths inches apart, each centered seven-sixteenths of an inch from the upper edge, one being two and fourteen-sixteenths inches from the left-hand edge and the other being the same distance from the right-hand edge, and each four-sixteenths of an inch in diameter.

(c) The clerk may require a party to correct any filed paper which is not in compliance with this section by substituting a paper in proper form.

(d) This section shall not apply to forms supplied by the judicial branch.

(P.B. 1978-1997, Sec. 118.) (Amended Aug. 24, 2001, to take effect Jan. 1, 2002.)

## Sec. 4-2. Signing of Pleading

(a) Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign his or her pleadings and other papers. The name of the attorney or party who signs such document shall be legibly typed or printed beneath the signature.

(b) The signing of any pleading, motion, objection or request shall constitute a certificate that the signer has read such document, that to the best of the signer's knowledge, information and belief there is good ground to support it, and that it is not interposed for delay. Each pleading and every other court-filed document signed by an attorney or party shall set forth the signer's telephone number and mailing address.

(P.B. 1978-1997, Sec. 119.)

## Sec. 4-3. Filing and Endorsing Pleadings

All pleadings, written motions, and papers in pending cases shall be filed with and kept by the clerk of the court, who shall endorse upon each the time when it is filed, and make a like entry upon the clerk's docket and the file.

(P.B. 1978-1997, Sec. 127.)

## Sec. 4-4. Electronic Filing

Papers may be filed, signed, or verified by electronic means that comply with procedures and technical standards established by the office of the chief court administrator. A paper filed by electronic means in compliance with such procedures and standards constitutes a written paper for the purpose of applying these rules.

(Adopted June 29, 1998, to take effect Jan. 1, 1999.)

## Sec. 4-5. Notice Required for Ex Parte Temporary Injunctions

(a) No temporary injunction shall be granted without notice to each opposing party unless the applicant certifies one of the following to the court in writing:

(1) facts showing that within a reasonable time prior to presenting the application the applicant gave notice to each opposing party of the time when and the place where the application would be presented and provided a copy of the application; or

(2) the applicant in good faith attempted but was unable to give notice to an opposing party or parties, specifying the efforts made to contact such party or parties; or

(3) facts establishing good cause why the applicant should not be required to give notice to each opposing party.

108