The U.S. District Court
450 Main Str.
Hartford, CT 06103

FILED
2005 AUG 18 A 10: 50
DISTRICT COURT
HARTFORD, CT.

Date: 11th Aug., 2005

Doc.#: 3:02-CV-01271 (AWT)

BEN. GYADU vs MAURA O'CONNELL

PLAINTIFF'S EMPHATIC OPPOSITION TO DEFENDANT'S RESPONSE TO MOTION FOR SANCTIONS.

Based upon the following, the plaintiff EMPHATICALLY objects to defendants Response to Motion for Sanctions

A  Counsel's Defense <u>INAPPLICABLE</u>

Under paragraph 1 of the <u>sworn</u>

Page 2

affidavit of the defendant, Maura O'Connell, and Attorney Melchionne, the two conclude with the ff: "To the best of my knowledge, all of the facts stated in this affidavit are true and correct."

As it turned out, however, <u>nothing</u> in their affidavit sworn to, was true and nothing was correct and worse yet the supposed facts submitted under oath were even CONTRADICTORY; the defendant states under oath that she issued the Ejectment Order for Attorney Melchionne on the 2nd Nov., 2001 while Attorney Melchionne states under oath that the defendant issued the Ejectment

Page 3

Order <u>before</u> the Court even issued the Memorandum Of Decision on the 1st Nov., 2001 stating the following at paragraph 9 of his sworn affidavit:

"According to available information, the Execution Of Ejectment that was eventually issued would have therefore already been in the file by the time the Superior Court's Memorandum Of Decision of November 1, 2001, had been filed."

The sanctions, as plaintiff declared at the front page of the motion for sanctions, is therefore about <u>PERJURY</u>" for swearing an oath to a BAD-FAITH affidavit".

It follows therefore that the defense that

Page 4

would require the plaintiff to give the perpetrators (a) notice about the plaintiff's allegation that their sworn affidavit is nothing but a BAD-FAITH affidavit (b) a warning that if, within twenty one (21) days, the alleged BAD-FAITH SWORN affidavit intended to MIS-LEAD and PREJUDICE the Court to achieve the desired outcome and DEFRAUD the plaintiff of justice due him, is not with-drawn, the plaintiff would file it with the Court, <u>IS NOT APPLICABLE</u> in the situation in question where the perpetrators swore an oath that nothing in the affidavit was False, Deceptive, FRAUDULENT, Mis-leading, Mischievous, especially

in Considering the fact that the Court Could grant the Motion for Summary Judgement within the 21 days based upon the alleged BAD-FAITH <u>Sworn</u> affidavit

<u>B</u>

Plaintiff <u>Does Not</u> Seek Sanctions Against The Perpetrators "Because The Plaintiff Disagrees With Their Version Of Events" As Counsel States In His Deliberate Attempt To Conceal The Fact That The Plaintiff Stated At The Front Page of the Motion That He Sought The Motion For Sanctions Against The Perpetrators Because They Swore An Oath To A Bad-Faith Affidavit

Attorney Melchionne having no defense

against the plaintiff's allegation that he COLLABORATED and CONSPIRED with the defendant, Maura O'Connell, to make it possible for the defendant to harmlessly issue the Ejectment Order in less than (ii) twenty four (24) hours of the filing of the Memorandum of Decision without which the Ejectment Order Could NEVER have been issued by the defendant and (iii). eleven (11) minutes of the filing of the application for Ejectment Order, as the Court stamp of 4:49 p.m. on the application form shows, states DECEPTIVELY and FRAUDULENTLY that he filed the application for the Ejectment Order during a Court room hearing by giving the application to the Clerk of that day's hearing.

Attorney Melch

Page 7

ionne concluded that the Court stamp of 4:49 p.m., 2nd Nov., 2001, on the application form does not represent when the application was filed because, according to him, the Court room hearing clerks do not have filing stamps at the Court rooms and thereby dis-regarding the fact that the application for the Ejectment Order would not be Officially filed if it does not bear a Court stamp and for that reason an Ejectment Order that would be issued against an application that does not bear a Court stamp would be NULL and VOID and hence ILLEGAL and UNLAWFUL.

The CT Practice Book whose copy is

Page 8

enclosed herewith states:  " Pbs 7MM states that when a document is <u>filed</u> in Court, the clerk will enter the time and date on the document. No document is officially filed without this endorsement, also called a Court Stamp"

" No document is officially filed without this endorsement, also called a Court Stamp" EMPHASIS added

It follows therefore that if even there was any filing without any Court Stamp, as Attorney Melchionne claims was the case, the application for the Ejectment Order would not be officially filed and therefore if the

Page 9

defendant issued the Ejectment Order against an application which was unofficially filed, the Ejectment Order would be NULL and VOID and plaintiff would have been deprived of his home and property and thrown out onto the streets homeless in the Cold Winter by a VOID Ejectment Order

Additionally, for Attorney Melchionne to claim that he made the filing during the time he appeared before the Court for an Oral argument in several motions of the action in question, Attorney Melchionne declares that he filed the application for the Ejectment Order while the pleadings were

still going on

It follows therefore that while there was no judgement and therefore Attorney Melchionne could not know if even the judgement was in Bella Vista's favour <u>before</u> he could even take a step further to determine if the file was riped to apply for an Ejectment Order against the plaintiff, Attorney Melchionne in his usual DELIBERATE MIS-CONDUCT to flout any law that would be in his way to reach his goal, declares that while the hearing session for the motions he appeared for had not even begun, he filed the application for the Ejectment Order, regardless of the outcome of the motions he claimed

Page 11

he appeared in the Court room for their oral argument.

As it would clearly be discovered the alleged DELIBERATE MIS-CONDUCT which Attorney Melchionne claims under oath that, that was what he did, represents NOT ONLY a MALICIOUS, MALUM-IN-SE, DIABOLICAL, LAWLESS act but also an act of LEGAL MALPRACTICE and thus the sanctions <u>was not</u> sought because the plaintiff disagrees with the perpetrators version of events, as counsel wants the Court to see.

It is the perpetrators who rather disagree with their own version of events, while the defendant swears an oath that

Page 12

She issued the Ejectment Order on the 2nd Nov., 2001, Attorney Melchionne swears an oath that it was issued before the Court even issued the Memorandum of Decision on the 1st Nov., 2001.

## CONCLUSION

Based upon all the above the plaintiff prays sanctions would be imposed upon the defendant, Maura O'Connell, and Attorney Melchionne forthright and the Motion for Summary Judgement would be DENIED forthwith; fraudulent and dishonest acts must, at least, be DISCOURAGED.
Respectfully Submitted
BEN. E YATU
P.O. BOX 4314, Waterbury, CT 06704.

CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the State attorney general, attn: Attorney Daniel Schaeffer, 55 Elm Str., Hartford, CT 06106

Sincerely,
BEN. GYAGU,
P.O. BOX 4314,
Waterbury, CT 06704

5. the officer's signature.

Caution: It is extremely important that Plaintiffs review the Return of Service before filing the documents in court. Sheriffs and constables are human, just like everybody else. If there is an error in the Return itself, or in the way service was made, it's best to correct the error as soon as possible. Otherwise, the case may be subject to a Motion to Dismiss.

### H. Fees for Service

Consult C.G.S. sec. 52-70, 52-261 and 52-261a for allowable fees and expenses officers may charge to make service. In addition, C.G.S. sec. 52-259b addresses obtaining a waiver of fees and costs for indigent clients.

## III. FILING A LAWSUIT IN COURT

### A. Deadline to File Lawsuits in Court: Six Days Before the Return Date

Pursuant to C.G.S. sec. 52-46a, the original Summons, Complaint, Return of Service and **entry fee** must be filed in court, at least *six days* before the return date. This means the documents should be filed in the proper court no later than 4:59 p.m., on the Wednesday before the Tuesday return date. (See Appendix B and C and C.G.S. sec. 51-347 for JD court locations and C.G.S. sec. 51-350 for GA court locations.)

### B. The Clerk's Office

According to Pbs 7SSS, the clerk's office in each courthouse is open to file documents from 9:00 a.m. to 5:00 p.m., Monday through Friday, except for legal holidays. If the clerk's office is not open on the last day a document must be filed, that document may be filed on the next day the clerk's office is open for business. See also C.G.S. sec. 51-59 and 51-347c.

Note that many clerk's offices throughout the state are closed to the public from 1:00 p.m. until 2:30 p.m. and then again from 4:00 p.m. to 5:00 p.m. for most services other than filing documents.

Pbs 7MM states that when a document is **filed** in court, the clerk will enter the time and date on the document. No document is officially filed without this endorsement, also called a court stamp.

### C. Filing Documents

Anyone may file documents in court. Many law offices that have established relationships with sheriffs and constables have no difficulty entrusting those officers with this task. In that situation, the law firm will give the officer a check for the **entry fee** when he or she receives the Summons and Complaint to be served. Pursuant to a new bill, this fee is $185 for cases seeking more than $2,500 in damages. (This new bill amends the

# CHAPTER 4
## PLEADINGS

Sec.
4-1. Form of Pleading
4-2. Signing of Pleading
4-3. Filing and Endorsing Pleadings

Sec.
4-4. Electronic Filing
4-5. Notice Required for Ex Parte Temporary Injunctions
4-6. Page Limitations for Briefs

*For previous Histories and Commentaries see the editions of the Practice Book corresponding to the years of the previous amendments.*

---

### Sec. 4-1. Form of Pleading

(a) All papers shall be typed or printed on size 8-1/2" x 11" paper and shall have no back or cover sheet. Those subsequent to the complaint shall be headed with the title and number of the case, the name of the court, and the date and designation of the particular pleading, in conformity with the applicable form in the rules of practice which is set forth in the Appendix of Forms in this volume.

(b) At the bottom of the first page of each paper, a blank space of approximately two inches shall be reserved for notations of receipt or time of filing by the clerk and for statements by counsel pursuant to Section 11-18 (a) (2), and at the top of each page a blank space of two inches shall be reserved. Papers shall be punched with two holes two and twelve-sixteenths inches apart, each centered seven-sixteenths of an inch from the upper edge, one being two and fourteen-sixteenths inches from the left-hand edge and the other being the same distance from the right-hand edge, and each four-sixteenths of an inch in diameter.

(c) The clerk may require a party to correct any filed paper which is not in compliance with this section by substituting a paper in proper form.

(d) This section shall not apply to forms supplied by the judicial branch.

(P.B. 1978-1997, Sec. 118.) (Amended Aug. 24, 2001, to take effect Jan. 1, 2002.)

### Sec. 4-2. Signing of Pleading

(a) Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign his or her pleadings and other papers. The name of the attorney or party who signs such document shall be legibly typed or printed beneath the signature.

(b) The signing of any pleading, motion, objection or request shall constitute a certificate that the signer has read such document, that to the best of the signer's knowledge, information and belief there is good ground to support it, and that it is not interposed for delay. Each pleading and every other court-filed document signed by an attorney or party shall set forth the signer's telephone number and mailing address.

(P.B. 1978-1997, Sec. 119.)

### Sec. 4-3. Filing and Endorsing Pleadings

All pleadings, written motions, and papers in pending cases shall be filed with and kept by the clerk of the court, who shall endorse upon each the time when it is filed, and make a like entry upon the clerk's docket and the file.

(P.B. 1978-1997, Sec. 127.)

### Sec. 4-4. Electronic Filing

Papers may be filed, signed, or verified by electronic means that comply with procedures and technical standards established by the office of the chief court administrator. A paper filed by electronic means in compliance with such procedures and standards constitutes a written paper for the purpose of applying these rules.

(Adopted June 29, 1998, to take effect Jan. 1, 1999.)

### Sec. 4-5. Notice Required for Ex Parte Temporary Injunctions

(a) No temporary injunction shall be granted without notice to each opposing party unless the applicant certifies one of the following to the court in writing:

(1) facts showing that within a reasonable time prior to presenting the application the applicant gave notice to each opposing party of the time when and the place where the application would be presented and provided a copy of the application; or

(2) the applicant in good faith attempted but was unable to give notice to an opposing party or parties, specifying the efforts made to contact such party or parties; or

(3) facts establishing good cause why the applicant should not be required to give notice to each opposing party.