The U. S. District Court,
450 Main Street,
Hartford, CT 06103
Date: 11th Oct., 2005

Doc.#:   3:02 - CV - 01271 ( AWT )

BEN. GYASU Vs MAURA O'CONNELL

MOTION TO JOIN PRIVATE INDIVIDUALS WHO
ENGAGED IN A CONSPIRACY WITH DEFENDANT

Plaintiff requests leave to join as defendants, The Law Office of Eugene Melchionne and Attorney Eugene Melchionne who were WILFUL participants in the alleged joint activity with the defendant to make it

Page 2

possible for the defendant, Maura O'Connell, to issue them the alleged ILL-CONCEIVED, MALICIOUS Ejection Order without which the plaintiff would NEVER have lost his home and property to a FRAUDULENT fore-closure action that was instituted by nobody but a Condominium Association to defraud plaintiff of a Condominium common charge fees including fees that had already been paid and even late fees on duties and services it did not provide or do let alone doing them late, causing the plaintiff all kinds of resultant problems including false police arrest

According to the federal civil

Page 3

procedures, whose section in question is enclosed, " the District Court should direct or advise amendment of the pleadings and under certain circumstances, the Court may Sua sponte give the plaintiff leave to amend the Complaint even absent a request for leave to amend, in a pro se section 1983 suit that omits an obvious defendant

The Law Office of Eugene Melchionne and Attorney Eugene Melchionne are obvious defendants which the pro se plaintiff has omitted and must therefore be joined as defendants to defend their MALICIOUS, LAWLESS acts with the defendant

As plaintiff alleged throughout

IVIL RIGHTS

langer of sustain-
cial conduct, and
immediate, not
ly demonstrate a
ust also trace the
if a favorable de-

**bor unions**

nding to sue for
ef from injury to
s of its members
embers' associa-
) sue solely in its
f its members is
tisfy the require-
The principles of
milarly apply to

to vindicate the
1-party standing
re also putative
e, ordinance, or

660.
660.

ighborhood Action
rned for Separation
R Serv 2d 315, cert

BNA LRRM 2215,

)5 F2d 278, 19 FR

Federal Forms

CIVIL RIGHTS                                                    § 10:59

regulation. In that situation, the challenged regulations or activities result in actual or threatened injury to the plaintiffs even though the activities infringed the constitutional rights of only third parties; therefore the plaintiffs have standing by reason of their own injuries to raise the third-party constitutional challenges.[66] Further, a plaintiff who sues for the wrongful death of the person whose civil rights were deprived may bring an action in vindication of the deceased's civil rights as long as the applicable state law provides for survival of the action.[67]

### § 10:59. Joinder; private individuals in conspiracy with state officials

In order to sue a municipal or government body under 42 USC § 1983, the plaintiff must join the entity as a defendant.[68] In a pro se § 1983 suit that omits an obvious defendant, the District Court should direct or advise amendment of the pleadings[69] and under certain circumstances, the court may sua sponte give the plaintiff leave to amend the complaint even absent a request for leave to amend.[70] Although 42 USC § 1983 does not reach purely private conduct;[71] a plaintiff may join as defendants private individuals who form a conspiracy with state officials acting illegally under color of law. A private individual acts under "color of law" if he or she is a willful participant in joint activity with the state or its agents.[72]

Outside of the conspiracy context, acts of private persons are "under color of law"[73] when a symbiotic relationship exists between the individuals and the state; the acts of the individuals are then deemed acts of the state.[74]

---

**Annotations:** Comment Note: Supreme Court's views as to party's standing to assert rights of third persons (jus tertii) in challenging constitutionality of legislation, 50 L Ed 2d 902.

66. Darring v Kincheloe (1986, CA9 Wash) 783 F2d 874.

67. Texts: 6 FED PROC, L ED, Civil Rights § 11:242.

68. Hart v Walker (1983, CA5 Miss) 720 F2d 1443.

69. Wilborn v Escalderon (1986, CA9 Cal) 789 F2d 1328, 5 FR Serv 3d 1054.

70. Berndt v Tennessee (1986, CA6 Tenn) 796 F2d 879, 5 FR Serv 3d 671.
    Texts: 6 FED PROC, L ED, Civil Rights § 11:254.

71. District of Columbia v Carter (1973) 409 US 418, 34 L Ed 2d 613, 93 S Ct 602, reh den 410 US 959, 35 L Ed 2d 694, 93 S Ct 1411.

72. Adickes v S. H. Kress & Co. (1970) 398 US 144, 26 L Ed 2d 142, 90 S Ct 1598.
    Texts: 6 FED PROC, L ED, Civil Rights § 11:255.
    15 AM JUR 2d, Civil Rights §§ 21, 25.

73. 42 USC § 1983.

74. Burton v Wilmington Parking Authority (1961) 365 US 715, 6 L Ed 2d 45, 81 S Ct 856.
    Texts: 15 AM JUR 2d, Civil Rights § 18.

Page 4

the complaint, it is the result of a COLLABO-
RATION and CONSPIRACY between the defendant,
Maura O'Connell and the two Obvious
defendants, the Law Office of Eugene
Melchionne and Attorney Melchionne, which
made it possible for the defendant, Maura
O'Connell, to ABANDON her specified
duties for issuing an Ejectment Order to
issue the ILL-CONCEIVED, MALICIOUS
Ejectment Order

   Plaintiff therefore prays the
Court would issue an Order that would
join the two Obvious defendants as
defendants of the action in question to

Page 5

defend their MALUM IN SE act, as alleged

Respectfully Submitted.

BEN. GYASU,

P.O. BOX 4314,

WATERBURY, CT 06704

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State attorney general, attn: Attorney Daniel Schaeffer, 55 Elm Str., Hartford, CT 06106

Sincerely,
BEN. GYABU,
P. O. BOX 4314,
WATERBURY, CT 06704