UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEN GYADU<br>*Plaintiff* | : | CIVIL NO. 3:02-CV-01271 (AWT) |
| v. | : | |
| MAURA O'CONNELL<br>*Defendant* | : | October 24, 2005 |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO JOIN INDIVIDUALS WHO ENGAGED IN A CONSPIRACY WITH DEFENDANT

The *pro se* plaintiff, Benjamin Gyadu, ("plaintiff") filed his initial complaint in this action in July, 2002. That complaint named only one defendant, Maura O'Connell, a Clerk for the Connecticut Superior Court. Following this Court's *sua sponte* dismissal of that complaint, plaintiff filed an amended complaint in April, 2003. That complaint also named only Ms. O'Connell as a defendant. Now, over three years after plaintiff filed his initial complaint, two and a half years after he filed his amended complaint and nearly eight months after Ms. O'Connell moved for summary judgment, plaintiff seeks to amend his complaint to add new parties. There are several reasons why the Court should deny that request.

Although leave to amend is generally freely granted, amendment should not be allowed, *inter alia*, (1) when it would be futile, such as where "the claims the plaintiff sought to add would be barred by the applicable statute of limitations"; (2) "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice" other parties; or (3) where the belated motion would unduly delay the course of proceedings by, for example, introducing new

issues for discovery." *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (quotation marks omitted). Plaintiff's motion suffers from all three of those defects.

First, allowing him to amend his complaint to add Attorney Melchionne and the Law Offices of Eugene Melchionne as defendants would be futile. At the outset, it appears that plaintiff seeks only to amend his complaint to add parties, not to provide additional support for his alleged conspiracy. As they stand, plaintiff's allegations—which are conclusory, speculative and lacking in evidentiary support—are not sufficient to extend § 1983 to the proposed new defendants, both private actors. *Cf. Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.").

Beyond that, the statute of limitations has run on plaintiff's claims. The conduct involving the proposed new defendants underlying plaintiff's complaint occurred in 2001, well over three years ago, and plaintiff cannot rely on relation back to avoid the limitations bar because his failure to initially name the proposed defendants was a matter of choice, not a mistake.[1] *See Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998) ("When a § 1983 action is filed in the District of Connecticut, it is subject to a three- year statute of limitations."); *Cornwell v. Robinson*, 23 F.3d 694 (2d Cir. 1994) (holding that plaintiff could not take advantage of relation back where proposed defendants' conduct was detailed in exhibit to original complaint and plaintiff chose not

---

[1] Nor has plaintiff established, or even alleged, that the proposed defendants had sufficient notice within the period for service of process. That provides another independent reason why he cannot take advantage of relation back.

2

to sue them). Therefore, allowing plaintiff to amend would be futile and his motion should be denied.

Even if the proposed amendment would not be futile, plaintiff has not provided any explanation, let alone a satisfactory one, for his undue two and a half to three year delay (depending on whether it is measured from the original or amended complaint) in seeking to amend his complaint to add the proposed defendants. See Grace, 228 F.3d at 53-54; see also Zahra v. Town of Southold, 48 F.3d 674, 685-86 (2d Cir. 1995) (denying request to amend complaint filed two and one-half years after the commencement of the action); Ansam Assocs. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) (denying request where discovery had already been completed and non-movant had already filed a motion for summary judgment). Allowing plaintiff to amend after that delay would be both inequitable and prejudicial to the proposed defendants, who have not had the opportunity to conduct discovery. See, e.g., MacDraw, Inc. v. CIT Group Equip. Fin., 157 F.3d 956, 962 (2d Cir. 1998). In a related vein, were the proposed defendants allowed in and allowed to conduct discovery, it would unduly delay the proceedings. That is yet another reason why plaintiff's request for amendment should not be granted. See Grace, 228 F.3d at 53-54.

Ultimately, the severe—and inexplicable—untimeliness of this motion in the face of a pending motion for summary judgment indicates that the motion was made in bad faith and is yet another attempt by plaintiff to delay these proceedings. The request is improper and should be denied.

**CONCLUSION**

For all of the foregoing reasons, defendant requests that the Court deny plaintiff's Motion to Join Private Individuals Who Engaged in Conspiracy with Defendant.

DEFENDANT

MAURA O'CONNELL

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert J. Deichert
Assistant Attorney General
Federal Bar No. ct24956
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Robert.Deichert@po.state.ct.us

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing Memorandum in Opposition to the Plaintiff's Motion to Strike was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure by first-class mail, postage prepaid, on this 24th day of October, 2005 to:

Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704

_____
Robert J. Deichert
Assistant Attorney General