The U.S. District Court,
450 Main Street,
Hartford, CT 06103.
Date: 28th Oct., 2005

Doc. #: 3:02-cv-01271 (AWT)

BEN. GYASU vs MAURA O'CONNELL.

PLAINTIFF'S RESPONSE TO OPPOSITION TO
JOIN PARTY DEFENDANTS

Plaintiff provides the following in response
to Defendant's opposition to Motion To Join Party
Defendants

1. OPPOSITION IMMATERIAL

The referenced section 10:59 of the

Page 2

Civil Procedure makes it abundantly clear that
if an obvious defendant is omitted "the District
Court should direct or advise amendment of the
pleading and under certain circumstances,
the Court may sua sponte give the plaintiff
leave to amend the complaint even absent
a request for leave to amend" It follows
therefore that the plaintiff does not even
have to request for leave to amend, as
he is doing, before the Court gives an
order for an amendment, if an obvious
defendant is omitted, as, in the action in question.
Counsels defense which attacks
the plaintiff's request on the grounds that (i)
it is untimely (ii), it would be barred by statute of
Complaint itself that is needed to determine

Page 4

EMPHASIS added.

It is therefore the suit or the Complaint that is evaluated to determine if an obvious defendant is omitted

Hence IT IS NOT the request to join an obvious defendant that is omitted which is evaluated in determining whether or not an obvious defendant is omitted.

Counsels' defense which is directed against the request is therefore MIS-PLACED and INVALID and must be STRIKEN accordingly; timeliness of the request does not have anything to do in evaluating the complaint to determine whether or not an

Page 5

Obvious defendant had been omitted and further whether or not the request is conclusory, as counsel claims, does not have anything to do in determining whether or not an obvious defendant had been omitted.

Counsel continues to make reference of the FRAUDULENT, MALICIOUS Motion for Summary Judgement for a defense just to attempt to MIS-LEAD the Court to achieve the desired outcome and defraud the plaintiff of justice due him

The plaintiff prays the Court would not allow these kinds of BAD-FAITH defense to continue

In that Motion for Summary Judgement

Page 6

Counsel claimed the plaintiff did not appeal the Court's Order that opened the Case and set New Law Says when Counsel knew that the plaintiff moved to set Aside that Order as VOID and that the Court's Memorandum Of Decision was all about that Motion To set Aside the Order that opened the Case and set New Law Says.

Counsel moves for the Summary Judgement on the claim the material facts are not in dispute.

He then turns around and files in support of his claim the defendant's Sworn affidavit which states in pertinent part the following: "I don't remember

Page 8

Of decision and within 11 minutes of filing the application for Ejectment Order ; a copy of the referenced section of the CT Practice book is enclosed for any reference that might be needed.

Counsel states the following in his Opposition at page 2 :    "First, allowing him to amend his complaint to add Attorney Melchionne and the Law Office of Eugene Melchionne as defendants would be futile."

As it would clearly be discovered Counsel, as usual, has turned the plaintiff's request around to suit his purpose.

The referenced section 10 : 59 of the federal

Page 9

Civil procedure states: "In a pro se Section 1983 suit that omits an obvious defendant, the district court should direct or advise amendment of the pleadings."

The plaintiff's request was in pursuant to this section of the civil procedure

The plaintiff made this objective abundantly clear in the Motion especially from page 2 to the end.

Plaintiff prays this Counsel would be, at least, discouraged from filing DISHONEST pleadings.

CONCLUSION

Based upon all

the above, the plaintiff prays Cunsel's
Opposition to Motion to Join the referenced
Obvious defendants would be DENIED forth-
right and the Court would grant the request
to join the Obvious defendants that were
omitted.

Respectfully Submitted.

BEN. GYASU,

P. O. BOX 4314,

WATERBURY, CT 06704

CERTIFICATION