UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BEN GYADU,                       :
                                 :
    Plaintiff,                   :
                                 :
    v.                           :    CASE NO. 3:02cv1271 (AWT)
                                 :
MAURA O'CONNELL,                 :
                                 :
    Defendant.                   :

RECOMMENDED RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the court is defendant's Motion for Summary Judgment (doc. #57).[1]  The court recommends that the motion be GRANTED.

I.   **PROCEDURAL BACKGROUND**

Plaintiff commenced this action on July 23, 2002 alleging that the defendant Maura O'Connell, an Assistant Clerk of the Superior Court in Waterbury, Connecticut, improperly signed an order of ejectment after a judgment of strict foreclosure had entered against the plaintiff.  (Doc. #3.)  Plaintiff alleged that the defendant's actions violated a number of different constitutional and state statutory rights.  On August 30, 2002, the court, sua sponte, issued an order dismissing the case.  (Doc. #7.)  The court held, among other things, that the defendant's conduct was protected by both judicial immunity and qualified immunity.  (Id.)

On February 24, 2003, the court granted the plaintiff's Motion

---

[1] On January 24, 2006, District Judge Alvin W. Thompson referred this motion to the undersigned for a ruling.  (Doc. #108.)

to Reopen the case, and allowed the plaintiff additional time to file an Amended Complaint. (Doc. #18.) The plaintiff filed his Amended Complaint on April 10, 2003. (Doc. #23.) Although the Amended Complaint was considerably longer than the original Complaint, it did not add any substantive new factual allegations against the defendant.

In the Amended Complaint plaintiff alleges that the defendant acted in concert with opposing counsel in his mortgage foreclosure action to issue an execution of ejectment so quickly after a court ruling that the plaintiff would be precluded from taking any legal action to stop the ejectment. Based on these actions, plaintiff alleges that defendant deprived him of the following rights: (1) First Amendment right to petition the courts for a redress of grievances; (2) Fifth Amendment right to due process; (3) Fourteenth Amendment right of notice under the due process clause; (4) Fifth Amendment right of protection against double jeopardy; and (5) Constitutional right to an appeal. (Doc. #23 at 4-5.)

II. **FACTUAL BACKGROUND**

The following facts are not in dispute.[2] In 1994, the Bella

---

[2]The facts are taken from the defendant's Local Rule 56(a)(1) Statement (doc. #59.) Although in some instances the plaintiff, in his Local Rule 56(a)(2) Statement, denied particular facts, he failed to introduce or refer to any evidence to properly dispute the facts recited by defendant. Accordingly, the facts recited herein are deemed admitted. See Local Rule 56(a)(3) ("each denial in an opponent's Local Rule 56(a)(2) Statement[] must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be

2

Vista Condominium Association ("Bella Vista") commenced a foreclosure action against the plaintiff Ben Gyadu. (Def's Local Rule 56(a)(1) Statement, doc. #59, at ¶9; Melchionne Aff., ¶¶3-4.) The Superior Court entered a Judgment of Strict Foreclosure against the plaintiff on January 4, 2000. (Def's Local Rule 56(a)(1) Statement, doc. #59, at ¶11; O'Connell Aff., Ex. A.) The plaintiff appealed the Judgment of Strict Foreclosure but his appeals, including one to the Supreme Court of the United States, were all unsuccessful. (Doc. #59, ¶12.) On July 23, 2001, Bella Vista moved to reopen the judgment of strict foreclosure so that the court could set new law days. (Id., ¶13, Ex. 3.) The Court granted Bella Vista's motion to reopen and set August 28, 2001 as the law day for Mr. Gyadu's property. (Id. at ¶13.)

After the court modified the law days, plaintiff filed a number of motions, including: a motion for relief from judgment, two motions to stay the proceedings, a motion to set aside the judgment and a motion for temporary injunction to keep the law days from running. (Id. at ¶14.) The motions all were denied. (Id. at ¶15, Ex. C at 2-3.) The law days came and went without the plaintiff or any other encumbrancer redeeming the property. (Id., ¶¶17-18.)

On September 12, 2001, plaintiff filed a motion to set aside the court's previous orders denying his motions for relief from

---

admissible at trial").

judgment, to set aside the judgment and to stay the proceedings. (Doc. #59, Ex. C at 3.) On September 24, 2001, counsel for Bella Vista appeared in court to argue the motions. Before the hearings on the calendar commenced that morning, counsel filed an Execution of Ejectment form with the courtroom clerk. (Doc. #59 at ¶21.) There was no file stamp in the courtroom at that time, so the document was not file stamped. (Id. at ¶22.) It is the defendant's practice, when receiving such forms in the courtroom where no stamp is available, to wait and stamp the form after she ultimately signs it. (Id. at ¶24.)

On October 17, 2001, counsel followed up with a telephone call to the court asking whether the Execution of Ejectment form had been signed. (Id. at ¶25.) Counsel was told that the court was still considering the plaintiff's pending motions and that the execution would not be signed until after a ruling was issued. (Id.)

On November 1, 2002, the Superior Court issued a Memorandum of Decision on the remaining pending motions in the case. (Id. at ¶26.) The court (West, J.) rejected the plaintiff's requests to set aside and reargue the judgment, and held that the law days had run as scheduled. (Doc. #59, Ex. C at 4.)

The defendant was responsible for processing all post-judgment civil remedies, including executions of ejectment in mortgage foreclosure proceedings. (Id. at ¶5.) At some point after the

4

Memorandum of Decision was issued, the defendant began the procedure for issuing the Execution of Judgment. (Doc. #59 at ¶30.) She followed her normal procedure in such situations, which includes confirming: (1) that judgment of foreclosure has entered and the date of the last judgment; (2) that more than 24 hours have passed since the last law day; (3) that no appeal is pending from the judgment of foreclosure and that the time for appeal has passed; (4) that no motion to reopen has been filed or, if it has, that it has been ruled on; (5) that no stay of execution is in effect; (6) that an order of possession in favor of the party seeking execution has been entered by the court; (7) whether the defendant or any other encumbrancer has redeemed the property; and (8) that the information contained in the form provided by the attorney is correct. (Id. at ¶7.)

Before she signed the Execution of Ejectment form, the defendant reviewed the form with the Deputy Chief Clerk. (Id. at ¶32.) The Deputy Chief Clerk confirmed that the ejectment form was lawful and directed her to issue it. (Id.) Thereafter, on November 2, 2001, the defendant signed the Execution of Ejectment. (Id. at ¶33.)

After signing the Execution of Ejectment, the defendant had no involvement in the actual execution. (Id. at ¶42.) Defendant never prevented the plaintiff from taking any appeals or seeking other appellate relief. (Id. at ¶36.) Nor did the defendant ever

personally refuse a filing from the plaintiff. (Id. at ¶37.)

### III. STANDARD

A party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of showing the absence of any genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence in the record in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). Additionally, plaintiffs who proceed pro se are entitled to have their pleadings held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, mere conclusory allegations are insufficient to overcome a motion for summary judgment. See Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

### IV. DISCUSSION

As a threshold matter the court notes that District Judge Alvin W. Thompson previously dismissed this case sua sponte on August 30, 2002 holding among other things that, as a court clerk, the defendant is protected by the doctrine of judicial immunity.

6

Defendant argues that plaintiff's Amended Complaint alleges no new facts that would change this outcome. The court agrees.

"It is now well-established in the Second Circuit that court clerks are absolutely immune from individual claims arising from their failure to properly manage the court calendar." Kampfer v. Rodriguez, No. 97-CV-739 (RSP/DNH), 1998 WL 187364, *2 (N.D.N.Y. Apr. 15, 1998) (citing Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997)). "A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity." Id. (quoting Rodriguez, 116 F.3d at 66). "This immunity . . . covers court clerks and law clerks with respect to discretionary acts that implement judicial decisions or that are performed at the discretion or under the supervision of a judge." Bliven v. Hunt, No. 05-CV-4852 (SJF/LB), 2005 WL 3409620, *2 (E.D.N.Y. Dec. 12, 2005) (citations omitted); Humphrey v. Court Clerk, NDNY, No. 5:05-CV-1159 (NAM), 2005 WL 2490155, * (N.D.N.Y. Oct. 7, 2005) ("Court clerks enjoy absolute immunity even for functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court").

In the Amended Complaint the plaintiff alleges that the defendant wrongfully issued the Execution of Ejectment within twenty-four hours after the Superior Court's Memorandum of Decision was filed at the Clerk's Office and before he ever received notice

7

of the Memorandum of Decision. Plaintiff alleges that, because the Execution of Ejectment was issued so quickly, the defendant must have acted in a "conspiracy" with Bella Vista's counsel "to deduce and execute a plan by which Bella Vista Condos would have an absolute title to plaintiff's property before the plaintiff even received the notice of the Memorandum of Decision so that by the time he received the notice of the Memorandum of Decision, it would be too late and futile for him to file any papers intended to correct any errors . . . ." (Doc. #23 at 7-8.)[3]

In a nutshell, the plaintiff challenges the timing of the Execution of Ejectment. Because this challenge relates entirely to the court's power to control its own docket, the defendant is entitled to absolute immunity. Rodriguez, 116 F.3d at 66; see also Klopp v. United States, 131 F.3d 131, 1997 WL 774397 (2d Cir. Dec. 17, 1997) (claims involving failure to immediately enter judgment, delay in processing of cases and sending some of plaintiff's filings to the defendant were barred by absolute immunity). By signing the Execution of Ejectment form submitted by Bella Vista, the defendant sought to implement the court's judgment of strict foreclosure. As such, she is immune from suit. See Bliven, 2005 WL 3409620, *2 (judicial immunity covers court clerks "with respect to discretionary acts that implement judicial decisions").

Because the court finds that the defendant is absolutely

---

[3]The plaintiff has not submitted any evidence in opposition to the defendant's Motion for Summary Judgment which would support this theory.

8

immune from suit based on the doctrine of judicial immunity, it does not address the remainder of the claims made in the defendant's Motion for Summary Judgment.

**IV.   CONCLUSION**

For all the foregoing reasons, the court recommends that defendant's Motion for Summary Judgment (doc. #57) be GRANTED.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992)(failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

SO ORDERED at Hartford, Connecticut this 28th day of February, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge