The U.S. District Court,
450 Main Street,
Hartford, CT 06103
Date: 6th March, 2006

Doc. #: 3:02-CV-01271 (AWT)
BEN. GYASU Vs MAURA O'CONNELL

MOTION FOR EXTENSION OF TIME

Plaintiff requests fourty two (42) days Extension of Time to file his written Objection to the proposed findings and recommendations dated the 28th Febr., 2006.

The following would amplify the need for, at least, fourty two (42) days Extension Of Time.

A. The plaintiff has other time constrained filings at the courts including the federal courts; The plaintiff

Page 2

is running out of time to file these time constrained documents.

B. The plaintiff is totally confused about the Ruling and must have more time than the alloted 18 days which the "Docket Text" allows let alone the 10 days which the Court's Ruling allows at the conclusion of the Ruling so as to do some research to understand why the Court made such a Ruling and be in a better position to file the much needed Objection in response.

The Court has grossly over-looked or dis-regarded the material facts of the case, making the Ruling a gross mis-interpretation of the Complaint as a result of a mis-understanding

Page 3

of the Complaint

B(1) Because the plaintiff fore-saw that there could be such a mis-understanding of the Complaint and bring about such a Ruling which does not address the cause of the action, the plaintiff repeatedly asked for an oral argument but the court denied that and so the plaintiff's relentless efforts to bring about a better understanding of the issues involved to prevent a Ruling, as the one in question, which fails to address the issues of the cause of the action, could not prevent the kind of Ruling the plaintiff did whatever he could to prevent.

B(2) Plaintiff provided an Appendix of Copies of documents in support of his Local Rule 56(a) 2 Statement

The Court, however, states at page 2

Page 4

under "Factual Background" that the plaintiff failed to provide any evidence in support of his "Local Rule 56(a)2 Statement" establishing a dispute over the defendants "Local Rule 56(A)1 Statement" and for that reason the alleged Fraudulent and MALICIOUS "Local Rule 56(A)1" of the defendant was accepted as "facts not in dispute."

Consequently, the court entered a Ruling in favour of the defendant upon the alleged FALSE, FRAUDULENT claims of the defendant; the plaintiff's filing of the copy of the copy of 2nd Circuit Mandate in support of the plaintiff's claim that the Superior Court DID NOT have jurisdiction to grant the defendants' Motion To Open and Set New Law Days and that there were pending appeals and so the file was not even riped

Page 5

to prepare and issue an Ejectment Order against it, did not make any difference; the plaintiff's filing of the copy of the form for the Ejectment Order which shows that the application for the Ejectment Order was filed at 4:49 p.m. on the 2nd Nov., 2001, eleven (11) minutes to closing time at 5 p.m. and therefore the Ejectment Order issued on the same 2nd Nov., 2001, was issued within eleven (11) minutes against the huge file of seven separate volumes and so the defendant ABANDONED her specified duties in her ambition to rush and issue the Ejectment Order before the plaintiff had any chance of receiving a copy of the Memorandum of Decision let alone responded to it and in the process "TORPEDOS" their ILL-CONCEIVED, MALICIOUS ambition to Eject the plaintiff out of his home and property, regardless of the law, DID NOT make

Page 6

any difference; the filing of the State Appellate Courts sanction order dated the 13th Oct., 2000, to show, in part, that the U.S. Supreme Courts order that was dated only 4 months later on the 20th Febr., 2001, could not have been an order of an appeal of the Appellate Courts Sanction order especially in considering the fact that the U.S. Supreme Courts Order was in the action BEN. GYASU Vs BELLA VISTA CONDOS while the Appellate Courts Sanction Order was in the action BELLA VISTA CONDOS Vs BEN. GYASU, DID NOT make any difference

And worse yet, this is where the Court declares that the plaintiff's pleadings were evaluated liberally because he is a pro se litigant

The plaintiff is at a loss, confused, about the Court's Order and prays he would be given a time extension to do the needed research to understand

Page 7

the reasons behind the Court's Order and be in a position to file an appropriate Objection to the Ruling.

B(3) The Court declares under "Discussion" that the Amended Complaint alleges no new facts that would change the District Court's dismissal ruling on the ground that the defendant is protected by Judicial Immunity and therefore the defendant is entitled to Judicial Immunity

The Court therefore over-looks the fact that the case was Open by the District Court Judge, after the Court discovered that the defendant Is NOT protected by any Immunity.

And while the Court declares that the defendant is protected by Immunity, the Court all the same listed a number of specified duties

Page 8

which the defendant must perform or see to it that they are met before an Execution Order could be issued but ABANDONED those duties in her rush to issue the Execution Order <u>before</u> the plaintiff had any chance of receiving the notice of the Memorandum of Decision.

B(4)

The plaintiff filed a copy of the Section of the CT Practice Book which indicates that it is <u>ILLEGAL</u> for the defendant to enter or issue the Execution Order on a form that came to her without the Court Stamp and therefore if she issued the Execution Order on a form that came to her without a Court Stamp, as she claims in her defense that she might have done that, that was an ILLEGAL act

As much as the Court declares that

Page 9

the plaintiff must show some evidence in support of his claims or arguments, the Court refused the filing of that document on the grounds that the action is at the federal court but not a State Court.

As it would clearly be discovered the plaintiff needs time extension to try to understand the Court's action and respond accordingly.

C. PLAINTIFF NEEDS TIME EXTENSION TO GET NEEDED DOCUMENTS TO FILE THE OBJECTION

Plaintiff is finding it extremely difficult to get the legal documents he needs for the filing of the Objection due to the careless and malicious way he was ejected from the apartment; some of plaintiff's possessions

Page 10

including legal documents are still seized and confiscated by Attorney Eugene Melchionne and his moving team plus the Bella Vista Condo. Association and no amount of efforts the plaintiff has made so far to get his possessions have made any difference.

The pro se plaintiff requested that Attorney Melchionne be made a defendant. The Court, however, did not act on that request.

D. DEFENDANT WOULD NOT BE PREJUDICED BY THE PLAINTIFF'S REQUEST

Defendant asked for over 5 weeks to prepare and file the alleged MALICIOUS and FRAUDULENT Motion for Summary Judgement.

Defendant would not therefore be prejudiced for the plaintiff's request for 42 days Extension of Time.

E. DISCREPANCY IN TIME ALLOTED FOR FILING OBJECTION

While the "Docket Text" allows 18 days for

Page 11

filing the Objection the Court's Order allows only ten (10) days for filing the Objection.

CONCLUSION.

Based upon all the above, the plaintiff prays this motion would receive a favourable consideration.

Respectfully Submitted
BEN. GYASU,
P.O. BOX 4314,
WATERBURY, CT 06704

CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the State Attorney General, attn: Attorney Daniel Schaeffer, 55 Elm Street, Hartford, CT 06106.

Thank you.

Sincerely,

BEN. GYASU,

P.O. BOX 4314,

WATERBURY, CT 06704