The District Court Of CT

450 Main Street

Hartford, CT 06103

Date: 19th March, 2006

Doc. # : 3; 02 - CV - 01271 (AWT)

BEN. GYASU Vs MAURA O'CONNELL

PLAINTIFF'S OBJECTION TO RECOMMENDED RULING

The Recommended Ruling subjects the pro se plaintiff to MANIFEST INJUSTICES in violation of DUE PROCESS and EQUAL PROTECTION OF LAWS, making it compelling for plaintiff, whose actions are repeatedly disposed of just to follow the trend of previous unfavourable rulings, to file an Objection, as futile as it might be.

The following would make it abundantly clear that the Court has taken an

Page 2

action INCONSISTENT with the DUE PROCESS OF LAW and has deprived the pro se plaintiff not only a DUE PROCESS but EQUAL PROTECTION OF LAWS as well.

The plaintiff prays the district Court would evaluate this Objection critically without any influence of the history of the cycle of unfavourable rulings whose effect has consistently caused the plaintiff all the on-going MANIFEST INJUSTICES and their resultant IRREPARABLE DAMAGES plus sanctions to keep the pro se plaintiff out of the Courts, regardless of the extent of the alleged wrong, as the one in question

A/ QUESTIONS PRESENTED

(1) Was the Recommended Ruling made prematurely

Page 3

depriving the pro se plaintiff a DUE PROCESS,
considering there were pending motions whose
issues should have been resolved before any
consideration of the Motion for Summary Judge-
ment ?

2. Did the U.S. Magistrate over-look the plaintiff's
evidences that were "introduced "to properly dispute
the facts recited by the defendant" as the court
puts it, but at the face of those evidences that
were introduced in the Appendix, the Court all the
same states;
         " Although in some instances the
plaintiff, in his Local Rule 56(a)(2) statement, denied
particular facts, he failed to introduce or refer to
any evidence to properly dispute the facts recited
by defendant" ?

Page 4

3.   Did the U.S. Magistrate over-look the fact that the defendants Motion for Summary Judgement represents nothing but a DELIBERATE BAD-FAITH defense intended to MIS-LEAD and PRE-JUDICE the Court to achieve the desired outcome and DEFRAUD the pro se plaintiff of Justice due him, considering the fact that after the defendant ABANDONED her SPECIFIED duties for issuing Ejectment Orders and CONSPIRED and COLLABORATED with Attorney Melchienne, Counsel for Bella Vista Condos, to make it possible to issue the alleged ILL-CONCEIVED Ejectment Order not only in less than 24 hours of the filing of the Memorandum Of Decision and within eleven (11) minutes of the filing of the application for Ejectment Order by Attorney Melchienne but also at the middle of the litigation while there were (a) pending appeals and those that were yet to be pursued

Page 5

(6) pending Complaint for Injunctive Relief etc.
and therefore the file was not riped to issue
an Ejectment Order against it, as the defendant
did in her ambition to CONSPIRE and COLLABORATE
with Attorney Melchionne to issue the Ejectment
Order to confer an absolute title of the plaintiff's
home and property upon Bella Vista Condos before the
plaintiff had any chance of receiving a copy of
the Memorandum Of Decision so that by the time
the plaintiff received a copy of the Memorandum
Of Decision and attempted to exercise his appeal
rights to retain the title of the property an
absolute title of the property had already been conferred
upon Bella Vista Condos and at that juncture, per
Section 49-15 of the Ct General Statute, the plaintiff
could not do anything whatsoever to save his home,
the defendant's defense in a Motion For Summary

Page 6

Judgement represents nothing but a DELIBERATE
effort to MISLEAD and PREJUDICE the Court
to CONCEAL the alleged MALICIOUS, LAWLESS
acts. and avoid any trial of the action

4    Did the  U.S. Magistrate over-look the fact
that the defendants FRAUDULENT issuance of the Ejectment
Order which, FRAUDULENTLY conferred an absolute title of the
property upon Bella Vista Condos made it futile for
plaintiff to exercise his appeal rights to save his
home and property since at that juncture, per
Section 49-15 of the CT Gen. Statute Annotated, the
plaintiff could not exercise his appeal rights to retain
the title and save his property ?

5    Did the Magistrate over-look the fact that while
the defendant declares under the sworn Affidavit that

Page 7

she issued the Ejectment Order on the 2nd Nov., 2001

Attorney Melchionne who CONSPIRED and COLLABORATED

with the defendant to make it possible for she defen-

dant to issue the ILL-CONCEIVED Ejectment Order,

declares under the sworn Affidavit that the

defendant issued the Ejectment Order before the

superior Court even issued the Memorandum Of

Decision on the 1st Nov., 2001, establishing a

conflict of when the alleged FRAUDULENT Ejectment

Order was issued and making it abundantly

clear that contrary to the defendant's claim,

there exist a genuine dispute over the material

facts of the case to require that the case be

tried ?

6   Did the U.S. Magistrate over-look the fact that

Attorney Melchionne cannot legally file an

Page 8

application for Ejectment Order at the middle
of the litigation to enforce a final decision
when there was none and therefore
Attorney Melchionne's claim under his sworn
Affidavit that he filed the application for the
Ejectment Order when he "appeared before
the Court for argument on several motions in
that case by handing it to the Courtroom clerk
before hearings on the Calendar commenced"
without (a) even allowing the arguments to
commence (b) allowing a decision on those motions
(c) allowing a final decision to warrant applying
for an Ejectment Order (d) given the plaintiff a
copy of whatever he was filing as it was supposed to
be done or, at least, showing the plaintiff whatever
he was filing (e) identifying the clerk under his
sworn Affidavit, represents nothing but one of those

Page 9

kinds of BAD-FAITH filings of Attorney Melchionne
which must be punished to, at least, discourage
Attorney Melchionne from engaging in those kinds
of DISHONEST filings, for his gain

7    Did the U.S. Magistrate over-look the defendant's
BAD-FAITH sworn Affidavit which makes FALSE,
FRAUDULENT, MIS-LEADING claim that she defendant
(a) performed the duties required of her before an
Ejectment Order could be issued (b) reviewed the
Statutes (c) reviewed the Memorandum Of Decision
(d) consulted the Deputy Chief Clerk before issuing
the Ejectment when the defendant DID NOT and
COULD NOT do any of that before issuing the Ejectment
Order, considering the fact that, (i) if even the file
was ripped to issue an Ejectment Order against it,
i.e. if the defendant and Attorney Melchionne did not

Page 10

act in concert to preclude the plaintiff from exercising his appeal rights and so the plaintiff was able to exercise his appeal rights for a final decision that warrants issuing an Ejectment Order the defendant could not satisfy any of those claims she made within eleven (11) minutes of the filing of the application for Ejectment Order by Attorney Melchrienne (ii) the defendant and Attorney Melchrienne CONSPIRED and COLLABORATED to issue an ILL-CONCEIVED Ejectment Order which prematurely conferred an absolute title of the property upon Bella Vista Condos FRAUDULENTLY at the middle of the litigation and so for the fact that the plaintiff could not exercise his appeal rights due to the defendants BAD-FAITH Conduct, the defendant cannot, in good-faith, claim that any of the conditions she listed as (a) to (h)

Page 11

at page 2 and 3 of the sworn affidavit was met before the Ejectment Order was issued; this is not to mention the fact that there were pending appeals and a Complaint for Injunctive Relief, making it abundantly clear that but for the defendant's ambition to use her office to LAWLESSLY and MALICIOUSLY throw the plaintiff out of his home onto the streets in the cold Winter, the file was not ready to issue an Ejectment Order against it.

8. Did the U.S. Magistrate over-look the defendant's MALICIOUS, FRAUDULENT act by which the plaintiff was deprived the due Process Of Notice considering the fact that as a result of the defendant's CONSPIRACY with Attorney Melchionne to have an Ejectment Order on file to pre-clude the plaintiff from exercising his appeal rights to

Page 12

attempt to retain the title of his property before the plaintiff even received a copy of the notice of the Memorandum Of Decision, the plaintiff could not exercise his appeal rights against the Memorandum Of Decision before the Eject-ment Order was issued ?

9. Did the Magistrate over-look the defendants MIS-LEADING, FRAUDULENT claim that she might have issued the Ejectment Order on a form that came to her without a court stamp when in fact the defendant cannot Legally issue the Ejectment Order on an application form that came to her without a court stamp as declared under Pbs 7MM or Sec. 4-3 of the CT Practice Book and doing so implies causing the plaintiff to be ejected from his home and property by a VOID

Page 13

Ejectment Order ?

10    Did the U.S. Magistrate over-look or dis-regard
the fact that for the defendant to swear
an Affidavit that she does not remember (i)
whether or not she issued the Execution Order
on an application form that came to her without
a Court Stamp, as she declares at page 7 of her
sworn Affidavit, when she cannot legally issue
per P̶b̶s 7MM or Sec. 4-3 of the CT Pb.
the Ejectment Order on an application form that
came to her without a Court Stamp (ii) when
in the day of November 2, 2001, that she signed the
execution of ejectment, or how long it took her
to review the Court records before signing the
application form, as she declares at page 8 of her
sworn Affidavit, when infact the application form
bears a Court Stamp of November 2, 4:49 p.m., eleven (11)

Page 15

but a very specified function which the defendant listed them under paragraph 8 at page 2 and 3 of her sworn Affidavit ?

B
Q(1)

ANALYSIS OF QUESTIONS PRESENTED

PREFACE
                    The plaintiff moved to join Attorney Melchionne and the law Office of Eugene Melchionne as defendants of the action pursuant to Section 10:59 of the federal Civil procedure which states:

"In a pro se Section 1983 suit that omits an obvious defendant, the District Court should direct or advise amendment of the pleadings and under certain circumstances, the Court may sua sponte give the plaintiff leave to amend the complaint even

Page 16

absent a request for leave to amend "

As it would clearly be discovered
from every part of the Complaint Attorney
Melchionne and the Law Office of Eugene
Melchionne are obvious defendants of the
action but the pro se plaintiff omitted them

Consequently when the district Court
did not take any action that would make
them defendants of the action, the plaintiff
moved for an order that would make them
defendants of the action accordingly.

While the issues of this motion
are still pending or while the motion is
still pending and its issues must be resolved
<u>before</u> any consideration of the Motion for Summary

Page 17

Judgement, the U·S· Magistrate granted the
Motion for Summary Judgement, leaving the
issues of the Motion To Join party defendants
unresolved and still pending and depriving
the pro se plaintiff the Due Process and
Equal Protection Of Laws.

The U·S· Supreme Court holds the following

Under Cleveland Board Of Education

Vs

James Loudermill, et al

"The point is straight-forward:
the Due Process Clause provides that certain
substantive rights — life, liberty, and property —
cannot be deprived except pursuant to constitu-
tionally adequate procedures. The categories of
substance and procedure are distinct. Were the
rule otherwise, the clause would be reduced to a
mere tautology." Cleveland Board Of Education Vs

Page 18

James Loudermill, et al 84 L. Ed. 2d 494 (1984) at 503

Please, see also Monroe Vs Pape, 8 S. ct 473 (1961) at 478.

As it would clearly be discovered for the U.S. Magistrate to over-look the pending Motion To Join the alleged defendants and grant the Motion for Summary Judgement grossly violates the plaintiff's Constitutional rights as alleged

Plaintiff therefore prays the U.S. District Court Judge would set Aside the Reccommended Ruling, accordingly, so that the Obvious defendants which the plaintiff omitted would be brought in as defendants of the action to allow Justice to take its course and prevent MANIFEST INJUSTICE

Under the Courts " FACTUAL BACKGROUND" the court

Page 19

states: "Although in some instances the plaintiff, in his Local Rule 56 (a) (2) statement, denied particular facts, he failed to introduce or refer to any evidence to properly dispute the facts recited by defendant."

The Court then concluded that the Facts recited by the defendant, which the plaintiff alleges are FRAUDULENT and LIES intended to MISLEAD and PREJUDICE the Court to achieve the desired outcome, "are deemed admitted" and are therefore "not in dispute."

As much as the court states that "the plaintiff failed to introduce or refer to any evidence to properly dispute the facts recited by defendant" the plaintiff

Page 20

did introduce or refer to evidences

The plaintiff's LOCAL RULE 56(a)2 STATEMENT has an Appendix. Please, refer to Local Rule 56(a)2 Statement The Appendix has copies of evidences that were intended to prove to the Court that what the defendant recited as Facts were nothing but LIES and FRAUDULENT Claims intended to MIS-LEAD and PREJUDICE the Court so as to achieve the desired outcome, as it did occur.

For example, the plaintiff introduced a copy of a Mandate of the 2nd Circuit to prove to the Court that the defendants claim that the Superior Court had Jurisdiction of the Action, when it granted the defendants "Motion To Open and Set New Law Says";