Page 41

when she issues the Ejectment Orders, implying a court stamp on such documents indicates the time when she issued the Ejectment Order but not the time when the document was filed, defeats the very purpose of the filing rules as specified under section 4-3 of the CT Practice Book

As it would clearly be discovered, the defendant, after COLLABORATING and CONSPIRING with Attorney Melchionne to issue the Ejectment Order within just eleven (11) minutes of the filing of the application, as the plaintiff alleges, ABANDONING her specified duties for issuing the Ejectment Orders so that she could issue the order before closing time at 5p.m. and thereby pre-clude the plaintiff of exercing his appeal rights so that the plaintiff would lose the

Page 42

property to Bella Vista Condos, is attempting to conceal
that FRAUDULENT act with another FRAUDULENT
defense which in effect states that as much as
she returns any defective application documents,
she did not return Attorney Melchionne's documents
and did not stamp it to, either at least, indicate when
she received the application

According to the defendant, as much
as Attorney Melchionne's application might have
come to her without any court stamp to indicate
the time when it was received by the unidentified
clerk, if even any application of such existed
but not concocted stories for a defense by the
defendant and Attorney Melchionne, she also left
the application without a court stamp to indicate,
at least, the time when she received the application

Page 43

and not until the time she issued the Ejectment Order when she stamped it to indicate the time when she issued the Ejectment Order but not the time when the application was filed, there would not have been any court stamp on that application she kept instead of returning it to Attorney Melchionne, if anything of such even existed.

This implies that with an application that comes to her without a court stamp, as that claimed by Attorney Melchionne and supported by the defendant, there would be a DUPLICATION of when the Ejectment Order was issued; there would be the date when the document was signed indicating the time when the Ejectment Order was issued and there would also be the court stamp date indicating also the time when the Ejectment Order was issued

Page 44

This DUPLICATION does not, however, occur on an application that comes to the defendant with a Court Stamp.

Additionally the defendant does not accept the fact that she issued the Ejectment Order in less than 24 hours of the filing of the Memorandum Of Decision and within eleven (11) minutes of the filing of the application for Ejectment Order even though the Magistrate States at page 4 and 5 the ff:

"At some point after the Memorandum Of Decision was issued, the defendant began the procedure for issuing the Execution of Judgement."

At the face of all these kinds of DISCRE-PANCIES and questionable claims, at best, which clearly prove that there exist a DISPUTE over

Page 45

the material facts of the case to warrant

denying the Motion for Summary Judgement and send

the case for a trial to allow the defendant to

justify her claims, the U.S. Magistrate, however,

granted the motion, having determined that

the action should fail to follow the initial

ruling which dismissed the action and keep

the Status Quo of the Cycle Of Unfavourable

Rulings which have been the result of a cycle

of MANIFEST Injustices, as the Ruling in question

CT Practice Book Section 4-3 and CT Pbs 7 MM MAKE
THE DEFENDANT'S ACTION OF ISSUING AN EJECT-
MENT ORDER ON AN APPLICATION FORM WITHOUT A
COURT STAMP ILLEGAL.

Pbs 7 MM states:

When a document is _filed_ in court,

the clerk will enter the time and date on the

Page 46

document. No document is officially filed without this endorsement also called a Court Stamp, "

Sec. 4-3 of the C.P.B states; "All pleadings, written motions, and papers in pending cases shall be filed with and kept by the Clerk of the Court, who shall endorse upon each the time when it is filed, and make a like entry upon the Clerk's docket and the file."

From the above Practice Book Rules, any act of the defendant by which the defendant issued an Ejectment Order, on an Application form that came to her without a Court Stamp, constitutes an ILLEGAL act

It follows therefore any act of the defendant by which the defendant, instead of returning the defective application to Attorney Melchionne, as she

Page 47

did in the plaintiff's situation, rather issued the Eject-
ment Order on that deffective application ferm, just
to satisfy her personal gain, Constitutes a
MALICIOUS act.

Additionally any act by which
the defendant ABANDONED her specified duties in
order that she could issue the Ejectment Order
in 11 minutes to closing time to meet her personal
gain, as alleged, also constitutes A MALICIOUS,
MALUM IN SE act.

The defendant therefore MALICIOUSLY caused
the plaintiff to be thrown out of his home and property
onto the streets, homeless, in the cold Winter, in the
middle of the litigation

The U.S. Magistrate has over-looked all these
kinds of UNPARDONABLE, INCOMPREHENSIBLE wrongs

Page 48

which would, under normal circumstances,
warrant a trial of the action, to rather grant
the Motion For Summary Judgement.

Q5  DISCREPANCY BETWEEN ATTORNEY MELCHIONNES CLAIM
    AND THE DEFENDANT'S CLAIM AS TO WHEN THE EJECTMENT
    ORDER WAS ISSUED PROVES THERE EXIST A DISPUTE
    OVER THE MATERIAL FACTS OF THE CASE

        While Attorney Melchionne claims at
page 2 or paragraph 9 of his Sworn Affidavit that the
Ejectment Order was issued before the Superior Court
even issued the Memorandum Of Decision on the 1st Nov,
2001, implying defendant. issued the Ejectment Order at
the middle of the litigation, the defendant claims
under Oath that the Ejectment Order was issued
on the 2nd Nov, 2001, after the Court issued the
Memorandum Of Decision.

        The U.S. Magistrate, however, over-looked

Page 49

this DISCREPANCY which proved that there exist a DISPUTE over the material facts of the case to warrant a trial of the action.

96 Attorney Melchionne's claim that he filed the application for the Ejectment Order at a day of a court room hearing about pending motions before the hearing even commenced and therefore he applied for an Ejectment Order to enforce a final judgement at the Middle of the Litigation, when there was no final judgement represents a FRAUDULENT, DISHONEST claim especialy in a situation he did not give the opponent any copy of what he was filing, if even such an took place.

                    The U.S. Magistrate, however,
over-looked this FRAUDULENT, DISHONEST act to grant
the Motion For Summary Judgement

Page 50

98. THE MAGISTRATE OVER-LOOKED THE FACT THAT
THE DEFENDANTS ACT BY WHICH DEFENDANT ISSUED
THE EJECTMENT ORDER IN LESS THAN 24 HOURS OF
THE FILING OF THE MEMORANDUM OF DECISION AND
WITHIN 11 MINUTES OF THE FILING OF THE APPLICATION
FOR EJECTMENT ORDER BY WHICH THE PLAINTIFF
WAS DEPRIVED A CHANCE OF RECEIVING A COPY OF
THE MEMORANDUM OF DECISION TO RESPOND TO IT
DEPRIVE THE PLAINTIFF THE DUE PROCESS OF NOTICE

The U.S. Supreme Court set forth
the Due Process requirements for notice in Mallane
Vs Central Hanover Bank and Trust Co., 339 U.S. 306,
70 S. Ct 652, 94 L. Ed. 865 (1950)

The defendants act of issuing the Ejectment
Order in a rush so as to pre-clude the plaintiff
from exercising his appeal rights to achieve their
MALICIOUS, ILL-CONCEIVED motives, as alleged,
constitutes Deprivation Of Due Process Of Notice
As a result of this Deprivation, plaintiff

Page 51

could not exercise his appeal rights against

the Memorandum Of Decision.

Please, see Mullane Vs Central Hanover

Bank and Trust Co. 339 U.S. 306 (1950) at 314

The Magistrate Over-looked this Violation


DEPRIVATION OF PLAINTIFF'S HOME AND PROPERTY IN
VIOLATION OF U.S. CONST. AMEND. XIV, SEC 1


The U.S. Supreme Court holds:

" Under provisions Of the Fourteenth

Amendment that no State Shall deprive any person

Of life, liberty or property without " due process of law"

quoted words require that deprivation of life, liberty or

property by adjudication be preceeded by notice and

opportunity for hearing appropriate to the nature of

the case" Mullane Vs Central Hanover Bank and

Trust Co. 70 S. Ct 652 (1950) at 652 and 656.

Page 52.

The U.S. Magistrate over-looked this deprivation of plaintiff's Constitutional Rights as well.

DEPRIVATION OF EQUAL PROTECTION OF LAWS

Defendants alleged acts deprived the plaintiff the Equal Protection Of Laws as set forth by the U.S. Supreme Court under Monroe Vs Pape, 8 S.ct 473 (1961) at 478

Please, see also Cleveland Board of Education Vs Louder mill, 470 U.S. 532 (1982) at 541

DEFENDANT NOT SHIELDED BY ANY IMMUNITY

The defendants MALICIOUS, MALUM IN SE, DISHONEST act in WANTON dis-regard to any Law that was in her way DOES NOT qualify the defendant for any shield be it Qualify, Judicial

Page 53

or otherwise. Please, see Hope Vs Petzer, 122 S. ct 2508 (2002) at 2515.

Defendants acts, as alleged, were WILLFUL, MALICIOUS, WANTON, DISHONEST acts for a personal gain and therefore subjective

Defendant is therefore not shielded by a QUALIFIED IMMUNITY.

DEFENDANT NOT SHIELDED BY JUDICIAL IMMUNITY

Defendants function for issuing Ejectment Orders is NOT DISCRETIONARY Since defendant performs SPECIFIED duties

According to Blacks Dictionary, 8th Edition a Discretionary act is defined as: A deed involving

Page 54

an act of personal judgement and conscience.

The U.S. Supreme Court holds

"Functional approach to judicial immunity from damages liabilities did not require that absolute immunity be extended to court reporters as being part of judicial function,

Court reporters did not exercise discretionary judgement

To determine whether doctrine of Judicial Immunity applies to officials other than judges, Court determines whether performance of function requires exercise of discretionary judgement" Antoine Vs Byers and Andersen, Inc. 113 S. Ct 2167 (1993) at 2171.

Defendants function as put forth by defendant are SPECIFIED and therefore DOES NOT

Page 55

require any exercise of discretionary Judgement

Hence defendant is NOT shielded by Judicial Immunity and must be made to stand trial to justify her actions.

CONCLUSION

Based upon all the above, it would be discovered that the defendants acts as alleged do not entitle defendant to a Summary Judgement as there exist a DISPUTE over the MATERIAL FACTS of the Case. Additionally Plaintiff's Motion To Join Early defendants is still pending Plaintiff therefore prays this Objection would be granted.

Respectfully Submitted.

BEN. GYASU, P.O. BOX 4314 WTBY, CT 06704.

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State Attorney General, attn: Attorney Daniel Schaeffer, 55 Elm Street, Hartford, CT 06106

Sincerely,

BEN. GYASU

P.O. BOX 4314

WTBY., CT 06704.

5. the officer's signature.

Caution: It is extremely important that Plaintiffs review the Return of Service before filing the documents in court. Sheriffs and constables are human, just like everybody else. If there is an error in the Return itself, or in the way service was made, it's best to correct the error as soon as possible. Otherwise, the case may be subject to a Motion to Dismiss.

### H. Fees for Service

Consult C.G.S. sec. 52-70, 52-261 and 52-261a for allowable fees and expenses officers may charge to make service. In addition, C.G.S. sec. 52-259b addresses obtaining a waiver of fees and costs for indigent clients.

## III. FILING A LAWSUIT IN COURT

### A. Deadline to File Lawsuits in Court: Six Days Before the Return Date

Pursuant to C.G.S. sec. 52-46a, the original Summons, Complaint, Return of Service and **entry fee** must be filed in court, at least *six days* before the return date. This means the documents should be filed in the proper court no later than 4:59 p.m., on the Wednesday before the Tuesday return date. (See Appendix B and C and C.G.S. sec. 51-347 for JD court locations and C.G.S. sec. 51-350 for GA court locations.)

### B. The Clerk's Office

According to Pbs 7SSS, the clerk's office in each courthouse is open to file documents from 9:00 a.m. to 5:00 p.m., Monday through Friday, except for legal holidays. If the clerk's office is not open on the last day a document must be filed, that document may be filed on the next day the clerk's office is open for business. See also C.G.S. sec. 51-59 and 51-347c.

Note that many clerk's offices throughout the state are closed to the public from 1:00 p.m. until 2:30 p.m. and then again from 4:00 p.m. to 5:00 p.m. for most services other than filing documents.

Pbs 7MM states that when a document is **filed** in court, the clerk will enter the time and date on the document. No document is officially filed without this endorsement, also called a court stamp.

### C. Filing Documents

Anyone may file documents in court. Many law offices that have established relationships with sheriffs and constables have no difficulty entrusting those officers with this task. In that situation, the law firm will give the officer a check for the **entry fee** when he or she receives the Summons and Complaint to be served. Pursuant to a new bill, this fee is $185 for cases seeking more than $2,500 in damages. (This new bill amends the