The District Court Of CT
450 Main Street
Hartford, CT 06103
Date: 31st March, 2006

Doc. #: 3:02-CV-01271 (AWT)
BEN. GYADU Vs MAURA O'CONNELL

MOTION TO OPEN AND AMEND JUDGEMENT PURSUANT TO FED. R. CIV. PROCEDURE 59(e)

The U.S. Magistrate entered a hard and VOID Recommended Ruling against the plaintiff

The plaintiff was shocked and confused beyond description about the Ruling which OVER-LOOKED or DIS-REGARDED everything that would have DENIED OUTRIGHT the Motion for Summary Judgement

Consequently

the plaintiff needed time extension to do some research to understand the reasons behind the Magistrates action and file his Objection

Plaintiff therefore requested about fourty two (42) days time extension to file his much needed Objection.

Plaintiff was in the middle of preparing a Motion for Clarification when he received a Court's Order granting him only five (5) days time extension to the 23rd March, 2006 to file his Objection to the Reccommended Ruling.

In the Order that granted the 5 days Extension of Time, the Court added that an attempt was made to contact the plaintiff by teleph-one to notify the plaintiff "that he was only

being given a short extension of time, but there was no answer and no answering machine."

The plaintiff, however, has an answering service on his telephone and therefore does not know what might have gone wrong; the telephone number is: (203) 558-3074.

The plaintiff realized that he must rush to do whatever possible to submit some facts for an objection else he would lose his action painfully to the Magistrate's Recommended Ruling and would not be able to do anything about it, no matter how VOID the Ruling might be and in the process have yet another cycle of an unsuccesful action as a result of MANIFEST INJUSTICE whose effect has made

the pro se appear a nuisance before the Courts, causing him a cycle of Injustices and Sanctions to Keep him away from the Courts, in his quest for Justice through the Courts

The plaintiff rushed and prepared an Objection within the time Constraints and travelled to Hartford Main post Office to mail it on the 23rd Mar. 2006 knowing that, that particular post office closes at 9p.m.

When plaintiff arrived at the post office at about 8'15 p.m. on the 23rd March, 2006, however, he found out that the Office was closed. Plaintiff was told it does not open late as before

Plaintiff therefore did not have a choice but to deposit it in a mail box.

The following week the plaintiff received a notice of the District Court's Order dated the

24th March, 2006, accepting the alleged VOID Recommended Ruling of the U.S. Magistrate while the plaintiff's Objection was enroute to the Court, not even 24 hours hence

As it would clearly be discovered, although the Court granted the Extension of Time through the 23rd March, 2006, the Court did not allow any time at all for documents mailed on the 23rd March, 2006, to reach the Court let alone to allow time for its Consideration before accepting the U.S. Magistrates Recommended Ruling

Rule 29 of the Fed. Practice & Procedure, whose copy is enclosed, states in pertinent part the ff:

"A document is timely filed if it is received by the clerk within the time specified for

filing, or if it is sent to the Clerk through the United States Postal Service by first-class mail (including express or priority mail), postage prepaid, and bears a postmark, other than a commercial postage meter label, showing that the document was mailed on or before the last day for filing; or if it is delivered on or before the last day for filing to a third-party commercial carrier for delivery to the Clerk within 3 calendar days."

From the above it would be discovered that the plaintiff's Objection was not out of time to deprive the plaintiff of its evaluation

Infact under McCarthy Vs Manson, 714 F.2d 234 (2nd Cir. 1983) the Court of Appeals, 2nd Circuit, stated that the District Court Judge, Judge Cabranes, in that case before them exercised Commendable

restraint in allowing the State every opportunity to challenge the magistrate's recommended decision. Even though the objection period had expired, the judge held a hearing in January 1982 to ascertain whether the State fully understood the legal implications of its failure to object to the magistrate's recommended decision."

"Even though the objection period had expired, the judge held a hearing - - -" EMPHASIS added

This implies that even in a situation where the plaintiff's objection was late the District Court Judge could all the same exercise some restraint to allow the filing of the objection for its evaluation especially in considering the fact that the Court states that the filings of pro se litigants are treated liberally

It follows therefore that for the District Court Judge to (i) grant the plaintiff only five (5) days Extension Of Time through the 23rd March, 2006, to file his Objection after the plaintiff asked for about 42 days Extension Of Time (ii) accept the alleged VOID Recommended Decision of the U.S. Magistrate on the 24th March, 2006, less than 24hours after the time allowed to file the Objection had expired on the 23rd March, 2006, without allowing any chance for any Objection mailed on the 21st March, 2006, let alone an Objection mailed on the 23rd March, 2006, to reach the Court, the District Court Judge deprives the pro se plaintiff the filing of his Objection to the Magistrates Recommended Decision in GROSS Violation of Due Process and EQUAL PROTECTION OF LAWS

This is the kind of treatment the plaintiff has been subjected to constantly in his efforts to seek the Courts for Justice, causing the plaintiff to lose his actions UNJUSTLY while leaving him with a bad history that pile up anytime he loses an action UNJUSTLY as such

Plaintiff prays this time the District Court Judge would not over-look the kinds of treatment which have been causing the plaintiff to suffer the on-going cycle of MANIFEST INJUSTICES which all the same have made the plaintiff appear a nuisance who should be deprived of his rights before the Courts and barred the access to the Courts and that the Court would discover outright that for the Court to accept the alleged VOID Recommended Decision on

the 24th March, 2006, less than 24 hours after the dead-line of 23rd March, 2006, for filing the Objection had expired, without allowing anytime at all for any Objection mailed on the 21st March, 2006, let alone documents mailed on the 23rd March, 2006, as the plaintiff did, to reach the Court, the Court has ruled against the plaintiff prematurely and deprived the pro se plaintiff a chance to file his Objection for its evaluation, in violation of Due Process and Equal Protection Of Laws

Consequently, plaintiff prays the District Court Judge would rescind the decision that accepted the alleged VOID Recommended Ruling while the plaintiff's Objection was timely in the mail to the Court and Open the Case to allow an evaluation of the plaintiff's Objection to

Set Aside the alleged VOID Recommended Decision Of the U.S. Magistrate

The U.S. Supreme Court holds the ff:

" The point is straightforward; the Due Process Clause provides that certain substantive rights — Life, Liberty, and property — cannot be deprived except pursuant to Constitutionally adequate procedures. The categories of substance and procedure are distinct. Were the rule otherwise, the clause would be reduced to a mere tautology."

Cleveland Board Of Education Vs James Loudermill, et al 84 L. Ed. 2d 494(1984) at 503

Plaintiff is being denied his action in violation of Due Process and Equal Protection Of Laws.

The U.S. Magistrate Judge has acted in a manner INCONSISTENT with the DUE PROCESS OF LAW to deprive the plaintiff of his action. The Recommended Decision must therefore be Set Aside accordingly.

The following are examples of the Magistrate's actions which must be Set Aside.

A. The plaintiff instituted a Section 1983 action against defendant. Defendant declared under oath that she did not do anything wrong, illegal, or unlawful against the plaintiff. In her defense against the plaintiff's allegation that she ABANDONED her specified duties and CONSPIRED and COLLABORATED with Attorney Melchionne to enable her to issue the

Ejectment Order within the eleven (11) minutes to closing time at 5p.m. that Attorney Melchionne filed the application on the 2nd Nov, 2001, to deprive the plaintiff of his appeal rights as the two planned it, the defendant declared under oath that there were occasions that the application came to her without a court stamp and in those occasions she issues the orders and then file stamp the application form

She concluded that she did not remember how Attorney Melchionne's application came to her and therefore could not tell whether the filing date stamp of 4:49p.m., the 2nd Nov, 2001, on the application form was a court stamp that showed when the application was filed or it was a court stamp that showed when the order was issued

by her after she issued the Order on a form that came to her without a Court Stamp and so had to stamp it after she issued the Ejectment Order

This concocted story that would have made the Magistrate question why the defendant would not stamp an application form at the time. She receives the application form but rather wait until she issues the order and then stamp it, the Magistrate did not question anything and so at the face of this questionable claim which, in itself, would have made the Magistrate hold that there exist a dispute over the material facts of the case and deny the Motion for Summary Judgement accordingly, the U.S. Magistrate Judge did not

The plaintiff submitted a copy of Sec. 3-4

of the CT Practice Book to prove to the U.S. Magistrate Judge that any act of issuing an Ejectment Order on an application form that came to her without a Court Stamp is a violation of the referenced Practice Book, contrary to the defendant's claim that she did not violate anything and that her actions were perfectly legal and lawful, and therefore the defendant's Ejectment Order was ILLEGAL and as a result the plaintiff was Ejected from his home and property at the middle of the Litigation by an ILLEGAL Ejectment Order, whether or not the Ejectment Order was issued on an application form that came to the defendant without a Court Stamp, requiring the defendant to return the application in any of such situations as she did with the plaintiff's application for Execution

Order

The U.S. Magistrate Judge not only over-looked and dis-regarded all these facts but the Magistrate refused the filing ~~othe~~ of Sec. 3-4 of the Ct Practice Book stating that the action is at the federal Court but not at a State Court.

As plaintiff stated above, this is where the action was a Section 1983 action which addresses wrongful actions taken under Color Of State Law

The U.S. Magistrate Judge, after determined that the initial Complaint is the same as the Amended Complaint and therefore the action should fail just as how the District Court Judge dismissed it initially, over-looked and dis-regarded everything that would have proved to the

Magistrate that there exist a DISPUTE over the material facts of the action and therefore the Motion For Summary Judgement should be denied ; nothing the plaintiff did or said or put forth made any difference.

B. The Magistrate stated that the defendant was shielded by Immunity contrary to the U.S. Supreme Court's holdings

The Magistrate over-looked the defendant's Malicious and lawless acts for her personal gain and over-looked the fact that the defendant's specified duties could not be considered as discretionary to warrant her an Immunity.

Please, See Hope Vs Pelzer, 122 S. Ct 2508 (2002) at 2515. Please, See also

Antoine Vs Byers and Anderson, Inc. 113 S.Ct 21

C/ The plaintiff provided an Appendix in Support of his Local Rule 56(a)2 Statement in denying the defendants Local Rule 56(a)1 Statement. The U.S. Magistrate, however, Stated that plaintiff "failed to introduce or refer to any evidence to properly dispute the facts recited by the defendant." Upon that the Magistrate granted the Motion for Summary Judgement, in violation of Due Process and Equal Protection of Laws.

D/ The U.S. Magistrate over-looked the fact that the Case went to judgement on the 2nd Nov., 2001, after the Memorandum Of Decision on the 1st Nov., 2001

and so accepted the wrongful date the defendant put forth as the judgement date, solely for her gain.

CONCLUSION

Based upon all the above, plaintiff prays the Court would reopen the case to allow an evaluation of his Objection to the U.S. Magistrate's Recommended Decision.

The District Court's act which accepted the Magistrate's Recommended Decision on the 24th March, 2006, in less than 24 hours of the dead-line of 23rd March, 2006, allowed for plaintiff to submit his Objection, deprived the pro se plaintiff a chance of submitting his Objection which was mailed on the 23rd March, 2006, and was therefore in the mail, enroute to the Court, when the U.S.

District Court accepted the alleged VOID Recommended Decision, in violation of DUE PROCESS and EQUAL PROTECTION OF LAWS.

Respectfully Submitted

BEN. GYADU,
P.O. BOX 4314,
WATERBURY, CT 06704

## Rule 28. Oral Argument

1. Oral argument should emphasize and clarify the written arguments in the briefs on the merits. Counsel should assume that all Justices have read the briefs before oral argument. Oral argument read from a prepared text is not favored.

2. The petitioner or appellant shall open and may conclude the argument. A cross-writ of certiorari or cross-appeal will be argued with the initial writ of certiorari or appeal as one case in the time allowed for that one case, and the Court will advise the parties who shall open and close.

3. Unless the Court directs otherwise, each side is allowed one-half hour for argument. Counsel is not required to use all the allotted time. Any request for additional time to argue shall be presented by motion under Rule 21 no more than 15 days after the petitioner's or appellant's brief on the merits is filed, and shall set out specifically and concisely why the case cannot be presented within the half-hour limitation. Additional time is rarely accorded.

4. Only one attorney will be heard for each side, except by leave of the Court on motion filed no more than 15 days after the respondent's or appellee's brief on the merits is filed. Any request for divided argument shall be presented by motion under Rule 21 and shall set out specifically and concisely why more than one attorney should be allowed to argue. Divided argument is not favored.

5. Regardless of the number of counsel participating in oral argument, counsel making the opening argument shall present the case fairly and completely and not reserve points of substance for rebuttal.

6. Oral argument will not be allowed on behalf of any party for whom a brief has not been filed.

7. By leave of the Court, and subject to paragraph 4 of this Rule, counsel for an *amicus curiae* whose brief has been filed as provided in Rule 37 may argue orally on the side of a party, with the consent of that party. In the absence of consent, counsel for an *amicus curiae* may seek leave of the Court to argue orally by a motion setting out specifically and concisely why oral argument would provide assistance to the Court not otherwise available. Such a motion will be granted only in the most extraordinary circumstances.

# PART VII. PRACTICE AND PROCEDURE

## Rule 29. Filing and Service of Documents; Special Notifications; Corporate Listing

1. Any document required or permitted to be presented to the Court or to a Justice shall be filed with the Clerk.

2. A document is timely filed if it is received by the Clerk within the time specified for filing; or if it is sent to the Clerk through the United States Postal Service by first-class mail (including express or priority mail), postage prepaid, and bears a postmark, other than a commercial postage meter label, showing that the document was mailed on or before the last day for filing; or if it is delivered on or before the last day for filing to a third-party commercial carrier for delivery to the Clerk within 3 calendar days. If submitted by an inmate confined in an institution, a document is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing and is accompanied by a notarized statement or declaration in compliance with 28 U.S.C. § 1746 setting out the date of deposit and stating that first-class postage has been prepaid. If the postmark is missing or not legible, or if the third-party commercial carrier does not provide the date the document was received by the carrier, the Clerk will require the person who sent the document to submit a notarized statement or declaration in compliance with 28 U.S.C. § 1746 setting out the details of the filing and stating that the filing took place on a particular date within the permitted time.

3. Any document required by these Rules to be served may be served personally, by mail, or by third-party commercial carrier for delivery within 3 calendar days on each party to the proceeding at or before the time of filing. If the document has been prepared as required by Rule 33.1, three copies shall be served on each other party separately represented in the proceeding. If the document has been prepared as required by Rule 33.2, service of a single copy on each other separately represented party suffices. If personal service is made, it shall consist of delivery at the office of the counsel of record, either to counsel or to an employee therein. If service is by mail or third-party commercial carrier, it shall consist of depositing the document with the United States Postal Service, with no less than first-class postage prepaid, or delivery to the carrier for delivery within 3 calendar days, addressed to counsel of record at the proper address. When a party is not represented by counsel, service shall be made on the party, personally, by mail, or by commercial carrier. Ordinarily, service on a party must be by a manner at least as expeditious as the manner used to file the document with the Court.

4. (a) If the United States or any federal department, office, agency, officer, or employee is a party to be served, service shall be made on the Solicitor General of the United States, Room 5614, Department

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State Attorney General, Attn: Attorney Daniel Schaeffer, 55 Elm Str., Hartford, CT 06106

Sincerely,

BEN. GYADU

P.O. BOX 4314

WTBY., CT 06704.