UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BEN GYADU<br>*Plaintiff* | CIVIL NO 3:02-CV-01271 (AWT) |
| v. | |
| MAURA O'CONNELL<br>*Defendant* | April 26, 2006 |

### DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION TO OPEN AND AMEND JUDGMENT

On February 28, 2006, Magistrate Martinez issued a recommended ruling granting the Defendant's motion to summary judgment. That ruling expressly provided that any objections to the recommended ruling were due within 10 days, by March 18, 2006. The pro se Plaintiff then sought an additional 40+ days, more than three times the limit set, to file his objections to the recommended ruling. The Court granted that request in part, giving the Plaintiff another 5 days to file his recommendations. To its credit, the Court went out of its way to attempt to contact the Plaintiff by telephone and inform him that he had not been granted the full extension he sought, but was unable to do so because the Plaintiff apparently had not given the Court his current telephone number.

On March 27, 2006—an additional four days after the extended deadline for objections the Court had set—the Plaintiff still had not filed an objection and the Court adopted the recommended ruling and entered Judgment in the Defendant's favor. The Plaintiff now moves to reopen and amend that judgment. The Court should deny his motion.

As to the timing issue, the Plaintiff claims—relying on Rule 29 of the United States Supreme Court—that the Court was obligated to wait several days after the extended March 23, 2006 deadline for objections to adopt the Magistrate's Recommended Ruling. Of course, that rule does not apply to proceedings before this Court.[1] Moreover, although the Court's ruling adopting the Magistrate's ruling was dated March 24 (one day after the deadline), the ruling was not entered until March 27—four days after the deadline. The Plaintiff's Objection did not arrive until March 28.[2] It was late and the Court was under no obligation to wait for it.

More importantly, the Plaintiff's motion to open and amend the judgment is without merit. Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, L.L.C.*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) The Plaintiff presents nothing that would meet that difficult standard.

The Plaintiff's motion to reopen essentially rehashes the claims he has made several times to this Court and that this Court has rightly rejected. Magistrate

---

[1] Nor would Rule 6(e) of the Federal Rules of Civil Procedure apply, as the Court's order set a specific date rather than requiring the Plaintiff to act "within a prescribed period after the service of a notice or other paper" upon him.
[2] The Plaintiff does not specify the postmark date of the objection he mailed to the Court. The copy he served on the Defendant is postmarked March 27.

2

Martinez's thoughtful decision addresses all of the relevant issues, which are discussed in detail in the Defendant's Memorandum in Support of her Motion for Summary Judgment. Contrary to the Plaintiff's claims, nothing has been overlooked and there is no basis for reopening and amending this Court's judgment

### CONCLUSION

For all of the foregoing reasons, the Defendant requests that the Court deny the Plaintiff's Motion.

                            DEFENDANT

                            MAURA O'CONNELL

                            RICHARD BLUMENTHAL
                            ATTORNEY GENERAL

BY: _____
      Robert J. Deichert
      Assistant Attorney General
      Federal Bar No ct24956
      55 Elm Street
      P.O. Box 120
      Hartford, CT 06141-0120
      Tel: (860) 808-5020
      Fax: (860) 808-5347
      Robert.Deichert@po.state.ct.us

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing Opposition to the Plaintiff's Motion to Open and Amend Judgment was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure by first-class mail, postage prepaid, on this 26th day of April, 2006 to:

Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704

Robert J. Deichert
Assistant Attorney General