FILED

2006 MAY -1 P 4:38
US DISTRICT COURT
HARTFORD CT

The U.S. District Court,
450 Main Street
Hartford, CT 06103
Date: 31st March, 2006

Doc. #: 3:02-CV-01271 (AWT)

BEN. GYASU Vs MAURA O'CONNELL

PLAINTIFFE'S REQUEST TO
SUPPLEMENT. MOTION TO OPEN

DEPRIVATION OF DUE PROCESS & EQUAL PROTECTION OF LAWS

The District Courts action,
which accepted the Magistrates Recommended
Ruling on the 24th March, 2006, less than 24 hours
after the dead-line of 23rd March, 2006, for
filing the Objection had expired, without
allowing any time at all for even documents
mailed on the 21st to the Court let alone documents,
as the Objection, mailed on the 23rd instant to

Page 2

reach the court, accepted the Recommended Decision PREMATURELY and consequently deprived the pro se plaintiff a chance of filing his Objection, in GROSS violation of DUE PROCESS and EQUAL PROTECTION OF LAWS

DEPRIVATION OF DUE PROCESS OF NOTICE

Additionally, for the Court to NOT ONLY mail the notice to the plaintiff on the 28th of March, 2006, four (4) consecutive days after the District Court had accepted the Recommended Decision but also to enter a judgement on that very 24th March, 2006 Decision while its notice had not even been put in the mail let alone been received by the pro se plaintiff to even have some chance to respond to it, the U.S. District Court's action becomes PREJUDICIAL, depriving the pro se plaintiff a chance of filing his Objection

Page 3

in GROSS violation of DUE PROCESS OF NOTICE of the 5TH and the 14TH Amendment as put forth by the U.S. Supreme Court under Mullane Vs Central Hanover Bank and Trust, Co. a copy of the mailing date stamp of 28th March, 2006, is enclosed.

The Supreme Court of U.S. stated:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections and it must afford a reasonable time for those interested to make their appearance." Mullane Vs Central Hanover Bank & Trust, Co. 339 U.S. 306 (1950) at 314

The notice must afford them an opportunity to present their Objections and it must afford a reasonable

Page 4

time for those interested to make their appea-
rance " EMPHASIS added

For the District Court to enter
judgement on a decision <u>before</u> the court
even sent a notice to the pro se plaintiff
about <u>that very decision</u>, the District Court has
not afforded the pro se plaintiff "a notice
reasonably calculated under all the circumstances"
let alone afforded the plaintiff an opportunity
and time for the pro se plaintiff to present
his Objection, depriving the plaintiff the DUE
PROCESS of the 5TH Amendment

Had the District Court afforded the plaintiff a chance to file
his Objection let alone . exercised some restraint
to allow . the pro se plaintiff " every opportunity to
challenge the magistrates recommended decision" as

Page 5

Stated by the U.S. 2nd Circuit Court Of Appeals under McCarthy vs Manson, 714 F. 2d 234 (2nd Cir. 1983) at 235, but not accepted the magistrates recommended decision, in less than 24 hours of the dead-line of 23rd March, 2006, for filing the Objection, as the District Court did, without allowing time for even documents mailed to the court on the 21st March, 2006, for example, to reach the court by the 24th March, 2006, that the court accepted the Recommended Decision let alone allowed time for documents, such as the Objection, mailed to the court on the 23rd March, 2006, to reach the court before issuing the decision on the 24th March, 2006, the District Court's mistake of:

(i) accepting the magistrates recommended decision, in less than 24hrs. of the dead-line for filing the Objection, without allowing any time, of any consideration, for plaintiff's

Page 6

Objection mailed on the 23rd March 2006, to reach the court, (ii) entering a judgement on the decision which accepted the magistrate's recommended decision when the court had not even sent a notice of that very decision, would have been prevented and plaintiff would not have been deprived the filing of his Objection by the district court, as it occured, in violation of DUE PROCESS of Notice of the 5th Amendment as set forth by the U.S. Supreme Court under Mullane Vs Central Hanover Bank and Trust Co., to cause the pro se plaintiff to suffer the on-going consequential damages. Plaintiff prays the Court would open the case

DEPRIVATION OF DUE PROCESS OF NOTICE OF THE 14TH AMENDMENT
The U.S. Supreme Court continued as ff:

Under previsions of the 14TH Amendment that no State shall deprive any person of life, liberty or property without " due process of Law", quoted words

Page 7

require that deprivation of life, liberty or property by adjudication be preceeded by notice and opportunity for hearing appropriate to the nature of the case." Mullane. Vs Central Hanover Bank and Trust, Co., 70 S. Ct 652 (1950) at 652 & 656

For the U.S. District Court to issue an order accepting the alleged VOID recommended decision of the magistrate, in not even 24hours after the dead-line for filing the Objection had expired and therefore without allowing time for any Objection mailed to the court on or about the 23rd March, 2006, dead-line, to reach the court and then while the District Court had not even sent a notice of the order to the pro se plaintiff who was adversely affected by the Order, enter a judgement on the very order whose notice had not

Page 8

been sent to the pro se plaintiff, the district Court deprives the pro se plaintiff the filing of his Objection, in violation of due Process of Notice of the 14th Amendment of the Constitution of the U.S. as put forth by the Supreme Court of the United States under Mullane Vs Central Hanover Bank and Trust, Co.

Had this deprivation not occured, the plaintiff's Objection would have had a chance to reach the Court for its evaluation

The plaintiff therefore prays the district Court would Open the case to give the pro se plaintiff a chance to challenge the Magistrates recommended decision as the U.S. Court Of Appeals, 2nd Circuit, declared the District Court of Ct under McCarthy Vs Manson

Page 9

714 F. 2d 234 (2nd Cir. 1983), did

The 2nd Circuit stated:
"In this case, Judge
Cabranes exercised Commendable restraint
in allowing the State every opportunity to challenge
the magistrate's recommended decision. Even
though the Objection period had expired, the
Judge held a hearing in January 1982 to ascertain
whether the State fully understood the legal
implications of its failure to Object to the magis-
trate's recommended decision."

The U.S. magistrate, after deciding
that the action must fail to follow the course
of the District Court's initial ruling and the
trend of the previous unfavourable rulings
against the pro se plaintiff, regardless, acted in
a manner INCONSISTENT with the DUE PROCESS

Page 10

OF LAW in the evaluation of the complaint
and its resultant pleadings and motions
including the Motion for Summary Judgement in
question which the magistrate granted and
thereby recommended the action be disposed
of by a <u>VOID</u> recommended decision

EXAMPLES OF THE MAGISTRATES ACTIONS IN GROSS VIOLATION OF DUE PROCESS
AND EQUAL PROTECTION OF LAW

1. Pending is plaintiff's Motion To Join
obvious defendants which the pro se plaintiff
omitted as party defendants of the action

As much as the issues of that motion
should have been resolved to make those defendants
respond to the complaint <u>before</u> any consideration
of a Motion for Summary Judgement, the magistrate
after determined that the action should fail,
over-looked and dis-regarded that pending
motion and so at the face of this pending motion

Page 11

granted the Motion for Summary Judgement, in
gross violation of DUE PROCESS and EQUAL
PROTECTION OF LAWS as put forth by the U.S. Supreme Court

The Supreme Court Of U.S. holds the ff:
                    " The point is straight forward :
                        The Due Process clause
provides that certain substantive rights — life,
Liberty, and property — cannot be deprived
except pursuant to Constitutionally adequate
procedures. The categories of substance and
procedure are distinct. Were the rule otherwise,
the clause would be reduced to a mere tautology."
        Cleveland Board Of Educ. Vs James honder-
mill, ET AL, 84 L. Ed. 2d 494 (1984) at 503

B/  MAGISTRATE OVER-LOOKED THE U.S. SUPREME COURT'S
HOLDING OF : " FUNCTIONAL APPROACH TO JUDICIAL

Page 12

IMMUNITY" AS GUIDE LINE FOR DETERMINING WHETHER OR NOT DEFENDANT IS SHIELDED BY ABSOLUTE IMMUNITY

Although the defendant put forth specified functions which showed very clearly that the functions of the defendant for issuing Ejectment Orders are SPECIFIED and therefore <u>not discretionary</u> to warrant her a shield of ABSOLUTE IMMUNITY, the magistrate OVER-LOOKED all that, after making the decision that the complaint is the same as the initial complaint and should therefore fail to follow the course of the district Courts initial dismissal ruling and the trend of the fate of the plaintiff's previous actions

Consequently the magistrate over-looked and dis-regarded the defendants acts of CONSPIRACY

Page 13

and COLLABORATION with Attorney Melchionne,
counsel for the Bella Vista Condos., to have an Ejectment
Order on file before the plaintiff had any chance
of receiving the notice of the Memorandum Of
Decision so that it would be futile for plaintiff
to exercise his appeal rights to attempt to retain
the title of the property upon receiving the
notice of the Memorandum Of decision and at
that juncture the property would belong to
Bella Vista Condos and Attorney Melchionne would
then turn around and use that FRAUDULENT,
UNLAWFUL Ejectment Order to eject the
plaintiff from his home and property as it did
occur as a result of the alleged MALICIOUS and
LAWLESS acts of the defendant and Attorney
Melchionne

Page 14

The U.S. Supreme Court declared:

Functional approach to judicial
immunity from damages liabilities did not
require that absolute immunity be extended
to court reporters as being part of judicial
function; court reporters did not exercise
discretionary judgement

. . . To determine whether doctrine of
judicial immunity applies to officials
other than judges, Court determines whether
performance of function requires exercise of
discretionary judgement"   Antoine Vs Byers and
Anderson, Inc.  113 S. Ct 2167 (1993) at 2171.

At the face of this holding put forth
by the U.S. Supreme Court, the Magistrate, determined
that the action should fail to follow the course

Page 15

of the District Courts' initial dismissal action and the trend of unfavourable rulings against the plaintiff, declared that the defendant was shielded by absolute immunity despite the fact that the defendant, just as court reporters, does not exercise any discretionary judgement in performing the specified duties required of her before an Ejectment Order could be issued and therefore was clearly not shielded by any absolute immunity

CONCLUSION

Based upon all the above, it would be discovered that the plaintiff has been deprived a chance of challenging the alleged VOID recommended ruling in violation of DUE PROCESS OF NOTICE of the 5th and the 14th Amendment of the U.S. Constitution as

Page 16

put forth by the U.S. Supreme Court under
Mullane Vs Central Hanover Bank and Trust, Co.
The Court action is equally in violation
of Equal Protection Of laws.
Plaintiff therefore prays, the case
would be open to consider the Objection to
the magistrate's recommended decision to
prevent the eminent MANIFEST Injustices which
would otherwise be meted upon the prose
plaintiff.

Respectfully Submitted.
BEN. GYASU
P. O. Box 4314
Waterbury, CT 06704

# CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State attorney general, attn: Attny. Daniel Schaeffer, 55 Elm Street, Hartford, CT 06406.

Thank you.

Sincerely,

BEN. GYADU,

P. O. BOX 4314,

Waterbury, CT 06704

US DISTRICT COURT
HARTFORD CT

2006 MAY -1 P 4:39

FILED

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
450 MAIN STREET
HARTFORD, CT 06103

OFFICIAL BUSINESS

HARTFORD CT 061

Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704

06704+0314