The U.S. District Court,
450 Main Street
Hartford, CT 06103
Date: 29th April, 2006

Doc.#: 3:02-CV-01271 (AWT)
BEN. GYADU Vs MAURA O'CONNELL

PLAINTIFF'S OBJECTION TO DEFENDANT'S OPPOSITION TO MOTION TO OPEN.

Based upon the following plaintiff EMPHATICALLY objects to the Opposition to Motion To Open

A. Defendants Opposition To Motion To Open is GROSSLY out of time

The plaintiff filed the Motion To Open on or about the 5th of Apr., 2006.

Defendant did not ask for Extension Of Time

Page 2

nor respond to the Motion To Open until about three (3) consecutive weeks later on the 26th Apr., 2006.

**B    DEFENDANT SUBMITS MIS-LEADING AND VAGUE CLAIMS OR ASSERTIONS FOR A DEFENSE**

B(i)    Defendant opens the defense stating that the alleged VOID recommended ruling was issued on the 28th Febr., 2006

Defendant continued with the ff:

" That ruling expressly provided that any objections to the recommended ruling were due within 10 days, by March 18, 2006."

As it would be discovered defendant seems to be saying that the magistrate's recommended ruling provided that objections were due

Page 3

within ten (10) days from the 28th Febr., 2006.

However, 10 days from the 28th Febr., 2006, is 10th March, 2006 BUT NOT 18th March, 2006 as defendant puts forth in an effort to MIS-LEAD the Court to achieve the desired outcome.

Further, the recommended decision stated the ff: "written objections to proposed findings and recommendations must be filed within ten days after service of same."

The service was made on the 1st April, 2006, according to date stamp at the back of the envelope that contained the notice of the recommended decision.

It follows therefore that ten (10) days after the service is the 10th March, 2006 but not the 18th March, 2006, But not the 18th March, 2006,

Page 4

as Counsel is DECEPTIVELY attempting to put across in support of his defense to MIS-LEAD the court to achieve the desired outcome.

B(ii)]

COUNSEL SOUGHT TO DISCREDIT PLAINTIFF TO TURN THE COURT AGAINST PLAINTIFF TO ACHIEVE THE DESIRED OUTCOME

    Counsel states that the court attempted to contact the plaintiff by telephone "but was unable to do so because the plaintiff apparently had not given the court his current telephone number."

    In the court's Order dated the 14th Mar., '06 which granted the plaintiff's extension of time to file the Objection the court stated the ff:

    "An attempt was made to contact the pro se plaintiff by telephone - - - - - - - - but there was no answer and no answering machine."

Page 5

an attempt was made to contact the pro se plaintiff by telephone . . . . . . . . but there was no answer and no answering machine." EMPHASIS added.

The statement makes it abundantly clear that a working number was reached but nobody picked-up the telephone when it rang and whoever called could not leave a message because there was no answering machine.

As it would therefore be discovered Counsel's claim that the Court attempted to contact the plaintiff by telephone "but was unable to do so because the plaintiff apparently had not given the court his current telephone number" would only apply to a situation where the one making the call reached a <u>non-working</u>

telephone number

In those situations where the caller reached a non-working telephone number, however, the caller would rather receive an answering machine with a recorded message that would tell the caller the current status of that telephone number, i.e. whether the number is dis-connected, changed to a new number etc.

Counsel's claim that the plaintiff changed his number without "given the court his current telephone number", therefore represents nothing but one of those repeated BAD-FAITH filings of the defendant's counsel, intended to make the plaintiff appear a nuisance before the courts to achieve the desired outcome, dis-honestly

B(iii)
## COUNSEL'S REPEATED BAD-FAITH FILINGS

In counsel's

efforts to MIS-LEAD and PREJUDICE the Court to achieve the desired outcome, FRAUDULENTLY, in violation of the demands of GOOD-FAITH pleading, Counsel, having no defense against the plaintiff's reasons for opening the case, has put forth an argument which TOTALLY DIS-REGARDS (i.) the facts upon which the plaintiff sought to open the case even though the opposition was supposed to address the flaws in the argument upon which the plaintiff sought to open the case.

(ii.) the fact that the 24th March, 2006, when the Court accepted the magistrates recommended decision in less than 24 hours after the dead-line for filing the Objection had expired and plaintiff's Objection mailed in less than 24 hours hence to the Court was in the mail, en route to the

Page 8

court, was a Friday, a week-end, and the 27th March, 2006, when the Court entered the judgement was the following Monday and so <u>contrary</u> to Counsel's claims the judgement was essentially entered only a day after the Court accepted the magistrate's recommended decision without even given the plaintiff a chance to receive the notice of the Order which accepted the magistrate's recommended decision let alone a chance to respond to it.

Counsel states the ff: " On March 27, 2006 — an additional four days after the extended dead-line for Objections the Court had set — the Plaintiff still had not filed an Objection and the Court adopted the recommended ruling and entered judgement in the <u>Defendant's</u> favour."

This represents

Page 9

a pattern of the defendants BAD-FAITH pleadings which have been used repeatedly to deprive the plaintiff of Justice due him.

The Court accepted the recommended decision on Friday the 24th March, 2006, and on the following Monday, the 27th March, 2006, entered its judgement and then mailed notices of these two decisions the following day, the 28th March, 2006.

It follows therefore that while the Court had not sent the pro se plaintiff a notice about its Order of 24th March, 2006, which accepted the magistrates recommended decision, in less than 24 hours after the dead-line of 23rd March, 2006, for filing the Objection had expired and the plaintiff's Objection mailed to the Court on the 23rd March, 2006, not even 24 hours hence, was in the mail en route

Page 10

to the Court, the Court entered judgement on the very order whose notice had not even been sent to the pro se plaintiff, depriving the pro se plaintiff the filing of his Objection, in violation of Due Process of Notice of the 5th and the 14th Amendment as put forth by the U.S. Supreme Court under Mullane vs Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct 652, 94 L.Ed. 865 (1950).

The plaintiff sought to open the case as a result of these kinds of actions which deprived the pro se plaintiff the filing of his Objection in gross violation of Due Process and Equal Protection of laws.

Counsel having no defense against the reasons upon which the plaintiff seeks to open

the case but determined to use any means, fair or foul, to deprive the pro se plaintiff the Justice due him states.

On March 27, 2006, – an additional four days after the extended dead-line for objection the Court had set – the Plaintiff still had not filed an objection and the Court adopted the recommended ruling and entered judgement in the Defendant's favour", making it seem as if the Court accepted the recommended decision on the 27th March, 2006, and on that same day, the 27th March, 2006, entered the judgement – The Court DID NOT adopt and enter the judgement concurrently.

This is an ambiguous, deceptive, mis-leading, confusing claim for a defense and must be denied the relief sought.

The District Court accepted the recommended

Page 12

decision on Friday the 24th March, 2006, and on Monday, the 27th March, 2006, the following week, entered the judgement

The District Court gave the plaintiff until the midnight of the 23rd March, 2006, to file his Objection. Plaintiff mailed the Objection at about 8:30 p.m. Per Rule 29 of the Fed. Rules Of Civil Procedure whose copy the plaintiff enclosed in his Motion To Open, the plaintiff's Objection mailed in the night at about 8:30 p.m. to the Court was timely filed.

After depositing the Objection in the mail box that night, the 23rd March, 2006, plaintiff did not have any control whatsoever about how the document reached the Court

And as the plaintiff declared in his Motion

Page 13

To Open, for the fact that the District Court accepted the recommended decision on the 24th March, 2006, less than 24 hours after the dead-line for filing the Objection had expired and for that reason even an Objection mailed at night on the 21st March, 2006, for example, could hardly reach the Court before the Court accepted the recommended decision, as the Court did and so an Objection mailed at night on the 23rd March, 2006, as the plaintiff did, could NEVER reach the Court before the Court accepted the recommended, as the Court did, it therefore follows, as a matter of course, that an Objection mailed at night on Monday, the 27th March, 2006, would not, in any way, reach the Court before the Court accepted the recommended decision, as the Court did.

Therefore, Counsel's defense that "... on

Page 14

March 27, 2006, the plaintiff still had not filed an Objection" is IMMATERIAL

If a document mailed at night on the 21st March, 2006, for example, could hardly reach the Court to stop the Court from accepting the recommended decision, as the Court did, and so an Objection mailed at night on the 23rd March, 2006, could NEVER reach the Court to stop the Court from issuing an order that accepted the recommended decision, as the Court did, then any Objection mailed at night on Monday the 27th March, 2006, could NEVER, as well, have reached the Court to stop the Court from accepting the recommended decision

And for the fact that even if the Objection was out of time the District Court could all the

Page 15

same exercise some restraint to allow the filing of the Objection as was done under McCarthy vs Manson, 714 F. 2d 234 (2nd Cir. 1983), especially in considering the fact that (a) the plaintiff requested about 42 days time extension but was given only 5 days (b) the Court's Order that granted the 5 days Extension of time declared that an attempt was made to contact the plaintiff by telephone to inform him that he was being given only a short time extension but the plaintiff could not be reached, Counsel's claim that "On March 27, 2006, - - - - - - - - the Plaintiff still had not filed an Objection - - - -", should not be a reason to deny the Motion To Open and as a consequence deprive the pro se plaintiff the filing of his Objection to challenge the Magistrates recommended decision which the plaintiff alleges was entered

Page 17

ALLEGED RULE 29 WHOSE COPY WAS ATTACHED TO MOTION TO OPEN APPLIES TO ISSUES IN QUESTION CONTRARY TO COUNSEL'S ARGUMENT PUT FORTH.

Counsel claims that Rule 29, which pertains to how the timing of documents filed by mailing them is determined, does not apply in the case in question because it is a Rule of the U.S. Supreme Court

Counsel, however, could not show or provide any other Rule which Counsel thinks applies to the case in question

Counsel's defense therefore becomes BALD and CONCLUSORY and must be DENIED the relief sought accordingly.

COUNSEL REPEATS THE PATTERN OF DECEPTIVE, MIS-LEADING AND HENCE BAD-FAITH FILINGS

Counsel states that the Motion to Open


as Counsel claims deceptively

Page 19

as Counsel claims deceptively

    Plaintiff moved to Open the case on the grounds that the Court's action which accepted the recommended decision in less than 24 hours after the dead-line for filing the Objection had expired, without allowing any chance nor time for the Objection which was timely mailed to the Court not even 24 hours hence to reach the Court, deprived the pro se plaintiff the filing of his Objection in violation of Due Process and Equal Protection of Laws as Counsel claims deceptively

    Counsel in his desperation and ambition to use any means fair or foul to achieve the outcome desired declares that the plaintiff's grounds for Opening the case, as alleged, is a re-hash of claims the plaintiff has made several times to this Court and that this Court has

rightly rejected" when counsel knows that nothing of such argument existed previously and even the Motion to Open is yet to be evaluated or considered by the Court.

These kinds of MALICIOUS and BAD-FAITH filings counsel continues to present or submit them for a defense because such filings, as the Motion for Summary Judgement, help counsel to achieve the desired outcome at the face of plaintiff's EMPHATIC Objections and motions for Sanctions

Plaintiff prays the Court would not allow these kinds of DISHONEST acts to continue, perpetually and cause the plaintiff the on-going resultant cycle of MANIFEST Injustices whose effect all the same makes the pro se

Page 21

plaintiff appear a nuisance before the Courts who should be deprived his rights before the Courts and be sanctioned to discourage him from seeking the Courts when he is wronged, no matter how grievous the wrong, as the one in question by which the plaintiff has lost his home and property to a DELIBERATE, CALCULATED LAWLESS act, might be.

CONCLUSION

Based upon all the above the plaintiff prays Counsels Opposition dated the 26th April, 2006, would be DENIED forthwith and the relief sought would also be denied accordingly.

Respectfully Submitted.

BEN· GYASU (Pro Se.),
P.O. BOX 4314,
Waterbury, CT 06704

# CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State Attorney General, attn: Attorney Daniel Schaeffer, 55 Elm Street, Hartford, CT 06106.

Sincerely,

BEN. GYADU (self:)
P.O. BOX 4314,
WATERBURY, CT 06704