FILED
2006 JUN -9 P 4:59
US DISTRICT COURT
HARTFORD CT

The U.S. District Court,
450 Main Street,
Hartford, CT 06103

Date: 7th June, 2006

Doc. #: 3:02-CV-01271 (AWT)

BEN. GYADU Vs MANRA O'CONNELL

MOTION FOR CLARIFICATION

The Court states the following on Ruling Dated 25th May'06

" After considering the arguments made by the plaintiff in the papers filed since the Court's review of the recommended ruling, the Court concludes

Page 3

Motion For Summary Judgement and the U.S. Magistrate's action which granted the Motion For Summary Judgement and thereby declared that there was no dispute over the material facts of the case.

In order to clarify why plaintiff is confused about the court's statement as put forth and therefore needs CLARIFICATION of the court's action, plaintiff puts forth the ff:

A. COURT'S STATEMENT GROSSLY CONTRADICTS THE COURT'S PREVIOUS HOLDING

The Court

Page 4

initially dismissed the action on the grounds that defendant was shielded by Immunity.

The Court opened the case only after the Court reviewed the U.S Supreme Court's holdings under (a) Hope Vs Pelzer, 122 S. Ct 2508 (2002) at 2515 and decided that the defendants' MALICIOUS acts, in WANTON dis-regard to every law in her way to achieve her goal to satisfy her personal gain, are subjective and therefore defendant is not shielded by Qualified Immunity (b) Antoine Vs Byers

Page 5

and Anderson, Inc. 113 S. Ct 2167 (1993) at 2171 and decided that the defendants function does not require any exercise of discretionary judgement and therefore defendant is not shielded by absolute Immunity or Judicial Immunity.

If after the U.S. District Court sets aside the initial dismissal judgement on the grounds that the defendant is not shielded by any immunity, be it qualified or absolute immunity, as the court initially held and upon that dismissed

Page 6

the action, the U.S. District Court now declares that the plaintiff's argument against the U.S. Magistrate's holding that the defendant is shielded by Qualified and Absolute Immunity, lacks merit, the U.S. District Court is now stating that the defendant is protected by Immunity CONTRARY to the Court's holding upon which the Court opened the case after the Court initially dismissed the action

It follows therefore that while the Court, on one hand, holds that the defendant

Page 7

is not shielded by any Immunity, the Court on the other hand holds that the defendant is shielded by Immunity, CONTRARY to the U.S. Supreme Court's holdings upon which the Court opened the case after the Court initially dismissed the action on the grounds that the defendant is shielded by Immunity

As it would clearly be discovered the pro se plaintiff is confronted with CONTRADICTIONS and INCONSISTENCIES which make it extremely difficult to understand the Ruling especially in considering

Page 8

the fact that the Court only stated that the plaintiff's arguments lack merit without any clarification as to why.

Plaintiff should therefore be grateful if the Court would clarify its decision to enable the plaintiff to take an appropriate action of the Ruling.

B. COURT'S DECISION IN CONFLICT WITH U.S. SUPREME COURT'S HOLDING

For the U.S. District Court to declare that the plaintiff's argument lacks merit when the argument is that

Page 9

per the U.S. Supreme Court's holding under Antoine Vs Byers and Anderson, Inc. 113 S.Ct 2167 (1993) at 2171, the defendant, whose function is not part of judicial function and does not exercise discretionary judgement in the performance of her specified function, is not shielded by Absolute Immunity, the U.S. district court's decision CONFLICTS with the Supreme court's holding

For the U.S. District Court to state that the plaintiff's argument, in opposition to the U.S. Magistrate's decision

Page 10

which declares that the defendant is protected by Absolute Immunity, contrary to the U.S. Supreme Court's holding, lacks merit; the plaintiff would be grateful if the Court would let the pro se plaintiff understand what he might be doing wrong to prevent any possible repeatition of any such mistake in the near future.

C/ Motion To Join Obvious Defendants Who Were Omitted Is Still Pending When Infact The Issues Of That Motion Should Have Been Resolved Before Any Consideration Of The Motion For Summary Judgement.

For the U.S. District

Page 11

Court to declare that the plaintiff's argument that the issues of the Motion To Join Obvious defendants should have been resolved before any consideration of the Motion For Summary Judgement and therefore the Recommended Ruling was PREMATURE and must be set Aside accordingly to allow a resolution of that Motion To Join The Obvious defendants, lacks merit, the plaintiff should be grateful if the Court would let the plaintiff understand why the plaintiff's argument lacks merit.

Page 12

D. The U.S. Magistrate Granted Motion For Summary Judgement Stating Plaintiff Did Not Provide Any Evidence In Support Of His Objection When Plaintiff Did Just That By Providing An Appendix To The Objection

For the U.S. District Court to state that the plaintiff's argument that he provided an Evidence in the Appendix Of his Objection, lacks merit, the plaintiff would be grateful if the Court would let the plaintiff understand what he might be doing wrong

E. Plaintiff Provided A Copy Of A Mandate Of The 2nd Circuit To Prove That Superior Court Of Ct Did Not Have Jurisdiction Of The Action

Page 13

To Grant The Motion To Open And Set New Law Days But The U.S. District Court Declares This Doing Lacks Merit.

Plaintiff should be grateful if the Court would clarify why the Court declares that the plaintiff's argument that the State Court lacked Jurisdiction To Open The Case and Set New Law Days lacks merit at the face of the Copy of the 2nd Circuits Mandate.

## CONCLUSION

Based upon all the above, the plaintiff

Page 14

should be grateful if the Court would clarify its decision that the plaintiff's arguments in opposition to the Recommended Ruling lack merit.

Respectfully Submitted

Ben. Gyadu

P.O. Box 4314

Waterbury, CT 06704.

## CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the State Attorney General, Attn: Attorney D. Schaeffer, 55 Elm Street, Hartford, CT 06106

Sincerely,

Ben Gyadu,

P.O. Box 4314,

Waterbury, CT 06704



01mc-123; 01mc-366
Garfinkel, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of April two thousand and two,

Present:

    Hon. James L. Oakes,
    Hon. Dennis Jacobs,
    Hon. Guido Calabresi,
                   *Circuit Judges.*



Bella Vista Condos,

        Plaintiff-Appellee,

v.                                          01-7855

Benjamin F. Gyadu,

        Respondent-Appellant.

Appellant has filed, *pro se*, motions seeking appointment of counsel and to consolidate his appeals. Upon due consideration, it is hereby ORDERED that the motion for appointment of counsel is denied because appellant has not made a showing of likely merit, *see* Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989), and it is FURTHER ORDERED that the appeal is dismissed because the appeal lacks an arguable basis in fact or law. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e)(2). It is FURTHER ORDERED that appellant's motion to consolidate appeals is denied as moot because both appeals, from the orders in the district court actions docketed in the court under 01mc-123 and 01mc-366, were docketed in this Court under 01-7855.

On December 10, 1999, this Court issued a leave-to-file sanction order against appellant. *See* Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591-92 (2d Cir. 1999). While such order did not apply to appeals filed by appellant "from a judgment rendered against [appellant] as a defendant," it is ORDERED that such leave-to-file sanction order is hereby amended to apply to any appeal filed, after the date of issuance of this order, in this Court where appellant initiated the federal court action. The leave-to-file sanction order therefore applies, but is not limited, to actions where, as here, appellant has initiated the federal court action by removing to a federal court a state court action in which he is a named defendant. In all other respects, the December 10, 1999 leave-to-file sanction order shall

A TRUE COPY
APR 18 2002 Roseann B. MacKechnie, CLERK
        by _____

— ISSUED AS MANDATE: 4/18/02 —