The U.S. District Court,

450 Main Street,

Hartford, CT O6103

Date: 17th June, 2006

Doc. # : 3: O2 - CV - O1271 (AWT)

BEN. GYADU Vs MAHRA O'CONNELL

MOTION TO RE-CONSIDER DENIAL OF MOTION
FOR EXTENSION OF TIME DATED 7th JUNE, 2006

        In denying the plaintiff's
Motion For Extension Of Time to get needed
exhibits in support Of Motion For Re-Conside-
ration to review the courts action which
accepted the Magistrate's Decision, the U.S.
District Court States in pertinent part the ff:

"The plaintiff has had more than

Page 2

a fair opportunity – even for a pro se plaintiff –
to submit exhibits for the Court's consideration
and a failure to submit any material
exhibit that has continued to this point in
time would constitute not only a lack of
diligence but inexcusable neglect, so the
plaintiff's motion is being denied."

Plaintiff apologizes for any
inconveniences or problems his filings might
have caused.

However the U.S. Magistra-
tes Decision, which granted the Motion for
Summary Judgement on the grounds that the
plaintiff "failed to introduce or refer to any
evidence to properly dispute the facts" without
any explanation as to why after plaintiff has

Page 3

introduced evidences in the Appendix plus
                                        without any explanation
the Magistrates Decision which accepted
the defendants' claim that the Superior Court
had jurisdiction of the action to grant the
Motion To Open and Set New Law Days after
the plaintiff had submitted a copy of the Mandate
from the 2nd Circuit to prove that the Superior
                        to Grant Motion to Open and Set New Law Days
Court lacked jurisdiction, plus the Magistrates
Decision which, without any explanation,
                                      wrongful
accepted the defendants claim that the case
went to judgement on the 6th Aug., 2001, as
provided on the application for Ejectment Order
when, as plaintiff pointed out, Exhibit 5 of the
very defendants Memorandum points out that
the case went to judgement on the 2nd Nov., 2001,
after the Superior Court issued the Memorandum
of Decision dated the 1st Nov., 2001, not only

Page 4

makes it extremely difficult, if not impossible, to understand the Courts action to know what exhibits to introduce and if even he had not already introduced the needed exhibits but the Magistrate's action makes it seem it is hopeless, for a pro se litigant to pursue an action to win justice, without risking a chance of sanctions and futile

This is not to mention the fact that the Magistrate declared that the defendants SPECIFIED function as put forth or enumerated by the defendant, is discretionary entitling the defendant to Absolute or Judicial Immunity, CONTRARY to the U.S. Supreme Courts holdings.

Additionally, pending is plaintiff's Motion To Join Obvious Defendants

Page 5

whose issues should have been resolved before any consideration of the Motion for Summary Judgement

In the Magistrates Decision, the Magistrate did not make any mention of the Motion To Join the Obvious defendants. It is as if nothing of such even existed; nothing the plaintiff did made any difference.

At page 2 of the plaintiffs Emphatic Objection dated the 25th Apr., 2005 the plaintiff quoted Section 49-15 of the CT Gen. Statute Annotated whose provisions made it futile for plaintiff to exercise his appeal rights after an absolute title had been entered upon the property for the opponent Bella Vista Condos.

At page 8 of the Magistrates Decision,

Page 6

however, the Magistrate states: The plaintiff has not submitted any evidence in oposition to the the defendants Motion for Summary Judgement which would support this theory.

As it would be discovered the plaintiff submitted evidences in support of his Objection while the Magistrate declared that the plaintiff did not and so granted the Summary Judgement on the grounds that the plaintiff did not submit supporting evidences. Plaintiff did not know what else to do, nothing made any difference. Consequently the plaintiff decided to seek Clarification of the Magistrates decision before he files his Objection and so moved for about 42 days Extension of Time.

The U.S. District Court, however, granted

Page 7

only 5 days while plaintiff was in the middle
of preparing the Motion For Clarification.

Plaintiff had to abandon the
Motion For Clarification and prepare in a
rush the Objection to the Recommended
decision before the U.S. District Court accepted
the Recommended Decision without any Objection
from the plaintiff

This implied the plaintiff
prepared the Objection in a vacuum without
understanding the Magistrate's action which he
was Objecting to.

Plaintiff mailed the Objection
on the 23rd March, 2006 or on the dead-line of 23rd
March, 2006, for filing the Objection

It was not even 24 hours after the dead-line

Page 8

for filing the Objection had expired (ii) the plaintiff had timely mailed the Objection to the Clerks Office on the 23rd March, 2006, and therefore the Objection was in the mail en-route to the Clerks' Office before the district court entered the Order dated the 24th March, 2006, accepting the Magistrates Recommended Decision, to the utter shock and surprise of the pro se plaintiff

The pro se plaintiff realized that he was "spinning his wheels" in attempting to obtain justice through the courts pro se, without funds for Counsel

However, for the fact that :
(i) there is no other way to legally seek a redress of wrongs than the courts (ii) the

Page 9

alleged wrongs have caused the plaintiff
UNIMAGINABLE IRREPARABLE DAMAGES
(iii)     the alleged wrongs have
caused the plaintiff to LAWLESSLY lose not
only his home and property but also $20,000
downpayment which he got from savings & working two and even
three jobs on some occasions while going to
School, the plaintiff could not abandon the case

Because nothing the plaintiff did,
made any difference, plaintiff decided to get (a)
the files of his previous actions from the archives
and look for evidences that he could use to support
his Motion for Re-consideration (b) go to the 2nd
circuit and get a sealed copy of the Mandate
since the copy the plaintiff submitted was not
considered as a proof that, at least, there exist

Page 10

a dispute over the defendants' claim that the Superior Court had jurisdiction of the action to grant the Motion To Open and Set New Law Days.

Because plaintiff needed time in order to get the evidences as described, the plaintiff had to ask for an Extension Of Time

The District Court, denied the Motion on the grounds that the plaintiff failed to submit material exhibits in every pleading in opposition to the Motion For Summary Judgement that has been reviewed and that "a failure to submit any material exhibit that has continued to this point in time would constitute not only a lack of diligence but inexcusable neglect"

As plaintiff declared above,

Page 11

he did submit material exhibits and that was why the plaintiff was shocked and confused about (a) the Magistrates Recommended Ruling which only stated that the plaintiff did not submit any evidence without providing any clarification as to why after the plaintiff submitted the material exhibits in the Appendix (b) the District Courts decision which declared, without any clarification, that the plaintiff's arguments in opposition to the Magistrate's Recommended Decision and the defendants Motion For Summary Judge- ment, lack merit and so the plaintiff filed the "Motion For Clarification" dated the 7th June, 2006 which was also denied

Infact it is because the plaintiff submitted (a copy of a Mandate of the

Page 12.

2nd Circuit, a material exhibit, which proves that the Superior Court DID NOT have jurisdiction of the action when it granted the Motion To Open and Set New Law Days and therefore there exist a DISPUTE over the material facts of the Case, CONTRARY to the defendants argument for the Motion For Summary Judgement but the Magistrate's Recommended Decision over-looked that material exhibit and the District' Courts Decision DID NOT, as well, give any credit to that material exhibit, making it seem as if it was not Valid, So the plaintiff moved f or the Extension Of Time dated the 4th June, 2006, to give the plaintiff some time to travel down to the 2nd Circuit, to obtain a Sealed copy of the Mandate which plaintiff thought would, at that juncture, be recognised as a VALID document to DENY the

Page 13

Motion For Summary Judgement and send the case to trial.

As it would clearly be discovered, the plaintiff has prosecuted his action DILIGENTLY and if there is any neglect at all for introducing any material exhibits after the plaintiff submitted exhibits that he thought were material to his arguments then such a failure is excusable especially in considering the fact that the Courts' Rulings either over-look those material exhibits or do not clarify the decision to enable the pro se plaintiff to know what is expected of him so he can submit the material exhibits needed.

CONCLUSION

Based upon all the above, plaintiff prays

Page 14

this Motion would be granted and give the plaintiff <u>a chance</u> to file his Motion for Re-Consideration and prevent any MANIFEST Injustices which would otherwise be meted upon the pro se plaintiff as a consequence.

Again, plaintiff apologizes for any inconveniences or problems his filings might have caused. Plaintiff needs to file the Motion for Review.

Respectfully Submitted

BEN.    GYADU,

P. O. BOX 4314,

Waterbury, CT 06704

## CERTIFICATION

This is to certify that a copy of the fore-going
was mailed to the State Attorney General,
attn: Attorney Daniel Schaeffer, 55 Elm Str.,
Hartford, CT 06106

Thank you.

Sincerely,

BEN. G YADU,

P.O. BOX 4314,

WATERBURY, CT 06704