The U.S. District Court,

450 Main Street,

Hartford, CT 06103

Date; 3rd July, 2006

Doc.#; 3:02-CV-01271 (AWT)

BEN. GYASU Vs MAURA O'CONNELL.

MOTION TO RE-CONSIDER DENIAL OF MOTION FOR EXTENSION OF TIME DATED THE 22ND JUNE, 2006

The plaintiff finds it Imperative and crucial to seek the courts review of its order dated the 27th June, 2006 so that the court could determine if the plaintiff's Motion for Extension Of Time should have been denied as the court did In denying the plaintiff's Motion

Page 2.

For Extension Of Time as most the Court
states. "The plaintiff's motion for reconsi-
deration was filed on June 23, 2006 and
denied on June 26, 2006."

The plaintiff's Motion For Reconsi-
deration sought a review Of the Courts Order
which denied the Motion For Extension Of Time
dated the 7th June, 2006.

And therefore since the purpose of the Motion For
Extension Of Time dated the 7th June, 2006
is different from the purpose of the Motion
For Extension Of Time dated the 22nd June, the
two motions are different

Plaintiff therefore prays this Motion
would receive a favourable consideration

Page 3

Plaintiff has enclosed herewith copies of the Motion For Extension Of Time dated the 7th June and the one dated the 22nd June, 2006 for any convenient reference that might be needed.

Plaintiff finds it Imperative and Crucial to seek the district Courts review Of its order which accepted the Magistrates Recommended Decision

The Magistrate acted in a manner Inconsistent with the due Process Of law

Hence the Re-Commended Decision is VOID and must be Set Aside accordingly

Plaintiff Strongly believes that once the district Court allows the plaintiff a chance to file the Motion For Re-Consideration

Page 4

and the court critically reviews the facts
of the motion, the District Court would
rescind its decision and set aside the
Recommended Decision accordingly without
any need to file any appeal

However the plaintiff does not
want to find himself losing any chance
to pursue any appeal he might need due to
statutory time limitation requirements, should
the District decide not to allow the plaintiff a
chance
to file one

The pro se plaintiff does
not want to lose any filing which he could have
pursued for a better understanding of the complaint
to bring about a fair and just decision of the
action
Consequently the plaintiff prays

Page 5

This motion would receive a favourable consideration and in addition he would be given a chance to file a Motion To Re-Consider so that the District Court would review its decision which accepted the Magistrates alleged VOID recommended decision.

Because the District Court dismissed the action initially and plaintiff's previous actions have been disposed of for one reason or the other before trial, the Magistrate over-looked all the facts of the Complaint just to enter a Ruling which conforms with the previous unfavourable rulings

For example, the Magistrate GROSSLY MIS-INTERPRETED the Complaint to declare that the defendant is entitled to judicial or absolute immunity and then cited a case law

Exhibit A

The U.S. District Court,

450 Main Street,

Hartford, CT 06103

Date: 22nd June, 2006

Doc. # : 3.02-CV-01271 (AWT)
BEN. GYABU Vs MAURA O'CONNELL

## MOTION FOR EXTENSION OF TIME

Pending a resolution of

plaintiff's Motion For Re-consideration

which plaintiff is requesting that he be

given a chance to file, plaintiff

moves for Extension Of Time to file a

Page 2

Notice Of Appeal so that in the

event the Court denies the plaintiff a

chance to file the CRITICAL Motion

For Re-Consideration, the plaintiff

would not run into any Statutory time

limitation problems to file a Notice

Of Appeal.

Plaintiff strongly

believes that the Court would discover,

upon a CRITICAL review of its decision,

that the defendant is not entitled to

a waiver of a trial by granting the

Motion For Summary Judgement. Plaintiff

Page 3

therefore prays the Court would give the plaintiff a chance to file his much needed Motion For Review to prove to the Court that the case must go to a trial

However, for fear of losing a chance to file a Notice Of Appeal should the Court decide not give the plaintiff a chance to file his Motion For Re-Consideration, the plaintiff finds it CRUCIAL to file this motion so that he would not run into any Statutory time limitation problems

Page 4

and lose a chance to file a Notice

of Appeal.

Plaintiff prays for a faveura-

ble consideration.

Respectfully Submitted

BEN. GYASU,

P. O. BOX 4314,

Waterbury, CT 06704

The U.S. District Court,

450 Main Street        ,

Hartford, CT 06103

Date: 7th June, 2006.


Doc.#: 3:02-CV-01271 (AWT)

BEN. GYADU Vs MAURA O'CONNELL


MOTION FOR EXTENSION OF TIME

        Plaintiff needs <u>critically</u>
an Extension Of Time to get <u>needed Exhibits</u>
in support of his Motion for Re-consideration
for the Court to review its decision

        The Court rules that the

Page 2

plaintiff's arguments in opposition to the
Motion for Summary Judgement are
without merit, to the utmost shock
and surprise of plaintiff.

Consequently the plaintiff finds
it CRITICAL and IMPERATIVE to
file a Motion for Re-consideration with
needed supporting documents for the Court
to review its decision and determine (i)
if the Court did not over-look anything
(ii)
and if the Court action does not subject
the plaintiff to MANIFEST Injustice and (iii)

Page 3

there is not a need to correct a clear ERROR OF LAW.

## CONCLUSION

Based upon the above plaintiff prays for a favourable Consideration so that the plaintiff could file his Motion For Re-consideration with the needed Exhibits for the Courts review of its Ruling.


Respectfully Submitted

Ben. Gyadu,

P.O. Box 4314,

Waterbury, CT 06704

# CERTIFICATION

This is to certify that a copy of the fore-going
was mailed to the State Attorney General,
attn: Attorney Daniel Schaeffer, 55 Elm
Street, Hartford, CT 06106

Thank you.

Sincerely,

BEN. GYASU,

P. O. Box 4314,

Waterbury, CT 06704