The U.S. District Court,

450 Main Street,

Hartford, CT 06103

Date: 27th July, 2006

Doc. #: 3:02-CV-01271 (AWT)
BEN. GYASU Vs MAURA O'CONNELL

## MOTION FOR A STAY

In an effort to be given a chance to file a much needed motion for Review of the Order which accepted the Magistrates Recommended decision while preserving the plaintiff's right to appeal

Page 2

Should the Court decide Otherwise, the plaintiff moves for a Stay of any appeal proceedings pending a resolution of the CRUCIAL Motion For Re-consideration should the Court decide to give the pro se plaintiff a chance to file one as plaintiff has been pleading for so as to prove to the Court that the defendant's LAWLESS acts, as alleged, must be tried for the defendant to defend the alleged MALICIOUS, LAWLESS acts without granting the defendant a Summary Judgement and in the process leave the

Page 3

defendants MALICIOUS, MALUM IN SE, LAWLESS acts unprosecuted to continue to cause innocent people CONSEQUENTIAL damages of her MIS-CONDUCT under the color of State law.

Plaintiff would like the Court to determine if the defendant did not rush to issue the Ejectment Order to preclude the plaintiff from exercising his appeal rights to retain the title of his property upon receiving the notice of the Memorandum of Decision so that at that juncture the property would belong to

Page 4

Bella Vista Condos and therefore as fraudulent as the Ejectment Order was, Attorney Melchiorre could all the same use it to eject the plaintiff, as it did occur

(b) determine if the defendant's Motion for Summary Judgement was not intended to conceal the facts and cover-up the truth with CONCOCTED stories, LIES, CONTRADICTORY claims, as those put forth by the defendant at page 6 of the sworn affidavit, so as to MIS-LEAD and PRE-JUDICE the Court to achieve the desired outcome and avoid any prosecution of the alleged MALICIOUS, LAWLESS acts

Page 5

For example, while defendant declares under page 6 of the sworn affidavit that the plaintiff did not have any appeal rights against the Memorandum Of Decision, the trial Court held otherwise. Please, see the enclosed copy of the Motion For Extension Of Time to appeal which was granted by the trial Court. However by that time, plaintiff had been ejected by that FRAUDULENT Ejectment Order ten (10) days hence and therefore it was futile for plaintiff to exercise his appeal rights to attempt to retain the title.

When plaintiff moved to Open the Case, the Court by Hon. Holzberg denied the plaintiff's fee-waiver

Page 6

on the grounds that judgement had been executed already and therefore it was futile for plaintiff to attempt to exercise his appeal rights to retain the title of the property

Defendant states at page 6 of the Sworn Affidavit the ff:

"there was no period of time or waiting period required by law following issuance of the Memorandum Of decision of Nov 7, 2001, before the execution could issue and no legal bar to issuing it"

As it would clearly be discovered, the plaintiff was deprived of his appeal rights by the defendants MALICIOUS, LAWLESS acts and lost his

Page 7

home and property as a result

Additionally, the defendant's FRAUDULENT, LAWLESS acts deprive the plaintiff a Due Process of Notice as declared by the U.S. Supreme Court under Mullane vs Central Hanover Bank & Trust Co. 70 S. Ct 652 (1950) at 657

Under the Endorsement Order 134, the Court states the ff:
The plaintiff had the burden of producing evidence showing that there was a genuine issue for trial. He failed to do so, and the defendant was accordingly

Page 8

entitled to Summary judgement."

Plaintiff would like to prove, beyond any reasonable doubt, that:

(a) The defendants Motion For Summary Judgement was all LIES, DECEPTION, CONCOCTED CLAIMS and STORIES and hence a BAD-FAITH defense intended to MIS-LEAD and PREJUDICE the court to achieve the goal sought, as it did occur, and that without that BAD-FAITH defense, i.e. the LIES and FRAUDULENT maneuvres, the court would NEVER have stated that " the defendant met her initial

Page 9

burden at the Summary judgement stage"

b) There is a genuine issue for a trial

Plaintiff should therefore be very grateful if he is given a chance to file the much needed CRUCIAL Motion For A Review of the Court's Order which accepted the Magistrate's Recommended Decision

## CONCLUSION

Based upon all the above plaintiff prays he would be given a chance to file the CRUCIAL Motion For A Review and that the

Page 10

Court would stay any appeal proceedings to allow the filing and an evaluation of the alleged much needed CRUCIAL Motion For A Review should the Court gratefully gives the pro se plaintiff a chance to file it

Respectfully Submitted

BEN. GYASU,

P.O. BOX 4314,

WATERBURY, CT 06704