The U.S. District Court,

450 Main Street,

Hartford, CT 06103.

Date: 31st Aug., 2006

Doc.#: 3:02-CV-01271 (AWT)

BEN. GYADU Vs MAURA O'CONNELL

## MOTION FOR ORDER

Per the Courts order dated the 17th of Aug., 2006, which denied the plaintiff any chance of filing a Motion for a review of the Courts' Order which accepted the Magistrates Recommended Decision, granting the alleged FRAUDULENT Motion for Summary Judgement of the defendant plus the Courts previous order which denied the plaintiff's Motion for Extension of Time to file a Notice of Appeal stating that the plaintiff does

Page 2

not need an Extension Of Time to file a notice
of appeal because it is a simple process
and thus over-looked the fact that the
plaintiff needs an Extension Of Time to be able
to file a notice of Appeal if the notice of
Appeal was not filed within the required
period Of time, the Court has virtually blocked
every chance the plaintiff could have in
pursuit of his action

         Consequently the pro se plaintiff does
not know what to do or which papers or
pleadings he should file in pursuit of his
action for Justice due, without risking any
chance of sanctions as evidenced in the Courts
Order dated the 17th Aug, 2006, where the Court
barred the plaintiff's chance of filing motions

Page 3

for re-consideration stating: "The Court
has ruled on all motions filed by the plaintiff,
including multiple motions for re-consideration,
and the plaintiff will not be permitted to file
any additional motion for re-consideration."


Since the plaintiff cannot abandon
his action mid-stream at the face of the
defendants LAWLESS acts which have caused the
plaintiff not only to lose his home and property
but also all kinds of problems and Irreparable
damages, SHAME, DISGRACE, loss of DIGNITY and RESPECT
and does not want to find himself sanctioned
to complicate the problems he already has as a result
of a bad history of unsuccessful actions and respective
sanctions whose effect has caused the plaintiff all

Page 4

the on-going cycle of problems of MANIFEST
INJUSTICES in violation of plaintiff's right to a
DUE PROCESS and EQUAL PROTECTION OF LAWS,
without which the defendant could not CONSPIRE
and COLLABORATE with Counsel for Bella Vista Condos.
and ABANDON her SPECIFIED duties to ^enable her to issue
a LAWLESS, FRAUDULENT Ejectment Order, under
color of state law, just to assist counsel for
Bella Vista Condos to LAWLESSLY deprive the plaintiff
of his home and property, and then get a Summary
Judgement to dispose of an action that was brought
against such a LAWLESS, MALICIOUS Act, the pro se
plaintiff does not have any rational alternative
to pursue his action and avoid sanctions than
to move for an Order that would enable the
plaintiff to pursue his action without any fear
of sanctions, especially in the situation where

Page 5

any notice of appeal without a Court Order would, Sua Sponte, be dismissed as untimely and thus it would be futile to file any notice of appeal without a Court Order.

The U.S. Supreme Court stated the following under Patsy Vs Florida Board Of Regents

A second theme in the debates further suggests that the 1871 Congress would not have wanted to impose an exhaustion requirement. A major factor motivating the expansion of federal jurisdiction through Sec. 1 and 2 of the bill was the belief of the 1871 Congress that the State authorities had been unable or unwilling to protect the constitutional rights of individuals or to punish those who violated these rights. The State

Page 6

authorities and Local Courts are unable or unwilling to check the evil or punish the criminals." Please, see Patsy Vs Florida Board Of Regents 457 U.S. at 505

The U.S. Supreme Court stated the following about the Legislative history of Sec. 1983 "It is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because by reason of prejudice, passion, neglect, intolerance or otherwise, State Laws might not be enforced and the claims of Citizens to the enjoyment of rights, priviledges and immunities guaranteed by the Fourteenth Amendment might be denied by the State agencies." Please, see Monroe Vs Pape 365 U.S. 167 (1961) at 180

Page 7

The plaintiff instituted the action in question at the federal court after realizing from the Supreme Courts holdings that he could hardly have any success of the action against the defendant at the State Courts

The pro se plaintiff has, however, lost his action at the federal court in gross violation of the plaintiffs rights under (i) the Fourteenth Amendment (ii) the Due Process and (iii) the Equal Protection Of laws to keep the status quo of the cycle of unsuccessful actions, as the plaintiff feared, and now faces an eminent sanctions in his quest for justice due.

For the District Court to accept the alleged VOID recommended decision of the U.S.

Page 8

Magistrate on the grounds that the plaintiff could not prove that there exist a dispute over material facts of the case and then bar or prohibit the pro se plaintiff from filing even a Motion To Re-consider the very order that barred the plaintiff any chance of filing a Motion To Re-consider on the grounds that the court has ruled on plaintiff's multiple motions for re-consideration let alone a Motion To Re-consider the Order that accepted the Magistrate's Recommended decision by which the plaintiff could have a chance to submit the needed proof to the Court for the Court's review or consideration, the Court's action demands a proof from plaintiff while it bars the plaintiff any chance by which the plaintiff could provide the proof demanded

The plaintiff is CONFUSED and

Page 9

does not know how he could ever meet the Court's demands for justice due, without being sanctioned

This is not to mention the fact that the U.S. Magistrate ruled that the defendant is entitled to Judicial immunity CONTRARY to the U.S. Supreme Court's holding under Antoine Vs Byers & Anderson, Inc. 113 S. Ct 2167 (1993) at 2171

Additionally, pending for a ruling is plaintiff's Motion To Join party defendants whose issue should have been resolved before any consideration of the defendant's Motion For Summary Judgement which was intended to MIS-LEAD and PRE-JUDICE the Court for the ruling sought, as it did occur.

Page 10

## CONCLUSION

Based upon all the above, the plaintiff prays the Court would issue an order that would enable the plaintiff to pursue his action accordingly, without any fear of sanctions or without running into any sanctions

The notice of the Court Order dated the 17th Aug., 2006, was not mailed to the plaintiff until the 22nd Aug., 2006.

Plaintiff cannot file any notice of appeal without a Court Order allowing an Extension Of Time.

Respectfully Submitted.

BEN. GYASU,

P.O. BOX 4314,

Waterbury, CT 06704

# CERTIFICATION

This is to Certify that a copy of the fore-going
was mailed to the State Attorney General,
attn: Attorney Daniel Schaeffer, 55 Elm St.,
Hartford, CT 06106

Sincerely,

BEN. GYABU,

P. O. BOX 4314,

Waterbury, CT 06704

HARTFORD CT 061

22 AUG 2006 PM 4 L
1731 U.S. POSTAGE 03 2 2 3 6 4 5 7

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
450 MAIN STREET
HARTFORD, CT 06103

OFFICIAL BUSINESS

Ben Gyadu
P.OBOX 4314
Waterbury, Ct 06704

06704+0314